UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
HILLARY LAWSON, KRISTINA                                    :
HALLMAN, and STEPHANIE                                      :  **ORDER**
CALDWELL,                                                   :
                                                            :  17-cv-6404 (BMC)
                                                            :
                              Plaintiff,                    :
                                                            :
              - against -                                   :
                                                            :
HOWARD RUBIN, JENNIFER POWERS,                              :
YIFAT SCHNUR, STEPHANIE SHON,                               :
BLUE ICARUS, LLC, and the Doe                               :
Company,                                                    :
                                                            :
                              Defendants.                   :
----------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiffs move for a protective order permitting them to proceed under pseudonyms (as listed in the caption above) and preventing defendants from revealing their true identities. I conclude that plaintiffs' interest in anonymity outweighs any prejudice to defendants and any interest of the public in knowing plaintiffs' identities, and therefore grant the motion for a protective order.

In their complaint, plaintiffs bring claims arising out of an alleged RICO conspiracy in which defendants lured plaintiffs and other women to travel to New York City to meet defendant Howard Rubin on the pretense of "companionship and photoshoots," only to have Rubin assault and rape them. Plaintiffs allege very specific details about how Rubin tied them up and then beat and sexually assaulted them. Plaintiffs allege that these assaults caused severe physical injuries, some of which required cosmetic and dental reconstructive surgery.

After filing their complaint, plaintiffs moved for a protective order permitting them to proceed under pseudonyms under New York Civil Rights Law § 50-b and under Second Circuit case law. In their motion, plaintiffs state that defendants already know their identities, and that plaintiffs are willing to provide their legal names to the Court.

Under New York Civil Rights Law § 50-b(1), "[t]he identity of any victim of a sex offense, as defined [by the penal law], or of an offense involving the alleged transmission of the human immunodeficiency virus, shall be confidential." But plaintiffs have not cited any cases in which federal district courts have applied this New York state law to federal cases.

However, Second Circuit case law supports plaintiffs' argument that I should permit them to litigate under pseudonyms in this case. To determine "whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 189 (2d Cir. 2008). The Second Circuit has provided a list of ten factors for district courts to consider in evaluating a plaintiff's request to litigate under a pseudonym. See id. at 189-90 (listing all ten factors). But the Second Circuit has emphasized that "this list is non-exhaustive," that "district courts should take into account other factors relevant to the particular case under consideration," and that the "factor-driven balancing inquiry requires a district court to exercise its discretion in the course of weighing competing interests." Id.

The most relevant factors here are: whether the litigation involves matters that are highly sensitive and of a personal nature; whether identification poses a risk of retaliatory physical or mental harm to plaintiffs or to innocent non-parties; whether identification presents other harms and the likely severity of those harms; whether defendants will be prejudiced by allowing

plaintiffs to press their claims anonymously; whether the public's interest in the litigation is furthered by requiring plaintiffs to disclose their identities; and whether there are any alternative mechanisms for protecting plaintiffs' confidentiality. See id. at 190.

Of those most relevant factors, the most significant is the highly sensitive and personal nature of the allegations. Plaintiffs' claims include detailed allegations of brutal beatings and rape so severe that they caused plaintiffs physical injuries requiring cosmetic and dental reconstructive surgery. As plaintiffs allege, they are likely to suffer social stigma as victims of these crimes. And permitting the details of these highly personal claims to be publicly associated with plaintiffs may affect their families: one plaintiff states that she has a young child and another states that she is raising older children, all of whom could be affected if plaintiffs' identities were revealed. Courts have generally granted anonymity to protect against disclosure of issues involving matters of personal intimacy, like sexual assault. See Doe No. 2 v. Kolko, 242 F.R.D. 193, 196 (E.D.N.Y. 2006) (collecting cases). The personal nature of the allegations also informs other factors, including whether identification poses a risk of retaliatory physical or mental harm to plaintiffs or to innocent non-parties (such as their families), and whether the identification presents other, severe harms. Because of the highly sensitive nature of the allegations, all three of these factors weigh in favor of permitting plaintiffs to proceed anonymously.

The other factors I conclude are most relevant here – whether defendants will be prejudiced, whether the public's interest in the litigation is furthered by requiring plaintiffs to disclose their identities, and whether there are alternative mechanisms for protecting plaintiffs' confidentiality – do not outweigh plaintiffs' interest in anonymity in light of the sensitive nature of the allegations. Defendants already know plaintiffs' identities, which obviates the prejudice

3

defendants might otherwise suffer by having to defend against allegations by unknown persons. The public's interest in accessing judicial proceedings is not meaningfully advanced by revealing plaintiffs' identities – plaintiffs do not seek to seal the proceedings entirely, but merely to conceal their names. And I do not see a ready alternative to pseudonyms that will protect plaintiffs' interest in confidentiality.

For these reasons, plaintiffs' motion for a protective order is granted subject to further review by the Court at subsequent stages of the litigation, if necessary. However, because this is a first day order and thus no opportunity to oppose has occurred, the Court will reconsider this Order *de novo* if it receives objections within 14 days from defendants or an interested party. Plaintiffs are directed to serve a copy of this Order on defendants and their known attorneys to facilitate this opportunity for response. In the meantime, and going forward in the absence of a stay of this Order, plaintiffs may use pseudonyms in this caption in all public Court filings; defendants may not reveal plaintiffs' true identities to anyone outside the scope of this litigation. Plaintiffs are further ordered to submit a sealed filing revealing their names to the Court.

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
November 8, 2017