NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
TAIWAN
BOSTON
HOUSTON
AUSTIN
HANOI
HO CHI MINH CITY



*FIRM and AFFILIATE OFFICES*

ERIC R. BRESLIN
DIRECT DIAL: +1 973 424 2063
PERSONAL FAX: +1 973 556 1552
E-MAIL: ERBreslin@duanemorris.com

www.duanemorris.com

SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR
OMAN
*A GCC REPRESENTATIVE OFFICE OF DUANE MORRIS*

ALLIANCES IN MEXICO
AND SRI LANKA

November 29, 2017

VIA ECF

Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   **Hillary Lawson, et al. v. Rubin, et al., 1:17-cv-06404**

Dear Judge Cogan:

    We are the attorneys for Yifat Schnur. We join in the defendant's application, submitted by counsel Douglas Grover, for a pre-motion conference or for permission to file a motion to dismiss. Ms. Schnur has independent grounds for dismissal of the Complaint, unique among all of the defendants, arising out of her status and services as an attorney-at-law.

    The Complaint alleges two causes of action against Ms. Schnur based solely upon her provision of legal services performed for or at the direction of Mr. Rubin. Count One alleges a violation of the RICO statute, 18 U.S.C. § 1962(c). Count Two alleges a RICO conspiracy, 18 U.S.C. § 1962(d). Both causes of action are unsustainable as a matter of law.

    Count One against Ms. Schnur should be dismissed. Allegations of legal services rendered to a purported RICO enterprise do not amount to a viable claim against an attorney under 18 U.S.C. § 1962(c). *See Azrielli v. Cohen Law Offices*, 21 F.3d 512, 515, 521-22 (2d Cir. 1994) (dismissing RICO claim against an attorney with involvement in a fraudulent real estate transaction). Section § 1962(c) does not impute liability even where the attorney knew of the fraudulent nature of the enterprise, and acted to further that fraud. *See Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993) (upholding dismissal of RICO counts against accountants who knowingly over-valued a corporation's balance sheet); *Biofeedtrac, Inc. v. Kolinor Optical Enters. & Consultants, S.R.L.*, 832 F. Supp. 585, 591 (E.D.N.Y. 1993) (Nickerson, J.)



November 29, 2017
Page 2

(dismissing RICO case against an attorney where the attorney's role was "confined, at all times, to providing legal advice and legal services"); *see also Hayden v. Paul, Weiss, Rifkind, Wharton & Garrison*, 955 F. Supp. 248, 254 (S.D.N.Y. 1997) (dismissing RICO count against an attorney who was alleged to have misrepresented or omitted material facts from an audit).

  Even if the plaintiffs could allege that Ms. Schnur had knowledge of a RICO enterprise, they still cannot maintain a § 1962(c) cause of action. The Complaint is insufficient on its face. To maintain such a cause of action, plaintiffs would have to allege that Ms. Schnur had some management or operational control of the enterprise. *Reves*, 507 U.S. at 185. As the Court will learn, plaintiffs cannot meet this burden and have improperly named Ms. Schnur as a defendant in this case. As claimed in the Complaint, Ms. Schnur's sole involvement in any purported "enterprise" related to nondisclosure agreements and the performance of legal services at Mr. Rubin's request. In truth, Ms. Schnur did not draft the NDAs and has never communicated with plaintiffs in any manner; but at this juncture, the Court need not even reach this issue. None of Ms. Schnur's actions, as alleged by plaintiffs, meet the "stringent standards" of the "operation and management" test. *See Schmidt v. Fleet Bank*, 16 F. Supp. 2d 340, 346 (S.D.N.Y. 1998). Ms. Schnur cannot be held civilly liable for a violation of 18 U.S.C. § 1962(c).

  Count Two against Ms. Schnur should also be dismissed. Ms. Schnur cannot be dragged into the Complaint via allegations of a RICO conspiracy, 18 U.S.C. § 1962(d) (Count Two). A sufficiently alleged RICO conspiracy must "show that 'the defendant know[s] the general nature of the enterprise and know[s] that the enterprise extends beyond his general role.'" *Madanes v. Madanes*, 981 F. Supp. 241, 259 (S.D.N.Y. 1997) (quoting *United States v. Rastelli*, 870 F.2d 822, 828 (2d Cir. 1989). Nothing in the Complaint supports even an inference that Ms. Schnur conspired to further the aims of any purported enterprise.

  Further, Ms. Schnur's rendering of legal services to Mr. Rubin did not begin until approximately October of 2016, after at least two of the incidents alleged in the Complaint had transpired. Ms. Schnur had no reason to suspect that she was doing anything other than providing legal services.

  We respectfully request that the Court permit the filing of motions to dismiss the Complaint according to the schedule agreed upon by the parties.[1]

              Respectfully submitted,

              _____/s/ Eric R. Breslin_____
              Eric R. Breslin

---

[1] The affidavit supporting service on Ms. Schnur incorrectly states that she was served by leaving a copy of the summons and complaint with an individual of suitable age and discretion at her residence in the State of New Jersey. Ms. Schnur was actually served via "nail and mail" substituted service under N.Y. CPLR 308, which was not properly effected. Ms. Schnur reserves all rights and objections with regard to whether she was properly served.

November 29, 2017
Page 3

cc: All counsel of record (via ECF)

---

Regardless, should the Court elect not to enter the joint proposed briefing schedule, she respectfully requests an extension of ten-days in which to answer the Complaint, since she did not receive the Complaint in person, but only in the mail several days later.