Douglas E. Grover
Partner

212 612-0681
dgrover@schlamstone.com

**SCHLAM STONE & DOLAN LLP**

26 Broadway, New York, NY 10004
Main: 212 344-5400  Fax: 212 344-7677
schlamstone.com

November 28, 2017

**VIA ECF**
Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *Lawson, et al., v. Rubin, et al.,* Case No.:  17 CV 6404 (BMC)

Dear Judge Cogan:

I am writing on behalf of my client, Jennifer Powers, as well as Howard Rubin, Stephanie Shon and Yifat Schnur ("the defendants"), in compliance with the Court's Individual Practice, to request: (i) a pre-motion conference to discuss the defendants' anticipated motions to dismiss the complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, and (ii) that the Court grant permission to make such motions according to the briefing schedule set forth below by memo-endorsing this letter.

This is the defendants' first request for an extension of time.  All of the defendants have different time requirements to move or answer.  For some, the time to respond to the complaint may expire later this week; Ms. Shon's response is due on January 16, 2008.  We have conferred with counsel for the plaintiffs and, after agreeing that it makes no sense for the defendants to submit motions on different dates, propose the following briefing schedule: defendants' moving papers to be served by January 16, 2018; plaintiffs' opposition to be served by February 15, 2018; and defendants' reply to be served by March 5, 2018.

The Complaint alleges that seven defendants, the four on whose behalf I write, two  designated "John Doe" and "Doe Corp.," and one a real estate company, committed and conspired to commit the predicate racketeering acts of wire fraud, human trafficking, money laundering, transportation for illegal sexual activity, obstruction of criminal investigations and tampering with a witness through intimidation, and in so doing violated sections 1962(c) and 1962(d) of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO").   The Complaint also alleges as separate causes of action that various defendants engaged in sex trafficking (18 U.S.C. § 1591(a)), and violated the Computer Fraud and Abuse Act, (18 U.S.C. § 1030(a)), and that they committed common law torts of assault, battery, false imprisonment, and intentional infliction of emotional distress. None of these claims are sustainable.

The most obvious flaw in plaintiffs' RICO claims are that none of their alleged injuries are compensable under the statute.

First, in order to prevail on a civil RICO claim, it is necessary to allege and establish that the injury suffered by the plaintiff was directly and proximately caused by the racketeering acts that were committed by the defendant.  *Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258, 265-67 (1992); *Hemi Group LLC v. City Of New York*, 559 U.S. 1, 9 (2010)); *see also, e.g., Hecht v. Commerce Clearing Hose, Inc.*, 897 F.2d 21, 23 (2d Cir. 1990); and *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 123 (2d Cir. 2003).  Here, none of the injuries alleged by the plaintiffs were actually caused by any of the RICO predicates set forth in the Complaint.  Plaintiffs do not allege that their injuries were caused by wire fraud, human trafficking, or any of the other RICO predicates mentioned in the Complaint; instead, they describe their injuries as being caused by Rubin's alleged battery and sexual abuse.  Battery and sexual assault are not RICO predicates.  See 18 USC § 1961(1).

Second, it is well-settled that only economic injuries can be compensated under RICO. Plaintiffs' alleged injuries are all physical or emotional, and are therefore non-compensable. 18 U.S.C. 1964(c) (only permitting any person "injured in his business or property" to sue under RICO); *RJR Nabisco, Inc. v. European Cmty.*, 136 S. Ct. 2090, 2108, 195 L. Ed. 2d 476 (2016) (noting that RICO's private cause of action excludes personal injuries); *see, also Doe v. Roe*, 958 F.2d 763, 767 (7th Cir. 1992) (RICO statute "preclude[s] recovery for personal injuries and the pecuniary losses incurred therefrom"). Moreover, plaintiffs' claims that their personal injuries prevented them from working are not only speculative and conclusory, but they cannot overcome the fatal flaw that they are still personal. *See Zimmerman v. Poly Prep County Day School*, 888 F.Supp.2d 317, 330 (E.D.N.Y. 2012) ("Plaintiffs' alleged lost wages and out-of-pocket expenses are, in their own words, 'closely associated with the personal injuries they incurred as a result of defendants' misconduct.' The Court holds that such damages are not injuries to business or property, and therefore, do not confer RICO standing on plaintiffs").  Once again, plaintiffs are attempting to bootstrap allegations of battery and sexual assault into an economic harm.

Third, missing from the complaint is a description of any cognizable "enterprise" separate from the commission of the underlying racketeering acts.  Simply stated, plaintiffs have failed to allege that the purpose of the enterprise is independent from the commission of the predicate acts which, standing alone, is fatal to their claim. *See Stein v. World-Wide Plumbing Supply Inc.*, 71 F.Supp.3d at 320, 327 (2014) (Cogan, J.) in which this Court, in dismissing RICO claims predicated on slavery and peonage wrote: "any association of individuals existing only for the purpose of obtaining forced labor from plaintiff is not "a 'discrete economic association existing separately from the racketeering activity.'"

Further, the complaint fails to articulate any description of how the defendants participate in the affairs of the enterprise.  "[F]or an association of individuals to constitute an enterprise, 'the individuals must share a common purpose to engage in a particular fraudulent course of conduct and work together to achieve such purposes.'"  *Stein, supra.*, 71 F.Supp.3d at 325.  Plaintiffs here allege that the purpose of the enterprise was "exploiting women from around the United States . . . [by] luring them across the country to assault them as part of a pattern of criminal sexual misconduct."  (Compl. at ¶¶ 1-2.)  But, as this Court held in Stein, the RICO enterprise can only be comprised of those individuals who share the common purpose of coercing plaintiffs to engage in commercial sex acts.  *See id*. at 327.  The Complaint does not allege that defendants

2

Shon, John Doe, Blue Icarus, LLC and the Doe Company knew anything about the alleged coercion, so clearly, they cannot share the stated purpose of the enterprise.

Similarly, there are no allegations that defendant Powers was aware of any coercion; indeed, the only allegation that even touches on the issue is the ambiguous allegation that the plaintiffs "decided to message Powers to tell her what had happened" (Compl. at ¶ 136). Standing alone, this fails to impute knowledge of coercion. Moreover, the actual text messages, which are referenced in the complaint and therefore incorporated in the pleadings, reflect, in substance, that plaintiffs were enthusiastic and interested in meeting with Rubin again. There is nothing in these communications that would have suggested that the plaintiffs were acting against their will. Moreover, when the Court sees the two-page non-disclosure and consent agreements referred to in the Complaint and signed by each of the plaintiffs, (which will be included in the defendants' motions (See fn. 1 below)), it will learn that plaintiffs not only wrote their own names on the first page, but initialed every paragraph and signed the agreements on the second page. One even signed with a small heart above her name – hardly consistent with a claim of coercion.

Finally, the RICO claims are deficient because they fail to plead a "threat of continuing activity." *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 239 (1989). In this case, the complaint only alleges injuries arising out of three acts of sexual assault that occurred between August 2016 and December 2016. (Compl. at ¶¶99 and fol.; ¶¶227 and fol.) *See, e.g., Spool v. World Child Int'l Adoption Agency,* 520 F.3d 178, 184-85 (2d Cir. 2008) (it is "rare that conduct persisting for [less than two years] establishes closed-ended continuity"). Moreover, conclusory allegations that the alleged enterprise is open-ended, and that the criminal conduct will be repeated and extend indefinitely into the future (See, Plaintiff's RICO statement, Dkt. 1-2 at 17), are too vague to be viable. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009).

Plaintiffs' claims for violation of the Computer Fraud and Abuse Act fail because they do not plead cognizable damages i.e. concrete economic loss. *LivePerson, Inc., v. 24/7 Customer, Inc.,* 83 F.Supp.3d 501, 512 (S.D.N.Y. 2015). Similarly, allegations of human trafficking also fail because the Complaint itself demonstrates that the plaintiffs' conduct was not coerced. And, finally, a number of the common-law claims appear to be untimely under New York's one-year statute of limitations for intentional torts. C.P.L.R. § 215(3); *Mariani v. Consolidated Edison Co. of New York, Inc.,* 982 F.Supp. 267, 273-74 (S.D.N.Y. 1997). The remaining state law claims either fail to state a cause of action or are rendered completely implausible by other allegations in the Complaint.

Based on the foregoing, we ask that the Court "memo endorse" this letter approving the proposed schedule or setting a pre-motion conference date, while holding in abeyance the time for the defendants to move to dismiss.

Respectfully submitted,

*/s/ Douglas E. Grover*

Douglas E. Grover