UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
HILLARY LAWSON, KRISTINA                                    :
HALLMAN, and STEPHANIE                                      :  **ORDER**
CALDWELL,                                                   :
                                                            :  17-cv-6404 (BMC)
                                          Plaintiffs,       :
                                                            :
                 - against -                                :
                                                            :
HOWARD RUBIN, JENNIFER POWERS,                              :
YIFAT SCHNUR, STEPHANIE SHON,                               :
BLUE ICARUS, LLC, Doe Company, and                          :
John Doe,                                                   :
                                                            :
                                          Defendants.       :
----------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiffs bring this suit alleging that defendants conspired to lure them to New York to sexually assault them.  This Court granted plaintiffs' first-day motion for a protective order permitting them to proceed under pseudonyms, but noted that because defendants did not have an opportunity to respond to that motion, it would reconsider the order *de novo* if the defendants or an interested party objected within 14 days.  Defendants filed such an opposition in the form of a motion to vacate sealing, and plaintiffs opposed that motion.

After having considered the issue *de novo* in light of the parties' recent submissions, I hereby deny the motion to vacate sealing; the plaintiffs may continue to proceed anonymously. Based on the balance of factors under Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185 (2d Cir. 2008), the plaintiffs' interest in privacy outweighs the alleged prejudice to the defendants and the public interest in the litigation.  But this Order is subject to review at future stages of the litigation, particularly if plaintiffs engage in publicity-mongering.

Plaintiffs originally moved for leave to proceed pseudonymously under both New York Civil Rights Law § 50-b and Second Circuit caselaw. New York Civil Rights Law § 50-b does not apply here, because, by its terms, it applies to victims of certain enumerated sex offenses as defined in New York Penal Law. This is a civil proceeding; plaintiffs' claims of assault and battery are tort claims. Furthermore, the federal cases which plaintiffs cite as having applied Civil Rights Law § 50-b are almost entirely habeas cases where the defendant in the underlying state criminal proceeding was convicted of one of the sex offenses enumerated in § 50-b(1).

Under Second Circuit precedent, however, the Court may permit plaintiffs to proceed anonymously if their interest in anonymity outweighs the general public interest in disclosure and the prejudice to the defendants. See Sealed Plaintiff, 537 F.3d at 190. Sealed Plaintiff sets out ten non-exhaustive factors for a district court to consider when weighing these three interests. Here, the most relevant factors are the highly sensitive and personal nature of the allegations and potential harm to plaintiffs if their names are revealed, that plaintiffs have so far remained anonymous, the potential prejudice to the defendants, and the lack of alternative mechanisms for protecting plaintiffs' confidentiality.

Defendants argue that the balance of interests weighs against permitting plaintiffs to proceed anonymously because: (1) plaintiffs have already publicly revealed their identities and sought the media's attention; (2) plaintiffs have not demonstrated that they would suffer any harm from the disclosure of their identities; and (3) the prejudice to defendants outweighs any of plaintiffs' legitimate privacy interests.

Defendants stress that plaintiffs have mooted their right or need to proceed anonymously by publicly disclosing their identities in a related state-court lawsuit, and that plaintiffs' identities

will likely be revealed in the future as part of a New Jersey state extortion prosecution of another individual arising out of these facts.

But the only proof of this disclosure that defendants have provided the Court is a copy of the filed version of a "Summons with Notice," completed by plaintiffs' lawyers, which lists the real first initial and last name of each plaintiff in the caption. The footer of the document submitted states that "[t]his is a copy of a pleading filed electronically . . . which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk." Plaintiffs' opposition does not dispute the authenticity of the document, but defendants have provided no further information to enable the Court to determine whether the Summons with Notice was actually accepted by the Clerk and filed or even whether the suit is still ongoing. Given that I could not locate the state-court case on the state court database, I am skeptical that this public disclosure was sufficiently "public" to be dispositive of the analysis.

I am also skeptical that I should consider plaintiffs to have "actively courted media attention" by filing a press release about the action on the website of plaintiffs' counsel's firm (the press release does not list plaintiffs' names). And that some members of the media accessed the complaint before it was filed does not necessarily mean plaintiffs gave it to them – complaints are accessible in person at the Clerk's Office before they are filed online.

Defendants also argue that plaintiffs should not be permitted to proceed anonymously because they have not proffered specific evidence of the harm they would suffer from having their real names revealed. That the details of a sexual assault would be sensitive and personal requires no further proof. See also Grottano v. City of N.Y., No. 15CIV9242, 2016 WL 2604803, at *2 (S.D.N.Y. Mar. 30, 2016) ("[C]ourts have granted anonymity to protect against disclosure of a wide range of issues involving matters of the utmost intimacy, including sexual

3

assault." (alteration in original) (citation omitted)). Defendants concede that details of a person's sexual life are usually highly sensitive and personal, but argue that the Court should not consider them so here because plaintiffs "have shown no concern for privacy concerning their own sexual lives" and have "actively shared with the world sexually provocative photos of themselves." This argument is offensive. That plaintiffs are Playboy Playmates or bikini models and have voluntarily shared details of their sexual lives in other contexts has no bearing on whether they have a privacy interest in the details of their alleged rape.

Finally, defendants claim that they would be harmed if plaintiffs could proceed anonymously and that their harm outweighs any interest plaintiffs have in privacy. Defendants argue that they will be prejudiced in their defense if they cannot serve third-party subpoenas without using plaintiffs' real names and that plaintiffs' real names may attract unsolicited information useful to their case. The first reason is frivolous – the recipients of third-party subpoenas would be within the scope of the litigation for the purpose of this protective Order – and the second is entirely speculative.

Fundamentally, defendants' argument is that it would be unfair to permit plaintiffs to proceed anonymously while they simultaneously seek out media attention that defendants claim has caused them to be derided and verbally harassed. This argument is unavailing in light of my conclusion that plaintiffs have not sought out media attention. But, as noted above, this Order is subject to reconsideration in the future, particularly if plaintiffs do intentionally seek media attention in the future.

Because the plaintiffs' interest in anonymity outweighs the harm to defendants and the public interest in knowing their identities, the protective order shall remain in place and

4

defendants' [28] motion to vacate sealing is DENIED.  Defendants may not reveal plaintiffs' true identities to anyone outside the scope of this litigation while this Order remains in place.

**SO ORDERED.**

                                                U.S.D.J.

Dated: Brooklyn, New York
       November 30, 2017