| | | |
|---|---|---|
| NEW YORK<br>LONDON<br>SINGAPORE<br>PHILADELPHIA<br>CHICAGO<br>WASHINGTON, DC<br>SAN FRANCISCO<br>SILICON VALLEY<br>SAN DIEGO<br>LOS ANGELES<br>TAIWAN<br>BOSTON<br>HOUSTON<br>AUSTIN<br>HANOI<br>HO CHI MINH CITY | <br>*FIRM and AFFILIATE OFFICES*<br><br>ERIC R. BRESLIN<br>DIRECT DIAL: +1 973 424 2063<br>PERSONAL FAX: +1 973 556 1552<br>*E-MAIL:* ERBreslin@duanemorris.com<br><br>www.duanemorris.com | SHANGHAI<br>ATLANTA<br>BALTIMORE<br>WILMINGTON<br>MIAMI<br>BOCA RATON<br>PITTSBURGH<br>NEWARK<br>LAS VEGAS<br>CHERRY HILL<br>LAKE TAHOE<br>MYANMAR<br>OMAN<br>*A GCC REPRESENTATIVE OFFICE<br>OF DUANE MORRIS*<br><br>ALLIANCES IN MEXICO<br>AND SRI LANKA |

December 14, 2017

VIA ECF

Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: <u>Hillary Lawson, et al. v. Rubin, et al., No. 1:17-cv-06404</u>

Dear Judge Cogan:

  We represent Yifat Schnur in the above-referenced action. We write in response to the Court's order dated December 11, 2017, requiring that we supplement our pre-motion letter to address additional grounds under which we may seek to move for dismissal. In addition to the grounds set forth in the forthcoming joint letter on behalf of all defendants, we state as follows:

  <u>First</u>, Plaintiffs fail to allege that Ms. Schnur engaged in any RICO predicate acts. Other than a vague, unsupported statement that Ms. Schnur obstructed justice or engaged in witness tampering (Complaint, ¶ 313), the Complaint and the RICO Case Statement fail to identify any applicable RICO predicate act. Plaintiffs seem to agree. Of the twenty-three (23) predicate acts disclosed in the RICO Case Statement, not a single one is based on conduct attributable to Ms. Schnur in the Complaint. *Compare*, RICO Case Statement, pp. 11-12 *with* Complaint, ¶¶ 64, 281, 288-89.[1]

  In the absence of any concrete allegation against Ms. Schnur, Plaintiffs simply lump her in with the other defendants. This is insufficient. Plaintiffs may not rely on "group pleading" to

---

[1] The sole conduct falsely attributed to Ms. Schnur in the Complaint is that she drafted non-disclosure agreements, and that she "agreed" to represent Ms. Hallman in Ms. Hallman's criminal case. *See* Complaint, ¶¶ 64, 281.

DUANE MORRIS LLP *A DELAWARE LIMITED LIABILITY PARTNERSHIP*  GREGORY R. HAWORTH, RESIDENT PARTNER

ONE RIVERFRONT PLAZA, 1037 RAYMOND BLVD., SUITE 1800  PHONE: +1 973 424 2000  FAX: +1 973 424 2001
NEWARK, NJ 07102-5429

DuaneMorris

December 14, 2017
Page 2

state their case.  *In re Platinum and Palladium Commods. Litig.*, 828 F. Supp. 2d 588, 602 (S.D.N.Y. 2011).  The failure to differentiate Ms. Schnur should result in dismissal under Federal Rules of Civil Procedure 8(a) and 9(b).  *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Young*, No. 91 CIV. 2923 (CSH), 1994 WL 88129, at *20 (S.D.N.Y. Mar. 15, 1994).

Plaintiffs also fail to state a violation of 18 U.S.C. § 1510(a), 1512(b), or 1512(d), which are the only obstruction statutes referenced in the Complaint or the RICO Case Statement (*see* Complaint, ¶ 313; RICO Case Statement, pp. 11-12):

- Plaintiffs have not adequately pled that Ms. Schnur bribed anyone, the first element of a § 1510(a) claim.  Nor that she had the specific intent to obstruct any investigation into violations of a federal crime.  *See* 18 U.S.C. § 1510(a) (obstruction of a criminal proceeding); *United States v. Abrams*, 543 F. Supp. 1184, 1187 (S.D.N.Y. 1982) (setting forth the elements of obstruction);

- Plaintiffs fail to plead that Ms. Schnur intimidated, threatened, or corruptly persuaded anyone in connection with a pending or contemplated federal judicial proceeding.  *See* 18 U.S.C. § 1512(b) (witness tampering); *Arthur Andersen LLP v. United States*, 544 U.S. 696, 706 (2005) (holding that there must be some nexus between the alleged tampering and a contemplated judicial proceeding); and

- Considering that Ms. Schnur never had any contact or communications with the Plaintiffs, they do not, and cannot allege that she harassed anyone in connection to any proceeding, investigation, or potential report of a violation of any federal criminal law.  *See* 18 U.S.C. § 1512(d).

<u>Second</u>, any allegation asserting obstruction or witness tampering must fail because the conduct attributed to Ms. Schnur occurred after the Plaintiffs' injuries.  Since the alleged wrongful conduct is not the proximate cause of the Plaintiffs' injuries, the Complaint against Ms. Schnur should be dismissed.  *Holmes v. Sec. Investor Protection Corp.*, 503 U.S. 258, 268 (1992) (holding that the right to sue under RICO requires a showing that the RICO violation is the proximate cause of the plaintiff's injuries).

<u>Finally</u>, the facts supporting Plaintiffs' Complaint fail to support any inference that Ms. Schnur joined any RICO conspiracy, was aware of the objective of the alleged enterprise, or that she agreed to further the aims of the alleged enterprise.  Plaintiffs therefore fail to state a claim against Ms. Schnur under 18 U.S.C. § 1962(d).  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' (quoting Fed. R. Civ. P. 8(a)(2)).

DuaneMorris

December 14, 2017
Page 3

      We respectfully request the opportunity to further brief these issues for the Court in a motion to dismiss.

                                      Respectfully submitted,

                                      /s/ Eric R. Breslin
                                      Eric R. Breslin

cc: All counsel of record (via ECF)