

1095 Avenue of the Americas
New York, NY 10036-6797
+1 212 698 3500 Main
+1 212 698 3599 Fax
www.dechert.com

**MICHAEL J. GILBERT**

michael.gilbert@dechert.com
+1 212 698 3886 Direct
+1 212 698 0472 Fax

December 18, 2017

**VIA ECF**

Hon. Brian M. Cogan
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     *Lawson, et al. v. Rubin, et al.*, No. 17-CV-6404 (BMC)

Dear Judge Cogan:

I write on behalf of Howard Rubin, Jennifer Powers, Stephanie Shon and Yifat Schnur ("Defendants") in response to the the Court's order of December 11, 2017, to describe additional grounds upon which they intend to move for dismissal beyond those stated in their prior letters, Docket Numbers 32 and 34.

## I.     RICO Claims – Counts 1 and 2

The Complaint fails to plead a RICO pattern of racketeering activity because it does not satisfy the "open ended" or the "closed ended" requirement. As to the "open ended" requirement, Plaintiffs simply assert that the "Enterprise" here is open-ended, "where the criminal conduct will be repeated and will extend indefinitely into the future." Doc. 1-2 ("RICO Stmt.") at 17. Such a conclusory assertion does not satisfy the applicable pleading standards. As to the "closed ended" requirement, the Complaint identifies a few instances of assault against three victims, spanning approximately three months. These allegations, covering only a brief period, fail to allege a closed-ended RICO pattern. *See GICC Capital Corp. v. Tech. Finance Grp., Inc.*, 67 F.3d 463, 469 (2d Cir. 1995) (activities spanning less than a year, without threat of future conduct).

The RICO predicates are also inadequately pleaded:

- <u>Wire Fraud</u> – The Complaint alleges the "purpose and scheme" here was to "fraudulently induce victims to travel to New York . . . to be drugged, sexually assaulted, physically beaten, and tortured," RICO Stmt. at 16, and nowhere alleges an objective of obtaining money or property. But wire fraud requires "money or property as the object of the scheme." *U.S. v. Zagari*, 111 F.3d 307, 327 (2d Cir. 1997) (internal quotations and alterations omitted). Additionally, Plaintiffs' allegations fail to meet the stringent requirements for pleading wire fraud with specificity under Rule 9(b).

- <u>Money Laundering</u> – The Complaint is completely devoid of any allegations as to how 18 U.S.C. § 1956(a) was violated. Although the RICO Statement refers to a "Penthouse," and the Complaint refers to payments made through PayPal, in connection with predicate acts, 18 U.S.C. § 1956(a) requires a "property involved in a financial transaction [that] represents the proceeds of some form of unlawful activity." The Complaint fails to allege that any financial transaction related to the "Penthouse" involved any illicit proceeds, or that the payments made via PayPal were illicit proceeds.



Hon. Brian M. Cogan
Page 2

- <u>Obstruction</u> – 18 U.S.C. § 1510(a) prohibits bribery to obstruct the communication of information to a federal criminal investigator in relation to investigation of a violation of a federal criminal statute. The Complaint does not allege the existence of a federal investigation or the involvement of a federal investigator, nor does it allege that anyone was bribed to obstruct an investigation.

- <u>Witness Tampering</u> – 18 U.S.C. §§ 1512(b) and (d) similarly relate only to conduct in relation to an "official proceeding," which, in relevant part, is defined as a federal proceeding, 18 U.S.C. § 1515(a)(1). The Complaint fails to allege the existence of any such "official proceeding."

- <u>Human Trafficking</u> – The Complaint alleges that Plaintiffs were paid for purposes of companionship and entertainment, not for sex, and were then subjected to sexual assault. Compl. ¶ 309. But 18 U.S.C. § 1591(a) prohibits conduct that causes a person to engage in a "commercial sex act" undertaken for commercial gain.[1] This predicate fails for additional reasons set forth *infra* at Section III.

- <u>Transportation for Illegal Sexual Activity</u> – 18 U.S.C. § 2422 requires travel to engage in prostitution or sexual activity for which a person can be charged with a criminal offense. Although Plaintiffs' RICO Statement asserts an "intent to engage in prostitution," RICO Stmt. at 12, Plaintiffs only allege they were paid for the legitimate purposes of companionship and entertainment, and were then subjected to sexual assault, Compl. ¶ 309. Although sexual assault can lead to criminal charges, the alleged conduct of Plaintiffs, namely in signing the NDAs and returning to meet Mr. Rubin multiple times, establish consent, which is a defense to the New York sex offense laws, *see* N.Y. Penal § 130.05.[2]

Finally, the Complaint does not allege adequately that each Defendant committed, or agreed to the commission of, two such RICO predicate acts. And because Plaintiffs' substantive RICO claims fail, their RICO conspiracy claims fail as well. *See Cofacredit, S.A. v. Windsor Plumbing Supply Co.*, 187 F.3d 229, 244-45 (2d Cir. 1999); *Stein v. World-Wide Plumbing Supply Inc.*, 71 F. Supp. 3d 320, 327 (2014) (Cogan, J.).

## II.   Venue – All Counts

Plaintiffs have failed to establish venue for their RICO claims under 18 U.S.C. § 1965(a) because they do not allege that any Defendant resides in this District, can be found in the Eastern District, or has an agent or transacts affairs in the Eastern District. *See Pardy v. Gray*, 2007 WL 1825200, at *4 (E.D.N.Y. June 22, 2007). The non-RICO counts are similarly deficient because the only allegation supporting venue – that Plaintiffs traveled through airports in the Eastern District – fails to allege any injury arising from travel through these airports. *See, e.g., Daniel v. Amer. Bd. of Emergency Med.*, 428 F.3d 408, 430-31 (2d Cir. 2005).

---

[1]   For these same reasons, Counts Four, Nine and Fourteen for Human Trafficking violations fail.

[2]   The NDAs will be properly before the Court on motions to dismiss because they are incorporated by reference in the Complaint. *See, e.g., DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).



Hon. Brian M. Cogan
Page 3

### III.  Human Trafficking – Counts 4, 9 and 14

The Complaint fails to state a claim under 18 U.S.C. 1591(a) because it does not allege facts such that a reasonable person in Plaintiffs' circumstances would have felt coerced to engage in sexual activity with Mr. Rubin. *See U.S. v. Rivera*, 799 F.3d 180, 187 (2nd Cir. 2015). Plaintiffs signed NDAs *prior* to engaging in sexual activity with Mr. Rubin and all admittedly agreed to meet with Mr. Rubin *again* after their first encounters. At that point, Plaintiffs could not have had any doubt about the nature of the encounters. Nor does the Complaint allege any actual coercion of any Plaintiff by any Defendant. According to the Complaint, Ms. Powers merely "convinced Hallman to travel to New York to meet Rubin," and in a single, conclusory statement Ms. Hallman alleges she feared reprisals if she refused to meet with Mr. Rubin on a second occasion. Compl. ¶¶ 93, 207. The Complaint alleges that Ms. Lawson decided to meet Mr. Rubin for a second time in December 2016, not because of coercion but because she "found herself in a tough financial situation." *Id.* ¶ 227. As to Ms. Caldwell, the Complaint admits that *Ms. Hallman* – not any Defendant – convinced her to meet with Mr. Rubin the first time, and that "Hallman had told Caldwell everything about her previous experience with Rubin." *Id.* ¶ 146. And again, Mr. Rubin merely "convinced" Ms. Caldwell to return for a second trip. *Id.* ¶ 160.

### IV.  State Law Claims – Counts 5-8, 10-13 and 15-18

As noted in Defendants' prior letter, all of Plaintiffs' remaining state law claims either fail to state a cause of action or are implausible. Doc. No. 34 at 3; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Moreover, Plaintiffs' consent, as established by the allegations in the Complaint, provide complete defenses to the intentional torts of assault, battery, false imprisonment and intentional infliction of emotional distress. Restatement (Second) of Torts § 892A (1979). Additionally, Plaintiff Caldwell signed an agreement, also incorporated by reference in the Complaint, Compl. ¶ 199, releasing any claims arising out of the alleged conduct on September 24 to 25, 2016. Finally, all of Plaintiffs' state law claims alleged to have occurred prior to November 2, 2016, are time barred under New York's one-year statute of limitations.

Respectfully submitted,

Michael J. Gilbert