## GANFER & SHORE, LLP
360 LEXINGTON AVENUE
NEW YORK, NEW YORK 10017

TELEPHONE (212) 922-9250
FACSIMILE (212) 922-9335

Dawn M. Wilson, Esq.
Ext. 251
dwilson@ganfershore.com

December 18, 2017

**VIA ECF**

Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **Lawson, et al. v. Rubin, et al., Case No.: 17-cv-6404 (BMC)**

Dear Judge Cogan:

    We represent Stephanie Shon in the above-referenced action. We write in response to the Court's order dated December 11, 2017, regarding the submission of supplemental letters addressing any additional grounds that any defendant may seek to move for dismissal. Ms. Shon intends to move to dismiss the complaint on all of the grounds that apply to her (she is named in seven of the 18 causes of action) set forth in the letter from Schlam Stone & Dolan LLP, dated November 28, 2017, and the letter from Dechert LLP, dated December 18, 2017. In addition to those grounds, we state as follows:

    First, in addition to all of the grounds for dismissing the RICO claim stated in the previously submitted letters, the complaint fails to allege that Ms. Shon committed two or more predicate acts. *See Lakonia Mgmt. v. Meriwether*, 106 F.Supp.2d 540, 550 (S.D.N.Y. 2000) ("[to] plead a 'pattern of racketeering activity', plaintiff must establish that each defendant committed at least two acts of racketeering -- or two 'predicate acts' -- within a ten-year period"). The complaint alleges that Ms. Shon messaged plaintiff Hallman on August 23, 2016, purportedly to meet Mr. Rubin (Comp. ¶¶ 75-80), and also separately messaged and spoke with plaintiff Lawson (Comp. ¶¶ 91-92). Correspondence regarding an invitation, assuming the allegations are true, is not a predicate act under RICO. Ms. Shon's only other alleged conduct is having dinner and drinks with Ms. Caldwell. (Comp. ¶¶ 150-154). Joining someone for dinner and drinks is not a predicate act under RICO.

    Similarly, the conduct alleged against Ms. Shon fails to state a violation of 18 U.S.C. § 1510(a) (obstruction of a criminal proceeding), or 1512(b) and (d) (witness tampering). Simply stated, there are no allegations that Ms. Shon had any contact with plaintiffs after the alleged assaults they suffered, let alone any acts of bribery, intimidation, or threats by her.

G A N F E R  &  S H O R E ,  LLP

Honorable Brian M. Cogan
December 18, 2017
Page 2

      Second, in addition to being time-barred by New York's one-year statute of limitations for intentional torts (Ms. Shon's only alleged contact with any of the plaintiffs occurred prior to November 2, 2016) N.Y.C.P.L.R. § 215(3), the complaint fails to state a cause of action for intentional infliction of emotional distress against Ms. Shon. Pursuant to the Restatement (Second) of Torts § 46 (1), which New York courts have adopted as the standard for a claim of intentional infliction of emotional distress, "[o]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress." *See Freihofer v. Hearst Corp.*, 65 N.Y.2d 135, 143 (1985).

      As discussed above, the only conduct alleged against Ms. Shon is that she communicated with plaintiff Hallman on August 23, 2016, purportedly to invite her to meet Mr. Rubin, sent a separate message to plaintiff Lawson and spoke with her on the phone, and had dinner and drinks with plaintiff Caldwell and Mr. Rubin. The complaint does not allege that Ms. Shon had any knowledge of any alleged coercive acts or assaults allegedly committed by other defendants. (*See* Comp. ¶¶ 361-366, 390-365, 417-422). Thus, the purported facts alleged against Ms. Shon do not rise to such "extreme and outrageous conduct," nor do they allege that she acted with the necessary intent. *Id*; *see also Sheila C. v. Povich*, 781 N.Y.S.2d 342, 351 (1st Dep't 2004) (dismissing claim of intentional infliction of emotional distress).

      We respectfully request the opportunity to further brief these issues for the Court in a motion to dismiss.

                                         Respectfully submitted,

                                         Dawn M. Wilson

cc: All counsel of record (via ECF)