

1095 Avenue of the Americas
New York, NY 10036-6797
+1 212 698 3500 Main
+1 212 698 3599 Fax
www.dechert.com

**MICHAEL J. GILBERT**

michael.gilbert@dechert.com
+1 212 698 3886 Direct
+1 212 698 0472 Fax

December 18, 2017

**VIA ECF**

Hon. Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Lawson, et al. v. Rubin, et al.*, No. 17-CV-6404 (BMC)

Dear Judge Cogan:

Pursuant to Local Rule 37.3 and the Court's Individual Practices III.A.1., we write to request a stay of discovery and the setting of a scheduling order pending resolution of Defendants' anticipated motion to dismiss under Federal Rule of Civil Procedure 12(b). Defendants have requested a pre-motion hearing and set forth the grounds upon which they intend to move in Defendants' prior letters to the Court. *See* Doc. Nos. 32, 34, 40 and 43. We believe that the motion will establish that every cause of action in the Complaint should be dismissed.

In accordance with Local Rule 37.3(a) and the Court's Individual Rule III.A.1., counsel for Defendants, Edward A. McDonald, Michael J. Gilbert and Benjamin E. Rosenberg (counsel for Mr. Rubin), Jeffrey M. Eilender (counsel for Ms. Powers), Eric R. Breslin (counsel for Ms. Schnur), Dawn M. Wilson (counsel for Ms. Shon), and Marc S. Gottlieb (counsel for Blue Icarus, LLC) telephonically conferred in good faith with Plaintiffs' counsel, Jillian L. McNeil and John Balestriere, on December 18, 2017 from 2:30 p.m. until approximately 3:07 p.m. The purpose of the call was to confer pursuant to Rule 26(f). During the conference, Defendants' counsel outlined their proposed discovery plan, with scheduling dates based on the Court's ruling on Defendants' anticipated motions to dismiss. Defendants' counsel explained that, because there are numerous meritorious grounds for dismissal of the Complaint, Defendants believe, in the interests of judicial economy and to avoid the inevitably large expenditure of time, effort and attendant fees and costs for both Defendants and Plaintiffs, there is good cause to stay discovery until the Court rules on the anticipated motion. Plaintiffs' counsel refused to agree to stay discovery pending resolution of Defendants' anticipated motion.



Hon. Brian M. Cogan
Page 2

Discovery should be stayed. Under Rule 26(c)(1), this Court has substantial discretion to stay discovery pending resolution of motions to dismiss and often does so. *See, e.g.*, *Bethpage Water Dist. v. Northrup Grumman Corp.*, No. 13-CV-6362, 2014 WL 6883529, at *1-2 (E.D.N.Y. Dec. 3, 2014) (citing jurisprudence "staying 'all discovery other than those pertaining to the issues in the parties' dispositive motions'"); *Thomas v. N.Y. City Dep't of Educ.*, No. 09-civ-5167, 2010 WL 3709923, at *3-4 (E.D.N.Y. Sept. 14, 2010) (staying all discovery pending resolution of motion to dismiss). Courts consider the following factors when considering a stay request: (1) a strong showing of an unmeritorious claim; (2) the breadth of discovery and burden of responding; and (3) the risk of unfair prejudice to the party opposing the stay. *See id.* In *Thomas*, therefore, this Court stayed all discovery where defendants had made a strong showing that plaintiffs' claims lacked merit, discovery would be broad and the attendant burden high, and there was no prejudice to plaintiffs. *See* 2010 WL 3709923, at *3-4; *see also Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09 CV 5874, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (granting a stay where defendant had set forth multiple, independent arguments for dismissal, and "a stay could avoid the need for costly and time-consuming discovery.").

As the Supreme Court and the Second Circuit have both recognized, "'before proceeding to discovery, a complaint must allege facts suggestive of illegal conduct.'" *See S. Cherry St., LLC v. Hennessee Group LLC*, 573 F.3d 98, 114 (2d Cir. 2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 n.8 (2007)). The rationale for this rule is obvious: neither judicial economy nor the economy of the parties is served by burdening with discovery defendants who have meritorious motions to dismiss because, if successful, the motions will result in dismissal of the action.

A stay is particularly warranted here, where Plaintiffs allege RICO violations against Defendants. Given the "'thermonuclear'" nature of RICO allegations, it is the practice of some district courts in this Circuit "to stay all discovery in the case—*all* discovery, not just RICO-related discovery—until the defendants have had an opportunity to move to dismiss the RICO claims and the Court has decided the motion." *See Major, Lindsey & Africa, LLC v. Mahn*, No. 10 Civ. 4239, 2010 WL 3959609, at *2, 6 (S.D.N.Y. Sept. 7, 2010) (noting that RICO allegations, as here, are often "bogus," lodged only to contrive federal jurisdiction and "extract[] a coercive settlement due to the *in terrorem* nature of labeling someone as a racketeer") (emphasis in original).

As set forth in Defendants' letters, Doc. Nos. 32, 34, 40 and 43, the Complaint warrants dismissal, for multiple reasons, including for failure to plead facts that establish: (1) venue lies in the Eastern District of New York (when the operative facts all took place in Manhattan); (2) RICO standing (since the Complaint alleges physical injury, not economic injury, which is a fundamental requirement of a civil RICO claim); (3) a cognizable RICO enterprise; (4) a RICO pattern; (5) viable RICO predicates; and (6) fraud with requisite specificity. Nor have Plaintiffs



Hon. Brian M. Cogan
Page 3

alleged viable claims for human trafficking (Counts 4, 9 and 14); computer fraud (Count 3); or timely, valid claims for assault, battery, false imprisonment or the intentional infliction of emotional distress under New York law (Counts 5-8, 10-13 and 15-18). *See id.* And the RICO claims are a textbook example of the frequent "bogus," "thermonuclear" allegations lodged for no purpose other than to obtain federal jurisdiction and coerce an "*in terrorem*" settlement. *See Major, Lindsey & Africa, LLC*, 2010 WL 3959609, at *2, 6.

If the Court permits Defendants to make their motion to dismiss, and has the opportunity to consider Defendants' dispositive motion, we submit that it is likely that many, if not all, of the claims in the Complaint could be dismissed in their entirety. No purpose is served by burdening the parties with conducting intrusive and costly discovery at this point. Even if certain claims survive a motion to dismiss – and we respectffully submit none will – the contours of the case may change and the scope of discovery could be altered significantly.

Should discovery proceed into the full panoply of Plaintiffs' 18 counts, for numerous federal and state claims against more than five defendants over a period, although not alleged in the Complaint, purportedly spanning 21 years (*see* Plaintiffs' RICO Statement at 11 (asserting conduct arising in 1996)), the scope will be incredibly burdensome and costly to the parties. Similarly, the Court will be burdened with setting a discovery schedule and adjudicating any discovery disputes arising between the parties when those disputes are likely to be entirely unnecessary. There is no reason for the Court to permit this at this juncture.

There would be no burden to Plaintiffs if the Court were to grant Defendants' request. Plaintiffs have not made any allegations or requested any relief indicating an imminent need for discovery. Should the Complaint survive in some form after Defendants' motion to dismiss, the parties can then proceed with discovery in an informed, efficient manner.

Accordingly, Defendants' motion should be granted, and discovery stayed until this Court has ruled on Defendants' anticipated motion to dismiss.

Respectfully submitted,

*/s/ Michael J. Gilbert*

Michael J. Gilbert