MARC S. GOTTLIEB

# OrtoliRosenstadt llp

501 Madison Avenue, 14th Floor
New York, New York 10022

ADMITTED; NY, NJ

Telephone: (212) 588-0022
Facsimile: (866) 294-0074
Email: msg@sovrlaw.com

*Direct Dial: (212) 829-8943*

December 18, 2017

Honorable M. Cogan
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re :    *Lawson, et al. V. Rubin et al.*
             Case No. : 1 :17-cv-06404-BMC

Dear Judge Cogan:

This firm represents Defendant Blue Icarus LLC ("Blue Icarus") in this matter. In accordance with the Court's Individual Practices, we write (i) to request a pre-motion conference to discuss Blue Icarus' anticipated motion to dismiss Plaintiffs' causes of action against it pursuant to Rule 12(b) of the Federal Rules of Civil Procedure; and (ii) to seek the Court's permission to file said motion and to establish a briefing schedule associated with this requested filing. Without it being exhaustive, the following sets forth the many, yet likely not all of the deficiencies in Plaintiffs' pleading, all of which support dismissal of Plaintiffs' Complaint against Blue Icarus.

Plaintiffs have alleged five separate causes of action against Blue Icarus. Count One alleges that Blue Icarus came together with the other defendants to form and participate in a criminal enterprise in violation of the RICO Act, 18 U.S.C. §1962(c), including wire fraud (18 U.S.C. §1343); human trafficking (18 U.S.C. §1591(a)); money laundering (18 U.S.C. §.1596(a)), transportation for illegal sexual activity (18 U.C.S. §2422), obstruction of criminal investigations (18 U.S.C. §1510(a)); and tampering with a witness through intimidation (18 U.S.C. §1512(b) and 1512(d)), within the meaning of 18 U.S.C. §1961(1) (*see Complaint, ¶313*). Count Two alleges that Blue Icarus conspired with the other named Defendants to commit the acts alleged in Count One. Count Four alleges that Blue Icarus knowingly affected interstate commerce by "harboring Plaintiffs and others" with the knowledge that force and/or threats of force, fraud and coercion, would be used to cause Plaintiffs to engage in commercial sex acts, in violation of 18 U.S.C. §1591(a), and that such acts caused Hallman to suffer serious injury and damages, (*see, Complaint, ¶¶339-342*). Counts Nine and Fourteen are identical to Plaintiffs' Count Four except brought on behalf of Plaintiffs Lawson and Caldwell respectively, (*see Complaint, ¶¶ 369-370, 398-399*). Notwithstanding the great efforts Plaintiffs have made in their

attempt to link Blue Icarus to Rubin's alleged criminal "enterprise," Plaintiffs have failed to allege sufficient facts to establish Blue Icarus was anything more than Rubin's landlord, or that its alleged financial gain from Rubin's enterprise was anything more than rent Blue Icarus collected from Rubin pursuant to the parties' lease agreement. More specifically, Plaintiffs' Complaint fails for the following reasons:

1. Plaintiffs lack standing to prosecute their civil RICO and human trafficking claims since all of their alleged injuries fall outside the RICO statute. Civil RICO claims are intended, and statutorily limited to injuries to a plaintiff's "business or property," *see, RJR Nabisco, Inc. v. European Cmty.*, 136 S. Ct. 2090, 2108, 195 L. Ed. 2d 476 (2016) (noting that RICO's private cause of action excludes personal injuries); *see, also Doe v. Roe*, 958 F.2d 763, 767 (7th Cir. 1992) (RICO statute "preclude[s] recovery for personal injuries and the pecuniary losses incurred therefrom"). Even Plaintiffs' claims for lost wages and/or out-of-pocket expenses do not constitute injuries to Plaintiffs' business or property, and therefore, do not confer RICO standing upon these Plaintiffs. *See Zimmerman v. Poly Prep County Day School*, 888 F.Supp.2d 317, 330 (E.D.N.Y. 2012).

2. Plaintiffs also fail to adequately allege and establish that the injuries suffered by each of them were directly and proximately caused by the racketeering acts defendants are alleged to have committed. At best, their injuries were caused by Rubin's alleged physical and mental abuse, primarily his alleged common law torts of assault and battery which civil RICO claims were not intended to address. Establishing this causal link is a necessary requirement here, *see, Homes v. Securities Investor Protection Corp.*, 503 U.S. 258, 265-67 (1992); *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 123 (2nd Cir. 2003).

3. Plaintiffs fail to sufficiently describe any form of cognizable "enterprise" that is separate from the commission of the underlying racketeering acts. Failure to allege that the purpose of the enterprise is independent from the commission of the predicate acts, standing alone, is fatal to Plaintiffs' Complaint. *See, Stein v. World-Wide Plumbing Supply Inc.*, 71 F.Supp.3d at 320, 327 (2014) (Cogan, J.). "[F]or an association of individuals to constitute an enterprise, 'the individuals must share a common purpose to engage in a particular fraudulent course of conduct and work together to achieve such purposes.'" *Stein, supra.*, 71 F.Supp.3d at 325. *See, also, Black Radio Network, Inc. v. NYNEX Corp.*, 44 F. Supp. 2d 565, 580 (S.D.N.Y.1999). Plaintiffs fail to articulate how Blue Icarus participated in the affairs of Rubin's enterprise other than its owning and leasing its apartment to Rubin. Conclusory or speculative allegations that an enterprise exists, standing alone, are insufficient to defeat a motion to dismiss. *See, e.g., Ass'n of Cleveland Firefighters v. City of Cleveland, Ohio*, 502 F.3d 545 (6th Cir. 2007). Instead, a plaintiff must allege facts that, if proven, would establish that the defendants "associated together for the purpose of engaging in a course of conduct" and that they formed an "ongoing organization, formal or informal" that "function[ed] as a continuing unit" to achieve a common purpose. Indeed, to state a valid claim under RICO, a plaintiff must allege that the defendants "formed and organized a separate entity (formal or informal) on whose behalf they acted; it is not enough if they merely acted together to commit the wrong." *Greenberg v. Blake*, No. 09 Civ. 4347(BMC), 2010 WL 2400064 (E.D.N.Y. June 10,2010).

4. Similarly, Plaintiffs have failed to allege or establish that Blue Icarus played an active role in "controlling" at least some part of Rubin's enterprise. To be liable under RICO, a defendant must have controlled or conducted the affairs of the enterprise, not merely its own affairs. *See, Crichton v. Golden Rule Ins. Co.*, 576 F.3d 392 (7th Cir. 2009). To overcome a motion to dismiss, a RICO Plaintiff must establish at the pleading stage that the RICO defendant exerted some degree of control over the management and decisions of the enterprise to face potential liability. *See, Conte v. Newsday*, 703 F. Supp. 2d 126 (E.D.N.Y. 2010). Liability under § 1962(c) requires a showing that each defendant employed by or associated with the enterprise "conduct or participate, directly or indirectly, in the conduct of [the] enterprise's affairs". Plaintiffs have failed to adequately plead Blue Icarus' active participation in the enterprise's affairs. Blue Icarus' sole motive, and indeed, its sole purpose for being, was to own and lease a Manhattan penthouse apartment, and to collect reasonable rent.

5. Plaintiff have also failed to establish that the predicate RICO acts complained of were continuous and interrelated. A RICO plaintiff must allege facts that establish "continuity" and a "relationship" between those acts. *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 497, 496 (1985) (see footnote 1). To allege closed-ended continuity, a plaintiff must allege facts showing that a "series of related predicate [acts] extend over a substantial period of time." *H.J. Inc. v. NW. Bell Tel. Co.*, 492 U.S. 229, 241 (1989). To allege open-ended continuity, on the other hand, a plaintiff must "plead facts that... give rise to a reasonable expectation that the racketeering activity will extend indefinitely into the future." *See U.S. Airline Pilots Assoc.*, 2010 WL 2979322, at *4 (quoting H.J. Inc., 492 U.S. at 242.)

6. Plaintiffs also fail to allege that Blue Icarus acted with the requisite degree of scienter. In fact, Plaintiffs fail to allege any facts upon which one could reasonably impute Blue Icarus' knowledge of Rubin's criminal enterprise, let alone the acts alleged to have been committed by him (and the others) in furtherance of same.

In addition to the foregoing, Defendant will, if permitted, provide additional legal precedent in support of its contemplated motion for dismissal of Plaintiffs' Complaint against Blue Icarus. For the reasons set forth herein, and based upon all of the legal arguments asserted by the other defendants in their respective letter submissions, Defendant Blue Icarus respectfully requests the Court grant its application and sets a pre-motion conference date for the filing of Defendant's motion to dismiss.

Respectfully submitted,

ORTOLI ROSENSTADT, LLP.

Marc S. Gottlieb