

**John G. Balestriere**
BALESTRIERE FARIELLO
225 Broadway, 29th Floor
New York, New York 10007
T: +1-212-374-5401
F: +1-212-208-2613
john.balestriere@balestrierefariello.com
www.balestrierefariello.com

December 19, 2017

**VIA ECF**
Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *Lawson et al. v. Rubin et al.* No. 1:17-cv-06404-BMC
      Response to Defendant Schnur's Letter (Dkt. No. 40)

Dear Judge Cogan:

  I represent Plaintiffs Hillary Lawson, Kristina Hallman, and Stephanie Caldwell and I write in response to Defendant Schnur's supplemental pre-motion conference letter. (Dkt. No. 40.) Defendant Schnur argues that the claims against her should be dismissed on three grounds: (1) Plaintiffs failed to allege Schnur engaged in RICO predicate acts; (2) any predicate acts of obstruction of justice or witness tampering occurred after the Plaintiffs' injuries; and (3) Schnur was not aware of the objective of the alleged Enterprise.[1] None of Defendant Schnur's arguments warrant dismissal of the Complaint.

### Predicate Acts Committed By Schnur

  Plaintiffs plead adequately that Schnur committed at least two predicate acts. For example, Plaintiffs allege that Schnur engaged in "obstruction of criminal investigations (18 U.S.C. § 1510(a)), and tampering with a witness through intimidation (18 U.S.C. §§ 1512(b) and 1512(d))," (Complaint, dated November 2, 2017, Dkt. No. 1, "Compl." ¶ 313). Plaintiffs also allege that "Schnur agreed to represent Hallman, despite obvious conflicts of interest, and violations of her duties as an attorney" (Compl. ¶ 281), and even that Schnur drafted correspondence to send to Plaintiff Hallman's attorney (Compl. ¶ 288) in an attempt to convince him to let Schnur know about the ongoing criminal action. This misconduct consisted of either obstruction of criminal investigations or tampering with a witness, both of which are enumerated acts of racketeering under 18 U.S.C. § 1961(1).

---

[1] Plaintiffs already responded to some of Defendant Schnur's arguments in Plaintiffs' December 4, 2017, letter in response to Defendants' original pre-motion conference letters (Dkt. No. 36), and incorporate those arguments herein.



### Plaintiffs Adequately Allege Obstruction of Justice

Plaintiffs allege that Schnur obstructed justice in violation of 18 U.S.C. § 1510(a), which makes someone guilty of obstruction if she "willfully endeavors by means of bribery to obstruct, delay, or prevent the communication of information relating to a violation of any criminal statute of the United States by any person to a criminal investigator." Plaintiffs plead all of these elements. Defendant Schnur offered free legal services to one Plaintiff in association with a criminal action specifically to protect the Enterprise from exposure. (Compl. ¶ 278.) However, when it came time to defend herself, Defendant Schnur threatened to stop paying for the criminal attorney if Plaintiff told the truth about what happened the night she was arrested. (Compl. ¶ 279.) This amounts to tens, if not hundreds, of thousands of dollars in legal expenses, as well as potential jail time, for one Plaintiff due to Defendants' attempted bribery. Moreover, this prevented Plaintiff from communicating important information not only to the district attorney in charge of her case and the judge, but to federal investigators who surely would be interested in the interstate crimes the Enterprise has committed. The reasoning behind this was to prevent any criminal lawsuit in federal court, which Schnur, as a former prosecutor was aware may be a possibility if Plaintiff Hallman testified truthfully.

Schnur engaged in witness tampering in violation of 18 U.S.C. § 1512(b), which provides "[w]hoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to . . . influence delay or prevent the testimony of any person in an official proceeding . . . cause or induce any person to withhold testimony . . . or hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission of a federal offense," has committed witness tampering. 18 U.S.C. § 1512(b)(1)-(3). Schnur knowingly attempted to prevent Plaintiff Hallman from coming forward to criminal investigators, judges, and federal authorities with her testimony regarding the true events that transpired the night she was arrested. (Compl. ¶¶ 37-45.) Lastly, Plaintiffs allege that Schnur had contact with at least Plaintiff Hallman as Plaintiffs allege Schnur drafted a letter to Hallman's criminal attorney to allow Schnur access to all information regarding Hallman's criminal case. (Compl. ¶ 288.) Plaintiff pleads adequately that Schnur has obstructed justice and tampered with witnesses.

### Schnur's Conduct Further Harmed the Plaintiffs

Schnur argues that even if she did obstruct justice and tamper with a witness, it is not a predicate act because it occurred after the Plaintiffs' injuries. Cover-ups of misconduct may be in furtherance of a RICO scheme where such cover-ups are designed to "conceal[] the scheme itself in furtherance of its perpetration." *World Wrestling Entm't, Inc. v. Jakks Pac., Inc.*, 530 F. Supp. 2d 486, 513 (S.D.N.Y. 2007) (quoting *Phil. Reserve Supply Co. v. Nowalk & Assocs., Inc.*, No. 91–CV–0449, 1992 WL 210590, at *6 (E.D.Pa. Aug. 25, 1992). Here, Defendant Schnur attempted to conceal what happened to Plaintiff so that the Enterprise could continue its conduct without fear of reprisal. This conduct further harmed Plaintiffs as it permitted the Enterprise to continue to violate all other predicate acts (which were ongoing while the criminal



prosecution of Plaintiff Hallman occurred and which may even be ongoing today with regards to other victims). Schnur's acts further harmed the Plaintiffs.

### Schnur Was Aware of The Enterprise's Conduct

Schnur was fully aware of the Enterprise's conduct. Plaintiffs allege, throughout their Complaint, that Schnur attempted to cover-up the acts of the Enterprise (Compl. ¶¶ 65), drafted non-disclosure agreements to prevent Plaintiffs from revealing the Enterprise (*id.* ¶¶ 64, 103, 199), and that she attempted to represent Plaintiff Hallman at the request of Defendant Rubin, knowing that such representation was for the benefit of Rubin and the Enterprise and not Plaintiff Hallman (*id.* ¶ 280-282, 288-289, 295). Schnur knowingly joined the Enterprise and was aware of its conduct at all times.

Respectfully submitted,

John G. Balestriere

cc:     Counsel of Record