John G. Balestriere
Brian L. Grossman
Jillian L. McNeil
**BALESTRIERE FARIELLO**
225 Broadway, 29th Floor
New York, New York 10007
Telephone: (212) 374-5401
Facsimile: (212) 208-2613
john.balestriere@balestrierefariello.com
brian.grossman@balestrierefariello.com
jillian.mcneil@balestrierefariello.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **HILLARY LAWSON, KRISTINA HALLMAN,** and **STEPHANIE CALDWELL,**<br><br>        Plaintiffs,<br><br> – against –<br><br>**HOWARD RUBIN, JENNIFER POWERS, YIFAT SCHNUR, STEPHANIE SHON, JOHN DOE, BLUE ICARUS, LLC,** and the **DOE COMPANY.**<br><br>        Defendants. | Case No.: 1:17-cv-06404<br><br>**OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY** |

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................................ 1

STATEMENT OF FACTS ................................................................................................................ 3

ARGUMENT ...................................................................................................................................... 4

    I.    DISCOVERY SHOULD NOT BE STAYED AS THE PLAINTIFFS' CLAIMS ARE MERITORIOUS, THE BREADTH OF DISCOVERY AND BURDEN ON THE DEFENDANTS IS MINIMAL, AND THERE IS A STRONG RISK OF UNFAIR PREJUDICE TO THE PLAINTIFFS ................................................................................ 4

        A.    Defendants' Motion to Stay Is Premature ............................................................... 5

        B.    Defendants Do Not Meet their Burden of Demonstrating that All of Plaintiffs' Claims Are Unmeritorious, Warranting Denial of Defendants' Motion .................. 6

            1.    The Eastern District of New York Is A Proper Venue As Significant Events Relating to Defendants' Crimes Took Place In This District ........................... 6

            2.    Plaintiffs Were Economically Injured ............................................................. 7

            3.    Plaintiffs Properly Pleaded a RICO Enterprise, a Pattern of Racketeering Activity, and Dozens of Predicate Acts .......................................................... 7

            4.    Plaintiffs Pleaded Fraud With The Required Particularity And Defendants Have Not, As Of Yet, Requested To File a Fed. R. Civ. P. 9(b) Motion ........ 9

            5.    Plaintiffs Adequately Pleaded Violations of the CFAA .............................. 10

            6.    Plaintiffs Adequately Pleaded Violations of the Trafficking Victims Protection Act ............................................................................................... 11

            7.    Plaintiffs' State Law Claims Are Both Timely and Valid ........................... 11

        C.    There Is a Minimal Burden On The Defendants To Begin Discovery Prior To The Court's Ruling On The Defendants' Motions To Dismiss ............................ 12

        D.    There Is A Strong Risk Of Unfair Prejudice To The Plaintiffs If There Is A Stay Of Discovery As The Defendants Have Potentially Already Committed Spoliation and as Defendants Have Shown that they Are Willing to Interfere With Witness Testimony .................................................................................... 13

II. THE RICO CLAIMS ARE NOT THE SOLE BASIS FOR FEDERAL JURISDICTION AS THERE ARE TWO OTHER FEDERAL CLAIMS, AS WELL AS DIVERSITY AMONG THE PARTIES, WARRANTING THAT DISCOVERY PROCEED UNINTERRUPTED ................................................................................................ 14

CONCLUSION ................................................................................................................. 15

# **TABLE OF AUTHORITIES**

**Cases**

*Abbott Labs. v. Adelphia Supply USA*,
   No. CV20155826CBAMDG, 2016 WL 4148323 (E.D.N.Y. Aug. 4, 2016) ....................... 4, 5

*Capsolas v. Pasta Res., Inc.*,
   No. 10 CIV. 5595 RJH, 2011 WL 6396511 (S.D.N.Y. June 23, 2011) ................................ 12

*Hango v. Royall*,
   466 F. App'x 30 (2d Cir. 2012) .......................................................................................... 6

*In re Enron Corp.*,
   No. 01-16034 AJG, 2006 WL 2400411 (Bankr. S.D.N.Y. May 10, 2006) ..................... 13, 14

*In re Monahan Ford Corp. of Flushing*,
   340 B.R. 1 (Bankr. E.D.N.Y. 2006) ................................................................................. 10

*Kanowitz v. Broadridge Fin. Sols., Inc.*,
   No. CV 13-649 (DRH)(AKT), 2014 WL 1338370 (E.D.N.Y. Mar. 31, 2014) ..................... 13

*Mirra v. Jordan*,
   No. 15-CV-4100(AT)(KNF), 2015 WL 6202339 (S.D.N.Y. Oct. 16, 2015) .......................... 5

*Mortg. Resolution Servicing, LLC v. JPMorgan Chase Bank, N.A.*,
   No. 15CIV0293LTSJCF, 2016 WL 3906712 (S.D.N.Y. July 14, 2016) .............................. 12

*Pavlov v. Bank of N.Y. Co.*,
   25 F. App'x 70 (2d Cir. 2002) ............................................................................................ 8

*Pfizer, Inc. v. Stryker Corp.*,
   No. 02 CIV. 8613 LAK, 2003 WL 21660339 (S.D.N.Y. July 15, 2003) .............................. 7

*Rotella v. Wood*,
   528 U.S. 549 (2000) ........................................................................................................... 8

*Sonterra Capital Master Fund Ltd. v. Credit Suisse Grp. AG*,
   No. 1:15-CV-00871(SHS), 2017 WL 4250480 (S.D.N.Y. Sept. 25, 2017) .......................... 10

*Thomas v. N.Y.C. Dep't of Educ.*,
   No. 09-civ-5167, 2010 WL 3709923 (E.D.N.Y. Sept. 14, 2010) .......................................... 4

*U.S. v. Turkette*,
   452 U.S. 576 (1981) ....................................................................................................... 7, 8

**Statutes**

18 U.S.C. § 1030 .......................................................................................................................... 1, 10

18 U.S.C. § 1343 ............................................................................................................................. 9

18 U.S.C. § 1510(a) ........................................................................................................................ 9

18 U.S.C. § 1512 ............................................................................................................................. 9

18 U.S.C. §1584 .............................................................................................................................. 1

18 U.S.C. § 1591 ....................................................................................................................... 9, 11

18 U.S.C. § 1596(a) ........................................................................................................................ 9

18 U.S.C. § 1692(c) ........................................................................................................................ 9

18 U.S.C. § 1961(1) .................................................................................................................... 8, 9

18 U.S.C. § 1964(c) ........................................................................................................................ 7

18 U.S.C. § 2422 ............................................................................................................................. 9

28 U.S.C. § 1391(b)(2) ................................................................................................................... 6

**Rules**

CPLR 203(b)(1) ............................................................................................................................ 12

CPLR 215(3) ................................................................................................................................. 12

Federal Rule of Civil Procedure 9(b) ........................................................................................ 9, 10

Federal Rule of Civil Procedure 12(b)(6) ....................................................................................... 3

Federal Rule of Civil Procedure 26(c)(1) ....................................................................................... 4

**PRELIMINARY STATEMENT**

Defendants' request for a stay of discovery pending resolution of their proposed motions to dismiss (the "Motion") should be denied, and discovery should commence immediately. While courts have broad discretion as to whether to stay discovery, the merits of the case, the breadth and burden of discovery, and potential prejudice to the non-moving party all factor into the court's decision. All of these factors weigh in favor of Plaintiffs, warranting denial of Defendants' Motion.

Plaintiffs adequately pleaded all of their federal and state law claims, warranting denial of the Defendants' Motion. Specifically, Plaintiffs adequately pleaded the existence of a RICO enterprise, a pattern of racketeering activity, and commission of at least two—and likely more than twenty—predicate acts over the course of decades. Plaintiffs further adequately pleaded their claim for violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, Fraud and related activity in connection with computers (the "CFAA") by alleging that the Defendants accessed either their computers or computers at Apple or Facebook either without authorization or beyond the scope of their prior authorization in order to obtain Plaintiffs' financial and confidential information, which has caused Plaintiffs in excess of $5,000 in damages in one year. In addition, Plaintiffs adequately pleaded violations of the Trafficking Victims Protection Act, 18 U.S.C. §1584 et seq. (the "TVPA") by alleging that Defendants used fraud and coercion to convince Plaintiffs to travel from Florida to New York to engage in sex acts against their will. Lastly, Plaintiffs' state law claims are valid and timely as much of the conduct in question took place less than a year before the initiation of this action, and as the remaining state law claims were timely filed in Queens County and were equitably tolled through the actions of Defendants to attempt to cover up their illegal activity.

Moreover, the breadth and burden of discovery in this action will likely be relatively moderate compared to a typical RICO action as there are mostly individuals and single purpose entities comprising the enterprise in question (the "Enterprise"). As the RICO claims are not a typical commercial case, there will likely be far fewer documents than a typical RICO action where there may be dozens of custodians. Rather, here the only custodians will likely be the Defendants themselves, meaning there will be about five custodians prior to determining the true identities of John Doe and the Doe Company.

Lastly, the Plaintiffs are likely to be prejudiced by any potential stay of discovery in this action. Plaintiffs already have evidence of potential spoliation on the part of Defendant Rubin. After Defendant Rubin had been notified of the Plaintiffs' claims and after Defendant Rubin had been served with a litigation hold letter, Plaintiffs were informed by Defendant Blue Icarus that Defendant Rubin had given notice that he would be moving out of the Penthouse located at the Metropolitan Tower located on 146 West 57th Street, 76th Floor, New York, New York (the "Penthouse"). Furthermore, Plaintiffs already alleged that Defendants have partaken in a conspiracy to tamper with witnesses. If the Defendants are given more time, they will likely continue their spoliation of evidence and witness tampering tactics, to Plaintiffs' detriment.

Finally, there are procedural grounds warranting denial of Defendants' Motion. Defendants' Motion is premature as they have not yet brought their proposed motions to dismiss. Defendants are therefore asking the Court to issue an advisory opinion with regards to the merits of Defendants' motion to dismiss, which is not allowed. Further, in the event Plaintiffs' RICO claims are dismissed, the Court will retain subject matter jurisdiction over Plaintiffs' remaining claims. Not only does Plaintiff bring claims under additional federal statutes, the CFAA and the TVPA, but the diversity statute applies as Plaintiffs reside in Florida, and Defendants reside in

2

New York and New Jersey. Similarly, if the Court were to dismiss Plaintiffs' claims for lack of venue—which it should not—Plaintiff would simply re-file its action in the Southern District of New York and seek the very same discovery, such that any discovery taken would not be wasted. Defendants have simply presented no reason requiring the stay of all discovery pending litigation of their proposed motions to dismiss. Defendants Motion should be denied.

## STATEMENT OF FACTS

Plaintiffs Hillary Lawson, Kristina Hallman, and Stephanie Caldwell, filed their Complaint against Defendants Howard Rubin, Jennifer Powers, Yifat Schnur, Stephanie Shon, John Doe, Blue Icarus, LLC, and the Doe Company on November 2, 2017. (Complaint, dated November 2, 2017, Dkt. No. 1 ("Compl.").)

Prior to filing the Complaint here, Plaintiffs also filed a Summons with Notice in Queens County, which provided none of the factual allegations contained in the Complaint here. (Queens County, Supreme Court Summons with Notice, attached to the Declaration of Brian L. Grossman (the "Grossman Decl.") as Ex. A.)[1]

In November and December, Defendants Powers, Rubin, Shon, Schnur, and Blue Icarus filed letters requesting a pre-motion conference to discuss their anticipated motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Defendants' Letters, Dkt. Nos. 31–32, 34, 40, 43–44, 46.)

Plaintiffs responded to all of Defendants' letters (Plaintiffs' December 4, 2017, Response to Defendants' Pre-motion Conference Letters, Dkt. No. 36; Plaintiffs' December 19, 2017, Responses to Defendants' Pre-motion Conference Letters, Dkt. Nos. 47–50.) The Court has not yet ruled on Defendants' request for a pre-motion conference.

---

[1] All exhibits referred to herein are attached to the Grossman Decl. and shall hereinafter be referred to simply as "Ex. X."

3

At the same time as filing their supplemental requests for a pre-motion conference on December 18, 2017, Defendants Rubin, Powers, Shon, and Schnur jointly filed a letter requesting the Court stay discovery. (Defendants Rubin, Powers, Shon, and Schnur's Letter Requesting Stay of Discovery, filed December 18, 2017, Dkt. No. 45.) On December 27, 2017, the Court issued an Order deeming Defendants' filing to be their motion to stay and mandating Plaintiffs respond by January 3, 2018. (Electronic Order, dated December 27, 2017.)

**ARGUMENT**

**I.  DISCOVERY SHOULD NOT BE STAYED AS THE PLAINTIFFS' CLAIMS ARE MERITORIOUS, THE BREADTH OF DISCOVERY AND BURDEN ON THE DEFENDANTS IS MINIMAL, AND THERE IS A STRONG RISK OF UNFAIR PREJUDICE TO THE PLAINTIFFS**

The Court should not stay discovery pending Defendants' motion to dismiss as the Plaintiffs claims are meritorious, there is a minimal burden on the Defendants, and there is a strong risk of prejudice to Plaintiffs if discovery does not proceed timely. Under Federal Rule of Civil Procedure Rule 26(c)(1), a district court may stay discovery "for good cause" shown. Fed. R. Civ. P. 26(c)(1). "The pendency of a dispositive motion is not, without more, grounds for an automatic stay." *Thomas v. N.Y.C. Dep't of Educ.,* No. 09-civ-5167, 2010 WL 3709923, at *3 (E.D.N.Y. Sept. 14, 2010) (internal citations and quotations omitted). Courts consider three factors when considering a motion to stay discovery: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Abbott Labs. v. Adelphia Supply USA*, No. CV20155826CBAMDG, 2016 WL 4148323, at *1–2 (E.D.N.Y. Aug. 4, 2016) (denying defendants' motion for stay of discovery). Furthermore, where a defendant seeks dismissal without prejudice—based on arguments such as lack of jurisdiction—a stay is not warranted as the discovery obtained will be useful in any action refiled

in an appropriate jurisdiction that follows. *See id* at 1. ("even if defendants' motion were granted, any dismissal would be without prejudice to refiling in an appropriate jurisdiction. Any discovery taken here will be available for use in any subsequent related action.") Defendants have not provided the "good cause" needed to support their motion for a stay of discovery. As detailed in Plaintiffs' responses to Defendants' many pre-motion letters regarding their proposed motion to dismiss, Defendants have failed to show that Plaintiffs' claims are unmeritorious. (*See* Plaintiffs' December 4, 2017, Response to Defendants' Pre-motion Conference Letters, Dkt. No. 36; *see also* Plaintiffs' December 19, 2017, Responses to Defendants' Pre-motion Conference Letters, Dkt. Nos. 47-50.) Defendants have also failed to show that the breadth of discovery or burden of responding to discovery would be high. This is not a complex business suit requiring the production of hundreds of thousands of pages of documents, but is, rather, a suit primarily between individuals involving personal records and witness testimony. Finally, Plaintiffs will be unfairly prejudiced if discovery is stayed as there is already evidence of willful spoliation by at least Defendant Rubin with regards to evidence contained within the Penthouse, as well as evidence that at least Defendants Rubin, Powers, and Schnur have interfered with or attempted to interfere with the testimony of witnesses in the recent past. Thus, the timeliness of discovery is particularly important here. Discovery should not be stayed and Defendants' motion should be denied.

### A. Defendants' Motion to Stay Is Premature

A defendant cannot make a claim as to the merits of a plaintiff's case—and a court may not issue an advisory opinion on the same—without the defendant having filed a motion to dismiss. *Mirra v. Jordan*, No. 15-CV-4100(AT)(KNF), 2015 WL 6202339, at *1 (S.D.N.Y. Oct. 16, 2015) (denying defendant's motion for a stay of discovery where "no motion exists to be decided" as it would "be extremely prejudicial to the plaintiff to determine the merits of the

5

plaintiff's [sic] non-existing motion based on the arguments the defendant contends she would make in that motion"). The Defendants have not yet filed a motion to dismiss in this case and therefore the Court may not issue an advisory opinion as to the merits of a potential motion to dismiss, as would be necessary in determining Defendants' Motion. Defendants' Motion should be denied in its entirety.

### B. Defendants Do Not Meet their Burden of Demonstrating that All of Plaintiffs' Claims Are Unmeritorious, Warranting Denial of Defendants' Motion

The arguments Defendants raise in their pre-motion conference letters with regards to the merits of Plaintiffs' claims (as Defendants raise no such argument in their Motion), are insufficient to show that all of Plaintiffs' claims lack merit, warranting denial of the Motion.

#### 1. The Eastern District of New York Is A Proper Venue As Significant Events Relating to Defendants' Crimes Took Place In This District

Plaintiffs properly brought their claims in the Eastern District of New York as Defendants transported Plaintiffs through airports located in Queens County, New York. Venue is proper where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Where a substantial part of the events that transpired involved an airport, venue is appropriate in the district in which the airport is located. *See Hango v. Royall*, 466 F. App'x 30, 33 (2d Cir. 2012) (venue appropriate in the Eastern District of New York when the "claims occurred at John F. Kennedy Airport, located within the Eastern District of New York."). Here, the Plaintiffs alleged that crucial events relating to Defendants' crimes occurred in the Eastern District. (Compl. ¶ 12; Plaintiffs' December 19, 2017, Responses to Defendants' Pre-motion Conference Letter, Dkt. No. 48 at 3.) Venue is appropriate in the Eastern District of New York.

### 2. Plaintiffs Were Economically Injured

Plaintiffs suffered economic injuries as a result of Defendants' RICO violations. Under RICO, "[a]ny person injured in his business or property" has standing to bring a claim. 18 U.S.C. § 1964(c). Courts consider prosthetics designed for implantation as property. *See Pfizer, Inc. v. Stryker Corp.*, No. 02 CIV. 8613 LAK, 2003 WL 21660339, at *2 (S.D.N.Y. July 15, 2003) ("property sold by Pfizer—prosthetic devices intended for implantation in human beings"). Separate from any injuries directly to their bodies, all Plaintiffs sustained extensive damage to their breast implants, which is damage to property sufficient to satisfy economic harm under RICO. (Compl. ¶¶ 350, 383, 409; Plaintiffs' December 4, 2017, Response to Defendants' Pre-motion Conference Letters, Dkt. No. 36 at 1–2; Plaintiffs' December 19, 2017, Responses to Defendants' Pre-motion Conference Letter, Dkt. No. 50 at 1.) In addition to the damages to Plaintiffs' property, Plaintiffs were also damaged in their ability to work as models following their encounters with Defendant Rubin. (Compl. ¶ 194; Plaintiffs' December 4, 2017, Response to Defendants' Pre-motion Conference Letters, Dkt. No. 36 at 1–2; Plaintiffs' December 19, 2017, Responses to Defendants' Pre-motion Conference Letter, Dkt. No. 50 at 1.) At all times the Defendants were aware that Plaintiffs were models and that they would be harmed economically if they were injured in such a way that would prevent them from working. Plaintiffs were harmed in their property and business.

### 3. Plaintiffs Properly Pleaded a RICO Enterprise, a Pattern of Racketeering Activity, and Dozens of Predicate Acts

Plaintiffs properly pleaded a RICO enterprise, a pattern of racketeering activity, and dozens of predicate acts. An enterprise is "a group of persons associated together for a common purpose of engaging in a course of conduct." *U.S. v. Turkette*, 452 U.S. 576, 583 (1981). This is "prove[n] by evidence of an ongoing organization, formal or informal, and by evidence that the

various associates function as a continuing unit." *Id*. This "enterprise need not necessarily have a continuity extending beyond the performance of the pattern of racketeering acts alleged, or a structural hierarchy, so long as it is in fact an enterprise as defined in the statute." *Pavlov v. Bank of N.Y. Co.*, 25 F. App'x 70, 71 (2d Cir. 2002). "The pattern of racketeering activity is, on the other hand, a series of criminal acts as defined by" 18 U.S.C. § 1961(1). *Turkette*, 452 U.S. at 583. Predicate acts—which are all enumerated in 18 U.S.C. § 1961(1)—form the pattern of racketeering activity. *See Rotella v. Wood*, 528 U.S. 549, 554 (2000). Plaintiffs pleaded adequately each of these elements (Plaintiffs' December 4, 2017, Response to Defendants' Pre-Motion Conference Letters, Dkt. No. 36 at 2–3; Plaintiffs' December 19, 2017, Responses to Defendants' Pre-motion Conference Letter, Dkt. No. 48 at 2–3; Plaintiffs' December 19, 2017, Responses to Defendants' Pre-motion Conference Letter, Dkt. No. 50 at 2.)

Specifically, Plaintiffs pleaded that "Rubin, Powers, Shon, Schnur, Blue Icarus, Doe, and the Doe Company currently comprise an association in fact enterprise" but that there may be additional members beyond those known by the Plaintiffs. (Compl. ¶¶ 46–47; Plaintiffs' December 4, 2017, Response to Defendants' Pre-motion Conference Letters, Dkt. No. 36 at 2.) The Plaintiffs further alleged that the "legitimate objective of the Enterprise is to pay and transport women to New York to serve as companions and entertainment for Rubin and, at times, his associates," but the illegitimate purposes of the Enterprise was to "cover up Rubin's sexual misconduct and criminal abuse of the women, and to serve as a cover for his wide-ranging human trafficking scheme." (Compl. ¶¶ 49, 51; Plaintiffs' December 4, 2017, Response to Defendants' Pre-motion Conference Letters, Dkt. No. 36 at 2.) The Plaintiffs also alleged that each member of the Enterprise has a specific role in the Enterprise, and that the Enterprise functions as a continuing unit as, at a minimum, the three Plaintiffs in this action all have had

8

similar experiences with the Enterprise. (*See, e.g.* Compl. ¶¶ 17–23; Plaintiffs' December 4, 2017, Response to Defendants' Pre-motion Conference Letters, Dkt. No. 36 at 2.) Plaintiff adequately pleaded a RICO enterprise.

The Plaintiffs also adequately alleged a pattern of racketeering activity through predicate acts. Plaintiffs asserted that Defendants' pattern of racketeering activity consisted of at least the predicate acts of "wire fraud (18 U.S.C. § 1343), human trafficking (18 U.S.C. § 1591(a)), money laundering (18 U.S.C. § 1596(a)), transportation for illegal sexual activity (18 U.S.C. § 2422), obstruction of criminal investigations (18 U.S.C. § 1510(a)), and tampering with a witness through intimidation (18 U.S.C. §§ 1512(b) and 1512(d))," all of which are enumerated as predicate acts in 18 U.S.C. § 1961(1). (Compl. ¶ 313; Plaintiffs' December 19, 2017, Responses to Defendants' Pre-motion Conference Letter, Dkt. No. 48 at 2–3.) Plaintiffs detail numerous violations of these statutes, each of which constitutes its own predicate act, in its Complaint and RICO Statement. (Compl. ¶¶ 91–190, 207–240, 275–298; RICO Case Statement, dated November 2, 2017, Dkt. No. 1-2 ("RICO Statement") at 11–17.) Together, these predicate acts constitute a pattern of racketeering activity sufficient to support a RICO claim under 18 U.S.C. § 1692(c).

Plaintiffs adequately pleaded a RICO Enterprise, pattern of racketeering activity, and predicate acts.

> **4. Plaintiffs Pleaded Fraud With The Required Particularity And Defendants Have Not, As Of Yet, Requested To File a Fed. R. Civ. P. 9(b) Motion**

Plaintiffs pleaded fraud with the required particularity and Defendants have thus far failed to notice a motion to dismiss on Fed. R. Civ. P. 9(b) grounds. Under Fed. R. Civ. P. 9(b), "a party must state with particularity the circumstances constituting fraud or mistake." However, "[w]hen the fraud allegation is in respect to an omission, as opposed to a misrepresentation, a

9

plaintiff must plead the type of facts omitted, where the omitted facts should have been stated and the way in which the omitted facts made the representations misleading." *In re Monahan Ford Corp. of Flushing*, 340 B.R. 1, 21 (Bankr. E.D.N.Y. 2006). Plaintiffs pleaded both misrepresentations and omissions made by the Defendants with particularity. For example, Plaintiffs pleaded that the Defendants misrepresented that "the trip would not be about sex, and, at most, would entail some fetish play and potentially photos," and that the Defendants omitted telling the Plaintiffs that Rubin "liking" the Plaintiffs meant he intended to assault to them. (Compl. ¶¶ 97, 78–79; Plaintiffs' December 4, 2017, Response to Defendants' Pre-motion Conference Letters, Dkt. No. 36 at 3.) Indeed, as only the predicate acts involving wire fraud require the level of heightened pleading required under Rule 9(b) (*Sonterra Capital Master Fund Ltd. v. Credit Suisse Grp. AG*, No. 1:15-CV-00871(SHS), 2017 WL 4250480, at *39 (S.D.N.Y. Sept. 25, 2017) ("Because plaintiffs' RICO claims are based on wire fraud predicates, the heightened pleading requirements of Fed. R. Civ. P. 9(b) apply")), and as Plaintiffs alleged many additional predicate acts, Plaintiffs' claims would be allowed to proceed even if the Court agreed with Defendants' argument here. Plaintiffs pleaded fraud with particularity and Defendants have not noticed a motion to dismiss on Fed. R. Civ. P. 9(b) grounds.

### 5. Plaintiffs Adequately Pleaded Violations of the CFAA

Plaintiffs adequately pleaded violations of the CFAA. Under the CFAA, whoever "intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains-- information from any protected computer" has violated the CFAA. 18 U.S.C. § 1030(a)(2)(C). Plaintiffs pleaded that the Defendants knowingly accessed their computers or Plaintiffs' accounts on Apple and Facebook without authorization or in excess of their authorization. (Compl. ¶ 326; Plaintiffs' December 4, 2017, Response to Defendants' Pre-motion Conference Letters, Dkt. No. 36 at 3.) Plaintiffs further alleged that Defendants obtained

10

financial information, as well as confidential information regarding this lawsuit through such unauthorized access. (Compl. ¶¶ 327–331; Plaintiffs' December 4, 2017, Response to Defendants' Pre-motion Conference Letters, Dkt. No. 36 at 3.) Plaintiffs were harmed by such hacking in being forced to take remedial measures that amounted to more than $5,000 in one year. (Compl. ¶¶ 332; Plaintiffs' December 4, 2017, Response to Defendants' Pre-motion Conference Letters, Dkt. No. 36 at 3.) Plaintiffs adequately pleaded violations of the CFAA.

### 6. Plaintiffs Adequately Pleaded Violations of the Trafficking Victims Protection Act

Plaintiffs adequately pleaded violations of the TVPA under 18 U.S.C. § 1591. Under § 1591, whoever knowingly "recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person" through fraud or coercion that affects interstate commerce has committed sex trafficking. 18 U.S.C. § 1591(a)(2). Plaintiffs pleaded that Defendants "knowingly affected interstate commerce by recruiting, enticing, harboring, transporting, obtaining, and soliciting Plaintiffs and others." (Compl. ¶¶ 338, 368, 397; Plaintiffs' December 4, 2017, Response to Defendants' Pre-motion Conference Letters, Dkt. No. 36 at 3.) Plaintiffs furthered alleged that threats of force, coercion, and fraud were used to cause Plaintiffs to engage in the commercial sex acts. (Compl. ¶¶ 341, 371, 400.) Plaintiffs also alleged the types of fraud and coercion that were utilized as Defendants promised Plaintiffs money to meet Defendant Rubin and not to have any type of sexual interactions with him. (Compl. ¶¶ 78–79, 83, 95, 97, 145.) Plaintiffs adequately pleaded facts to demonstrate sex trafficking.

### 7. Plaintiffs' State Law Claims Are Both Timely and Valid

Plaintiffs' state law claims are both timely and valid. The statute of limitations in New York for claims of assault, battery, false imprisonment, and intentional infliction of emotional

distress is one year. CPLR 215(3). Statutes of limitations may be equitably tolled and tolling should not be determined until after discovery is complete. *Capsolas v. Pasta Res., Inc.*, No. 10 CIV. 5595 RJH, 2011 WL 6396511, at *1 (S.D.N.Y. June 23, 2011). Moreover, the filing of a summons is enough to meet statute of limitations deadline once "the summons is served upon the defendant." CPLR 203(b)(1). Plaintiffs initially contacted Defendants prior to the expiration of any arguable limitations period. (Ex. B.) Plaintiffs also filed a summons with notice in Queens County prior to the expiration of the statute of limitations. (Ex. A.) There is also cause for equitable tolling in this action—which should not be determined until after the completion of discovery—as the Defendants have successfully attempted to cover-up their wrongdoing through the use of seemingly legitimate non-disclosure agreements and intimidation. And, importantly, several of the incidents in question took place less than a year after the filing of this Complaint, well within the statute of limitations. (Compl. ¶¶ 227–248, 280–298.) Plaintiffs state law claims are both timely and valid.

### C. There Is a Minimal Burden On The Defendants To Begin Discovery Prior To The Court's Ruling On The Defendants' Motions To Dismiss

There is a minimal burden on the Defendants to begin discovery prior to any ruling on Defendants' motions to dismiss. To support a motion to stay discovery, a defendant must provide some evidence of the weight and breadth of the burden they will suffer in the event discovery is not stayed. *See Mortg. Resolution Servicing, LLC v. JPMorgan Chase Bank, N.A.*, No. 15CIV0293LTSJCF, 2016 WL 3906712, at *6 (S.D.N.Y. July 14, 2016) (granting stay where defendants "submitted a declaration from JPMorgan Chase Bank's Executive Director for Electronic Platform Discovery Services—a professional who manages the firm's e-Discovery technologies and responsibilities—who attests that the total cost of reviewing that single custodian's responsive documents would be nearly $1,000,000" and there were at least 26

requested custodians). Plaintiffs have not sent Defendants a single discovery request up until this point. (Grossman Decl. ¶ 2.) Defendants can make no such argument—particularly without seeing Plaintiffs' requests—that discovery would be overly burdensome. Moreover, while this is a RICO case, this is not a commercial RICO action where there is likely to be millions of documents or evens tens of custodians. Rather, this a RICO action based on the actions of mostly individuals, where the likely custodians are the Defendants themselves. Even if the Court determines there is likely to be voluminous discovery in regards to the RICO claims, there is no need to stay discovery for the remaining claims. There is a minimal burden on the Defendants to proceed with discovery in this action.

Moreover, even if the Plaintiffs' claims are dismissed, any discovery taken in this action will be useful in any subsequent action. Potential for dismissal due to lack of federal jurisdiction is not grounds for a stay of discovery. *Kanowitz v. Broadridge Fin. Sols., Inc.*, No. CV 13-649 (DRH)(AKT), 2014 WL 1338370, at *10 (E.D.N.Y. Mar. 31, 2014) ("dismissal of the instant action will simply relegate discovery to the state court proceeding, not preclude it altogether"). Even if the Court determines that all three of Plaintiffs' federal claims should be dismissed and that there is no diversity jurisdiction, the discovery taken in this action will be useful in a subsequent state action; Defendants' Motion should be denied.

> **D. There Is A Strong Risk Of Unfair Prejudice To The Plaintiffs If There Is A Stay Of Discovery As The Defendants Have Potentially Already Committed Spoliation and as Defendants Have Shown that they Are Willing to Interfere With Witness Testimony**

There is a strong risk of unfair prejudice to the Plaintiffs if discovery is stayed as there is evidence that Defendants have already committed willful spoliation, and as Defendants have already interfered with or attempted to interfere with witness testimony. Potential spoliation of evidence is grounds for denial of a motion to stay discovery. *See In re Enron Corp.*, No. 01-

13

16034 AJG, 2006 WL 2400411, at *4 (Bankr. S.D.N.Y. May 10, 2006) (denying motion to stay discovery following ruling on motion to dismiss and potential for interlocutory appeal based on grounds including "the spoliation of evidence and the unavailability of witnesses"). Defendant Rubin has already committed spoliation by ending his lease for the Penthouse following Plaintiffs contacting him and his coconspirators, as well as Plaintiffs sending Rubin, his coconspirators, and counsel a litigation hold letter. (Ex. C at 3; Ex. D.) Any further delay in discovery will only permit the Defendants time to destroy more evidence and further cover-up their wrongdoing. Furthermore, a stay would permit the Defendants additional time to contact potential witnesses and other victims to dissuade or prevent them from testifying—or testifying truthfully—in a similar manner to how Defendants prevented one Plaintiff from telling the truth during her own criminal proceedings. (Compl. ¶ 287.) There is a strong risk of unfair prejudice to the Plaintiffs if discovery is stayed, warranting the denial of Defendants' Motion.

## II. THE RICO CLAIMS ARE NOT THE SOLE BASIS FOR FEDERAL JURISDICTION AS THERE ARE TWO OTHER FEDERAL CLAIMS, AS WELL AS DIVERSITY AMONG THE PARTIES, WARRANTING THAT DISCOVERY PROCEED UNINTERRUPTED

The RICO claims are not the sole basis for federal jurisdiction as there are two additional federal claims, as well as diversity jurisdiction, such that this action will not be dismissed on jurisdictional grounds even if Plaintiffs' RICO claims are dismissed. Plaintiffs alleged—in addition to RICO—causes of action under the CFAA and the TVPA. (Compl. ¶¶ 325–342.) Moreover, Plaintiffs alleged state law claims under the diversity statute, where the Plaintiffs are all residents of Florida and the Defendants are all either residents of New York, New Jersey, or a foreign country. (Compl. ¶¶ 14–23.) Plaintiffs therefore invoked federal jurisdiction based on federal question and diversity grounds. Even if Plaintiffs' RICO claims are dismissed—which

14

they should not be—Plaintiffs should be permitted to proceed with discovery as there are other bases for federal jurisdiction which will keep this action before this Court.

## CONCLUSION

For the reasons stated herein, Defendants' Motion should be denied. Plaintiffs adequately alleged all of their causes of action, the discovery burden in this action will be minimal for a RICO case as the Defendants are almost all individuals, any discovery taken will be useful in any potential subsequent action, and Plaintiffs are highly prejudiced by any delay in discovery as at least Defendant Rubin has already committed spoliation of evidence. Defendants' Motion should be denied and the Parties allowed to proceed to discovery timely.

Dated: New York, New York
January 3, 2018

By: _____
John G. Balestriere
Brian L. Grossman
Jillian L. McNeil
**BALESTRIERE FARIELLO**
225 Broadway, 29th Floor
New York, New York 10007
Telephone: (212) 374-5401
Facsimile: (212) 208-2613
john.balestriere@balestrierefariello.com
brian.grossman@balestrierefariello.com
jillian.mcneil@balestrierefariello.com
*Attorneys for Plaintiff*