UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

HILLARY LAWSON, KRISTINA HALLMAN, and STEPHANIE CALDWELL,

                Plaintiffs,

– against –

HOWARD RUBIN, JENNIFER POWERS, YIFAT SCHNUR, STEPHANIE SHON, JOHN DOE, BLUE ICARUS, LLC, and the DOE COMPANY,

                Defendants.

Case No.: 1:17-cv-06404 (BMC)

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT STEPHANIE SHON'S MOTION TO DISMISS THE COMPLAINT

**GANFER & SHORE, LLP**

Mark A. Berman
Dawn M. Wilson
360 Lexington Avenue
New York, New York 10017
Telephone:   (212) 922-9250
Facsimile:    (212) 922-9335
mberman@ganfershore.com
dwilson@ganfershore.com

*Attorneys for Defendant Stephanie Shon*

## **TABLE OF CONTENTS**

                                                             **Page**

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELMINARY STATEMENT .................................................................................................. 1

ALLEGATIONS OF THE COMPLAINT ................................................................................. 3

ARGUMENT ................................................................................................................................ 5

      I.      STANDARD OF REVIEW ..................................................................... 5

      II.     THE COMPLAINT FAILS TO STATE A RICO CLAIM
             AGAINST MS. SHON BECAUSE IT FAILS TO ALLEGE
             THAT SHE ENGAGED IN TWO PREDICATE ACTS ........................ 5

      III.    THE COMPLAINT DOES NOT STATE A CLAIM
             FOR HUMAN TRAFFICKING AGAINST MS. SHON ........................ 8

      IV.    THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION
             FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
             AGAINST SHON ...................................................................................... 9

CONCLUSION .......................................................................................................................... 12

## TABLE OF AUTHORITIES

**Cases**                                                             **Page**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..................................................................................................5

*Bernstein v. Misk*,
   948 F. Supp. 228 (E.D.N.Y. 1997).............................................................................7

*Blaize-Sampeur v. McDowell*,
   2006 U.S. Dist. LEXIS 75764 (E.D.N.Y. Oct. 18, 2006).............................................7

*Conte v. Newsday, Inc.*,
   703 F. Supp. 3d 126 (E.D.N.Y. 2010)........................................................................7

*Dillon v City of New York*,
   261 A.D.2d 34, 704 N.Y.S.2d 1 (1st Dep't 1999) ....................................................10

*Freihofer v. Hearst Corp.*,
   65 N.Y.2d 135 (1985)...............................................................................................10

*Harris v. Mills*,
   572 F.3d 66 (2d Cir.2009)
   *quoting Iqbal*, 556 U.S. at 678)..................................................................................5

*Hogan v. Fischer*,
   738 F.3d 509 (2d Cir. 2013).......................................................................................5

*Howell v. New York Post Co.*,
   81 N.Y.2d 115, 596 N.Y.S.2d 350 (N.Y. 1993). ..............................................10, 12

*IKB Int'l S.A. v. Bank of Am. Corp.*,
   584 F. App'x 26 (2d Cir. 2014) .................................................................................7

*Jaffe v. National League for Nursing*,
   222 A.D.2d 233, 635 N.Y.S.2d 9 (1st Dep't 1995) ..................................................11

*JTE Enterprises, Inc. v. Cuomo*,
   2 F. Supp. 3d 333 (E.D.N.Y. 2014)............................................................................5

*Kilduff v. Cosential, Inc.*,
   289 F. Supp. 2d 12 (D. Conn. 2003).........................................................................11

*Lakonia Mgmt. v. Meriwether*,
   106 F.Supp.2d 540 (S.D.N.Y. 2000).........................................................................6

**Cases**                                                                                                          **Page**

*Lubin v. Dubin,*
   2014 U.S. Dist. LEXIS 24734 (E.D.N.Y. Feb. 24, 2014)..............................................................6

*Meyer v. Jinkosolar Holdings Co., Ltd.,*
   761 F.3d 245 (2d Cir. 2014)...........................................................................................................5

*Murphy v. Am. Home Prod. Corp.,*
   58 N.Y.2d 293 (N.Y. 1983)..........................................................................................................10

*Sharabura v. Taylor,*
   2003 U.S. Dist. LEXIS 16515, 2003 WL 22170601 (E.D.N.Y. 2003) .........................................9

*Sheila C. v. Povich,*
   11 A.D.3d 120, 781 N.Y.S.2d 342 (1st Dep't 2004) ...................................................................10

*Twombly/Iqbal. Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007).......................................................................................................................9

*U.S. v. Zagari,*
   111 F.3d 307 (2d Cir. 1997)...........................................................................................................6

*United States v. Estrada-Tepal,*
   57 F.Supp.3d 164 (E.D.N.Y. 2014) ...............................................................................................8

*United States v. Todd,*
   627 F.3d 329 (9th Cir. 2010) .........................................................................................................8

**Statutes and Rules**                                                                                              **Page**

FRCP 12 (b)(3) .................................................................................................................................1, 12

FRCP 12 (b)(6) ............................................................................................................................1, 5, 12

N.Y. C. P. L.R. § 215 .............................................................................................................................9

Restatement (Second) of Torts § 46 (1).................................................................................................10

18 U.S.C. § 1341 ....................................................................................................................................7

18 U.S.C. § 1343 ....................................................................................................................................6

18 U.S.C. § 1591(a)................................................................................................................................8

Defendant Stephanie Shon ("Ms. Shon") joins in the motion to dismiss and memorandum of law submitted by defendant Howard Rubin ("Rubin"), through his counsel, Dechert LLP (the "Rubin Memorandum" or "Rubin Mem."), and the moving papers of the other co-Defendants in this action, and respectfully submits this separate memorandum of law in support of her motion to dismiss the Complaint ("Complaint" or "Compl.") of Plaintiffs Hillary Lawson, Kristina Hallman, and Stephanie Caldwell (collectively, "Plaintiffs"), pursuant to Rule 12(b)(3) and (6) of the Federal Rules of Civil Procedure ("FRCP"), to assert additional grounds for dismissal unique to the allegations against her.[1]

## PRELIMINARY STATEMENT

In a Complaint spanning more than 61 pages and 422 paragraphs, Ms. Shon's inclusion as a defendant appears to be an afterthought. In the entire document, there are only three substantive factual allegations against her personally (as opposed to conclusory statements in which she is lumped in with other Defendants). Specifically, Ms. Shon is alleged to have communicated by phone and electronic messages with two of the three Plaintiffs to ask them to meet with Rubin in New York and to have socialized with the third Plaintiff on one occasion. Ms. Shon is not alleged to have committed any assaults against the Plaintiffs, to have been present when any alleged assault occurred, or to have any knowledge about any alleged assault, either before or after their purported occurrence.

Based on these thin allegations against her, the Complaint alleges that Ms. Shon was part of an "Enterprise" for which the purported objective was to sexually abuse women. Against Ms. Shon, the Complaint alleges two causes of action for violation of the RICO statute (the First and Second Causes of Action), violations of the human trafficking statute (the Fourth, Ninth, and

---

[1] The Complaint is located at Docket Entry No. 1.

Fourteenth Causes of Action), and intentional infliction of emotional distress (the Eighth, Thirteenth, and Eighteenth Causes of Action).

Each of these causes of actions must be dismissed as to Ms. Shon for multiple, independent reasons. This memorandum will not repeat the arguments contained in the Rubin Memorandum regarding the grounds for dismissal of the RICO, human trafficking, and intentional infliction of emotional distress claims. But there are additional grounds separate and apart from those deficiencies argued in the Rubin Memorandum supporting dismissal of each of the claims against Ms. Shon.

First, with regard to the RICO claims, the Complaint fails to allege that Ms. Shon engaged in two separate predicate acts under the statute. Although Plaintiffs will try to argue that Ms. Shon committed violations of wire fraud and/or human trafficking, the Complaint fails to allege the elements of those claims against her. Wire fraud requires that money or property as the object of the scheme and the defendant's knowing or intentional participation in the scheme. Neither of these elements is alleged against Ms. Shon.

Second, the claims for human trafficking fail to plead that Ms. Shon knew or recklessly disregarded that force, fraud, or coercion would be used to cause Plaintiffs to engage in commercial sex acts.

Third, the causes of action for intentional infliction of emotional harm are time-barred as to Ms. Shon because the only acts she is alleged to have engaged in occurred more than one year prior to the filing of the Complaint. The Complaint also fails to state a cause of action for intentional infliction of emotional distress because it fails to plead extreme and outrageous conduct on the part of Ms. Shon or that Ms. Shon intended to cause severe distress. In addition, a claim of

severe emotional distress on the part of the Plaintiffs is rendered completely implausible by the other allegations of the Complaint.

## ALLEGATIONS OF THE COMPLAINT[2]

A more detailed summary of the allegations of the Complaint is contained in the Rubin Memorandum. (Rubin Mem. pp. 3-). The following is a description of the allegations specific to Ms. Shon, which demonstrates how scant and implausible the allegations against her are.

According to the Complaint, Ms. Shon is or was an individual "who works with Rubin, or formerly worked for Rubin," and who may be an employee of the purported "Doe Company." (Compl. ¶ 19). Other than alleging in a wholly conclusory fashion that Ms. Shon along with Rubin, Powers, Schnur, Blue Icarus, Doe, and the Doe Company "currently comprise an association in fact enterprise (Compl. ¶ 47)," the Complaint contains **no allegations** concerning when Ms. Shon purportedly joined the alleged enterprise, even though it makes such allegations against each of the defendants Powers, Schnur, and Blue Icarus. (*See* Compl. ¶¶ 34-45 (Blue Icarus), 52-62 (Powers), 63-65 (Schnur)).

According to the Complaint, on or around August 23, 2016, Ms. Shon sent Plaintiff Hallman a direct message on Instagram, purportedly indicating that Ms. Shon worked for Rubin, who would like to meet Hallman in New York. (Compl. ¶ 75). Ms. Shon then purportedly told Hallman that Rubin would pay for Hallman to fly to New York, pay her $2,000 to meet, and "if Rubin liked her," pay her an additional $3,000. (Compl. ¶¶ 78-79). Ms. Shon purportedly also represented to Hallman that "Rubin loved spending time with Playboy models and frequently set up this type of arrangement." (Compl. ¶ 79). By the Complaint's own admission, *Hallman declined Ms. Shon's purported offer*. (Compl. ¶ 80). The Complaint goes on to allege how

---

[2] For purposes of this motion to dismiss only, Ms. Shon assumes the truth of the allegations of the Complaint.

3

Defendant Jennifer Powers then purportedly convinced Hallman to come to New York, on Hallman's condition that she could bring a friend, Plaintiff Lawson, whom Hallman admittedly introduced into this scenario. (Compl. ¶¶ 81-81).

Next, Ms. Shon allegedly also contacted Lawson through a direct message on Instagram (Compl. ¶ 91), *which Lawson ignored* (Compl. ¶ 92). Then, Ms. Shon purportedly had a phone call with Lawson in which Ms. Shon told Lawson that "Rubin was not threatening" and "liked large breasted women" and "photos he had seen of Lawson." (Compl. ¶¶ 94-96). Although the Complaint alleges that these statements were lies, it does not allege which specific statements were purportedly untrue or, more importantly, any factual basis to support an allegation that Ms. Shon knew them to be untrue.

The only other factual allegations against Ms. Shon concern limited alleged socializing with Plaintiff Caldwell in September 2016. According to the Complaint, Ms. Shon had dinner at the Viceroy Central Park with Rubin and Caldwell (Compl. ¶ 150), whom Plaintiff Hallman admittedly introduced to Rubin (Compl. ¶ 143). *Ms. Shon is not alleged to have had any role in introducing Caldwell to Rubin.* After dinner, Ms. Shon allegedly accompanied Caldwell and Rubin to his apartment for a brief period of time, before leaving for a different engagement. (Compl. ¶ 153-54). After Ms. Shon left, Caldwell allegedly became intoxicated and upset, after which Rubin left. (Compl. ¶¶ 155-57). Finally, Ms. Shon is alleged to have spent the evening at the apartment with Caldwell where Ms. Shon allegedly "attempted to take Caldwell under her wing," whatever that might mean. (Compl. ¶ 158). Although the Complaint vaguely alleges that there were "representations" made by Ms. Shon on which Caldwell allegedly relied (Compl. ¶ 161), the Complaint fails to allege what any of these purported "representations" consisted of, when they occurred, how they were made, or that they were false.

4

# ARGUMENT

## I. STANDARD OF REVIEW

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hogan v. Fischer*, 738 F.3d 509, 514 (2d Cir. 2013) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (same).

In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must "accept all factual allegations [in the complaint] as true and draw all reasonable inferences in favor of plaintiff." *Meyer v. Jinkosolar Holdings Co., Ltd.*, 761 F.3d 245, 249 (2d Cir. 2014) (internal quotation omitted); *see also JTE Enterprises, Inc. v. Cuomo*, 2 F. Supp. 3d 333, 338 (E.D.N.Y. 2014). However, "although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir.2009) (*quoting Iqbal*, 556 U.S. at 678).

## II. THE COMPLAINT FAILS TO STATE A RICO CLAIM AGAINST MS. SHON BECAUSE IT FAILS TO ALLEGE THAT SHE ENGAGED IN TWO PREDICATE ACTS

In addition to all of the grounds for dismissing the RICO claims (First and Second Causes of Action) stated in the Rubin Memorandum (*see* Rubin Mem. pp. 8-18), the Complaint fails to allege that Ms. Shon committed two or more predicate acts. "To plead a pattern of racketeering activity, plaintiff must establish that each defendant committed at least two acts of racketeering -- or two 'predicate acts' -- within a ten-year period." *See Lakonia Mgmt. v. Meriwether*, 106

5

F.Supp.2d 540, 550 (S.D.N.Y. 2000)). The Complaint does not satisfy this requirement with respect to Ms. Shon.

As discussed above, the allegations against Ms. Shon are quite limited. Specifically, the Complaint alleges that Ms. Shon:

- messaged plaintiff Hallman on August 23, 2016, purportedly to invite her to meet Mr. Rubin (Comp. ¶¶ 75-80);

- on or about that same day, separately messaged and spoke with plaintiff Lawson (Comp. ¶¶ 91-92);

- had dinner and drinks with plaintiff Caldwell and Rubin on an evening in early September 2016 (Comp. ¶¶ 150-154).

Communication regarding an invitation, assuming these allegations are true, is not a predicate act under RICO. Likewise, joining someone for dinner and drinks is not a predicate act under RICO.

To the extent that Plaintiffs seek to argue that Ms. Shon's alleged communications with Hallman and Lawson constitute "wire fraud" pursuant to 18 U.S.C. § 1343, Plaintiffs are mistaken. A claim of wire fraud requires "money or property as the object of the scheme." *See Lubin v. Dubin*, 2014 U.S. Dist. LEXIS 24734, *20 (E.D.N.Y. Feb. 24, 2014); *U.S. v. Zagari*, 111 F.3d 307, 327 (2d Cir. 1997). Here, the Plaintiffs allege that the "purpose and scheme" of the purported enterprise was to "fraudulently induce victims to travel to New York . . . to be drugged, sexually assaulted, physically beaten, and tortured." [Dkt. 1, Ex. 1 (RICO Stmnt. at 16)]. Nowhere does the Complaint allege an objective on part of any Defendant, let alone Ms. Shon, of obtaining money or property. Indeed, only the Plaintiffs are alleged to have received any money and there are no allegations regarding any property in the Complaint.

A complaint alleging wire fraud must also show the defendant's knowing or intentional participation in the scheme. 18 U.S.C. § 1341; *see also Conte v. Newsday, Inc.*, 703 F. Supp. 3d 126, (E.D.N.Y. 2010); *Bernstein v. Misk*, 948 F. Supp. 228, 239 (E.D.N.Y. 1997). Here, the Complaint does not allege, except in the most conclusory fashion, that Ms. Shon knew that the statements she purportedly made to plaintiffs Hallman and Lawson were false. The Complaint is silent regarding whether Ms. Shon knew that Rubin was allegedly planning on or allegedly did assault the Plaintiffs or any other women. Instead, the Complaint contains only conclusory allegations against Shon with regard to intent, such as "both Shon and Powers lied in all communications with Lawson . . ." (Compl. ¶ 95). *See Blaize-Sampeur v. McDowell*, 2006 U.S. Dist. LEXIS 75764, * (E.D.N.Y. Oct. 18, 2006) (dismissing RICO claim based on wire fraud for failure to knowledge or intent to defraud).

The Second Circuit has held that Rule 9(b) requires fraud complaints to allege facts that lead to a "strong inference" that the defendant has the requisite state of mind. *See, e.g., IKB Int'l S.A. v. Bank of Am. Corp.*, 584 F. App'x 26, 27 (2d Cir. 2014) ("We have repeatedly required plaintiffs to plead the factual basis which gives rise to a strong inference of fraudulent intent."). The Complaint contains no such allegations with regard to Ms. Shon.

Nor, for the grounds discussed in the Rubin Memorandum (Rubin Mem. pp. 20-22) and Section III, *infra*, have Plaintiffs adequately alleged a predicate act of human trafficking or transportation for illegal sexual activity against Ms. Shon. Simply stated, there are no plausible allegations that force, fraud, or coercion were used to cause Plaintiffs to engage in a commercial sex act nor, if such force, fraud, or coercion was alleged – which Ms. Shon denies, do Plaintiffs allege scienter with any specificity as to Ms. Shon.

7

### III. THE COMPLAINT DOES NOT STATE A CLAIM FOR HUMAN TRAFFICKING AGAINST MS. SHON

Plaintiffs' Fourth, Ninth, and Fourteenth Causes of Action allege violations of sex trafficking laws, 18 U.S.C. 1591(a), by Defendants Rubin, Powers, Shon, Blue Icarus, and the Doe Company as against, respectively, Hallman (Count 4), Lawson (Count 9), and Caldwell (Count 14). Sex trafficking is also alleged as one of the RICO predicates. On the grounds discussed in Section III of the Rubin Memorandum, Plaintiffs have failed to allege a cause of action for human trafficking against all Defendants, including Ms. Shon, because they fail to allege the use of force, fraud, or coercion to cause them to engage in a commercial sex act.

But even if force, fraud, or coercion was used to cause plaintiffs to have sex with Rubin—which Ms. Shon specifically denies—Plaintiffs nevertheless do not and cannot plead scienter with any specificity as to Ms. Shon.

To state a claim for sex trafficking against Ms. Shon, Plaintiffs must allege that *she knew or recklessly disregarded* that coercion would be used to cause Plaintiffs to engage in commercial sex acts. *See, e.g. United States v. Todd*, 627 F.3d 329, 334 (9th Cir. 2010) ("What the statute means to describe, and does describe awkwardly, is a state of mind in which the knower is familiar with a pattern of conduct. . . . The knowledge required of the defendant is such that if things go as . . . planned, force, fraud or coercion will be employed to cause his victim to engage in a commercial sex transaction."); *see also United States v. Estrada-Tepal*, 57 F.Supp.3d 164, 169 (E.D.N.Y. 2014) (knowledge or reckless disregard that victim will be coerced to have commercial sex required).

The Complaint does not allege, except in the most conclusory fashion in the Fourth, Ninth, and Fourteenth Causes of Action, that Ms. Shon knew that Plaintiffs were coerced or would be coerced in the future. With regard to knowledge, each of these counts merely states: "All

8

Defendants participated in this venture knowing that means of force, threats of force, fraud, and coercion would be used to cause Plaintiffs to engage in commercial sex acts." (Compl. ¶¶ 341, 371, 400). But the Complaint is *devoid of any factual allegations* that Ms. Shon knew that Plaintiffs were coerced or would be coerced in the future. There are no allegations that Ms. Shon was present at any of the alleged assaults, was informed by any Plaintiff about any alleged assaults after they purportedly occurred, or knew that any of the Plaintiffs feared or felt threatened by Rubin. Such allegations do not exist. Thus, the Complaint fails to meet the pleading standard under *Twombly/Iqbal*. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

Thus, the Fourth, Ninth, and Fourteenth Causes of Action for violation of the human trafficking statute against Ms. Shon must be dismissed.

## IV.   THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST SHON

Ms. Shon's only alleged contact with any of the Plaintiffs occurred prior to November 2, 2016 (Compl. ¶¶ 75-80, 91-96), thus, claims of intentional infliction of emotional distress against her are time-barred by New York's one-year statute of limitations for intentional torts. N.Y. C.P.L.R. § 215; *see also Sharabura v. Taylor*, 2003 U.S. Dist. LEXIS 16515, *11, 2003 WL 22170601, *11 (E.D.N.Y. 2003).

In addition to being time-barred, the Complaint fails to state a cause of action for intentional infliction of emotional distress against Ms. Shon. The tort of intentional infliction of emotional distress has four elements: (i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress. *Howell v. New York Post Co.*, 81

N.Y.2d 115, 121, 596 N.Y.S.2d 350, 353 (N.Y. 1993). Because the tort does not proscribe specific conduct, "the requirements of the rule are rigorous, and difficult to satisfy." *Id.* at 122; *see also Murphy v. Am. Home Prod. Corp.*, 58 N.Y.2d 293 (N.Y. 1983).

Pursuant to the Restatement (Second) of Torts § 46 (1), which New York courts have adopted as the standard for a claim of intentional infliction of emotional distress, "[o]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress." *See Freihofer v. Hearst Corp.*, 65 N.Y.2d 135, 143 (1985). Such extreme and outrageous conduct must be clearly alleged in order for the Complaint to survive a motion to dismiss. *Dillon v City of New York*, 261 A.D.2d 34, 41, 704 N.Y.S.2d 1, 8 (1st Dep't 1999) (granting motion to dismiss).

In *Sheila C. v. Povich*, 11 A.D.3d 120, 130-31, 781 N.Y.S.2d 342, 351 (1st Dep't 2004), the plaintiff, a 14-year old teenager, alleged that defendants, employees of a television talk show on which she had been booked, urged her to dress and act in a sexually provocative manner for the program, separated her from her guardians prior to filming, and allowed her to be introduced during this time to a purported rapist, who obtained her local contact information and later allegedly raped her. *Sheila C.*, 11 A.D.3d at 123-24, 781 N.Y.S.2d at 345-46. The New York Appellate Division, First Department, upheld the dismissal of the claim for intentional (and negligent) infliction of emotional distress on the grounds that such allegations "simply do not rise to the level of conduct necessary to sustain either cause of action." *Id.* at 131, 351.

As discussed above, the only conduct alleged against Ms. Shon is the following: (i) she communicated with Plaintiff Hallman on or about August 23, 2016, purportedly to ask her to meet Mr. Rubin, (ii) sent a separate message to Plaintiff Lawson (which was ignored) and spoke with her on the phone, and (iii) had dinner and drinks with Plaintiff Caldwell (who Plaintiff Hallman

10

admittedly introduced to Rubin) and Rubin. The Complaint **does not allege that Ms. Shon participated in or had any knowledge of any coercive acts or assaults** allegedly committed by other defendants. (*See* Comp. ¶¶ 361-366, 390-365, 417-422). Thus, like in *Sheila C.*, the purported facts alleged against Ms. Shon do not rise to such "extreme and outrageous conduct," nor do they allege that she acted with the necessary intent. *Id.*; *see also Kilduff v. Cosential, Inc.*, 289 F. Supp. 2d 12, (D. Conn. 2003) (dismissing intentional infliction of emotion distress claims against corporation and its CEO for alleged sexual harassment of plaintiff by supervisor); *Jaffe v. National League for Nursing*, 222 A.D.2d 233, 233, 635 N.Y.S.2d 9, 10 (1st Dep't 1995) (dismissing intentional infliction of emotional dismiss claim against employer accused of harassment and intimidation, including physical assault of employee).

The intentional infliction of emotional distress claims against Ms. Shon should also be dismissed because they are rendered completely implausible by other allegations in the Complaint. *Iqbal*, 556 U.S. at 678-79. Specifically, despite Hallman's alleged emotional distress, she came back to New York to meet with Rubin again in September and October 2016 (with **no** alleged involvement of Ms. Shon in such visits). (Compl. ¶ 162, 207). In addition, Hallman admittedly introduced three other women to Powers and Rubin (again with **no** involvement of Ms. Shon in such introductions): Plaintiff Caldwell (Compl. ¶ 143), Nancy Santi (Compl. ¶ 207), and Zoe Cacciola (Compl. ¶ 209). Plaintiff Lawson, despite her alleged experience with Rubin in August 2016, also voluntarily returned to New York for another encounter with Rubin in December 2016 (Compl. ¶ 227). And Plaintiff Caldwell agreed to meet with Rubin twice even though Hallman had allegedly "told Caldwell everything about her previous experience with Rubin." (Compl. ¶ 146).

None of this behavior is consistent with Plaintiffs' purported "severe emotional distress," a required element of a claim for intentional infliction of emotional distress. *Howell*, 81 N.Y.2d at 121, 596 N.Y.S.2d at 353.

Thus, the three causes of action for intentional infliction of emotional distress against Ms. Shon (Counts Eight, Thirteen, and Eighteen) should be dismissed.

## CONCLUSION

For all the foregoing reasons, and the reasons applicable to the claims against Ms. Shon stated in the moving papers of the other Defendants in this action, the Court should enter an order pursuant to FRCP Rule 12(b)(3) and (6) dismissing the Complaint as against Ms. Shon, and granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
February 12, 2018

GANFER & SHORE, LLP

By: _____
Mark A. Berman
Dawn M. Wilson
360 Lexington Avenue
New York, New York 10017
(212) 922-9250 (phone)
(212) 922-9335 (facsimile)

*Attorneys for Defendant Stephanie Shon*