

1095 Avenue of the Americas
New York, NY 10036-6797
+1 212 698 3500 Main
+1 212 698 3599 Fax
www.dechert.com

EDWARD A. MCDONALD

edward.mcdonald@dechert.com
+1 212 698 3672 Direct
+1 212 698 0472 Fax

**VIA ECF**

February 26, 2018

The Honorable Brian M. Cogan
United States District Court Judge
United States District Court for the
Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

Re: *Lawson, et al. v. Rubin, et al.*, 17-cv-06404 (BMC)

Dear Judge Cogan:

On behalf of all defendants, we write with regard to the discovery schedule in the above-captioned case. As the Court knows, on February 20, 2018, just a few days before their opposition to defendants' motions to dismiss the initial complaint was due, plaintiffs filed an amended complaint. We respectfully submit that staying discovery pending this Court's ruling on defendants' motions to dismiss the amended complaint (which will be fully briefed on March 21) is not only appropriate but necessary to ensure this case proceeds in a fair and efficient manner.

We are mindful, of course, that the Court previously denied defendants' motion for a stay of discovery related to plaintiffs' initial complaint. ECF Doc. 57. However, developments in this case since the Court's January 25, 2018 ruling, we believe, compel a stay of discovery at this juncture.

In preparing and filing their motions to dismiss the initial complaint, defendants thoroughly researched the legal issues raised in their letters seeking permission to file their motions. We respectfully submit that the relevant legal authorities establish conclusively that, as matter of law, this case cannot proceed.

Plaintiffs have filed this action in the wrong court. There is no venue in this District. The amended complaint makes explicit that the *only* basis for filing in this District is that the plaintiffs travelled through airports in Queens. This is not sufficient. All of the relevant events took place in Manhattan; all of the claimed injuries were sustained in Manhattan; none of the defendants transact business in, or have any connection to, the Eastern District of New York.





The RICO causes of action, as pled in both the initial and the amended complaints, suffer from numerous dispositive flaws. Plaintiffs allege they sustained *physical, bodily* injuries, not injuries to their "business or property," as RICO requires. Plaintiffs' physical injuries were not proximately caused by any of the alleged racketeering acts, but by assault and battery, the state law claims, none of which are RICO predicates. The amended complaint does not in any way remedy these defects.

To permit discovery to move forward before the Court rules on the motions to dismiss would unnecessarily burden the defendants and the Court which, particularly in light of the overbroad discovery requests plaintiffs have served, will inevitably have to rule on discovery disputes. A stay would result in no prejudice to plaintiffs and, in fact, will likely save them from wasted effort as well.

The Court noted in its Order denying defendants' motion for a stay of discovery that the volume of discovery in this case would be relatively limited, as "the nature of the alleged conspiracy and the number and type of defendants involved means that discovery in this case is likely to be significantly less burdensome than the average (commercial) RICO case . . . ." ECF Doc. 57 at 2. The amended complaint, however, more than doubles the number of plaintiffs. Unlike the original three plaintiffs, several of the newly added plaintiffs have had relationships with defendant Rubin (and other defendants) for many, many years, from at least 2009. It will be no easy task for defendants to search for and produce communications and records of financial transactions plaintiffs will no doubt demand. The burden on the defendants is significant.

Since this Court's January 25 Order, the plaintiffs have served discovery demands. The broad ranging discovery plaintiffs seek appears to be premised on their RICO causes of action. Plaintiffs seek information well beyond the scope of discovery that would apply to state law claims of assault and battery.

The scope of discovery will be significantly circumscribed if either this Court (or a judge in the Southern District of New York) rules, as we fully expect, that plaintiffs' RICO claims cannot proceed. For example, plaintiffs seek in discovery information about *every person* with whom defendant Rubin has ever had sexual contact and *every person* who ever has or had access to the apartment he rented in Manhattan for many years. Document demand 8 seeks "all documents concerning any contact, interaction, involvement or other communication between or among Defendants concerning the Enterprise." Document demand 9 seeks "all receipts, documents, bills, carbon copies, emails, statements, deposit slips or other evidence of financial transactions with regard to the Enterprise." These demands make clear that a stay of discovery is required to ensure that defendants are not forced to provide documents and information related to matters that are so far removed from claims of assault and battery.





The relief requested is additionally warranted given that the Court previously noted it was not "convinced by plaintiffs' argument that they [would] be prejudiced" by a stay. ECF Doc. 57 at 3. Accordingly, we respectfully request that the Court stay discovery until the defendants' motions to dismiss have been decided.

If the Court decides not to stay discovery, defendants propose that, following completion of the briefing on the motions to dismiss pursuant to the schedule this Court set in its Order of February 21, 2018 (which requires the motions to be fully briefed by March 21), the parties will serve revised discovery demands based on the allegations in the amended complaint by April 6, with the deadlines for remaining discovery activities to follow on similar parameters this Court set in its January 25 scheduling Order, as set out below:

| **Discovery Activities** | **Completion Date** |
|---|---|
| Service of initial discovery demands, including document demands, interrogatories and requests to admit | April 6 |
| Service of responses and objections to initial discovery demands, production of all documents on this date | May 7 |
| Final date for fact depositions | July 16 |
| Close of fact discovery | August 14 |
| Submission of expert reports | September 11 |
| Final date of expert depositions | October 2 |
| End of expert discovery | October 23 |

Defendants' proposed revised schedule will allow the parties to serve a single set of discovery demands that correspond to the operative amended complaint. This schedule would also provide the Court an opportunity to consider the fully briefed motions to dismiss the amended complaint -- and potentially rule on critical threshold issues – before the parties devote significant resources to discovery activities and before the Court is called upon to resolve disputes related to this discovery.

On February 26, 2018, counsel for defendants conferred with plaintiffs' counsel regarding the proposed stay of discovery and alternative discovery schedule. Plaintiffs' counsel did not agree to the defendants' requested relief, and asked that any submission to the Court include the bifurcated discovery schedule that plaintiffs have proposed:

| **Plaintiffs' Proposed Schedule** | **Completion Date** |
|---|---|





| | |
|---|---|
| Service of initial discovery demands, including document demands, interrogatories and requests to admit | February 6 |
| Service of responses and objections to initial discovery demands, production of all documents responsive to initial discovery demands on this date | March 6 |
| Supplemental discovery demands regarding new plaintiffs and allegations | March 8 |
| Service of responses and objections to supplemental discovery demands, production of documents for supplemental requests | April 9 |
| Final date for fact depositions | June 18 |
| Close of fact discovery | August 14 |
| Submission of expert reports | September 11 |
| Final date of expert depositions | October 2 |
| End of expert discovery | October 23 |

Under plaintiffs' proposal, the parties would be required to produce documents related to the original plaintiffs and the allegations in the now moot initial Complaint, and then request and respond to additional discovery demands relating to the newly added plaintiffs and revised allegations in the amended complaint. Defendants respectfully submit that proceeding under two separate discovery tracks will disserve the interests of efficiency and economy. Tasks associated with responding to many of the previous discovery requests will necessarily have to be redone in order to address the broadened scope of the amended complaint and new plaintiffs. For example, Document demand 9 calls for all "receipts, documents, bills, carbon copies, emails, statements, deposit slips, or other evidence of any financial transactions with regard to the Enterprise, including . . . transactions between Defendants and Plaintiffs . . . ." Under plaintiffs' proposal, defendants would have to collect, review and produce all such documents related to the initial plaintiffs, and then perform this same task again in relation to the four new plaintiffs over an expanded (but inclusive) period of time.

Respectfully Submitted,

Edward A. McDonald

EAM