**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

HILLARY LAWSON, KRISTINA
HALLMAN, and STEPHANIE
CALDWELL,

                        Plaintiffs,

      – against –

HOWARD RUBIN, JENNIFER POWERS,
YIFAT SCHNUR,  STEPHANIE SHON,
JOHN DOE, BLUE ICARUS, LLC, and the
DOE COMPANY,

                        Defendants.

---

Case No.: 1:17-cv-06404 (BMC)

 

### SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT STEPHANIE SHON'S MOTION TO DISMISS THE COMPLAINT

**GANFER & SHORE, LLP**

Mark A. Berman
Dawn M. Wilson
360 Lexington Avenue
New York, New York 10017
Telephone:    (212) 922-9250
Facsimile:     (212) 922-9335
mberman@ganfershore.com
dwilson@ganfershore.com

*Attorneys for Defendant Stephanie Shon*

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES.................................................................................................ii

PRELMINARY STATEMENT ........................................................................................ 1

ALLEGATIONS OF THE AMENDED COMPLAINT ................................................. 2

ARGUMENT......................................................................................................................4

      I.     THE AMENDED COMPLAINT FAILS TO STATE A RICO CLAIM
AGAINST MS. SHON BECAUSE IT FAILS TO ALLEGE
THAT SHE ENGAGED IN TWO PREDICATE ACTS ............................. 4

      II.    THE AMENDED COMPLAINT DOES NOT STATE A CLAIM
FOR HUMAN TRAFFICKING AGAINST MS. SHON ............................. 6

      III.   THE AMENDED COMPLAINT FAILS TO STATE A CAUSE OF
ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL
DISTRESS AGAINST SHON................................................................... 7

CONCLUSION ................................................................................................................. 8

# TABLE OF AUTHORITIES

**Statutes and Rules**                                                                           **Page**

FRCP 12 (b)(3) ..........................................................................................................1, 8

FRCP 12 (b)(6) ..........................................................................................................1, 8

18 U.S.C. § 1343 ...........................................................................................................4

18 U.S.C. § 1591(a) .......................................................................................................6

18 U.S.C. § 2422 ...........................................................................................................5

Defendant Stephanie Shon ("Ms. Shon") submits this supplemental memorandum of law in support of her motion to dismiss the Amended Complaint ("Am. Compl.") pursuant to Rule 12(b)(3) and (6) of the Federal Rules of Civil Procedure ("FRCP").[1]   This supplemental memorandum, as per the Court's Order, only addresses the allegations of the Amended Complaint that are new against Ms. Shon and incorporates all of the arguments in her original memorandum of law in support of the motion to dismiss ("Shon Mem.").   [Docket No. 63].   Ms. Shon also incorporates the moving papers of the other co-Defendants in this action into her motion.

## PRELIMINARY STATEMENT

The Amended Complaint adds four new plaintiffs, only one of whom – Plaintiff Macey Speight – is alleged to have had *any* contact with Ms. Shon.   The remaining three new Plaintiffs – Plaintiffs Moira Hathaway, Rosemarie Peterson, and Lauren Fuller – do not allege any contact whatsoever with Ms. Shon over the course of their relationships with Howard Rubin.   Nonetheless, the Amended Complaint purports to bring its RICO (Cause of Action One and Two) and human trafficking (Cause of Action Three) claims on behalf of *all* of the Plaintiffs against *all* of the Defendants, including Ms. Shon.   Moreover, Plaintiffs Hathaway, Peterson, and Fuller allege intentional infliction of emotional distress claims against Ms. Shon even though they allege no contact with her and she played no role in their involvement with Rubin.   These claims must be dismissed with prejudice.

With regard to Plaintiff Speight, the Amended Complaint is even more deficient than the allegations of the original three defendants as it fails to allege anything more than that Ms. Shon introduced Speight to Rubin.   There are no allegations of use of wire communications, let alone wire fraud, or allegations that could support a human trafficking claim.   Instead the Amended

---

[1]     The Amended Complaint is located at Docket Entry No. 66.

Complaint alleges that after Shon made an initial introduction, "Speight and Rubin had an intimate relationship with each other until Rubin became violent." (Am. Compl. ¶ 264). None of these allegations support any claim by Plaintiff Speight against Shon.

## ALLEGATIONS OF THE AMENDED COMPLAINT[2]

**Plaintiff Hathaway**. According to the Amended Complaint, Plaintiff Hathaway met Rubin in late 2009 or early 2010 and then proceeded to have a relationship, which allegedly eventually turned abusive, over the next seven to eight years. (Am. Compl. ¶¶ 94, 153, 163). In the 69 paragraphs describing Plaintiff Hathaway's allegations, Ms. Shon's name does **not** appear at all. She is not alleged to have introduced Hathaway to Rubin, to have paid her, or to even ever have met her on a social occasion.

**Plaintiff Peterson**. Plaintiff Peterson allegedly met Rubin in 2011 after being contacted by a woman named "Tracey." (Am. Compl. ¶ 169). Peterson flew to New York in May or June of 2011 to meet with Rubin. (Am. Compl. ¶ 173). She met him at a party in a hotel room with other people. (Am. Compl. ¶ 174). Although she complains that she was drugged, she did not engage in any sexual activity with Rubin on that trip. (Am. Compl. ¶¶ 178-80). According to the Amended Complaint, Peterson's next encounter with Rubin occurred after she met Rubin by coincidence at a New York City restaurant three to five years later. (Am. Compl. ¶¶ 181-182). Following this chance meeting, Peterson admittedly reached out to Rubin of her own accord. (Am. Compl. ¶ 184). Ms. Shon is **not** alleged to have any role in introducing Peterson to Rubin or ever have met or spoken with her in any capacity. (Am. Compl. ¶¶ 169- 231).

---

[2]    As with the original Complaint, for purposes of this motion to dismiss only, Ms. Shon assumes the truth of the allegations of the Amended Complaint.

**Plaintiff Fuller**.  Plaintiff Fuller allegedly met Rubin in 2016 in New York at the invitation "one of her girlfriends."  (Am. Compl. ¶ 232).  Ms. Shon is **not** alleged to have ever met or spoken with Fuller.  (Am. Compl. ¶¶ 232-261).

**Plaintiff Speight**.  Plaintiff Speight alleges that she met Ms. Shon at some undated time at a restaurant where she worked in Atlanta.  (Am. Compl. ¶ 262).  The Amended Complaint alleges that Ms. Shon "told Speight about Rubin" who "was looking to spend time with beautiful women." (Am. Compl. ¶ 263).  "Shon introduced Speight to Rubin" after which Speight chose to "flew to New York" and began "an intimate relationship" with Rubin until he became "violent."  (Am. Compl. ¶ 264).  The Amended Complaint does not allege that Ms. Shon told Speight that Rubin would pay her to spend time with him or that Speight received payments from Rubin or anyone else.  (Am. Compl. ¶¶ 262-301).

According to the Amended Complaint, Speight flew to New York on March 24, 2016, where she had dinner with Rubin and Shon.  (Am. Compl. ¶¶ 265, 271).  Speight had no further interaction with Rubin on that trip.  (Am. Compl. ¶ 271).

Thereafter, in April 2016, and continuing for several months, Speight allegedly made monthly trips to see Rubin.  (Am. Compl. ¶¶ 274, 81).  Ms. Shon is **not** alleged to have any involvement in these trips whatsoever.  (Am. Compl. ¶¶ 274-94).  The only other allegations against Ms. Shon with regard to Plaintiff Speight are the purely speculative allegations that Ms. Shon posted naked pictures of Speight on the internet and, Speight "suspects," told Rubin about Speight's history of childhood abuse.  (Am. Compl. ¶¶ 272-87).

## ARGUMENT

I.   **THE AMENDED COMPLAINT FAILS TO STATE A RICO CLAIM AGAINST MS. SHON BECAUSE IT FAILS TO ALLEGE THAT SHE ENGAGED IN TWO PREDICATE ACTS**

In addition to all of the grounds for dismissing the RICO claims (First and Second Causes of Action) previously briefed in Ms. Shon's original memorandum of law in support of her motion to dismiss the Complaint and the moving papers of her co-Defendants, the Amended Complaint continues to fail to allege that Ms. Shon committed two or more predicate acts.

The allegations regarding the four new Plaintiffs fail to plead that Ms. Shon engaged in two predicate acts.  (Shon Mem. at 5-6).  As an initial matter, with regard to Plaintiffs Hathaway, Peterson, and Fuller, Ms. Shon is not alleged to have done anything.  With regard to Plaintiff Speight, the allegations against Ms. Shon remain quite limited.  Specifically, the Amended Complaint alleges that Ms. Shon met Speight socially, told Speight about Rubin, introduced Speight to Rubin, and had dinner with Speight and Rubin.  (Am. Compl.¶¶ 262-264, 271).  These entirely social interactions are not predicate acts under RICO.

To the extent that Plaintiffs seek to argue that Ms. Shon's alleged interactions with Plaintiff Speight constitute "wire fraud" pursuant to 18 U.S.C. § 1343, as an initial matter, it is not even clear that the "wires" were used to make any allegedly fraudulent statements to Speight.  In its enumeration of the Defendants' purported predicate acts, the Amended Complaint alleges that Ms. Shon introduced Speight to Rubin via texts messages and email.  (Am. Compl. ¶ 547(d)).  However, the detailed allegations of fact make no such mention of texts messages and email or what fraudulent statements were purportedly made therein or when and instead simply say that Ms. Shon, someone whom Speight claims to know socially in Atlanta, "introduced Speight to Rubin."  (Am. Compl. ¶ 264).

Like with the original Plaintiffs, the allegations with regard to Plaintiff Speight in the Amended Complaint do not allege Ms. Shon's knowing or intentional participation in the purported wire fraud scheme.  Once again, the Amended Complaint is silent regarding whether Ms. Shon knew that Rubin was allegedly planning on or allegedly did assault Plaintiff Speight or any other women or engaged in BDSM.  (Shon Mem. at 7).

Although the Amended Complaint now generally claims that Ms. Shon was paid for making allegedly false statements to Speight (and the original three defendants) (Am. Compl. ¶547(d)), this does not satisfy the requirement that money or property must be the object of a wire fraud scheme.  The object must be to obtain money or property from the purported victim of the scheme.  (Shon Mem. at 6).  This element is not satisfied by one defendant purportedly paying another.

The Amended Complaint alleges that Ms. Shon's alleged violation of 18 U.S.C. § 2422 (transportation for illegal sexual activity) in her conduct with Plaintiffs Speight, Hallman, and Lawson is a predicate act.  (Am. Compl. ¶¶ 547(a), (f), and (j)).  With regard to Plaintiff Speight, the Amended Complaint does **not** allege that Speight was offered or received money in exchange for sex.  (Am. Compl. ¶¶ 262-93).  As to the original Plaintiffs, the Amended Complaint alleges that Plaintiffs Hallman and Lawson understood that their first meeting with Rubin was not "about sex" but rather companionship and photography, and Ms. Shon only met Plaintiff Caldwell after she had already come to New York after Plaintiff Hallman's introduction to Rubin.  (Am. Compl. ¶¶ 305, 324).

Nor, for the reasons discussed in Section II, *infra*, does the Amended Complaint adequately allege a predicate act of human trafficking or transportation for illegal sexual activity against Ms. Shon based on the allegations concerning Plaintiff Speight.

## II.    THE AMENDED COMPLAINT DOES NOT STATE A
## CLAIM FOR HUMAN TRAFFICKING AGAINST MS. SHON

The Amended Complaint's new Third Cause of Action allege violations of 18 U.S.C. 1591(a) on behalf of all Plaintiffs against all Defendants.  Human trafficking is also alleged as one of the RICO predicates.  For the reasons discussed in Ms. Shon's original moving papers, the Amended Complaint fails to allege a cause of action for human trafficking against Ms. Shon with regard to original Plaintiffs Lawson, Hallman, and Caldwell.

With regard to Plaintiffs Hathaway, Peterson, and Fuller, the Amended Complaint does not allege **any** conduct on the part of Ms. Shon with regard to these Plaintiffs.  Ms. Shon is not alleged to have ever communicated with or met any of them.  She is **not** alleged to have participated in their relationship with Mr. Rubin in any way.  Thus, the Amended Complaint fails to allege a cause of action for human trafficking against Ms. Shon with regard to Plaintiffs Hathaway, Peterson, and Fuller.

With regard to Plaintiff Speight, as discussed above, the Amended Complaint does **not** allege that Speight engaged in commercial sex.  In addition, like with the original Plaintiffs, the Amended Complaint fails to allege that Ms. Shon *knew or recklessly disregarded* that coercion would be used to cause Plaintiff Speight to do so, except in the most conclusory fashion involving group pleading.  (Am. Compl. ¶ 573 ("Defendants knowingly . . .").  (Shon Mem. at 8).  The Amended Complaint is *devoid of any factual allegations* that Ms. Shon knew that Speight was coerced or would be coerced in the future.  There are no allegations that Ms. Shon was present at any of the alleged assaults, was informed by Speight about any alleged assaults after they purportedly occurred, or knew that any of Speight feared or felt threatened by Rubin.  Such allegations do not exist.

Thus, the Third Cause of Action for violation of the human trafficking statute against Ms. Shon must be dismissed.

## III.   THE AMENDED COMPLAINT FAILS TO STATE A CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST SHON

The Amended Complaint adds four causes of action against Ms. Shon for intentional infliction of emotional distress on behalf of the four new Plaintiffs (the Eight, Twelfth, Sixteenth, and Twentieth Causes of Action).

Ms. Shon is **not** alleged to have done anything to Plaintiffs Hathaway, Peterson, or Fuller. She **never** met or spoke with them and no role in their relationships with Rubin.  Therefore, their intentional infliction of emotional distress claims against Ms. Shon must be dismissed.

Plaintiff Speight's intentional infliction of emotional distress against Ms. Shon also fails to state a claim and must be dismissed.  Ms. Shon is alleged to have introduced Speight to Rubin, had dinner with Speight and Rubin, and, alleged in wholly speculative fashion, posted naked pictures of Speight on the Internet and told Rubin about Speight's history of abuse.  This conduct alleged against Ms. Shon does not rise to the extreme and outrageous conduct necessary to support such a claim.  (Shon Mem. at 9-10).  The Complaint does not allege that Ms. Shon participated in or had any knowledge of any coercive acts or assaults allegedly committed against Speight by other Defendants.

Like with the original Plaintiffs, Speight's intentional infliction of emotional distress claims against Ms. Shon should also be dismissed because it is rendered completely implausible by other allegations in the Complaint.  Speight admits that after being introduced to Rubin she entered into a consensual intimate relationship with him.  After allegedly suffering abuse during their first intimate encounter, Speight admits that she returned to see him on a monthly basis for several months, including after he allegedly started taunting her about her childhood abuse.  Such

7

allegations are inconsistent with Speight's allegation that she suffered severe emotional distress, a required element of a claim for intentional infliction of emotional distress.

Finally, all of Ms. Shon's alleged conduct in support of the new Plaintiffs' intentional infliction of emotional distress claims occurred more than a year before the filing of the Amended Complaint, and, therefore, such claims are time-barred under New York's one-year statute of limitation for intentional torts.  (Shon Mem. at 9).

Thus, the four new causes of action for intentional infliction of emotional distress against Ms. Shon (Counts Eight, Twelve, Sixteen, and Twenty) should be dismissed.

## CONCLUSION

For all the foregoing reasons, and the reasons applicable to the claims against Ms. Shon stated in her original motion papers and all of the moving papers of the other Defendants in this action, the Court should enter an order pursuant to FRCP Rule 12(b)(3) and (6) dismissing the Complaint as against Ms. Shon, and granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
      March 6, 2018

GANFER & SHORE, LLP

By:
      Mark A. Berman
      Dawn M. Wilson
360 Lexington Avenue
New York, New York 10017
(212) 922-9250 (phone)
(212) 922-9335 (facsimile)

*Attorneys for Defendant Stephanie Shon*

8