UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
HILLARY LAWSON, KRISTINA                                    :
HALLMAN, STEPHANIE CALDWELL,                                :
MOIRA HATHAWAY, MACEY SPEIGHT,                              :
ROSEMARIE PETERSON, and LAUREN                              :  **ORDER**
FULLER,                                                     :
                                                            :  17-cv-6404 (BMC)
                                 Plaintiffs,                :
                                                            :
            - against -                                     :
                                                            :
HOWARD RUBIN, JENNIFER POWERS,                              :
YIFAT SCHNUR, STEPHANIE SHON,                               :
BLUE ICARUS, LLC, Doe Company, and                          :
John Doe,                                                   :
                                                            :
                                 Defendants.                :
----------------------------------------------------------- X

**COGAN**, District Judge.

Defendants move for a second time to stay discovery pending the resolution of their motions to dismiss. Plaintiffs again oppose the stay. As explained further below, defendants' motion to stay discovery is granted.

The district court has "considerable discretion" to stay discovery upon a showing of good cause, and while a pending motion to dismiss is not an automatic ground for a stay, it may under some circumstances constitute good cause. Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd., 297 F.R.D. 69, 72 (S.D.N.Y. 2013). When deciding whether the moving party has shown good cause, courts in the Second Circuit consider: "(1) [w]hether the defendant has made a strong showing that plaintiff's claims are unmeritorious; (2) [t]he breadth of discovery and burden of responding to it; and (3) [t]he risk of unfair prejudice to the party opposing the stay." Morien v. Munich Reinsurance Am., Inc., 270 F.R.D. 65, 67 (D. Conn. 2010) (citation

omitted).  The "strong showing that plaintiff's claim is unmeritorious" standard can also be described as a showing of "substantial arguments for dismissal."  See Hong Leong Fin. Ltd., 297 F.R.D. at 72-73.  When deciding whether to stay discovery, courts may also consider the nature and complexity of the action, whether some or all defendants have moved to stay, the type of motion, and the posture of the litigation.  Josie-Delerme v. Am. Gen. Fin. Corp., No. CV 2008-3166, 2009 WL 497609, at *1 (E.D.N.Y. Feb. 26, 2009).

     As previously noted, this is defendants' second motion to stay discovery; they first moved to stay shortly after filing notice of their motions to dismiss.  The Court denied that first motion to stay largely because it was unconvinced that discovery would be particularly burdensome in this case.  Even though plaintiffs' primary claims allege RICO violations, the Court concluded that the nature of the alleged conspiracy and the number and type of defendants involved meant that discovery in this case would likely be closer to that of a case of average breadth and complexity than to the significantly more burdensome discovery in an average commercial RICO case.  (When defendants first moved to stay discovery, neither side had yet served any discovery requests, so the actual scope of discovery was predictable, but still theoretical.).  The Court concluded that plaintiffs had not demonstrated that they would be prejudiced by a stay in their opposition to the stay motion, but that, taking into account the likely breadth and complexity of the discovery, the merits were not so obvious as to justify delaying discovery under the circumstances.

     After defendants filed their full briefs in support of their motions to dismiss, plaintiffs filed an amended complaint, which added four new plaintiffs and alleged conduct going back to 2009. Defendants now move to stay discovery again, arguing that a stay is now appropriate in light of the significantly expanded RICO claims in the amended complaint, which require much

broader discovery than the state-law claims of assault, battery, false-imprisonment, and intentional infliction of emotional distress.

Plaintiffs oppose the stay, arguing that, while the amended complaint doubles the number of plaintiffs and alleges some conduct going back a few more years, it describes the same course of conduct alleged in the original complaint. Plaintiffs contend that the RICO-oriented discovery requests were foreseeable at the time the Court denied defendants' first request, and are therefore still reasonable and do not merit a stay.

In light of the expanded allegations in the amended complaint and the arguments supporting defendants' motions to dismiss, defendants have demonstrated good cause for a stay. Although plaintiffs' amended complaint alleges the same course of conduct, doubling the number of plaintiffs necessarily expands the allegations' scope. The timing of the amended complaint also means that the parties will necessarily have to supplement the original requests and productions (both sides were scheduled to produce all of their documents no later than yesterday).

The Court has not reached any conclusions on defendants' motions to dismiss (having not yet had the benefit of plaintiffs' opposition papers), but defendants have raised substantial arguments in favor of dismissal. Defendants raise credible arguments that plaintiffs cannot demonstrate RICO standing and fail to state a RICO claim. A stay is reasonable here where defendants' arguments suggest that at least some of the supplemental discovery may be avoided once the Court decides defendants' motions to dismiss.

The first and second good-cause factors favor a stay, and plaintiffs have not shown any unfair prejudice that could tip the balance of factors against one. The only thing plaintiffs say

3

that even approaches a claim of prejudice is that delaying discovery would inconvenience the parties by prolonging the litigation.

The Court recognizes that the parties have already served extensive discovery requests pursuant to the original discovery schedule, which was based on plaintiffs' original complaint. But, in light of plaintiffs' amended complaint, both parties will have to supplement those requests and productions anyway. And any inconvenience in waiting to supplement those requests and productions is certainly not unfair to plaintiffs, as it burdens both parties equally.

Because defendants have demonstrated good cause, their motion for a stay of discovery pending the Court's decisions on the motions to dismiss [71] is GRANTED.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       March 7, 2018