UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

HILLARY LAWSON, KRISTINA HALLMAN, and STEPHANIE CALDWELL,

                    Plaintiffs,

– against –

HOWARD RUBIN, JENNIFER POWERS, YIFAT SCHNUR, STEPHANIE SHON, JOHN DOE, BLUE ICARUS, LLC, and the DOE COMPANY,

                    Defendants.

Case No.: 1:17-cv-06404 (BMC)

---

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT STEPHANIE SHON'S MOTION TO DISMISS THE COMPLAINT

**GANFER & SHORE, LLP**

Mark A. Berman
Dawn M. Wilson
360 Lexington Avenue
New York, New York 10017
Telephone:    (212) 922-9250
Facsimile:     (212) 922-9335
mberman@ganfershore.com
dwilson@ganfershore.com

*Attorneys for Defendant Stephanie Shon*

# **TABLE OF CONTENTS**

|  | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| PRELMINARY STATEMENT | 1 |
| ARGUMENT | 2 |
|     I.  THE AMENDED COMPLAINT FAILS TO STATE A RICO CLAIM AGAINST MS. SHON BECAUSE IT FAILS TO ALLEGE THAT SHE ENGAGED IN TWO PREDICATE ACTS | 2 |
|     II.  THE AMENDED COMPLAINT DOES NOT STATE A CLAIM FOR HUMAN TRAFFICKING AGAINST MS. SHON | 4 |
|     III.  THE AMENDED COMPLAINT FAILS TO STATE A CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST MS. SHON | 5 |
| CONCLUSION | 7 |

## TABLE OF AUTHORITIES

**Cases**                                                                                              **Page**

*Bernstein v. Misk*,
   948 F. Supp. 228 (E.D.N.Y. 1997). ...................................................................................2

*Conte v. Newsday, Inc.*,
   703 F. Supp. 3d 126 (E.D.N.Y. 2010) ..............................................................................2

*Frydman v. Verschleiser*,
   172 F.Supp.3d 53 (S.D.N.Y. 2016) ...................................................................................3

*Howell v. New York Post Co.*,
   81 N.Y.2d 115, 596 N.Y.S.2d 350 (N.Y. 1993). ...............................................................6

*Lubin v. Dubin*,
   2014 U.S. Dist. LEXIS 24734 (E.D.N.Y. Feb. 24, 2014)..................................................3

*Porcelli V. United States*,
   404 F.3d 157 (2d Cir. 2005)...............................................................................................3

*U.S. v. Zagari*,
   111 F.3d 307 (2d Cir. 1997)...............................................................................................3

*United States v. Binday*,
   804 F.3d 558 (2d Cir. 2015)...............................................................................................3

*United States v. Weaver*,
   2016 U.S. Dist. LEXIS 91682 (E.D.N.Y. Jun. 10, 2016) ..................................................3

**Statutes and Rules**                                                                                 **Page**

FRCP 12 (b)(3) ..................................................................................................................1, 7

FRCP 12 (b)(6) ..................................................................................................................1, 7

18 U.S.C. § 1341 ...................................................................................................................2

18 U.S.C. § 1591(a) ..............................................................................................................4

18 U.S.C. § 2422 ...................................................................................................................3

Defendant Stephanie Shon ("Ms. Shon") submits this reply memorandum of law in further support of her motion to dismiss the Amended Complaint ("Am. Compl.") pursuant to Rule 12(b)(3) and (6) of the Federal Rules of Civil Procedure ("FRCP").[1] Ms. Shon also incorporates the moving papers of the other co-Defendants in this action into her motion.

## PRELIMINARY STATEMENT

Plaintiffs' memorandum of law in opposition to Ms. Shon's motion to dismiss (the "Op. Mem.") is largely a regurgitation of their Amended Complaint, which as explained in Ms. Shon's previous submissions, misses several critical elements of their purported claims against her and relies on speculation and wholly conclusory allegations. Plaintiffs' opposing papers further show how implausible Plaintiffs' claims are and do not acknowledge that Plaintiffs have brought intentional tort claims on behalf of Plaintiffs who had *no contact whatsoever with Ms. Shon*.

Plaintiffs' argue that Ms. Shon supposedly committed "at least" thirteen predicate acts under RICO of wire fraud, sex trafficking, and transportation. But the Amended Complaint, other than in the most conclusory fashion, does not allege Ms. Shon's knowing or intentional participation in any alleged scheme. Plaintiffs' opposition brief relies heavily on a single paragraph in the Amended Complaint as support for their claim against that Ms. Shon that she knew statements that she purportedly made to Plaintiffs were false and that she knew that Rubin would subject them to abuse:

> Shon works below both Rubin and Powers. Shon participated in the direction or conduct of the affairs of the Enterprise by recruiting women for the Enterprise and making those women feel comfortable before Rubin forces them to engage in commercial sex acts to which the women never agreed. Shon was frequently the first point of contact for the Plaintiffs and the Enterprise's other victims, introducing them to Rubin and the Enterprise. Shon is paid by her services by Rubin individually or by the Doe Company.

---

[1] The Amended Complaint is located at Docket Entry No. 66.

(Op. Mem at 3-4, citing Am. Compl. ¶ 58). But this oft-cited paragraph does not even say that Ms. Shon knew what Rubin did with or to the Plaintiffs! Through loose drafting, Plaintiffs creatively attempt to *imply* that Ms. Shon knew about Rubin's alleged abuses, but this is not sufficient. Nowhere does the Amended Complaint allege that Ms. Shon had any knowledge of Rubin's activities with women: she is not alleged to have had any such relationship with him, to have witnessed any such abuses, or to have been told about past abuses by the Plaintiffs or anyone else for that matter.

At best, the Amended Complaint alleges that Ms. Shon introduced a few women to Rubin and, according to Plaintiffs' speculation, was paid by Rubin or someone else to make such introductions. These allegations are not sufficient to maintain Plaintiffs' RICO or other claims against Ms. Shon.

## ARGUMENT

### I. THE AMENDED COMPLAINT FAILS TO STATE A RICO CLAIM AGAINST MS. SHON BECAUSE IT FAILS TO ALLEGE THAT SHE ENGAGED IN TWO PREDICATE ACTS

Nothing in Plaintiffs' opposition papers changes the fact that the Amended Complaint continues to fail to allege that Ms. Shon committed two or more predicate acts.

As discussed in Ms. Shon's opening brief, an allegation of wire fraud must show the defendant's *knowing or intentional participation in the scheme.* 18 U.S.C. § 1341; *see also Conte v. Newsday, Inc.*, 703 F. Supp. 3d 126, (E.D.N.Y. 2010); *Bernstein v. Misk*, 948 F. Supp. 228, 239 (E.D.N.Y. 1997). The Amended Complaint does not allege that the statements Ms. Shon purportedly made – that Rubin was a nice guy, non-threatening, who like to spend time with beautiful women – were knowingly false. To the extent that what Plaintiffs are really attempting to allege is that Ms. Shon omitted information, then the Amended Complaints fails to allege any factual basis to conclude that Ms. Shon knew the omitted information or had any such duty to

2

disclose. She is not alleged to have had any BDSM relationship with Rubin, to have heard that he engaged in BDSM, or to have been informed by anyone, Plaintiffs included, about purported rape and abuse by Rubin. Such allegations are absent from the Amended Complaint.

Plaintiffs do not dispute that a claim of wire fraud requires "money or property as the object of the scheme," s*ee Lubin v. Dubin*, 2014 U.S. Dist. LEXIS 24734, *20 (E.D.N.Y. Feb. 24, 2014); *U.S. v. Zagari*, 111 F.3d 307, 327 (2d Cir. 1997), but rather argue that Ms. Shon's misrepresentations "deprived the Plaintiffs of the ability to make an informed economic decision" when they decided to accept $5,000 to spend time with Rubin. (Op. Mem. at 8). Plaintiffs cite a number of cases for this proposition, but they are all inapposite. (Op. Mem. at 7-8). Although those cases expand what it can mean for money or property to be the object of a mail or wire fraud scheme, none of those cases eliminate the financial or property aspect of the crime. *Porcelli V. United States*, 404 F.3d 157, 158 (2d Cir. 2005) (retail sales tax); *Frydman v. Verschleiser*, 172 F.Supp.3d 53, 670 (S.D.N.Y. 2016) (lost contracts, loans, and leases); *United States v. Binday*, 804 F.3d 558, 577 (2d Cir. 2015) (broker fees); *United States v. Weaver*, 2016 U.S. Dist. LEXIS 91682, *29-30 (E.D.N.Y. Jun. 10, 2016) (fees for bulk mailings). The purpose of the alleged scheme here was to find women for Rubin to allegedly assault. The purported "Enterprise" is not alleged to have been seeking to obtain money or property and none of the alleged actions taken were to obtain money, property, financial advantage, or anything else of financial value for the Enterprise.

The Amended Complaint alleges that Ms. Shon's alleged violation of 18 U.S.C. § 2422 (transportation for illegal sexual activity) in her conduct with Plaintiffs Speight, Hallman, and Lawson is a predicate act. (Am. Compl. ¶¶ 547(a), (f), and (j)). Plaintiffs' opposition papers do nothing to counter Ms. Shon's argument that such a claim is legally inconsistent with the other allegations of the Amended Complaint. With regard to Plaintiff Speight, the Amended Complaint

3

does *not* allege that Speight was offered or received money in exchange for sex. (Am. Compl. ¶¶ 262-93). As to the original Plaintiffs, the Amended Complaint alleges that Plaintiffs Hallman and Lawson understood that their first meeting with Rubin was not "about sex," but rather companionship and photography, and Ms. Shon only met Plaintiff Caldwell after she had already come to New York after Plaintiff Hallman introduced Caldwell to Rubin. (Am. Compl. ¶¶ 305, 324).

Nor, for the reasons discussed in Section II, *infra*, does the Amended Complaint adequately allege a predicate act of human trafficking or transportation for illegal sexual activity against Ms. Shon.

## II. THE AMENDED COMPLAINT DOES NOT STATE A CLAIM FOR HUMAN TRAFFICKING AGAINST MS. SHON

The Amended Complaint's Third Cause of Action allege violations of 18 U.S.C. 1591(a) on behalf of all Plaintiffs against all Defendants. Human trafficking is also alleged as one of the RICO predicates. For the reasons discussed in Ms. Shon's original and supplemental moving papers, the Amended Complaint fails to allege a cause of action for human trafficking against Ms. Shon with regard to any Plaintiff.

Plaintiffs' opposition brief ignores all of the arguments made in Ms. Shon's papers, and instead merely recites the statute and cites to wholly conclusory allegations of the Amended Complaint. (Op. Mem. at 8-9). But the Amended Complaint fails to allege that Ms. Shon *knew or recklessly disregarded* that coercion would be used to cause Plaintiffs to engage in commercial sex acts, except in the most conclusory, impermissible group pleading. (Am. Compl. ¶ 573 ("Defendants knowingly . . ."). The Amended Complaint is *devoid of any factual allegations* that Ms. Shon knew that Plaintiffs were coerced or would be coerced in the future. There are no allegations that Ms. Shon was present at any of the alleged assaults, was informed by anyone about

4

any alleged assaults after they purportedly occurred, or knew that any of the Plaintiffs feared or felt threatened by Rubin. Such allegations do not exist.

Thus, the Third Cause of Action for violation of the human trafficking statute against Ms. Shon must be dismissed.

### III. THE AMENDED COMPLAINT FAILS TO STATE A CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST MS. SHON

The Amended Complaint contains seven causes of action against Ms. Shon for intentional infliction of emotional distress on behalf of each of the Plaintiffs. (The Eighth, Twelfth, Sixteenth, Twentieth, Twenty-Fourth, Twenty-Eighth, and Thirty-Second Causes of Action). As discussed in Ms. Shon's supplemental memorandum of law, Ms. Shon is **not** alleged to have done anything to Plaintiffs Hathaway, Peterson, or Fuller. She **never** met or spoke with them and had no role in their relationships with Rubin. However, Plaintiffs' opposition brief fails to even acknowledge these obviously legally defective claims, let alone concede that they were improperly brought and should be dismissed.

Likewise, Plaintiffs' opposition fails to address Ms. Shon's argument that all of the alleged conduct in support of each Plaintiffs' intentional infliction of emotional distress claims against her occurred more than a year before the filing of the Amended Complaint, and, therefore, such claims are time-barred under New York's one-year statute of limitation for intentional torts. (Shon Mem. at 9; Shon Sup. Mem. at 8). Each one of these seven causes of action should be dismissed as against Ms. Shon on this basis alone.[2]

---

[2] In their opposition brief to Power's motion to dismiss, Plaintiffs argue that the statute of limitations for the intentional tort claims is tolled because the original Plaintiffs' filed a state court action against Rubin and Powers within the statute of limitations. (Op. Mem. to Power's MTD at 22-23). Plaintiffs filed no such action against Ms. Shon, thus no tolling applies to her. Plaintiffs also argue that Plaintiffs intentional tort claims are "equitably tolled" because Powers and Rubin had them sign non-disclosure agreement. (*Id.*

5

In response to Ms. Shon's argument that the Amended Complaint also fails to state a cause of action for intentional infliction of emotional distress, Plaintiffs' opposition merely recites the elements of such a claim, the wholly conclusory allegation that Ms. Shon "knew" about Rubin's purported abuse (citing Am. Compl. ¶ 58, again), and Plaintiffs' legal conclusion that her conduct "was extreme and outrageous and is utterly intolerable in a civilized community" and "Plaintiffs all have severe emotional distress." (Op. Mem. at 11). Plaintiffs ignore Ms. Shon's substantive arguments that the conduct specifically alleged against her – communicating with Plaintiffs, introducing some of them to Rubin, socializing with some of the Plaintiffs – combined with the lack of any *non-conclusory* allegations of knowledge on her part of past or future abuse by Rubin fails to allege the "extreme and outrageous conduct" and intent elements of a cause of action for intentional infliction of emotional distress under New York law. (*See* Shon Mem. at 9-11, Shon Sup. Mem. at 7).

Likewise, Plaintiffs' opposition does not address Ms. Shon's argument that the intentional infliction of emotional distress claims against Ms. Shon should also be dismissed because they are rendered completely implausible by other allegations in the Amended Complaint, which admits that each of the Plaintiffs signed non-disclosure agreements indicating the type of sexual activity they would be engaging in with Rubin before such activity, returned multiple times over months or years to meet with him, introduced other women to Rubin, and met with Rubin multiple times after having been told what to expect from another Plaintiff. (Shon Mem. at 11-12; Shon Sup. Mem. at 7-8). Simply stated, the actions by the Plaintiffs, as admitted in the Amended Complaint, are wholly inconsistent with Plaintiffs' purported "severe emotional distress," a required element

---

at 23-24). Ms. Shon is not alleged to have any role whatsoever with regard to non-disclosure agreements, thus this argument has no application to her either.

6

of a claim for intentional infliction of emotional distress. *Howell v. New York Post Co.*, 81 N.Y.2d 115, 121, 596 N.Y.S.2d 350, 353 (N.Y. 1993).

Thus, the causes of action for intentional infliction of emotional distress against Ms. Shon should be dismissed.

## CONCLUSION

For all the foregoing reasons, and for the reasons in Ms. Shon's opening and supplemental memorandums of law and all of the moving papers of the other Defendants in this action, the Court should enter an order pursuant to FRCP Rule 12(b)(3) and (6) dismissing the Complaint as against Ms. Shon, and granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
       March 21, 2018

                                        GANFER & SHORE, LLP

By: _____
       Mark A. Berman
       Dawn M. Wilson
360 Lexington Avenue
New York, New York 10017
(212) 922-9250 (phone)
(212) 922-9335 (facsimile)

*Attorneys for Defendant Stephanie Shon*