

**John G. Balestriere**
BALESTRIERE FARIELLO
225 Broadway, 29th Floor
New York, New York 10007
T: +1-212-374-5401
F: +1-212-208-2613
john.balestriere@balestrierefariello.com
www.balestrierefariello.com

March 21, 2018

**VIA ECF**
Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Lawson et al. v. Rubin et al.*
               No. 1:17-cv-06404-BMC

Dear Judge Cogan:

    I represent Plaintiffs in the above referenced action. I write pursuant to Individual Practice Rule I(B) regarding Defendant Jennifer Powers's papers filed today which rely improperly on recently produced discovery, warranting a sur-reply or striking of certain portions of the papers.

    Defendant Powers references for the first time in her reply (Dkt. No. 93) discovery material that should not be referenced in any motion to dismiss papers. "Arguments may not be made for the first time in a reply brief" and responses to discovery demands are improper evidence on a motion to dismiss, regardless of to which brief they are attached. *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993) (striking reply brief as it contained new arguments); *Carlucci v. Owens-Corning Fiberglas Corp.*, 646 F. Supp. 1486, 1490 n.1 (E.D.N.Y. 1986) (determining that "interrogatory answers and telephone conversation must be deemed irrelevant to the Court's consideration of defendant's motion" to dismiss).

    Defendant Powers attached Plaintiffs Hallman, Lawson, and Caldwell's Responses to her First Set of Requests for Admissions, and Plaintiffs Hillary Lawson and Kristina Hallman's Responses to her First Set of Interrogatories. (Reply Memorandum of Law in Further Support of her Motion to Dismiss, filed today, March 21, 2018, ("Powers Reply"); Reply Declaration of Jolène F. Lavigne-Albert in Support of Jennifer Powers's Reply to Plaintiffs' Opposition to Motion to Dismiss, filed today, March 21, 2018 (Dkt. No. 94 ("Dec in Support") ¶¶ 4, 10, 12.) Indeed, the entire Dec in Support is devoted to improperly exhibiting Plaintiffs' discovery responses (Dec in



Support ¶¶ 4, 10, 12) and quoting Plaintiffs' discovery responses (Dec in Support ¶¶ 5–9, 11, 13–14.) As such, the Dec in Support and any references to it in Powers's Reply should be stricken.  *See Knipe*, 999 F.2d at 711; *see also Carlucci*, 646 F. Supp. at 1490 n.1. In the alternative, Plaintiffs should be permitted the opportunity to refute such new evidence improperly exhibited for the first time on reply via a sur-reply. *Stepski v. M/V Norasia Alya,* No. 7:06-CV-01694, 2010 WL 11526765, at *1 (S.D.N.Y. Mar. 3, 2010) (permitting sur-reply where new arguments made for the first time on reply). Powers's newly filed papers should not remain in the docket as filed today.[1]

Plaintiffs respectfully request that the Court strike the entirety of the Dec in Support and all of the Powers Reply Section I titled "Plaintiffs' Opposition Cannot Overcome Ms. Powers' [sic] Documentary Evidence," or permit Plaintiffs to file a sur-reply in response to Powers's improperly filed papers.

Respectfully Submitted,

John G. Balestriere

cc: Counsel of Record (via ECF)

---

[1] Powers's misuse of discovery is particularly striking given that Powers did not produce discovery as required by Court Order (Ordered Discovery Schedule, dated January 25, 2018, Dkt. No. 57–1) and as promised by counsel in an email on March 6, prior to this Court entering the discovery stay.  (Order Staying Discovery, dated March 7, 2018, Dkt. No. 81.)  That dispute is subject to a meet and confer which the parties have been attempting to schedule.