Jeffrey M. Eilender
Partner

212 612-1212
jeilender@schlamstone.com

**SCHLAM STONE & DOLAN LLP**

26 Broadway, New York, NY 10004
Main: 212 344-5400  Fax: 212 344-7677
schlamstone.com

March 21, 2018

<u>BY ECF</u>
Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: <u>Lawson, et al., v. Rubin, et al., Case No.: 17 CV 6404 (BMC)</u>

Dear Judge Cogan:

This law firm represents Jennifer Powers. I write in response to the March 21, 2018 letter of John G. Balestriere, Esq. objecting to the Reply Declaration of Jolene LaVigne-Albert because it attached Plaintiffs' responses to Ms. Power's interrogatories and requests for admissions that we received on March 6, 2018. The objection is meritless.

Ms. Powers' motion to dismiss cited Plaintiffs' highly probative text messages that were all incorporated in the original complaint. Plaintiffs' opposition argued (only in the brief) that the text messages were not properly authenticated. Other than that argument, Plaintiffs offered nothing to contest the genuineness or completeness of the texts.

Only much later did we receive the responses to interrogatories and requests for admissions attached to our reply papers. These discovery admissions establish that the texts are complete and accurate and thus provide additional support to reject Plaintiffs' argument about authentication of the texts. That evidence was not available to us when the motion was made, and given its nature, could hardly have come as a surprise to Plaintiffs.

Plaintiffs are wrong in suggesting that we have made a new argument that caused them unfair surprise. Instead, we offered newly available (and highly probative) evidence to support the argument we have been making from the beginning, and to refute an unfounded technical objection about authenticity. That is the purpose and function of reply papers. *Compare Aurora Loan Services, Inc., v. Posner, Posner & Associates, P.C.*, 513 F.Supp.2d 18, 20 (S.D.N.Y. 2007) (new material in reply stricken because they were *both* in the party's possession when the motion was filed *and also* not included to contradict the opposition) *with Bayway Refining Co. v. Oxygenated Marketing And Trading A.G.*, 215 F.3d 219 (2d Cir. 2000) (new information in reply affidavit could be considered "because reply papers may properly address new material issues raised in the opposition papers").

Nor, despite Plaintiffs' protestations, is there any basis to contest the use of Plaintiffs' own admissions, in discovery responses or otherwise, to support a motion to dismiss. *See In re Refco*

Honorable Brian M. Cogan
March 21, 2018
Page 2 of 2 Pages

*Securities Litig.*, 2010 WL 11500542 at * 7 (S.D.N.Y. Oct. 22, 2010) ("Certainly responses to interrogatories in the very action may be considered on a motion to dismiss") *adopted by In re Refco Securities Litig.*, 2011 WL 6097724 at *1 (S.D.N.Y. Dec. 7, 2011) ("Among other documents, the Special Master considered responses to interrogatories in this action that were served by other defendants").  This is consistent with the general rule that judicial admissions—even judicial admissions in other actions—may be considered on a motion to dismiss. *See Landow v. Wachovia Securities LLC*, 966 F.Supp.2d 106, 119-20 (E.D.N.Y. 2013) (citing cases).  The case plaintiffs cite, *Carlucci v. Owens Corning Fiberglass Co.*, 646 F.Supp. 1486, 1490 & n.1 (E.D.N.Y. 1986), addresses a completely different issue, namely whether a plaintiff may satisfy Rule 9(b) by including his own interrogatory responses by reference.

We thus respectfully ask the Court to disregard Plaintiffs' letter.

Respectfully submitted,

Jeffrey M. Eilender

Copies To:
All counsel of record