

**John G. Balestriere**
BALESTRIERE FARIELLO
225 Broadway, 29th Floor
New York, New York 10007
T: +1-212-374-5401
F: +1-212-208-2613
john.balestriere@balestrierefariello.com
www.balestrierefariello.com

April 23, 2018

**VIA ECF**
Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   *Lawson et al. v. Rubin et al.,* No. 1:17-cv-06404-BMC
              Response to Defendant Schnur's Rule 11 Pre-Motion Conference Letter

Dear Judge Cogan:

      I represent Plaintiffs and write in response to Defendant Yifat Schnur's April 10, 2018, pre-motion conference letter regarding her anticipated Rule 11 motion (Dkt. No. 99, the "Letter"). Schnur's request for sanctions under Rule 11(c)(2) should be denied. All of Plaintiffs' factual assertions are supported by evidence, all of Plaintiffs' legal arguments are meritorious, and Plaintiffs' have no improper purpose in bringing their claims.

### Plaintiffs' Counsel Made a Reasonable Inquiry into All Factual Assertions

      Counsel for Plaintiffs made the appropriate inquiry into all relevant facts before bringing this action on behalf of Plaintiffs, and before filing the Amended Complaint. Sanctions under Rule 11 are available only where an attorney's conduct is "objectively unreasonable." *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 393 (2d Cir. 2003). In order to violate Rule 11(b)(3), a factual contention must be "utterly lacking in support." *Id.* at 388 (quoting *O'Brien v. Alexander*, 101 F.3d 1479, 1489 (2d Cir. 1996)). Nothing in Schnur's Letter shows Plaintiffs' allegations are false, nor so lacking in support to warrant sanctions.

*Schnur Has Provided Nothing Beyond Her Attorney's Unsupported Statements Showing that She Was Not Involved in the Creation of the NDAs and Other Purported Agreements*

      Despite having multiple opportunities since first speaking with counsel for Plaintiffs in September 2017, Schnur has yet to provide any documents or sworn statements showing that the allegations contained in the Amended Complaint are false. If it is in fact true that Schnur had no involvement in drafting the NDAs or other offending documents, a simple attorney engagement letter or even affidavit attesting to the length and scope of her engagement by Rubin should be readily available. Absent such documentation, Plaintiffs' belief—supported by



their attorneys' investigation—is sufficient to plead the allegations regarding Schnur in the Amended Complaint.

### *Schnur's Assertion that She Had "No Contact" With Plaintiffs Is Unsupported*

Even if Schnur had no contact with each individual Plaintiff, she is still liable as a member of the RICO enterprise, the RICO conspiracy, and the human trafficking venture. None of these three statutes requires individual contact with the victims of the misconduct to sustain a claim (s*ee* 18 U.S.C. §§ 1962(c)–(d); 18 U.S.C. § 1591(a)), and in fact encompass even *"*indirect[]*"* involvement. 18 U.S.C. § 1962(c). While Schnur may not have met each of the individual Plaintiffs in person, Plaintiffs' investigation shows that she had some contact with Plaintiff Hallman. In fact, Plaintiff Hallman's criminal attorney, Jeremy Saland, received an email in August 2017 that appears to have been drafted by Schnur. (Amended Complaint ¶¶ 522–533.) Saland was then was forced to speak directly with Schnur to request that she stop attempting to directly contact his client, Hallman. (*Id.*) This is enough to establish Schnur's role in Rubin's conspiracy, and to support the claims pleaded against her.

Moreover, Plaintiffs have reason to believe that Schnur actively participated in the creation and provision of the agreements which the Enterprise seeks to use to cover up their crimes and influence the testimony of potential witnesses to their crimes. (*See* Amended Complaint ¶¶ 61, 75–76, 549.) Plaintiffs also have reason to believe that Schnur was at all times aware of Rubin and Powers' misconduct, and actively agreed to participate in such misconduct. (*Id.*) This is more than sufficient at the pleadings stage.

### **Plaintiffs' Claims Are Meritorious**

Defendant Schnur fails to identify any frivolous or even non-meritorious claims or legal arguments that would warrant an award of Rule 11 sanctions. To be sanctionable under Rule 11, legal arguments must be "patently contrary to existing law" and "so lacking in merit as to amount to a frivolous argument for the extension of existing law." *Storey*, 347 F.3d at 391–392 (vacating trial court's Rule 11 award where plaintiff's arguments were "weak but . . . not objectively unreasonable, [] especially given the lack of judicial interpretation" in relevant area). As detailed in Plaintiffs' Memorandum of Law in Opposition to Defendant Yifat Schnur's Motion to Dismiss (Dkt. No. 84, the "Schnur MTD Opposition"), Plaintiffs adequately plead each of their claims against Schnur. However, even if the Court dismissed Plaintiffs' claims against Schnur, that would still not entitle Schnur to sanctions under Rule 11. *See, generally, Lax v. 29 Woodmere Blvd. Owners, Inc.*, 812 F. Supp. 2d 228, 241-43 (E.D.N.Y. 2011).

### *RICO – Substantive*

Plaintiffs plead that Schnur engaged in at least six RICO predicate acts, including violations of 18 U.S.C. § 1512 (witness tampering), and 18 U.S.C. § 1591 (sex trafficking by force, fraud, or coercion). (Amended Complaint ¶ 549.) Such predicate acts constitute far more that simply providing "routine legal services" to her client. (Letter at 1.) Schnur need not have been the actual director or "boss" of the enterprise to show that she had operational control over some of the enterprise's affairs. (Schnur MTD Opposition at 11–12.) Finally, Plaintiffs do not seek physical and emotional damages against Schnur under RICO, but rather seek compensation



for the damages to their businesses and to their physical property. (Schnur MTD Opposition at 12.) Plaintiffs' substantive RICO claim against Schnur is in accordance with the law, such that Rule 11 sanctions are inappropriate.

### *RICO – Conspiracy*

Even if Schnur is not found liable under the substantive RICO claim, she may still be found liable as a member of the RICO conspiracy. This would be true even if she did not commit any predicate acts herself. *See Crabhouse of Douglaston Inc. v. Newsday Inc.*, 801 F. Supp. 2d 64, 89 (E.D.N.Y. 2011). The "operation or management test" also does not apply to a RICO conspiracy claim. *Id.* Schnur need only "know the general nature of the conspiracy" and agree to have participated in the enterprises' affairs. *Id.* Schnur has provided nothing to lead Plaintiffs to believe that this is not true, undermining Schnur's application for sanctions.

### *Violation of the TVPA*

Schnur fails to address that she benefitted financially from participating in a venture that recruited, enticed, harbored, transported, and solicited Plaintiffs knowing, or acting in reckless disregard of the fact, that Rubin would use means of force to cause Plaintiffs to engage in commercial sex acts, in violation of the TVPA. (*See, e.g.,* Amended Complaint ¶ 549(b).) Not only does this violation constitute a predicate act under RICO (*see* 18 U.S.C. § 1961(1)), but is a standalone claim brought by each Plaintiff. (Amended Complaint ¶¶ 572–76.) The requirements for pleading a substantive RICO claim do not apply here. Thus, even if Plaintiffs may not proceed on their RICO claims against Schnur, they should be allowed to proceed on their TVPA claim.

### **Plaintiffs Do Not Bring this Action for an Improper Purpose**

While Schnur has not identified what purportedly improper purpose Plaintiffs had in bringing their claims against her, it is plain that she cannot reach the high standard provided by Rule 11. *See Sussman v. Bank of Israel*, 56 F.3d 450, 459 (2d Cir. 1995) ("A party should not be penalized for or deterred from seeking and obtaining warranted judicial relief merely because one of his multiple purposes in seeking that relief may have been improper.") Plaintiffs brought their claims against Schnur for the legitimate purpose of recovering monies lost as a result of her involvement in Rubin's sex trafficking venture, as well as for the physical and emotional damages sustained as a result of the human trafficking enterprise. Schnur provides the Court with no basis for sanctions based on Schnur's unspecified improper purpose.

For the reasons stated herein and in the Schnur MTD Opposition, Schnur's request for Rule 11 Sanctions should be denied.

Respectfully Submitted,

John G. Balestriere

cc: Counsel of Record (via ECF)

www.balestrierefariello.com    225 Broadway, 29th Floor    New York, New York 10007