

**JILLIAN L. MCNEIL**
BALESTRIERE FARIELLO
225 Broadway, 29th Floor
New York, New York 10007
T: +1-646-912-8463
F: +1-212-208-2613
jillian.mcneil@balestrierefariello.com
www.balestrierefariello.com

May 22, 2018

**VIA ECF**
Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Lawson et al. v. Rubin et al.*
                1:17-cv-06404-BMC

Dear Judge Cogan:

      My Firm represents Plaintiffs in the above-referenced action against Defendants Howard Rubin ("Rubin") and Jennifer Powers ("Powers"). I write pursuant to the Court's Individual Practice Rule III(A)(1) regarding a discovery dispute between Plaintiffs and Defendant Powers, which, following a meet and confer phone call on Friday, May 18, 2018,[1] the Parties cannot resolve.

      Plaintiff respectfully requests an order from the Court (1) compelling Defendant Powers to produce documents responsive to Plaintiffs' First Set of Document Demands, served on February 6, 2018, and due on March 6, 2018, and (2) confirming that the Parties' initial requests for production of documents, initial interrogatories, and initial requests for admission, all served on February 6, 2018, are not moot and must be complied with.

## Plaintiffs' Position

      Defendant Powers is now over two months late in producing documents responsive to Plaintiffs' First Set of Document Demands. Both Plaintiffs' and

---

[1] On May 18, 2018, at 2 p.m. all remaining parties held a meet and confer call to discuss the Parties' initial discovery demands. Attorneys Jillian McNeil and Brian Grossman were on the call for the Plaintiffs; Attorneys Edward McDonald, Benjamin Rosenberg, Michael Gilbert, and Benjamin Rose were on the call for Defendant Rubin; and Attorneys Douglas Grover, Jeffrey Eilender, Jolene LaVigne-Albert, and Niall O'Murchadha were on the call for Defendant Powers. The call lasted approximately a half an hour.

Defendants' responses and production to the Parties' initial demands were due in this case on March 6, 2018. (Dkt. No. 57-1.) On March 6, the Original Plaintiffs,[2] as well as Defendant Rubin, served responses and production to one another's requests. The Original Plaintiffs also served responses and production to Defendant Powers's requests. Despite this, Defendant Powers has not yet served any production on Plaintiffs, and states that she will not do so. The Court entered a discovery stay on March 7, 2018, one day after all initial production was originally due. This stay was lifted on April 29, 2018, when the Court issued its order on Defendants' motions to dismiss.

Counsel for Defendant Powers takes the position that the Parties' initial discovery requests and responses are now irrelevant in light of the Court's amended scheduling order, entered on May 3, 2018, and that Defendant Powers need not produce any documents responsive to Plaintiffs' First Set of Document Demands, nor consider any discussion regarding the deficiencies in Defendant Powers's objections and responses to Plaintiffs' First Set of Document Demands and Interrogatories.[3] Plaintiffs raised this issue on the May 18, 2018, meet and confer and are prepared to address any concerns Defendants have with Plaintiffs' initial responses and production.

But there is nothing in the Court's Order granting Defendants' Motion to Stay Discovery, nor in the Court's amended scheduling order that renders the Parties' initial discovery requests irrelevant or eliminates the Parties' obligations to comply with such requests. Indeed, the Court recognized in its Order granting Defendants' Motion to Stay Discovery that the "parties will have to *supplement* those requests and productions anyway." (Dkt. No. 81 at 4) (emphasis added). The Court did not direct the Parties to reissue their initial demands, or otherwise lift the Parties' obligations to comply. (*Id.*) When serving Plaintiffs' second set of discovery demands on May 15, 2018, Plaintiffs relied on the fact that Defendants were already required to produce documents responsive to the First Set of Document Demands and did not make duplicative requests. As such, Defendant Powers should be directed to produce documents responsive to Plaintiffs' First Set of Document Demands, and to engage in good faith discussions regarding the sufficiency of that production, as well as the sufficiency of her responses and objections to Plaintiffs' First Set of Document Demands and Interrogatories.

---

[2] The Original Plaintiffs are Plaintiffs Hallman, Lawson, and Caldwell.

[3] While Plaintiffs and Defendant Rubin are still addressing the adequacy of Defendant Rubin's production, counsel for Defendant Rubin does not take this position and has already produced at least some documents responsive to Plaintiffs' initial requests.



During the call, counsel for Defendant Powers confirmed that Powers would not produce documents responsive to Plaintiffs' First Set of Document Demands, nor would counsel for Powers entertain discussion regarding what Plaintiffs allege are deficiencies in Powers' responses and objections to Plaintiffs' First Set of Document Demands and Interrogatories. Indeed, when asked why he would not comply, counsel for Powers stated that, "discovery started two days ago" and that he will not argue with Plaintiffs' counsel because Plaintiffs' counsel "will not change [his] mind." When asked if that meant that Defendant Powers was withdrawing her previous discovery requests and returning the production, counsel for Powers responded that he is "not talking about this" and his position is "clear."

As, Plaintiffs respectfully request an order from the Court (1) compelling Defendant Powers to produce documents responsive to Plaintiffs' First Set of Document Demands, served on February 6, 2018, and due on March 6, 2018, and (2) confirming that the Parties' initial requests for production of documents, initial interrogatories, and initial requests for admission, all served on February 6, 2018, are not moot and must be complied with so that the Parties may continue to proceed through discovery.

## Defendant Powers's Position

Ms. Powers respectfully submits that Plaintiffs' application is unnecessary and would only impose an undue burden on all parties—not just on Ms. Powers—and add confusion to this case.

Plaintiffs' prior discovery demands are moot because a series of intervening events have rendered them irrelevant and unnecessary. Specifically, since the initial demands were exchanged, (1) Plaintiffs filed an Amended Complaint adding four new plaintiffs, (2) the Court stayed the initial discovery demands, (3) the Court issued an order dismissing many of Plaintiffs' causes of action, including all of Plaintiffs' RICO and computer fraud claims, as well as three of the five defendants from the action entirely, (4) the Court entered a new discovery schedule that explicitly referred to the new discovery demands as "initial demands" and set June 15, 2018, as the date for "[p]roduction of all documents," and (5) the remaining parties have all served new discovery demands that duplicate the prior demands in all relevant regards. Most fundamentally, in proposing the new schedule the parties told the Court that we would be starting discovery anew because of the changed circumstances arising from the Amended Complaint and subsequent dismissal of claims and parties, and the Court appears to have implicitly agreed with that notion by accepting the proposed schedule without change. Because of the foregoing, any order enforcing the prior demands would only inject unnecessary confusion and burden, and unaccountably



change the schedule and mode of discovery that the parties and Court had agreed upon.

**First**, and most notably, Plaintiffs have not asserted any prejudice as a result of disclosures being made by June 15, 2018—the current so-ordered production date—to receive Ms. Powers' document production. There is no dispute that for all relevant purposes the new discovery demands are entirely duplicative of the prior demands. Thus there are no responsive documents that Plaintiffs would be entitled to if the relief they sought was granted that they would not obtain under the current expedited schedule.

**Second**, forcing Ms. Powers to respond to the prior demands would require her to re-state all of her objections and responses to Plaintiffs' prior demands, because the dismissal of Plaintiffs' RICO and computer fraud claims has greatly reduced the scope of discovery in the case. More importantly, in a case involving allegations of such a personal nature, and therefore requiring production of documents of such a personal nature, Ms. Powers would be more than entitled to limit her production to the extent possible. Forcing her to do so would serve to place an unfair burden on Ms. Powers as she would in effect be required to provide two sets of responses and objections by June 15.

**Third**, a blunderbuss order of the type sought by Plaintiffs would create additional work for the Court. Because the prior demands were not tailored to the existing claims, a vague order directing Ms. Powers to "produce documents responsive" would inevitably trigger another round of motions to address the propriety of specific prior demands made by Plaintiffs. Any order to produce documents that does not address any specific document demands or missing categories of documents will only result in more work for the parties and the Court.

**Fourth**, an order declaring the prior demands enforceable and requiring Ms. Powers to produce responsive documents would trigger a domino effect whereby Ms. Powers (and, presumably, Mr. Rubin) would have to advance their own objections to the sufficiency of Plaintiffs' prior discovery responses. Specifically, Plaintiffs' prior production to Ms. Powers was very deficient—Plaintiffs did not produce any documents relating to, *inter alia*, their alleged physical injuries or their alleged financial losses. And, at the recent meet-and-confer described in Ms. McNeil's portion of this joint letter, Plaintiffs' counsel was unprepared or unwilling to discuss the specific deficiencies in their own responses to the prior demands, other than to give vague assurances that the missing categories of documents would be produced at some point.

**Fifth**, a decision that prior responses—especially prior responses to interrogatories and requests for admission—are not moot would also give rise to



further disputes, because all parties would be in possession of two sets of sworn responses to substantially similar but not identical questions. It is also unclear what effect such a ruling would have in relation to F.R.C.P. 33(1)'s limitation of interrogatories to 25 per party.

In short, given that the present date for document production and other responses is now less than one month away, requiring the parties to raise a series of disputes concerning prior demands that are either irrelevant or duplicative would not give any substantive benefit to any party, and would simply create unnecessary work and expense for all concerned.

Ms. Powers therefore respectfully requests that Plaintiffs' application be denied.

Respectfully submitted,

/s/ Jillian L. McNeil
Jillian L McNeil
**BALESTRIERE FARIELLO**
225 Broadway, 29th Floor
New York, New York 10007
Telephone: (646) 912-8463
Facsimile: (212) 208-2613
jillian.mcneil@balestrierefariello.com
*Attorneys for Plaintiffs*

/s/ Jeffrey M. Eilender
Jeffrey M. Eilender
**SCHLAM STONE & DOLAN LLP**
26 Broadway
New York, New York 10004
Telephone: (212) 612-1212
Facsimile: (212) 344-7677
jeilender@schlamstone.com
*Attorneys for Defendants*

cc: counsel of record