

1095 Avenue of the Americas
New York, NY 10036-6797
+1 212 698 3500  Main
+1 212 698 3599  Fax
www.dechert.com

**EDWARD A. MCDONALD**

edward.mcdonald@dechert.com
+1 212 698 3672  Direct
+1 212 698 0472  Fax

June 4, 2018

The Honorable Brian M. Cogan
United States District Court Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   Request for Pre-Motion Conference in *Lawson, et al. v. Rubin, et al.*, 17-cv-06404 (BMC)

Dear Judge Cogan:

Howard Rubin respectfully requests a pre-motion conference to seek the Court's permission to move to disqualify Balestriere Fariello ("Balestriere" or "Counsel") from this matter. This relief is warranted because Balestriere simultaneously represents Plaintiffs in this litigation whose interests are adverse to one another. The conflicts are not waivable by the parties involved, as even the appearance of such conflicts requires disqualification of counsel.

## Standing

Rubin has standing to move to disqualify Balestriere because the conflicts implicate the Rules of Professional Conduct. *See, e.g. Planning & Control, Inc. v. MTS Grp., Inc.*, No. 91 Civ. 2763, 1992 WL 51569, at *2 (S.D.N.Y. Mar. 11, 1992) (party, although not involved in conflict, had standing to move to disqualify attorney based on violation of rules of professional conduct); *Altschul v. Paine Webber*, 488 F. Supp. 858, 860 n.1 (S.D.N.Y. 1980) ("Competence to raise disqualification is not limited to former or aggrieved clients. Ethical misconduct is a matter of public concern implicating the integrity of the bar . . . ." (citations omitted)); *see also Estates Theatres, Inc. v. Columbia Pictures Indus., Inc.*, 345 F. Supp. 93, 98 (S.D.N.Y. 1972) ("When the propriety of professional conduct is questioned, any member of the Bar who is aware of the facts is duty bound to present the matter to the proper forum, and a tribunal to whose attention an alleged violation is brought is similarly duty bound to determine if there is any merit to the charge.").

## The Adversity of Interests Among Plaintiffs Hallman, Lawson, and Caldwell

Balestriere represents plaintiffs Hallman, Lawson, and Caldwell, yet they have adverse interests in this litigation. The theory of the Amended Complaint is that Rubin, directly or through Jennifer Powers, tricked or coerced women to cross state lines and to engage in sexual relations with him. Each of the Plaintiffs alleges that Rubin and Powers are liable pursuant to 18 U.S.C. § 1591(a).



Hallman and Lawson both traveled to New York in August 2016 to engage in rough sex with Rubin.[1] The Amended Complaint alleges that Hallman persuaded Lawson to come to New York with her to meet with Rubin. *See, e.g.*, Am. Compl. ¶¶ 312, 314 ("Hallman contacted Plaintiff Lawson . . . and asked Lawson if she would join her."), 320 (". . . Hallman called Lawson *to persuade her* to join her on the trip") (emphasis added). The Amended Complaint further alleges that Hallman also introduced Caldwell to meet with Rubin, *id.* ¶¶ 369, 371, 374 (Hallman introduced Caldwell as another woman "that Rubin might like"), and that Hallman was paid $2,000 by Rubin for the introduction, *id.* ¶ 372.

Although not alleged in the Amended Complaint, text messages referenced in Rubin's motion for sanctions also reveal that Lawson assisted Hallman in recruiting Caldwell. *See* Ex. 13, Doc. No. 121-14 (on August 25, 2016, Lawson told Powers she participated in a phone call with Hallman and Caldwell in which Caldwell was told what to expect with Rubin: "I [Lawson] told [Caldwell] on speaker phone [with Hallman] what to expect lol so she knew.")

Hallman's recruiting efforts aimed at Lawson and Caldwell, and Lawson's aimed at Caldwell, create an adversity among those three Plaintiffs. Lawson and Caldwell, who claim injury on account of being victims of human trafficking, have an interest in determining whether their alleged recruiter, Hallman, is liable along with Rubin and Powers for that trafficking, and thus for their alleged damages. That is especially true if, as the Amended Complaint alleges, Hallman was paid for her recruiting efforts. Hallman, of course, would have an interest diametrically adverse to Lawson's and Caldwell's – she would deny any liability for trafficking. And, the same analysis applies for Caldwell, who would seek to show that both Hallman and Lawson are liable to her for human trafficking. At a minimum, if the allegations of the Amended Complaint were accepted as true, then Lawson and Caldwell would have potential claims against Hallman, and Caldwell would have a potential claim against Lawson. Lawson and Caldwell have an interest in pursuing a full inquiry into potential claims against Hallman, and Caldwell has an interest in investigating her potential claim against Lawson.

### Balestriere's Untenable Position

New York Rule of Professional Conduct 1.7, applicable here pursuant to Local Rule 1.3(a), proscribes attorneys from undertaking "representation [that] will involve the lawyer in representing differing interests" (1.7(a)(1)), unless, among other things, counsel "reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client" (1.7(b)(1)), and "the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation," (1.7(b)(3)). 22 N.Y.C.R.R. § 1200.7 ("Rule 1.7"). "Comment 17 to

---

[1] Text messages referred to in Rubin's Rule 11 motion (under seal), exchanged between Rubin, Hallman and Lawson prior to the August 2016 trip, establish that they were fully aware of the nature of the meeting. Ex 17, Doc. No. 121-18 (August 17 & August 21, 2016 messages).



Rule 1.7 describes conflicts under Rule 1.7(b)(3) as 'nonconsentable [*i.e.*, non-waivable] because of the institutional interest in vigorous development of each client's position when the clients are aligned directly against each other in the same litigation or other proceeding before a tribunal.'" *Cohen v. Strouch*, No. 10 Civ. 7828, 2011 WL 1143067, at *3 (S.D.N.Y. Mar. 24, 2011); *see also Greene v. Greene*, 47 N.Y.2d 447, 451-52 (N.Y. 1979) ("[A]ttorneys historically have been strictly forbidden from placing themselves in a position where they must advance, or even appear to advance, conflicting interests. . . . Perhaps the clearest instance of impermissible conflict occurs when a lawyer represents two adverse parties in a legal proceeding."); *In re Matter of H. Children*, 160 Misc. 2d 298, 300 (N.Y. Fam. Ct. 1994) ("An attorney who undertakes the joint representation of two parties in a lawsuit [should] not continue as counsel for either one after an actual conflict of interest has arisen" because it would necessarily result in a violation of either or both of the ethical rules to preserve client confidences or to represent a client zealously.).

Balestriere's concurrent representation of Hallman, Lawson, and Caldwell runs afoul of Rule 1.7. The parties have "differing interests" – indeed, antagonistic interests – that involve "the assertion of a claim by one client against another client represented by the lawyer in the same litigation." Even if Lawson and Caldwell do not assert their claims (against Hallman and Hallman and Lawson, respectively), their decision not to do so is inherently suspect because it was reached through reliance on Balestriere, who represents the potential defendants.

Counsel's conflict is not limited to Hallman, Lawson and Caldwell. Each of the other Plaintiffs, and any competent, non-conflicted counsel, would seek to inquire of Hallman and Lawson the details of their roles with Defendants and their knowledge of details of Defendants' participation in the so-called sex trafficking scheme. At a minimum, this would include the identification and recruiting of women, the circumstances involving any travel to Manhattan, and any finders-fee arrangements for assistance. The mere possibility of Balestriere deposing or otherwise seeking information from, but adverse to, one of its clients on behalf of another illustrates the insurmountable conflict at issue. So too would the decision by counsel to forego such inquiry, thereby failing to vigorously advance the interests of non-recruiting Plaintiffs.

In light of its conflicts, Balestriere should be disqualified from representing any of the Plaintiffs in this case. We request a pre-motion conference to seek the Court's permission to make the necessary motion.

Respectfully submitted,

*Edward A. McDonald*

Edward A. McDonald