UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

HILLARY LAWSON, KRISTINA HALLMAN,
STEPHANIE CALDWELL, MOIRA HATHAWAY,
MACEY SPEIGHT, ROSEMARIE PETERSON and
LAUREN FULLER,

                                        *Plaintiffs*,                     Case No.: 1:17-CV-06404 (BMC)

                        -*against*-

HOWARD RUBIN, JENNIFER POWERS, YIFAT
SCHNUR, STEPHANIE SHON, JOHN DOE, BLUE
ICARUS, LLC, and the DOE COMPANY,

                                        *Defendants*.

---

## ANSWER AND COUNTERCLAIMS OF DEFENDANT HOWARD RUBIN

Edward A. McDonald
Benjamin E. Rosenberg
Michael J. Gilbert
Benjamin M. Rose
DECHERT LLP
1095 Avenue of the Americas
New York, New York 10036
(212) 698-3500

*Attorneys for Defendant Howard Rubin*

## ANSWER TO AMENDED COMPLAINT

Howard Rubin, by and through its attorneys, Dechert LLP, hereby answers as follows, based upon knowledge and information, with each answer corresponding to the numbered allegation in Plaintiffs' Amended Complaint, (Doc. No. 66).

1.      Does not call for a response, as there is no such purported "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.

2.      Does not call for a response, to the extent there is no such purported conspiracy, and Plaintiffs' civil RICO claims have all been dismissed.  Additionally, does not call for a response to the extent the allegations concerning Mr. Rubin's daughter are inflammatory and irrelevant to Plaintiffs' human trafficking and state law claims, and were included in the Amended Complaint solely to garner media attention.  Otherwise, denied.

3.      Does not call for a response, as Plaintiffs' civil RICO claims have all been dismissed.

4.      Does not call for a response, as there is no such purported "enterprise," and Plaintiffs' civil RICO claims have all been dismissed.

5.      Does not call for a response, to the extent there is no such purported conspiracy, and Plaintiffs' civil RICO and computer hacking claims have all been dismissed.  Otherwise, denied.

6.      This paragraph contains a legal conclusion and therefore no response is required.

7.      This paragraph contains a legal conclusion and therefore no response is required.

8.      This paragraph contains a legal conclusion and therefore no response is required.

9.      This paragraph contains a legal conclusion and therefore no response is required.

10. This paragraph contains a legal conclusion and therefore no response is required.

11. This paragraph contains a legal conclusion and therefore no response is required.

12. This paragraph contains a legal conclusion and therefore no response is required.

13. Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

14. Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

15. Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

16. Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

17. Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

18. Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

19. Does not call for a response, as Fuller's claims have been dismissed from the litigation.

20. Admitted, that Howard Rubin is an experienced money manager with a highly regarded reputation in the financial field, and that he also goes by Howie Rubin. Rubin is without sufficient knowledge or information to form a belief as to Ms. Shon's references to Rubin. Otherwise, denied.

21. Admitted, that Jennifer Powers is an individual who works with Rubin and resides in New York, New York. Rubin is without sufficient knowledge or information to form a belief as to Ms. Powers' references to herself. Otherwise, denied.

22.     Does not call for a response, as all claims against Ms. Shon have been dismissed.

23.     Does not call for a response, as all claims against Ms. Schnur have been dismissed.

24.     Does not call for a response, as all claims against Blue Icarus, LLC have been dismissed.

25.     Does not call for a response, as Plaintiffs' computer hacking claims have all been dismissed.

26.     Does not call for a response, as there is no "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.

27.     Admitted.

28.     Admitted.

29.     Admitted.

30.     Admitted.

31.     Admitted.

32.     Admitted.

33.     Admitted, that Rubin held this position, but denied that Rubin currently holds this position.

34.     Does not call for a response to the extent the allegations concerning Mr. Rubin's wife are inflammatory and irrelevant to Plaintiffs' human trafficking and state law claims, and were included in the Amended Complaint solely to garner media attention.

35.     Does not call for a response to the extent the allegations concerning Mr. Rubin's wife and children are inflammatory and irrelevant to Plaintiffs' human trafficking and state law claims, and were included in the Amended Complaint solely to garner media attention.

36.     Does not call for a response, as all claims against Blue Icarus, LLC have been dismissed.

37.     Does not call for a response, as all claims against Blue Icarus, LLC have been dismissed.

38.     Does not call for a response, as all claims against Blue Icarus, LLC have been dismissed.

39.     Does not call for a response, as all claims against Blue Icarus, LLC have been dismissed.

40.     Does not call for a response, as all claims against Blue Icarus, LLC have been dismissed.

41.     Does not call for a response, as all claims against Blue Icarus, LLC have been dismissed.

42.     Does not call for a response, as all claims against Blue Icarus, LLC have been dismissed.

43.     Does not call for a response, as all claims against Blue Icarus, LLC have been dismissed.

44.     Does not call for a response, as all claims against Blue Icarus, LLC have been dismissed.

45.     Does not call for a response, as all claims against Blue Icarus, LLC have been dismissed.

46.     Does not call for a response, as all claims against Blue Icarus, LLC have been dismissed.

47.     Does not call for a response, as all claims against Blue Icarus, LLC have been dismissed.

48.     Does not call for a response, as all claims against Blue Icarus, LLC have been dismissed.

49.     Does not call for a response, as there is no "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.

50.     Does not call for a response, as there is no "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.

51.     Does not call for a response, as there is no "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.

52.     Does not call for a response, as there is no "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.

53.     Does not call for a response, as there is no "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.

54.     Does not call for a response, as there is no "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.

55.     Does not call for a response, as there is no "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.

56.     Does not call for a response, as there is no "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.

57.     Does not call for a response, as there is no "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.

58.     Does not call for a response, as there is no "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.

59.     Does not call for a response, as there is no "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.

60.     Does not call for a response, as there is no "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.

61.     Does not call for a response, as there is no "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.

62.     Does not call for a response, as there is no "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.

63.     Admitted that Rubin became acquainted with Ms. Powers ten to twelve years ago. Otherwise, does not call for a response to the extent the allegations concerning Ms. Powers are inflammatory and irrelevant to Plaintiffs' human trafficking and state law claims, and were included in the Amended Complaint solely to garner media attention.

64.     Denied.

65.     Does not call for a response to the extent the allegations concerning Ms. Powers' family are inflammatory and irrelevant to Plaintiffs' human trafficking and state law claims, and were included in the Amended Complaint solely to garner media attention.

66.     Does not call for a response, to the extent there is no "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.  Otherwise, denied.

67.     Denied.

68.     Does not call for a response, to the extent there is no "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.  Otherwise, denied.

69.     Does not call for a response, to the extent there is no "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.  Otherwise, denied.

70.     Does not call for a response, to the extent there is no "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.  Otherwise, denied.

71.     Denied.

72.     Does not call for a response, to the extent there is no "Enterprise," and Plaintiffs'
civil RICO claims have all been dismissed.  Otherwise, denied.

73.     Rubin is without sufficient knowledge or information to form a belief as to the
truth of the allegations.

74.     Admitted, that Ms. Schnur represents Rubin.  Otherwise, does not call for a
response, as all claims against Ms. Schnur have been dismissed, and there is no purported
"Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.

75.     Does not call for a response, as all claims against Ms. Schnur have been
dismissed, and there is no purported "Enterprise," and Plaintiffs' civil RICO claims have all been
dismissed.

76.     Does not call for a response, as all claims against Ms. Schnur have been
dismissed, and there is no purported "Enterprise," and Plaintiffs' civil RICO claims have all been
dismissed.

77.     Rubin is without sufficient knowledge or information to form a belief as to the
truth of the allegations.

78.     Rubin is without sufficient knowledge or information to form a belief as to the
truth of the allegations.

79.     Rubin is without sufficient knowledge or information to form a belief as to the
truth of the allegations.

80.     Rubin is without sufficient knowledge or information to form a belief as to the
truth of the allegations.

81.     Rubin is without sufficient knowledge or information to form a belief as to the
truth of the allegations.

82.     Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

83.     Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

84.     Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

85.     Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

86.     Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

87.     Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

88.     Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

89.     Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

90.     Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

91.     Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

92.     Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

93.     Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

94.     Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations as it is unclear to whom the Amended Complaint refers.  Rubin is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations.

95.     Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations as it is unclear to whom the Amended Complaint refers.  Rubin is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations.

96.     Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations as it is unclear to whom the Amended Complaint refers.  Rubin is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations.

97.     Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations as it is unclear to whom the Amended Complaint refers.  Rubin is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations.

98.     Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations as it is unclear to whom the Amended Complaint refers.  Rubin is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

9

103.   Admitted, that Hathaway agreed to meet with Rubin.  Otherwise, denied.

104.   Denied.

105.   Denied.

106.   Admitted, that Rubin and Hathaway engaged in consensual sex on multiple

occasions.  Rubin is otherwise without sufficient knowledge or information to form a belief as to

the truth of the allegations.

107.   Admitted, that Rubin left after having consensual sex on multiple occasions.

Otherwise, denied.

108.   Admitted, that Rubin and Hathaway continued to meet on multiple occasions.

Otherwise, denied.

109.   Admitted, that Rubin and Hathaway continued to meet on multiple occasions.

Otherwise, denied.

110.   Admitted, that Rubin and Hathaway continued to meet for consensual sex on

multiple occasions.  Otherwise, denied.

111.   Admitted, that Rubin and Hathaway continued to meet on multiple occasions at

various times.  Otherwise, denied.

112.   Denied, as to Rubin's conduct and requests and as to having a credit card on file.

Rubin is otherwise without sufficient knowledge or information to form a belief as to the truth of

the allegations.

113.   Does not call for a response to the extent the allegations concerning "sneak[ing]"

into Hathaway's room and purportedly commenting on "feel[ing] like . . . raping" her are

inflammatory and irrelevant to Plaintiffs' human trafficking and state law claims, and were

included in the Amended Complaint solely to garner media attention.  Otherwise, denied.

114.     Admitted, that Rubin paid Hathaway various sums.  Rubin is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations.

115.     Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

116.     Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

117.     Rubin is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations.

118.     Denied, except to the extent that Hathaway knowingly and voluntarily executed a "Confidentiality Agreement and Release" on or about January 21, 2015.

119.     Denied.

120.     Denied.

121.     Admitted, that Rubin and Hathaway continued to meet on multiple occasions at various times.  Otherwise, denied.

122.     Denied.

123.     Denied.

124.     Admitted, that Rubin and Hathaway used devices and equipment in their sexual encounters, that Hathaway at all times consented to the encounters, and that Rubin never did anything threatening.  Otherwise, denied.

125.     Denied, as to Rubin's behavior.  Rubin is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations concerning Hathaway's beliefs.

126.     Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations concerning what Hathaway noticed or her beliefs.

127.     Denied.

128.    Denied.

129.    Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

130.    Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

131.    Denied.

132.    Denied.

133.    Denied.

134.    Denied.

135.    Admitted, that Rubin remained in contact with Hathaway and acted as though nothing out of the ordinary had occurred, because Hathaway's allegations about the nature of the encounter are false, and all interactions between the two were consensual.  Rubin is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations.

136.    Denied, as to Rubin's behavior.  Rubin is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations.

137.    Denied.

138.    Denied.

139.    Denied.

140.    Denied.

141.    Denied.

142.    Denied.

143.    Denied.

144.    Denied.

145.    Denied.

146.    Denied.

147.    Denied.

148.    Denied.

149.    Denied.

150.    Denied.

151.    Denied.

152.    Denied.

153.    Denied.

154.    Admitted, that Rubin stayed in contact with Hathaway, and she agreed to meet Rubin again.  Otherwise, denied.

155.    Denied.

156.    Denied, as to any conduct engaged in without Hathaway's consent.  Rubin is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations.

157.    Denied.

158.    Denied.

159.    Denied.

160.    Denied.

161.    Admitted, that Rubin has not seen Hathaway since June 2017.  Denied, to the extent Rubin did nothing without Hathaway's consent or that would cause her to be "wary" of him.

162.    Admitted, that Rubin and Hathaway exchanged text messages as though nothing was out of the ordinary, because Hathaway's allegations about the nature of the encounter are false, and all interactions between the two were consensual.

163.    Denied.

164.    Does not call for a response, as there is no such purported "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.  Otherwise, denied.

165.    Denied.

166.    Denied.

167.    Denied.

168.    Denied.

169.    Denied, that any such person was a "representative of Rubin."  Rubin is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations.

170.    Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

171.    Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

172.    Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

173.    Denied.

174.    Denied.

175.    Denied.

176.    Denied.

177.    Denied.

178.    Denied.

179.    Denied.

180.    Denied.

181.    Admitted, that Rubin did not see Peterson again for three to five years after 2011.

182.   Denied, to the extent there was never any event at BLT Prime on Rubin's birthday.  Rubin is otherwise without sufficient knowledge or information to form a belief as to whether Peterson saw Rubin.

183.   Admitted.

184.   Rubin is without sufficient knowledge or information to form a belief as to the truth of what Hathaway saw, decided, or believed.

185.   Denied.

186.   Admitted, that Rubin made Peterson fully aware of the nature of their proposed interaction, and that she agreed to meet with Rubin and have consensual rough sex being fully aware of such.  Otherwise, denied.

187.   Denied.

188.   Denied.

189.   Denied.

190.   Denied.

191.   Denied.

192.   Denied.

193.   Denied.

194.   Denied.

195.   Denied.

196.   Denied.

197.   Denied.

198.   Denied.

199.   Denied.

200.   Denied.

201.    Denied.

202.    Denied.

203.    Denied.

204.    Denied.

205.    Denied.

206.    Denied.

207.    Denied.

208.    Denied.

209.    Denied.

210.    Denied.

211.    Denied.

212.    Denied.

213.    Denied.

214.    Denied.

215.    Admitted, that Rubin last saw Peterson in the summer of 2017, during which time they did not engage in any sexual activity.

216.    Denied.

217.    Denied.

218.    Denied.

219.    Denied.

220.    Denied.

221.    Denied.

222.    Denied.

223.    Denied.

224.    Denied.

225.    Admitted, that Peterson knowingly and voluntarily executed a "Confidentiality Agreement and Release" on or about September 25, 2014.  Otherwise, denied.

226.    Does not call for a response, as there is no such purported "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.  Otherwise, denied.

227.    Does not call for a response, as there is no such purported "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.  Otherwise, denied.

228.    Denied.

229.    Denied.

230.    Denied.

231.    Does not call for a response, as there is no such purported "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.  Otherwise, denied.

232.    Does not call for a response, as Fuller's claims have been dismissed from the litigation.

233.    Does not call for a response, as Fuller's claims have been dismissed from the litigation.

234.    Does not call for a response, as Fuller's claims have been dismissed from the litigation.

235.    Does not call for a response, as Fuller's claims have been dismissed from the litigation.

236.    Does not call for a response, as Fuller's claims have been dismissed from the litigation.

237.    Does not call for a response, as Fuller's claims have been dismissed from the litigation.

238.     Does not call for a response, as Fuller's claims have been dismissed from the litigation.

239.     Does not call for a response, as Fuller's claims have been dismissed from the litigation.

240.     Does not call for a response, as Fuller's claims have been dismissed from the litigation.

241.     Does not call for a response, as Fuller's claims have been dismissed from the litigation.

242.     Does not call for a response, as Fuller's claims have been dismissed from the litigation.

243.     Does not call for a response, as Fuller's claims have been dismissed from the litigation.

244.     Does not call for a response, as Fuller's claims have been dismissed from the litigation.

245.     Does not call for a response, as Fuller's claims have been dismissed from the litigation.

246.     Does not call for a response, as Fuller's claims have been dismissed from the litigation.

247.     Does not call for a response, as Fuller's claims have been dismissed from the litigation.

248.     Does not call for a response, as Fuller's claims have been dismissed from the litigation.

249.     Does not call for a response, as Fuller's claims have been dismissed from the litigation.

250.    Does not call for a response, as Fuller's claims have been dismissed from the litigation.

251.    Does not call for a response, as Fuller's claims have been dismissed from the litigation.

252.    Does not call for a response, as Fuller's claims have been dismissed from the litigation.

253.    Does not call for a response, as Fuller's claims have been dismissed from the litigation.

254.    Does not call for a response, as Fuller's claims have been dismissed from the litigation.

255.    Does not call for a response, as Fuller's claims have been dismissed from the litigation.

256.    Does not call for a response, as Fuller's claims have been dismissed from the litigation.

257.    Does not call for a response, as Fuller's claims have been dismissed from the litigation.

258.    Does not call for a response, as Fuller's claims have been dismissed from the litigation.

259.    Does not call for a response, as Fuller's claims have been dismissed from the litigation.

260.    Does not call for a response, as Fuller's claims have been dismissed from the litigation.

261.    Does not call for a response, as Fuller's claims have been dismissed from the litigation.

262.    Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

263.    Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

264.    Admitted, that Speight and Rubin had a lengthy, consensual rough sex relationship.  Denied, as to the characterization of Rubin's behavior as "violent."  Rubin is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations.

265.    Denied.

266.    Denied.

267.    Denied.

268.    Denied.

269.    Denied.

270.    Denied.

271.    Denied.

272.    Denied.

273.    Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

274.    Admitted, that Speight voluntarily met with Rubin.  Rubin is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations.

275.    Denied.

276.    Admitted, that Speight voluntarily went to the apartment with Rubin.  Otherwise, denied.

277.    Denied.

278.    Denied.

279.    Denied.

280.    Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

281.    Admitted, that Speight voluntarily continued to meet with Rubin.  Otherwise, denied.

282.    Denied.

283.    Denied.

284.    Denied.

285.    Denied.

286.    Denied.

287.    Denied.

288.    Denied.

289.    Denied.

290.    Denied.

291.    Denied.

292.    Denied.

293.    Denied.

294.    Denied.

295.    Denied.

296.    Denied.

297.    Denied.

298.    Denied.

299.     Denied, as Rubin did nothing without Speight's consent or that would cause any such purported injuries.  Rubin is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations concerning Speight's memories of her abusive past.

300.     Denied.

301.     Does not call for a response, as there is no such purported "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.  Otherwise, denied.

302.     Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

303.     Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

304.     Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

305.     Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

306.     Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

307.     Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

308.     Denied.

309.     Denied.

310.     Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

311.     Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

312.     Admitted, that Hallman agreed to come to New York to meet Rubin, fully knowing the details of the nature of the meeting, and asked to invite her friend to come with her. Rubin is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations.

313.     Admitted, that Rubin agreed to Hallman's request to invite her friend, with both fully knowing the details of the nature of the meeting, to come with her to New York to meet with Rubin.

314.     Admitted, that Lawson was the friend Hallman invited to New York to meet Rubin, while both women were fully aware of the details of the nature of the meeting.  Rubin is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations.

315.     Does not call for a response, as there is no such purported "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.  Otherwise, denied.

316.     Does not call for a response, as there is no such purported "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.  Otherwise, denied.

317.     Denied.

318.     Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

319.     Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

320.     Admitted, that Lawson was the friend Hallman "persuaded" to come to New York to meet Rubin, while both women were fully aware of the details of the nature of the meeting. Otherwise, denied.

321.     Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

322.     Does not call for a response, as there is no such purported "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.  Otherwise, denied.

323.     Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

324.     Denied, to the extent Lawson was fully aware that the trip would entail consensual rough sex with Rubin for money.  Rubin is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations.

325.     Denied, to the extent Lawson was fully aware that the trip would entail consensual rough sex with Rubin for money.  Rubin is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations.

326.     Admitted, that Hallman and Lawson knowingly and voluntarily met with Rubin in New York to engage in consensual rough sex on or around August 23, 2016.  Rubin is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations.

327.     Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

328.     Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

329.     Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

330.     Admitted, that Hallman and Lawson knowingly and voluntarily executed "Confidentiality Agreement and Release[s]" on or about August 22, 2016.  Otherwise, denied.

331.     Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

332.     Denied, except to the extent Hallman and Lawson knowingly and voluntarily executed "Confidentiality Agreement and Release[s]."  Rubin is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations.

333.     Denied, except to the extent Hallman and Lawson knowingly and voluntarily executed "Confidentiality Agreement and Release[s]."  Rubin is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations.

334.     Does not call for a response, as there is no such purported "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.  Otherwise, denied.

335.     Denied, except to the extent Hallman and Lawson knowingly and voluntarily executed "Confidentiality Agreement and Release[s]."  Rubin is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations.

336.     Admitted, that Hallman and Lawson voluntarily and knowingly met Rubin. Rubin is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations.

337.     Does not call for a response, as there is no such purported "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.  Otherwise, denied.

338.     Admitted, that Rubin at all times acted respectfully and cordially, and never did anything at this time or any other to cause Hallman or Lawson to feel threatened or concerned. Rubin is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations.

339.     Denied.

340.     Denied.

25

341.    Admitted, that Rubin paid Hallman and Lawson $5,000.  Otherwise, denied.

342.    Denied, that anything would have caused "concern[]."  Rubin is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations.

343.    Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

344.    Denied, to the extent the allegations imply Rubin added anything to Lawson's drink.  Rubin is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations.

345.    Admitted, that Lawson and Rubin engaged in consensual rough sex.  Rubin is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations.

346.    Does not call for a response, as there is no such purported "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.  Otherwise, denied.

347.    Denied.

348.    Denied.

349.    Denied.

350.    Denied.

351.    Denied.

352.    Denied.

353.    Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

354.    Denied.

355.    Denied.

356.    Denied.

357.    Denied.

358.    Denied.

359.    Denied.

360.    Denied, to the extent Rubin did nothing without Hallman's and Lawson's consent or that would cause them to be "shocked."  Rubin is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations.

361.    Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

362.    Denied; Rubin did nothing without Hallman's and Lawson's consent or that would cause them to be "emotionally distraught."

363.    Denied.

364.    Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

365.    Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

366.    Does not call for a response to the extent the allegations concerning Mr. Rubin's wife and children are inflammatory and irrelevant to Plaintiffs' human trafficking and state law claims, and were included in the Amended Complaint solely to garner media attention. Otherwise, denied.

367.    Denied.

368.    Does not call for a response, as there is no such purported "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.  Otherwise, denied.

369.    Denied.

370.    Denied.

371.    Does not call for a response, to the extent there is no such purported "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.  Admitted, that after Hallman's interactions with Rubin, she nevertheless introduced her friend Caldwell to meet with Rubin to engage in consensual rough sex.  Denied, as to any purported "fear" of Hallman's.  Rubin is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations.

372.    Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

373.    Denied, as to any allegation of fraudulent representations.  Rubin is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations.

374.    Admitted, that Caldwell was fully aware of the nature of the proposed meeting with Rubin before she met with him.  Rubin is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations.

375.    Admitted, that Caldwell voluntarily met with Rubin in New York in early September 2016 to engage with Rubin in consensual rough sex.  Additionally admitted, that Caldwell knowingly and voluntarily executed a "Confidentiality Agreement and Release" on or about August 24, 2016.  Rubin is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations.

376.    Denied, to the extent Caldwell knowingly and voluntarily executed the "Confidentiality Agreement and Release."

377.    Denied, to the extent Caldwell knowingly and voluntarily executed the "Confidentiality Agreement and Release."  Rubin is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations.

378.    Admitted, that Caldwell met Rubin for dinner.

28

379.    Denied.

380.    Denied.

381.    Admitted, that Caldwell voluntarily returned to the apartment with Rubin. Otherwise, denied.

382.    Denied.

383.    Admitted, that Caldwell spoke about her daughter.  Otherwise, denied.

384.    Admitted, that Rubin stated he was turned off.  Otherwise, denied.

385.    Admitted, that Rubin paid Caldwell $2,000.  Otherwise, denied.

386.    Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

387.    Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations

388.    Denied.

389.    Denied.

390.    Admitted, that Hallman and Caldwell voluntarily and knowingly met with Rubin again on or about September 24, 2017.  Rubin is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations.

391.    Admitted, that Hallman and Caldwell met Rubin at Tao, and that Hallman and Caldwell did not execute another "Confidentiality Agreement and Release" after they had knowingly and voluntarily executed the initial documents.  Otherwise, denied.

392.    Admitted.

393.    Admitted.

394.    Admitted, that Hallman and Caldwell voluntarily returned to the apartment on their own and through nothing attributable to Rubin.

395.     Admitted, that Rubin sent messages to Hallman and Caldwell.  Rubin is without sufficient knowledge or information to form a belief as to when Hallman and Caldwell arrived at the apartment in relation to any messages.

396.     Denied.

397.     Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

398.     Denied.

399.     Denied.

400.     Rubin is without sufficient knowledge or information to form a belief as to whether Caldwell was tied up.  Admitted, however, that Rubin, Hallman and Caldwell engaged in consensual rough sex in the master bedroom.  Denied, to the extent the allegations imply any interactions were non-consensual.

401.     Denied.

402.     Denied.

403.     Denied.

404.     Denied.

405.     Denied.

406.     Denied.

407.     Denied.

408.     Denied.

409.     Denied.

410.     Denied.

411.     Denied.

412.     Denied.

413.    Admitted, that Rubin paid Hallman and Caldwell $5,000.  Otherwise, denied.

414.    Denied, as to the characterization of "physical trauma."  Rubin is otherwise
without sufficient knowledge or information to form a belief as to the truth of the allegations.

415.    Admitted, that Caldwell took pictures of her breasts.  Denied, to the extent Rubin
did not commit any assault or engage in any conduct that would have resulted in the injuries
from which Caldwell and Hallman allege damages.  Rubin is otherwise without sufficient
knowledge or information to form a belief as to whether Caldwell took any other photos or
videos.

416.    Denied.

417.    Denied.

418.    Denied.

419.    Does not call for a response, as there is no such purported "Enterprise," and
Plaintiffs' civil RICO claims have all been dismissed.  Otherwise, denied.

420.    Denied.

421.    Rubin is without sufficient knowledge or information to form a belief as to the
truth of the allegations.

422.    Denied.

423.    Denied.

424.    Admitted, that Caldwell contacted Rubin to ask for money to repair purported
damage to her breasts.  Otherwise, denied.

425.    Does not call for a response, as there is no such purported "Enterprise," and
Plaintiffs' civil RICO claims have all been dismissed.  Otherwise, denied.

426.    Admitted.

427.   Denied, to the extent Rubin did not engage in any conduct that would have caused Caldwell to feel "terrified" or "vulnerable."  Admitted, that Caldwell voluntarily returned to meet with Rubin on or around October 4, 2016.  Rubin is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations.

428.   Admitted, that Caldwell knowingly and voluntarily executed a "General Release Agreement" on or about October 4, 2016, drafted by Ms. Schnur, the terms of which speak for themselves.  Otherwise, denied.

429.   Does not call for a response, as there is no such purported "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.  Admitted, that Rubin made payments to Caldwell in full compliance with the terms of the "General Release Agreement."  Denied, that an additional payment was to be paid directly to Caldwell.

430.   Does not call for a response, as there is no such purported "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.  Otherwise, denied.

431.   Denied.

432.   Denied.

433.   Does not call for a response, as there is no such purported "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.  Otherwise, denied.

434.   Denied.

435.   Denied.

436.   Does not call for a response, as there is no such purported "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.  Admitted, that Hallman again voluntarily agreed to meet Rubin in New York to engage in consensual rough sex, and that she recruited her friend, Nancy Santi, to join her.  Otherwise, denied.

437.   Denied, to the extent Hallman alleges her "anxious[ness]" caused her to be sick.

438.   Denied.

439.   Admitted, that Hallman appeared to remain sick.

440.   Admitted, that Hallman went to the hospital.  Rubin is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations.

441.   Admitted, that Hallman voluntarily returned to the apartment after she left the hospital.  Otherwise, denied.

442.   Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

443.   Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

444.   Denied, as to Rubin's purported "violent history."  Rubin is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations.

445.   Admitted.

446.   Rubin is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations.

447.   Denied.

448.   Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

449.   Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

450.   Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

451.   Denied, as to fear of Rubin.  Rubin is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations.

452.    Admitted, that Hallman was arrested.  Otherwise, denied.

453.    Rubin is without sufficient knowledge or information to form a belief as to the truth of the allegations.

454.    Does not call for a response, as there is no such purported "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.  Otherwise, denied.

455.    Does not call for a response, as all claims against Blue Icarus, LLC have been dismissed.

456.    Admitted, to the extent that Lawson reached out to Rubin for financial assistance at some point.  Denied, as to any "convinc[ing]" of her to meet again, and to the extent that the allegations imply false assurances were made to Lawson.  At all times, Lawson was fully aware of the nature of the proposed encounters with Rubin and knowingly and voluntarily met with Rubin.  Rubin is without sufficient knowledge or information to form a belief as to the truth of Lawson's "tough financial situation."

457.    Admitted, that Lawson returned to meet with Rubin to engage in consensual rough sex.  Rubin is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations.

458.    Admitted, that Rubin may have met Lawson for lunch and did treat her with kindness.  Otherwise, denied.

459.    Admitted, that Lawson and Rubin engaged in consensual rough sex.  Otherwise, denied.

460.    Admitted, that Lawson and Rubin engaged in consensual rough sex.  Otherwise, denied.

461.    Denied.

462.    Denied.

463.    Denied.

464.    Denied.

465.    Denied.

466.    Denied.

467.    Admitted, that Rubin paid Lawson $5,000.  Rubin is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations.

468.    Denied.

469.    Admitted, that Rubin has not seen Lawson since December 2016.  Otherwise, denied.

470.    Does not call for a response, as there is no such purported "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.  Otherwise, denied.

471.    Denied, as to any injuries to Lawson's face, and to the extent Rubin otherwise did nothing without Lawson's consent or that would cause such purported injuries.

472.    Denied.

473.    Denied.

474.    Denied.

475.    Denied, to the extent Rubin did nothing without Lawson's consent or that would cause such purported injuries.  Rubin is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations, the cause of any such purported injuries, or Lawson's medical treatment.

476.    Denied.

477.    Denied.

478.    Denied.

35

479.    Admitted, that after their encounters with Rubin, Hallman and Caldwell remained in contact with Rubin.  Otherwise, denied.

480.    Does not call for a response to the extent the allegations concerning Mr. Rubin's friend are inflammatory and irrelevant to Plaintiffs' human trafficking and state law claims, and were included in the Amended Complaint solely to garner media attention.  Admitted, that on or around March 29, 2017, Hallman and Caldwell again agreed to meet with Rubin and his friends in Miami, Florida, and Rubin agreed to pay Hallman, Caldwell and one of their friends $500.

481.    Admitted, that Hallman and Caldwell again agreed to meet with Rubin.  Denied, to the extent Rubin did nothing that would cause any such fear.

482.    Denied.

483.    Admitted.

484.    Denied.

485.    Admitted, that Rubin paid Hallman and Caldwell.  Otherwise, denied.

486.    Does not call for a response, as there is no such purported "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.  Admitted, that Caldwell never saw Rubin again but remained in contact, and that Rubin timely paid Caldwell the final and full payment pursuant to the "General Release Agreement."  Otherwise, denied.

487.    Does not call for a response, as there is no such purported "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.  Otherwise, denied.

488.    Denied.

489.    Denied.

490.    Denied.

491.    Denied.

492.     Denied, to the extent Rubin did nothing without Hallman's consent or that would cause such purported injuries.  Rubin is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations or the cause of any such purported injuries.

493.     Denied, to the extent Rubin did nothing without Hallman's consent or that would cause any such purported injuries.  Rubin is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations, the cause of any such purported injuries, or Hallman's medical treatment.

494.     Denied.

495.     Denied.

496.     Admitted, that Rubin paid for Hallman's counsel despite having no involvement in the activity that led to Hallman's arrest and no obligation to do so.  Rubin is otherwise without sufficient knowledge or information to form a belief as to Hallman's mendacity, which if true, was never at the direction or request of Rubin.

497.     Does not call for a response, as there is no such purported "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.  Otherwise, denied.

498.     Does not call for a response, as there is no such purported "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.  Otherwise, denied.

499.     Denied.

500.     Denied.

501.     Denied, to the extent Rubin did nothing without Caldwell's consent or that would cause such purported injuries.  Rubin is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations or the cause of any such purported injuries.

502.     Denied, to the extent Rubin did nothing without Caldwell's consent or that would cause any such purported injuries.  Rubin is otherwise without sufficient knowledge or

information to form a belief as to the truth of the allegations, the cause of any such purported injuries, or Caldwell's medical treatment.

503.     Admitted, that Caldwell mentioned injuries to her breasts and that Rubin agreed to and paid Caldwell pursuant to the "General Release Agreement," despite not having been the cause of Caldwell's purported injuries and having no obligation to do so.  Otherwise, denied.

504.     Denied.

505.     Does not call for a response, as there is no such purported "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.  Otherwise, denied.

506.     Does not call for a response, as there is no such purported "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.

507.     Does not call for a response, as there is no such purported "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.

508.     Does not call for a response, as there is no such purported "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.

509.     Does not call for a response, as there is no such purported "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.

510.     Does not call for a response, as there is no such purported "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.

511.     Does not call for a response, as there is no such purported "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.

512.     Does not call for a response, as there is no such purported "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.

513.     Does not call for a response, as there is no such purported "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.

514.    Does not call for a response, as there is no such purported "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.

515.    Does not call for a response, as there is no such purported "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.

516.    Does not call for a response, as there is no such purported "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.

517.    Does not call for a response, as there is no such purported "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.

518.    Does not call for a response, as there is no such purported "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.

519.    Does not call for a response, as there is no such purported "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.

520.    Does not call for a response, as there is no such purported "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.

521.    Does not call for a response, as there is no such purported "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.

522.    Does not call for a response, as there is no such purported "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.

523.    Does not call for a response, as there is no such purported "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.

524.    Does not call for a response, as there is no such purported "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.

525.    Does not call for a response, as there is no such purported "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.

526.     Does not call for a response, as there is no such purported "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.

527.     Does not call for a response, as there is no such purported "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.

528.     Does not call for a response, as there is no such purported "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.

529.     Does not call for a response, as there is no such purported "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.

530.     Does not call for a response, as there is no such purported "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.

531.     Does not call for a response, as there is no such purported "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.

532.     Does not call for a response, as there is no such purported "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.

533.     Does not call for a response, as there is no such purported "Enterprise," and Plaintiffs' civil RICO claims have all been dismissed.

534.     Does not call for a response, as Plaintiffs' hacking claims have all been dismissed.

535.     Does not call for a response, as Plaintiffs' hacking claims have all been dismissed.

536.     Does not call for a response, as Plaintiffs' hacking claims have all been dismissed.

537.     Does not call for a response, as Plaintiffs' hacking claims have all been dismissed.

538.     Does not call for a response, as Plaintiffs' hacking claims have all been dismissed.

539.     Does not call for a response, as Plaintiffs' hacking claims have all been dismissed.

540.     Does not call for a response, as Plaintiffs' hacking claims have all been dismissed.

541.     Does not call for a response, as Plaintiffs' hacking claims have all been dismissed.

542.    Does not call for a response, as Plaintiffs' civil RICO claims have all been dismissed.

543.    Does not call for a response, as Plaintiffs' civil RICO claims have all been dismissed.

544.    Does not call for a response, as Plaintiffs' civil RICO claims have all been dismissed.

545.    Does not call for a response, as Plaintiffs' civil RICO claims have all been dismissed.

546.    Does not call for a response, as Plaintiffs' civil RICO claims have all been dismissed, and all claims against Ms. Shon have been dismissed.

547.    Does not call for a response, as Plaintiffs' civil RICO claims have all been dismissed, and all claims against Ms. Shon have been dismissed.

548.    Does not call for a response, as Plaintiffs' civil RICO claims have all been dismissed, and all claims against Ms. Schnur have been dismissed.

549.    Does not call for a response, as Plaintiffs' civil RICO claims have all been dismissed, and all claims against Ms. Schnur have been dismissed.

550.    Does not call for a response, as Plaintiffs' civil RICO claims have all been dismissed, and all claims against Blue Icarus, LLC have been dismissed.

551.    Does not call for a response, as Plaintiffs' civil RICO claims have all been dismissed, and all claims against Blue Icarus, LLC have been dismissed.

**FIRST CAUSE OF ACTION: ALL PLAINTIFFS**
**(Violation of Racketeer Influenced and Corrupt Organizations Act,**
**18 U.S.C. § 1962(c)**
**("Pattern of Racketeering") - All Defendants)**

552.     Does not call for a response, as Plaintiffs' civil RICO claims have all been dismissed.

553.     Does not call for a response, as Plaintiffs' civil RICO claims have all been dismissed.

554.     Does not call for a response, as Plaintiffs' civil RICO claims have all been dismissed.

555.     Does not call for a response, as Plaintiffs' civil RICO claims have all been dismissed.

556.     Does not call for a response, as Plaintiffs' civil RICO claims have all been dismissed.

557.     Does not call for a response, as Plaintiffs' civil RICO claims have all been dismissed.

558.     Does not call for a response, as Plaintiffs' civil RICO claims have all been dismissed.

559.     Does not call for a response, as Plaintiffs' civil RICO claims have all been dismissed.

560.     Does not call for a response, as Plaintiffs' civil RICO claims have all been dismissed.

561.     Does not call for a response, as Plaintiffs' civil RICO claims have all been dismissed.

562.     Does not call for a response, as Plaintiffs' civil RICO claims have all been dismissed.

**<u>SECOND CAUSE OF ACTION: ALL PLAINTIFFS</u>**
**<u>(Violation of Racketeer Influenced and Corrupt Organizations Act,</u>**
**<u>18 U.S.C. § 1962(d)</u>**

**("RICO Conspiracy") - All Defendants)**

563.    Does not call for a response, as Plaintiffs' civil RICO claims have all been dismissed.

564.    Does not call for a response, as Plaintiffs' civil RICO claims have all been dismissed.

565.    Does not call for a response, as Plaintiffs' civil RICO claims have all been dismissed.

566.    Does not call for a response, as Plaintiffs' civil RICO claims have all been dismissed.

567.    Does not call for a response, as Plaintiffs' civil RICO claims have all been dismissed.

568.    Does not call for a response, as Plaintiffs' civil RICO claims have all been dismissed.

569.    Does not call for a response, as Plaintiffs' civil RICO claims have all been dismissed.

570.    Does not call for a response, as Plaintiffs' civil RICO claims have all been dismissed.

571.    Does not call for a response, as Plaintiffs' civil RICO claims have all been dismissed.

**THIRD CAUSE OF ACTION: ALL PLAINTIFFS**
**(Violation Of Human Trafficking Laws, 18 U.S.C. § 1591(a) -**
**All Defendants)**

572.    Does not call for a response.

573.    As to Fuller, does not call for a response, as Fuller's claims have all been dismissed.  Otherwise, denied.

574.    As to Fuller, does not call for a response, as Fuller's claims have all been dismissed.  Otherwise, denied.

575.    As to Fuller, does not call for a response, as Fuller's claims have all been dismissed.  Otherwise, denied.

576.    As to Fuller, does not call for a response, as Fuller's claims have all been dismissed.  Otherwise, denied.

**FOURTH CAUSE OF ACTION –**
**PETERSON, FULLER, LAWSON, HALLMAN, and CALDWELL**
**(Violation of Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a) -**
**Powers, Rubin, and Doe)**

577.    Does not call for a response, as Plaintiffs' claims under the Computer Fraud and Abuse Act have all been dismissed.

578.    Does not call for a response, as Plaintiffs' claims under the Computer Fraud and Abuse Act have all been dismissed.

579.    Does not call for a response, as Plaintiffs' claims under the Computer Fraud and Abuse Act have all been dismissed.

580.    Does not call for a response, as Plaintiffs' claims under the Computer Fraud and Abuse Act have all been dismissed.

581.    Does not call for a response, as Plaintiffs' claims under the Computer Fraud and Abuse Act have all been dismissed.

582.    Does not call for a response, as Plaintiffs' claims under the Computer Fraud and Abuse Act have all been dismissed.

583.    Does not call for a response, as Plaintiffs' claims under the Computer Fraud and Abuse Act have all been dismissed.

584.    Does not call for a response, as Plaintiffs' claims under the Computer Fraud and Abuse Act have all been dismissed.

585.    Does not call for a response, as Plaintiffs' claims under the Computer Fraud and Abuse Act have all been dismissed.

586.    Does not call for a response, as Plaintiffs' claims under the Computer Fraud and Abuse Act have all been dismissed.

587.    Does not call for a response, as Plaintiffs' claims under the Computer Fraud and Abuse Act have all been dismissed.

588.    Does not call for a response, as Plaintiffs' claims under the Computer Fraud and Abuse Act have all been dismissed.

589.    Does not call for a response, as Plaintiffs' claims under the Computer Fraud and Abuse Act have all been dismissed.

### FIFTH CAUSE OF ACTION: HATHAWAY
### (Assault - Rubin)

590.    Does not call for a response.

591.    Denied.

592.    Denied.

593.    Denied.

594.    Denied.

595.    Denied.

### SIXTH CAUSE OF ACTION: HATHAWAY
### (Battery - Rubin)

596.    Does not call for a response.

597.    Denied.

598.    Denied.

599.    Denied.

**SEVENTH CAUSE OF ACTION: HATHAWAY**
**(False Imprisonment - Rubin)**

600.    Does not call for a response.

601.    Denied.

602.    Denied.

603.    Denied.

**EIGHTH CAUSE OF ACTION: HATHAWAY**
**Intentional Infliction of Emotional Distress - Powers, Rubin, Shon)**

604.    Does not call for a response.

605.    Denied.

606.    Denied.

607.    Denied.

608.    Denied.

609.    Denied.

**NINTH CAUSE OF ACTION: PETERSON**
**(Assault – Rubin)**

610.    Does not call for a response.

611.    Denied.

612.    Denied.

613.    Denied.

614.    Denied.

615.    Denied.

**TENTH CAUSE OF ACTION: PETERSON**
**(Battery – Rubin)**

616.    Does not call for a response.

617.    Denied.

618.    Denied.

## ELEVENTH CAUSE OF ACTION: PETERSON
### (False Imprisonment – Rubin)

619.    Does not call for a response.

620.    Denied.

621.    Denied.

622.    Denied.

623.    Denied.

## TWELFTH CAUSE OF ACTION: PETERSON
### (Intentional Infliction of Emotional Distress – Powers, Rubin, Shon)

624.    Does not call for a response.

625.    Denied.

626.    Denied.

627.    Denied.

628.    Denied.

629.    Denied.

## THIRTEENTH CAUSE OF ACTION: FULLER
### (Assault - Rubin)

630.    Does not call for a response, as Fuller's claims have all been dismissed.

631.    Does not call for a response, as Fuller's claims have all been dismissed.

632.    Does not call for a response, as Fuller's claims have all been dismissed.

633.    Does not call for a response, as Fuller's claims have all been dismissed.

634.    Does not call for a response, as Fuller's claims have all been dismissed.

635.    Does not call for a response, as Fuller's claims have all been dismissed.

## FOURTEENTH CAUSE OF ACTION: FULLER
### (Battery - Rubin)

636.   Does not call for a response, as Fuller's claims have all been dismissed.

637.   Does not call for a response, as Fuller's claims have all been dismissed.

638.   Does not call for a response, as Fuller's claims have all been dismissed.

639.   Does not call for a response, as Fuller's claims have all been dismissed.

## FIFTEENTH CAUSE OF ACTION: FULLER
### (False Imprisonment - Rubin)

640.   Does not call for a response, as Fuller's claims have all been dismissed.

641.   Does not call for a response, as Fuller's claims have all been dismissed.

642.   Does not call for a response, as Fuller's claims have all been dismissed.

643.   Does not call for a response, as Fuller's claims have all been dismissed.

644.   Does not call for a response, as Fuller's claims have all been dismissed.

## SIXTEENTH CAUSE OF ACTION: FULLER
### Intentional Infliction of Emotional Distress - Powers, Rubin, Shon)

645.   Does not call for a response, as Fuller's claims have all been dismissed.

646.   Does not call for a response, as Fuller's claims have all been dismissed.

647.   Does not call for a response, as Fuller's claims have all been dismissed.

648.   Does not call for a response, as Fuller's claims have all been dismissed.

649.   Does not call for a response, as Fuller's claims have all been dismissed.

650.   Does not call for a response, as Fuller's claims have all been dismissed.

## SEVENTEENTH CAUSE OF ACTION: SPEIGHT
### (Assault - Rubin)

651.   Does not call for a response, as Speight's common-law claims have all been

dismissed.

652.     Does not call for a response, as Speight's common-law claims have all been dismissed.

653.     Does not call for a response, as Speight's common-law claims have all been dismissed.

654.     Does not call for a response, as Speight's common-law claims have all been dismissed.

655.     Does not call for a response, as Speight's common-law claims have all been dismissed.

656.     Does not call for a response, as Speight's common-law claims have all been dismissed.

## EIGHTEENTH CAUSE OF ACTION: SPEIGHT
### (Battery - Rubin)

657.     Does not call for a response, as Speight's common-law claims have all been dismissed.

658.     Does not call for a response, as Speight's common-law claims have all been dismissed.

659.     Does not call for a response, as Speight's common-law claims have all been dismissed.

660.     Does not call for a response, as Speight's common-law claims have all been dismissed.

## NINETEENTH CAUSE OF ACTION: SPEIGHT
### (False Imprisonment - Rubin)

661.     Does not call for a response, as Speight's common-law claims have all been dismissed.

662.    Does not call for a response, as Speight's common-law claims have all been dismissed.

663.    Does not call for a response, as Speight's common-law claims have all been dismissed.

664.    Does not call for a response, as Speight's common-law claims have all been dismissed.

## TWENTIETH CAUSE OF ACTION: SPEIGHT
### (Intentional Infliction of Emotional Distress - Powers, Rubin, Shon)

665.    Does not call for a response, as Speight's common-law claims have all been dismissed.

666.    Does not call for a response, as Speight's common-law claims have all been dismissed.

667.    Does not call for a response, as Speight's common-law claims have all been dismissed.

668.    Does not call for a response, as Speight's common-law claims have all been dismissed.

669.    Does not call for a response, as Speight's common-law claims have all been dismissed.

670.    Does not call for a response, as Speight's common-law claims have all been dismissed.

## TWENTY-FIRST CAUSE OF ACTION: HALLMAN
### (Assault - Rubin)

671.    Does not call for a response, as Hallman's common-law claims have all been dismissed.

672.    Does not call for a response, as Hallman's common-law claims have all been dismissed.

673.    Does not call for a response, as Hallman's common-law claims have all been dismissed.

674.    Does not call for a response, as Hallman's common-law claims have all been dismissed.

675.    Does not call for a response, as Hallman's common-law claims have all been dismissed.

676.    Does not call for a response, as Hallman's common-law claims have all been dismissed.

## TWENTY-SECOND CAUSE OF ACTION: HALLMAN
### (Battery - Rubin)

677.    Does not call for a response, as Hallman's common-law claims have all been dismissed.

678.    Does not call for a response, as Hallman's common-law claims have all been dismissed.

679.    Does not call for a response, as Hallman's common-law claims have all been dismissed.

680.    Does not call for a response, as Hallman's common-law claims have all been dismissed.

681.    Does not call for a response, as Hallman's common-law claims have all been dismissed.

682.    Does not call for a response, as Hallman's common-law claims have all been dismissed.

683.   Does not call for a response, as Hallman's common-law claims have all been dismissed.

## TWENTY-THIRD CAUSE OF ACTION: HALLMAN
### (False Imprisonment - Rubin)

684.   Does not call for a response, as Hallman's common-law claims have all been dismissed.

685.   Does not call for a response, as Hallman's common-law claims have all been dismissed.

686.   Does not call for a response, as Hallman's common-law claims have all been dismissed.

687.   Does not call for a response, as Hallman's common-law claims have all been dismissed.

688.   Does not call for a response, as Hallman's common-law claims have all been dismissed.

## TWENTY-FOURTH CAUSE OF ACTION: HALLMAN
### (Intentional Infliction of Emotional Distress - Powers, Rubin, Shon)

689.   Does not call for a response, as Hallman's common-law claims have all been dismissed.

690.   Does not call for a response, as Hallman's common-law claims have all been dismissed.

691.   Does not call for a response, as Hallman's common-law claims have all been dismissed.

692.   Does not call for a response, as Hallman's common-law claims have all been dismissed.

693.    Does not call for a response, as Hallman's common-law claims have all been dismissed.

694.    Does not call for a response, as Hallman's common-law claims have all been dismissed.

## TWENTY-FIFTH CAUSE OF ACTION: LAWSON
### (Assault - Rubin)

695.    Does not call for a response.

696.    Denied.

697.    Denied.

698.    Denied.

699.    Denied.

700.    Denied.

## TWENTY-SIXTH CAUSE OF ACTION: LAWSON
### (Battery - Rubin)

701.    Does not call for a response.

702.    Denied.

703.    Denied.

704.    Denied.

705.    Denied.

706.    Denied.

707.    Denied.

## TWENTY-SEVENTH CAUSE OF ACTION: LAWSON
### (False Imprisonment - Rubin)

708.    Does not call for a response.

709.    Denied.

710.    Denied.

711.    Denied.

## TWENTY-EIGHTH CAUSE OF ACTION: LAWSON
### (Intentional Infliction of Emotional Distress - Powers, Rubin, Shon)

712.    Does not call for a response.

713.    Denied.

714.    Denied.

715.    Denied.

716.    Denied.

717.    Denied.

## TWENTY-NINTH CAUSE OF ACTION: CALDWELL
### (Assault - Rubin)

718.    Does not call for a response, as Caldwell's common-law claims have all been dismissed.

719.    Does not call for a response, as Caldwell's common-law claims have all been dismissed.

720.    Does not call for a response, as Caldwell's common-law claims have all been dismissed.

721.    Does not call for a response, as Caldwell's common-law claims have all been dismissed.

722.    Does not call for a response, as Caldwell's common-law claims have all been dismissed.

723.    Does not call for a response, as Caldwell's common-law claims have all been dismissed.

## THIRTIETH CAUSE OF ACTION: CALDWELL

**(Battery - Rubin)**

724.    Does not call for a response, as Caldwell's common-law claims have all been dismissed.

725.    Does not call for a response, as Caldwell's common-law claims have all been dismissed.

726.    Does not call for a response, as Caldwell's common-law claims have all been dismissed.

727.    Does not call for a response, as Caldwell's common-law claims have all been dismissed.

**THIRTY-FIRST CAUSE OF ACTION: CALDWELL**
**(False Imprisonment - Rubin)**

728.    Does not call for a response, as Caldwell's common-law claims have all been dismissed.

729.    Does not call for a response, as Caldwell's common-law claims have all been dismissed.

730.    Does not call for a response, as Caldwell's common-law claims have all been dismissed.

731.    Does not call for a response, as Caldwell's common-law claims have all been dismissed.

**THIRTY-SECOND CAUSE OF ACTION: CALDWELL**
**(Intentional Infliction of Emotional Distress - Powers, Rubin, Shon)**

732.    Does not call for a response, as Caldwell's common-law claims have all been dismissed.

733.    Does not call for a response, as Caldwell's common-law claims have all been dismissed.

734.     Does not call for a response, as Caldwell's common-law claims have all been dismissed.

735.     Does not call for a response, as Caldwell's common-law claims have all been dismissed.

736.     Does not call for a response, as Caldwell's common-law claims have all been dismissed.

737.     Does not call for a response, as Caldwell's common-law claims have all been dismissed.

## ANSWER TO PRAYER FOR RELIEF

Plaintiffs' remaining claims should be denied in their entirety, and award Rubin attorneys' fees and costs incurred in defending this meritless litigation.

## RUBIN'S AFFIRMATIVE DEFENSES

By way of a further Answer and as affirmative defenses, Rubin denies that he is liable to Plaintiffs for any of the claims alleged, and denies that Plaintiffs are entitled to damages or any other relief whatsoever, and states as follows:

## FIRST AFFIRMATIVE DEFENSE
## (Failure to State a Claim)

1.     The Amended Complaint, and each purported claim for relief alleged therein, fails to state a claim upon which relief can be granted against Rubin as a matter of law and fact.

## SECOND AFFIRMATIVE DEFENSE
## (Consent)

2.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs expressly and/or impliedly consented to and/or had knowledge of all activities alleged in the Amended Complaint to have caused their harm.

## THIRD AFFIRMATIVE DEFENSE
### (Acquiescence)

3.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of acquiescence.

## FOURTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

4.      Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

## FIFTH AFFIRMATIVE DEFENSE
### (Laches)

5.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

6.      Plaintiffs' claims are barred, in whole or in part, by virtue of their own unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE
### (Privilege)

7.      Rubin asserts that his conduct was privileged and justified in that he, among other things, in taking certain actions alleged in the Amended Complaint, was asserting his legal right to engage in the conduct alleged, with a good faith belief in that right.

## EIGHTH AFFIRMATIVE DEFENSE
### (Assumption of the Risk)

8.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs expressly and/or impliedly assumed the risk of the actions described in the Amended Complaint.

## NINTH AFFIRMATIVE DEFENSE
### (Ratification)

9.      Plaintiffs ratified and/or accepted the alleged acts or omissions alleged in the Amended Complaint.

### TENTH AFFIRMATIVE DEFENSE
### (Waiver)

10.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Settlement and Release)

11.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of settlement and release because, among other reasons, each Plaintiff executed a Confidentiality Agreement and Release whereby each released the claims they assert in this case, and Caldwell executed a General Release Agreement in which she released the claims she asserts in this case.

### TWELFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

12.     If Plaintiffs have suffered any injury or harm, which Rubin expressly denies, their recovery or entitlement to relief is barred by their failure to mitigate, reduce, or otherwise avoid their alleged damages or injury.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (No Damages)

13.     Plaintiffs' claims are barred, in whole or in part, because they have suffered no actual injury as a result of the actions alleged in the Amended Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Good Faith)

14.     Rubin alleges that at all times he acted in good faith and within reasonable standards as to the matters alleged in the Amended Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (No Causation)

15.     If Plaintiffs have suffered any injury or harm, which Rubin expressly denies, such harm was not caused by Rubin.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Speculative Damages)

16.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged

damages are speculative.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Comparative Fault)

17.     If Plaintiffs have suffered any injury or harm, which Rubin expressly denies, such

harm is a result of comparative fault of Plaintiffs such that any disbursement from Rubin is

barred and/or must be adjusted or eliminated.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Contribution)

18.     Plaintiffs' claims are barred, in whole or in part, because any and all violations

alleged in the Amended Complaint were proximately caused or contributed to by the acts,

omissions, or conduct of persons or entities other than Rubin.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Set-Off)

19.     Any monies or other consideration claimed to be owed to Plaintiffs by Rubin

represents amounts to which Rubin is entitled to equitable, statutory, and/or contractual set-off.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Misrepresentation)

20.     Plaintiffs are not entitled to the relief requested as a result of fraud and/or

misrepresentation (whether intentional or negligent) perpetrated by Plaintiffs and/or their agents.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Frivolous Claims)

21.     Plaintiffs' claims are asserted in bad faith and are frivolous, unreasonable, and

without foundation.  Rubin is therefore entitled to an award of costs and expenses of litigation,

including reasonable attorney's fees.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**
**(Failure to Join Necessary Parties)**

22.     Plaintiffs' claims are barred, in whole or in part, due to Plaintiffs' failure to join

necessary parties.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**
**(Improper Venue)**

23.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have brought

this case in an improper venue.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**
**(Plaintiffs' Breach)**

24.     Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' breaches of

relevant contractual provisions.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**
**(Spoliation)**

25.     Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' spoliation of

evidence.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**
**(Intervening or Superseding Cause)**

26.     If Plaintiffs have suffered any injuries or harm, which Rubin expressly denies,

such damage was a direct and proximate and/or legal result of the intervening, superseding

actions on the part of other persons or entities, and such intervening, superseding actions bar

recovery herein against Rubin.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**
**(Right to Assert Additional Defenses)**

27.     Rubin presently has insufficient knowledge or information on which to form a

belief as to whether he may have additional yet unstated affirmative defenses.  Rubin reserves

the right to assert additional affirmative defenses in the event discovery or further investigation indicates that asserted additional affirmative defenses would be warranted.

## RUBIN'S COUNTERCLAIMS

Rubin respectfully alleges as counterclaims as follows:

## NATURE OF COUNTERCLAIMS

1.      In the Amended Complaint, Plaintiffs allege that Rubin, directly or through Jennifer Powers, recruited or solicited Plaintiffs to cross state lines and to engage in sexual relations with him.

2.      According to Plaintiffs – after the Court's order on Defendants' motions to dismiss – Rubin is liable for human trafficking as to Plaintiffs Hallman, Caldwell, Lawson, Speight, Hathaway, and Peterson for human trafficking pursuant to 18 U.S.C. § 1591(a); and that Rubin is liable to Plaintiffs Lawson, Hathaway, and Peterson for common-law claims of assault, battery, false imprisonment, and the intentional infliction of emotional distress arising from their encounters with Rubin in December 2016, June 2017, and the summer of 2017, respectively.

3.      Defendants deny any liability with respect to Plaintiffs' claims of human trafficking and common-law claims.

4.      To the extent Defendants are nevertheless found liable, however, due to their conduct, Hallman is likewise liable for Lawson's and Caldwell's human trafficking claims and for Lawson's common-law claims, and Lawson is similarly liable for Caldwell's human trafficking claims.

5.      Accordingly, should Defendants be found liable for any of these claims, Defendants are entitled to contribution from Hallman and Lawson for any damages awarded therefrom.

6.      On October 4, 2016, Caldwell voluntarily and knowingly entered into an enforceable contract with Rubin by signing a General Release Agreement.

7.      Caldwell has breached this contract by filing this lawsuit and thereby pursuing released and waived claims and by failing to abide by the confidentiality and non-disparagement clauses of the General Release Agreement.

## COUNTERCLAIM STATEMENT OF FACTS

8.      Hallman and Lawson both traveled to New York in August 2016 to meet with Rubin.

9.      Messages exchanged between Rubin, Hallman, and Lawson prior to the trip make clear that Hallman and Lawson traveled to New York to engage in rough sex with Rubin, and that they were fully aware of, and consented to, the nature of the meeting.

10.     By their own admissions in the Amended Complaint, Hallman recruited Lawson to come to New York with her to meet with Rubin by asking Defendants' permission to bring Lawson and then persuading Lawson to join her.

11.     Caldwell also traveled to New York to engage in rough sex with Rubin in September 2016.

12.     The Amended Complaint makes clear that Hallman also recruited her friend Caldwell to meet with Rubin by introducing her to Powers as another woman that Rubin might like.

13.     Hallman told Caldwell everything about her previous experience with Rubin, such that Caldwell fully knew what to expect.

14.     Moreover, Hallman alleges she was paid $2,000 for recruiting Caldwell.

15.     Hallman was not alone in recruiting Caldwell, as text messages exchanged between Lawson and Powers establish that Lawson assisted Hallman in recruiting Caldwell.

16.     Lawson joined Hallman on a call with Caldwell in which Lawson told Caldwell what to expect with Rubin, so, again, Caldwell was fully aware of what the encounter would entail.

17.     Accordingly, Hallman contributed to any damages Lawson and Caldwell might have incurred during their meetings with Rubin by recruiting them.

18.     Lawson also contributed to any damages Caldwell might have incurred during her meetings with Rubin by recruiting her.

19.     On October 4, 2016, Caldwell entered into an enforceable contract with Rubin by signing a General Release Agreement.

20.     Section 5 of the General Release Agreement is titled "Final Release of All Claims" and reads as follows:

> In exchange for, and as a condition to, receipt of the payments described in *Section 10* below, you agree to and do release and forever discharge Mr. Rubin, from any and all claims, causes of action, suits, charges, damages, and complaints, whether known or unknown, that you have or may have to date arising out of or related to your engagement in physical relations with Mr. Rubin on September 24 & 25 of 2016 and any subsequent date up until and including the date on which you sign this General Release Agreement.
>
> You, [Caldwell], hereby irrevocably and unconditionally waive, release, and forever discharge Mr. Rubin, as well as any of Mr. Rubin's agents, and assigns, individually and in their representative capacities, from any and all claims and causes of action which you had, has, or may have against Mr. Rubin, whether or not known to you, based upon, arising from, or relating to any and all acts, events, and omissions occurring on or prior to the date upon   which   you   sign   this   General   Release   Agreement.
>
> The claims being waived and released include, but are not limited to:  any and all claims arising from or relating to [Caldwell's] recruitment, hire; b.  any and all claims for monetary damages, wages, severance pay, vacation pay, sick pay, bonuses, commissions, and other compensation and benefits; c.  any and all claims of physical injury; d.  any and all claims of emotional distress and negligence.

21.     Section 6 of the General Release Agreement is titled "Confidentiality" and reads as follows:

> You agree to keep this General Release Agreement, including but not limited to the existence of and amount of payments and benefits, confidential to the fullest extent allowed by law. You agree to keep any information that you possess in regards to Mr. Rubin, Mr. Rubin's private life, preferences, and other information which you are aware of or privy to, in the strictest of confidences. You agree not to discuss or divulge directly or indirectly any information about Mr. Rubin, verbally, in written communication, via text messages, social media, emails or otherwise.

22.     Section 7 of the General Release Agreement is titled "Non-Disparagement" and reads as follows: "You agree not to make any disparaging or negative comments to any third party regarding Mr. Rubin or any of Mr. Rubin's associates."

23.     After signing the General Release Agreement, Caldwell brought this lawsuit, in which she makes claims for, among other things, personal injury and emotional distress arising out of her encounter with Rubin on September 24 and 25, 2016, thereby breaching her obligations under the General Release Agreement.

24.     After signing the General Release Agreement, on information and belief, Caldwell disclosed information regarding, among other things, Mr. Rubin, Mr. Rubin's private life, and Mr. Rubin's preferences to various individuals, including but not limited to Robert Aloi, thereby breaching her obligations under the General Release Agreement.

25.     Rubin has been damaged by these breaches. Among other things, Rubin was damaged when Robert Aloi employed the information which, on information and belief, was disclosed to him by Caldwell in an effort to extort Rubin, an effort which ultimately led to Mr. Aloi's indictment on charges of Attempted Theft by Extortion.

26.     Caldwell's breaches of her contractual obligations have caused Mr. Rubin to suffer humiliation and emotional distress and have resulted in substantial pecuniary loss.

**FIRST COUNTERCLAIM**
**(Contribution – Hallman and Lawson)**

27.     Hallman assisted in recruiting both Lawson and Caldwell to meet with Rubin.

28.     Hallman had knowledge of the nature of the meetings for which she recruited Lawson and Caldwell.

29.     Hallman was directly, or at least partially, responsible for Lawson and Caldwell meeting Rubin, and therefore, any injuries or damages they purportedly suffered.

30.     Hallman was, therefore, the proximate cause of any injuries or damages purportedly suffered by Lawson and Caldwell.

31.     Lawson assisted in recruiting Caldwell to meet with Rubin.

32.     Lawson had knowledge of the nature of the meetings for which she recruited Caldwell.

33.     Lawson was directly, or at least partially, responsible for Caldwell meeting Rubin, and therefore, any injuries or damages she purportedly suffered.

34.     Lawson was, therefore, the proximate cause of any injuries or damages purportedly suffered by Caldwell.

35.     Rubin is entitled to full contribution from Hallman for any and all damages awarded in this litigation arising from Lawson's and Caldwell's human trafficking claims and for Lawson's common-law claims.

36.     Rubin is entitled to full contribution from Lawson for any and all damages awarded in this litigation arising from Caldwell's human trafficking claims.

**SECOND COUNTERCLAIM**
**(Breach of Contract – Caldwell)**

37.     Caldwell entered into an enforceable contract with Rubin by signing the General Release Agreement.

38.     The General Release Agreement included clear terms by which Caldwell released and waived any claims arising from her sexual encounters with Rubin prior to October 4, 2016, agreed to maintain confidentiality regarding the General Release Agreement and Rubin's private life and preferences, and agreed not to disparage Rubin.

39.     Caldwell breached these provisions and failed to perform under the terms of the General Release Agreement by asserting her claims in this lawsuit and, on information and belief, by disclosing confidential information and disparaging Rubin to individuals, including but not limited to Robert Aloi.

40.     Caldwell's breaches were material in that they directly countervailed the key items of consideration which Caldwell agreed to provide in exchange to Rubin pursuant to the General Release Agreement.

41.     Rubin suffered damages as a result of Caldwell's breaches in that those breaches resulted in an extortion plot against Rubin and caused Rubin to suffer humiliation, emotional distress, damages to his reputation, and pecuniary loss.

## PRAYER FOR RELIEF

WHEREFORE, Rubin demands full contribution from Hallman for any and all damages arising from Lawson's and Caldwell's human trafficking claims and for Lawson's common-law claims, jointly and severally; full contribution from Lawson for any and all damages arising from Caldwell's human trafficking claims, jointly and severally; compensatory, direct and consequential damages from Caldwell for breach of contract, plus pre- and post-judgment interest in an amount to be determined at trial; dismissal of Caldwell's claims as barred by the terms of the General Release Agreement; a permanent injunction requiring Caldwell to comply with the General Release Agreement; the reasonable attorney's fees and costs for defending and prosecuting this action, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
      June 13, 2018

DECHERT LLP

By: /s/ Edward A. McDonald
      Edward A. McDonald
      Benjamin E. Rosenberg
      Michael J. Gilbert
      Benjamin M. Rose
      1095 Avenue of the Americas
New York, New York 10035
(212) 698-3500
edward.mcdonald@dechert.com

*Attorneys for Defendant Howard Rubin*