**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HILLARY LAWSON, KRISTINA HALLMAN, STEPHANIE CALDWELL, MOIRA HATHAWAY, MACEY SPEIGHT, ROSEMARIE PATTERSON, and LAUREN FULLER, <br><br> *Plaintiffs*, <br><br> -*against*- <br><br> HOWARD RUBIN, JENNIFER POWERS, YIFAT SCHNUR, STEPHANIE SHON, JOHN DOE, BLUE ICARUS, LLC, and the DOE COMPANY, <br><br> *Defendants*. | Case No.: 1:17-CV-06404 <br><br> **ANSWER TO SECOND AMENDED COMPLAINT, COUNTERCLAIM, AND THIRD PARTY COMPLAINT OF DEFENDANT JENNIFER POWERS** |

Defendant Jennifer Powers, by her attorneys Schlam Stone & Dolan LLP, answers the Second Amended Complaint (the "Complaint") as follows:

## PRELIMINARY STATEMENT

1.     Denies the allegations in paragraph 1 of the Complaint.[1]

2.     Denies the allegations in the first sentence of paragraph 2 of the Complaint, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 2 of the Complaint.

3.     Paragraph 3 states legal conclusions to which no responses are required, but to the extent any allegations of fact a (i.re made, they are denied.

4.     Denies the allegations in paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5.     Paragraph 5 states a legal conclusion to which no response is required.

---

[1] Each time Defendant Powers responds to allegations made against "Defendants," she responds on behalf of herself only and does not make representations as to other defendants.

6.      Paragraph 6 states a legal conclusion to which no response is required.

7.      Paragraph 7 states a legal conclusion to which no response is required.

8.      Paragraph 8 states a legal conclusion to which no response is required.

## PARTIES

### *Plaintiffs*

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

### *Defendants*

16.     Denies participation in any "Venture" and denies knowledge or information sufficient to form a belief as to the rest of the other allegations in paragraph 16.

17.     Admits that she resides in New York, New York, but denies the rest of the allegations in paragraph 17.

18.     Denies participation in any "Venture" and denies knowledge or information sufficient to form a belief as to the rest of the allegations in paragraph 18.

## STATEMENT OF FACTS

### Rubin Background

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

### With the Assistance of An Attorney, Blue Icarus Rents the Penthouse to Serve as the Base for the Venture

26.     Paragraph 26 asserts allegations as to a defendant and causes of action that were dismissed from the case, and thus no response is required.

27.     Paragraph 27 asserts allegations as to a defendant and causes of action that were dismissed from the case, and thus no response is required.

28.     Paragraph 28 asserts allegations as to a defendant and causes of action that were dismissed from the case, and thus no response is required.

29.     Paragraph 29 asserts allegations as to a defendant and causes of action that were dismissed from the case, and thus no response is required.

30.     Paragraph 30 asserts allegations as to a defendant and causes of action that were dismissed from the case, and thus no response is required.

31.     Paragraph 31 asserts allegations as to a defendant and causes of action that were dismissed from the case, and thus no response is required.

32.     Paragraph 32 asserts allegations as to a defendant and causes of action that were dismissed from the case, and thus no response is required.

33.     Paragraph 33 asserts allegations as to a defendant and causes of action that were dismissed from the case, and thus no response is required.

34.     Paragraph 34 asserts allegations as to a defendant and causes of action that were dismissed from the case, and thus no response is required.

### The Venture

35.     Denies participation in any Venture, denies that she was part of any conspiracy, denies that she ever actively recruited women for transportation to the Penthouse, denies that she contacted Plaintiff Speight "in furtherance of the improper objectives of the Venture" on February 7, 2018, and denies knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 35.

36.     Denies the allegations in the first sentence of paragraph 36, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 36.

37.     Denies the allegations in paragraph 37.

38.     Denies the allegations in paragraph 38.

39.     Denies the allegations in paragraph 39.

40.     Denies the allegations in paragraph 40.

41.     Denies that Shon worked "below" her, denies participation in any "Venture," and denies knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 41.

42.     Denies participation in any "Venture," and denies knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 42.

43.     Denies participation in any "Venture," and denies knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 43.

## Powers—a Former Model and Victim of Rubin's—Joins the Venture and Becomes an Integral Member of the Conspiracy

44.     Admits that she is a former Hawaiian Topics model, denies that she "became involved with Rubin ten to twelve years ago," and denies knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 44 of the Complaint.

45.     Denies the allegations in paragraph 45 of the Complaint.

46.     Denies the allegations in paragraph 46 of the Complaint.

47.     Admits that she worked for Rubin in a professional capacity, and denies the rest of the allegations in paragraph 47 of the Complaint.

48.     Denies the allegations in paragraph 48 of the Complaint.

49.     Denies the allegations in the first and second sentences of paragraph 49, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 49.

50.     Denies the allegations in paragraph 50 of the Complaint.

51.     Denies the allegations in paragraph 51 of the Complaint.

52.     Denies the allegations in paragraph 52 of the Complaint.

53.     Denies the allegations in paragraph 53 of the Complaint.

54.     Denies the allegations in paragraph 54 of the Complaint.

**Schnur, One of Rubin's Attorneys, Assists the Venture**

55.     Paragraph 55 asserts allegations as to a defendant and causes of action that were dismissed from the case, and thus no response is required.

56.     Paragraph 56 asserts allegations as to a defendant and causes of action that were dismissed from the case, and thus no response is required.

57.     Paragraph 57 asserts allegations as to a defendant and causes of action that were dismissed from the case, and thus no response is required.

**Hathaway's Background**

58.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Complaint.

59.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Complaint.

**Peterson's Background**

60.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the Complaint.

61.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Complaint.

**Fuller's Background**

62.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Complaint.

63.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Complaint.

## Speight's Background

64.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the Complaint.

65.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the Complaint.

## Hallman's Background

66.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Complaint.

67.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Complaint.

68.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Complaint.

69.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Complaint.

## Lawson's Background

70.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the Complaint.

71.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the Complaint.

72.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Complaint.

**Caldwell's Background**

73.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the Complaint.

74.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the Complaint.

**The Venture Lures Hathaway**

75.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the Complaint.

76.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the Complaint.

77.    Denies that she has "shared similar experiences with Rubin," and denies knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 77 of the Complaint.

78.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 of the Complaint.

79.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the Complaint.

80.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the Complaint.

81.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 of the Complaint.

82.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the Complaint.

83.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 of the Complaint.

84.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 of the Complaint.

85.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the Complaint.

86.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 of the Complaint.

87.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 of the Complaint.

88.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 of the Complaint.

### Rubin Flies Hathaway To New York on Multiple Occasions in 2010 and 2011

89.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89 of the Complaint.

90.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90 of the Complaint.

91.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91 of the Complaint.

92.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 of the Complaint.

93.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 of the Complaint.

94.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 of the Complaint.

95.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95 of the Complaint.

**The Venture's Criminal Acts Against Hathaway**

96.     Denies the allegations in paragraph 96 of the Complaint, except admits that Rubin introduced Hathaway to her.

97.     Denies the allegations in paragraph 97 of the Complaint.

98.     Denies the allegations in paragraph 98 of the Complaint.

99.     Denies the allegations in the first sentence of paragraph 99 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 99, and refers the Court to the Confidentiality Agreement and Release[2] which speaks for itself.

100.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 110.

101.    Denies the allegations in paragraph 101 of the Complaint.

102.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 102.

103.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 103.

104.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 104.

---

[2] The documents Plaintiffs refer to as "NDAs" are actually titled "Confidentiality Agreement and Release," which is how Defendant Powers refers to them.

105.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 105.

106.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 106.

107.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 107.

108.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 108.

109.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 109.

110.    Denies the allegations in paragraph 110 of the complaint, except that she denies knowledge or information sufficient to form a belief as to the truth of allegations that "Rubin did not like to see Hathaway until the bruising he had caused disappeared."

111.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 111.

112.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 112.

113.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 113.

114.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 114.

115.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 115.

11

116.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 116.

117.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 117.

118.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 118.

119.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 119.

120.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 120.

121.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 121.

122.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 122.

123.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 123.

124.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 124.

125.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 125.

126.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 126.

127.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 127.

128.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 128.

129.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 129.

130.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 130.

131.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 131.

132.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 132.

133.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 133.

134.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 134.

135.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 135.

136.    Denies the allegations in paragraph 136.

137.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 137.

138.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 138.

139.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 139.

140.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 140.

141.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 141.

142.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 142.

143.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 143.

144.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 144.

**<u>Hathaway's Injuries</u>**

145.     Denies the allegations in paragraph 145.

146.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 146.

147.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 147.

148.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 148.

149.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 149.

**The Venture Lures Peterson**

150.　　Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 150.

151.　　Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 151.

152.　　Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 152.

153.　　Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 153.

154.　　Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 154.

**The Venture's Criminal Acts against Peterson**

155.　　Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 155.

156.　　Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 156.

157.　　Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 157.

158.　　Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 158.

159.　　Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 159.

160.　　Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 160.

161.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 161.

162.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 162.

163.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 163.

164.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 164.

165.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 165.

166.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 166.

167.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 167.

168.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 168.

169.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 169.

170.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 170.

171.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 171.

172.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 172.

173.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 173.

174.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 174.

175.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 175.

176.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 176.

177.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 177.

178.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 178.

179.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 179.

180.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 180.

181.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 181.

182.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 182.

183.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 183.

184.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 184.

185.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 185.

186.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 186.

187.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 187.

188.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 188.

189.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 189.

190.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 190.

191.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 191.

192.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 192.

193.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 193.

194.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 194.

195.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 195.

196.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 196.

197.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 197.

198.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 198.

199.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 199.

200.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 200.

201.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 201.

202.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 202.

203.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 203.

204.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 204.

205.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 204.

206.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 206.

207.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 207.

208.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 208.

209.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 209.

210.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 210.

211.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 211.

### Peterson's Injuries

212.    Denies the allegations in paragraph 212.

213.    Denies participation in a Venture, and denies knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 213.

214.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 214.

215.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 215.

216.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 216.

217.    Denies participation in any "Venture," and denies knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 217.

**The Venture Lures Fuller**

218.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 218.

219.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 219.

220.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 220.

221.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 221.

**The Venture's Criminal Acts Against Fuller**

222.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 222.

223.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 223.

224.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 224.

225.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 225.

226.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 226.

227.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 227.

228.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 228.

229.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 229.

230.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 230.

231.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 231.

232.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 232.

233.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 233.

234.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 234.

235.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 235.

236.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 236.

237.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 237.

238.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 238.

239.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 239.

240.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 240.

241.    Admits the allegations at paragraph 241.

242.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 242.

243.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 243.

244.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 244, except states that she never came into contact with Fuller.

### Fuller's Injuries

245.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 245.

246.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 246.

247.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 247.

248.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 248.

249.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 249.

**The Venture Lures Speight**

250.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 250.

251.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 251.

252.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 252.

**The Venture's Criminal Acts Against Speight – The March Trip**

253.     Denies the allegations in paragraph 253 of the Complaint.

254.     Denies the allegations in paragraph 254 of the Complaint.

255.     Denies the allegations in paragraph 255 of the Complaint.

256.     Denies the allegations in paragraph 256 of the Complaint.

257.     Denies the allegations in paragraph 257 of the Complaint.

258.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 258, denies the allegations in the second sentence of paragraph 258, and refers the Court to the Confidentiality Agreement and Release which speaks for itself.

259.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 259.

260.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 260.

261.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 261.

**The Venture's Criminal Acts Against Speight – The April Trip**

262.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 262.

263.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 263.

264.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 264.

265.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 265.

266.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 266.

267.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 267.

268.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 268.

**The Venture's Criminal Acts Against Speight – May 2016 Through August 2017**

269.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 269.

270.     Denies the allegations in paragraph 270.

271.     Denies the allegations in paragraph 271.

272.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 272.

273.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 273.

274.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 274.

275.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 275.

276.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 276.

277.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 277.

278.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 278.

279.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 279.

280.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 280.

281.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 281.

282.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 282.

**Speight's Injuries**

283.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 283.

284.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 284.

285.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 285.

286.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 286.

287.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 287.

288.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 288.

289.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences of paragraph 289, and denies the allegations in the second sentence of paragraph 289.

290.     Denies the allegations in paragraph 290.

### The Venture Lures Hallman

291.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 291.

292.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 292.

293.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 293.

294.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 294.

295.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 295.

296.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 296.

297.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 308, and denies the rest of the allegations in paragraph 297.

298.     Denies the allegations in paragraph 298.

299.     Denies the allegations in paragraph 299.

300.     Denies the allegations in paragraph 298.

301.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 301 of the Complaint.

302.     Denies the allegations in paragraph 302 of the Complaint.

303.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 303 of the Complaint.

304.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 304 of the Complaint, except that she denies her participation in any "Venture."

305.     Denies the allegations in paragraph 305 of the Complaint.

306.     Denies the allegations in paragraph 306 of the Complaint, except admits that she purchased plane tickets on JetBlue Airways to New York for Hallman and Lawson with funds supplied by Rubin.

**The Venture Lures Lawson**

307.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 307 of the Complaint.

308.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 308 of the Complaint.

309.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 309 of the Complaint.

310.    Denies the allegations in paragraph 310, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Shon.

311.    Denies the allegations in paragraph 311, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Shon.

312.    Denies the allegations in paragraph 312, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Shon.

313.    Denies the allegations in paragraph 313.

314.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 314 of the Complaint.

**The Venture's Criminal Acts Against Hallman and Lawson – The August 2016 Trip**

315.    Denies the allegations in paragraph 315 of the Complaint.

316.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 316 of the Complaint.

317.    Denies the allegations in paragraph 317 of the Complaint.

318.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 318 of the Complaint.

319.    Denies the allegations in paragraph 319 of the Complaint, except admits that she presented Hallman and Lawson with Confidentiality Agreements and Releases.

320.    Denies the allegations in paragraph 320 of the Complaint.

321.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 321, and denies the allegations in the second sentence of paragraph 321

322.     Denies the allegations in paragraph 322 of the Complaint.

323.     Denies the allegations in paragraph 323 of the Complaint.

324.     Denies the allegations in paragraph 324 of the Complaint.

325.     Denies the allegations in paragraph 325 of the Complaint.

326.     Denies the allegations in paragraph 326 of the Complaint.

327.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 327 of the Complaint, except denies that she had made any "claims" as to how Rubin would treat Hallman or Lawson.

328.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 328 of the Complaint.

329.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 329 of the Complaint.

330.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 330 of the Complaint.

331.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 331 of the Complaint.

332.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 332 of the Complaint.

333.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 333 of the Complaint.

334.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 334 of the Complaint.

335.     Denies the allegations in paragraph 335.

336.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 336 of the Complaint.

337.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 337 of the Complaint.

338.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 338 of the Complaint.

339.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 339 of the Complaint.

340.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 340 of the Complaint.

341.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 341 of the Complaint.

342.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 342 of the Complaint.

343.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 343 of the Complaint.

344.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 344 of the Complaint.

345.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 345 of the Complaint.

346.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 346 of the Complaint.

347.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 347 of the Complaint.

348.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 348 of the Complaint.

349.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 349 of the Complaint.

350.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 350 of the Complaint.

351.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 351 of the Complaint.

352.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 352 of the Complaint.

353.    Denies the allegations in paragraph 353 of the Complaint.

354.    Denies the allegations in paragraph 354 of the Complaint.

355.    Denies the allegations in paragraph 355 of the Complaint.

356.    Denies the allegations in paragraph 356 of the Complaint.

357.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 357 of the Complaint, except denies participation in any "Venture."

## The Venture Lures Caldwell

358.    Denies the allegations in paragraph 358 of the Complaint.

359.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 359 of the Complaint.

360.    Denies the allegations in paragraph 360 of the Complaint.

361.    Denies the allegations in paragraph 361 of the Complaint.

362.    Denies the allegations in paragraph 362 of the Complaint, and refers the Court to the WhatsApp text messages which speak for themselves.

363.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 363 of the Complaint, and denies the allegations in the second sentence of paragraph 363 of the Complaint.

364.    Denies the allegations in paragraph 364 of the Complaint.

365.    Denies the allegations in paragraph 365 of the Complaint, and refers the Court to the Confidentiality Agreement and Release which speaks for itself.

366.    Denies the allegations in paragraph 366 of the Complaint.

367.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 367 of the Complaint.

368.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 368 of the Complaint.

369.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 369 of the Complaint.

370.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 370 of the Complaint.

371.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 371 of the Complaint.

372.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 372 of the Complaint.

373.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 373 of the Complaint.

374.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 374 of the Complaint.

375.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 375 of the Complaint.

376.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 376 of the Complaint, except refers the Court to her WhatsApp text messages which speak for themselves.

377.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentence of paragraph 377 of the Complaint, denies the allegations in the third sentence of paragraph 377 of the Complaint, except admits that she purchased flights for Caldwell in September 2016.

378.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 378 of the Complaint, except denies that she ever made representations to Caldwell regarding the nature of her prospective trip to New York.

### The Venture's Criminal Acts Against Hallman and Caldwell – The September Trip

379.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 379 of the Complaint.

380.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 380 of the Complaint, except denies that she ever required Hallman or Caldwell to sign an NDA.

381.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 381 of the Complaint.

382.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 382 of the Complaint.

383.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 383 of the Complaint.

384.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 384 of the Complaint.

385.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 385 of the Complaint.

386.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 386 of the Complaint.

387.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 387 of the Complaint, denies that Hallman contacted her to ask to book a room at a hotel, and admits that she booked a hotel room in Caldwell's name.

388.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 388 of the Complaint.

389.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 389 of the Complaint.

390.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 390 of the Complaint.

391.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 391 of the Complaint.

392.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 392 of the Complaint.

393.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 393 of the Complaint.

394.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 394 of the Complaint.

395.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 395 of the Complaint.

396.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 396 of the Complaint.

397.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 397 of the Complaint.

398.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 398 of the Complaint.

399.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 399 of the Complaint.

400.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 400 of the Complaint.

401.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 401 of the Complaint.

402.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 402 of the Complaint, except admits that she sent $5,000 via PayPal to Hallman on September 25, 2016.

403.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 403 of the Complaint.

404.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 404 of the Complaint.

405.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 405 of the Complaint.

406.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 406 of the Complaint.

407.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 407 of the Complaint.

408.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 408 of the Complaint.

**After Realizing How Severely Rubin Injured Caldwell, the Venture
Attempts to Quiet Caldwell By Paying Her Additional Money**

409.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 409 of the Complaint.

410.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 410 of the Complaint.

411.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 411 of the Complaint.

412.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 412 of the Complaint.

413.     Denies the allegations in paragraph 413.

414.     Denies the allegations in paragraph 414.

415.    Denies the allegations in paragraph 415, excepts admits that she purchased plane tickets for Caldwell for October 4, 2016.

416.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 416 of the Complaint.

417.    Denies the allegations in paragraph 417.

418.    Denies the allegations in paragraph 418.

419.    Denies the allegations in paragraph 419.

Para 420.  Caldwell never received the copy of the NDA she requested from Powers.

420.    Denies the allegations in paragraph 420.

421.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 421 of the Complaint.

422.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 422 of the Complaint, except denies that she participated in any "Venture."

423.    Denies the allegations in paragraph 423.

424.    Denies the allegations in paragraph 424.

**The Venture's Criminal Acts Against Hallman and Santi – The October Trip**

425.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 425 of the Complaint, except denies that she participated in any "Venture."

426.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 426 of the Complaint.

427.    Denies the allegations in paragraph 427 of the Complaint.

38

428.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 428 of the Complaint.

429.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 429 of the Complaint, except admits that she called an ambulance.

430.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 430 of the Complaint.

431.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 431 of the Complaint.

432.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 432 of the Complaint.

433.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 433 of the Complaint.

434.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 434 of the Complaint.

435.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 435 of the Complaint.

436.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 436 of the Complaint.

437.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 437 of the Complaint.

438.    Denies the allegations in paragraph 438.

439.    Denies the allegations in paragraph 439.

440.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 440 of the Complaint.

441.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 441 of the Complaint.

442.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 442 of the Complaint.

443.    Denies the allegations in paragraph 443 of the Complaint.

444.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 444 of the Complaint.

## The Venture's Criminal Acts Against Lawson – The December Trip

445.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 445 of the Complaint, and denies the allegations in the second sentence of paragraph 445 of the Complaint.

446.    Denies the allegations in the first sentence of paragraph 446 of the Complaint, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 446 of the Complaint.

447.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 447 of the Complaint, except that she denies that she met Lawson during her December 2016 trip.

448.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 448 of the Complaint.

449.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 449 of the Complaint.

450.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 450 of the Complaint.

451.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 451 of the Complaint.

452.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 452 of the Complaint.

453.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 453 of the Complaint.

454.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 454 of the Complaint.

455.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 455 of the Complaint.

456.    Admits the allegations in paragraph 456 of the Complaint.

457.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 457 of the Complaint

458.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 458 of the Complaint

**Lawson's Injuries**

459.    Paragraph 459 states legal conclusions to which no responses are required, and refers to causes of action that were dismissed from to case to which no responses are required, but to the extent any allegations of facts are made that are still relevant, denies participation in any "Venture," and denies knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 459 of the Complaint.

41

460.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 460 of the Complaint.

461.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 461 of the Complaint.

462.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 462 of the Complaint.

463.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 463 of the Complaint.

464.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 464 of the Complaint.

465.     Denies the allegations in paragraph 465 of the Complaint.

466.     Paragraph 466 states legal conclusions to which no responses are required, but to the extent any allegations of facts are made, denies that she knew Lawson is a model whose physical appearance is critical for her ability to earn a living, and denies knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 466 of the Complaint.

467.     Paragraph 467 states legal conclusions to which no responses are required, but to the extent any allegations of facts are made, denies her participation in any "Venture," and denies knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 467 of the Complaint.

**Rubin Comes to Florida and Attempts to Lure Hallman and Caldwell Into Another
Encounter – The March Trip**

468.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 468 of the Complaint, except admits that she sometimes communicated with Hallman and Caldwell.

469.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 469 of the Complaint.

470.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 470 of the Complaint.

471.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 471 of the Complaint.

472.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 472 of the Complaint.

473.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 473 of the Complaint.

474.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 474 of the Complaint.

475.    Denies the allegations in paragraph 475, except that she denies knowledge or information sufficient to form a belief as to the truth of the allegations that "Caldwell never saw Rubin again," and admits that she was still in occasional contact with Caldwell in 2017.

**Hallman's Injuries**

476.    Paragraph 476 states legal conclusions to which no responses are required, and refers to causes of action that were dismissed from to case to which no responses are required, but to the extent any allegations of facts are made that are still relevant, denies participation in

43

any "Venture," and denies knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 476 of the Complaint.

477.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 477 of the Complaint, and denies the allegations in the third sentence of paragraph 477.

478.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 478 of the Complaint.

479.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 479 of the Complaint, except that she denies that she knew that Rubin had broken Hallman's rib.

480.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 480 of the Complaint.

481.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 481 of the Complaint.

482.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 482 of the Complaint.

483.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 483 of the Complaint.

484.    Denies the allegations in paragraph 484 of the Complaint, except that she denies knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 484.

485.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 485 of the Complaint.

486.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 486, except that she denies her participation in any "Venture."

**Caldwell's Injuries**

487.     Paragraph 498 states legal conclusions to which no responses are required, and refers to causes of action that were dismissed from to case to which no responses are required, but to the extent any allegations of facts are made that are still relevant, denies participation in any "Venture," and denies knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 487 of the Complaint.

488.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 488 of the Complaint.

489.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 489 of the Complaint.

490.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 490 of the Complaint.

491.     Denies or information sufficient to form a belief as to the truth of the allegations in paragraph 491 of the Complaint.

492.     Denies the allegations in paragraph 492 of the Complaint, except that she denies knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 492.

493.     Paragraph 493 states legal conclusions to which no responses are required, but to the extent any allegations of facts are made, denies that she knew Caldwell is a model, waitress, and dance whose physical appearance is critical for her ability to earn a living, and denies knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 493 of the Complaint.

494.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 494 of the Complaint, except denies participation in any "Venture."

## The Venture Continues to Engage In Misconduct to this Day, and Is Likely To Continue Unless Stopped By the Court

495.     Paragraph 495 states legal conclusions to which no responses are required, but to the extent any allegations of facts are made, denies the allegations in paragraph 495 of the Complaint.

496.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 496 of the Complaint, except denies that she made misrepresentations to induce any women to enter into an arrangement with Rubin.

497.     Paragraph 497 states legal conclusions to which no responses are required, but to the extent any allegations of facts are made, denies the allegations in paragraph 497 of the Complaint.

498.     Denies the allegations in paragraph 498 of the Complaint.

499.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 499 of the Complaint.

500.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 500 of the Complaint, except denies participation in any "Venture."

501.     Denies the allegations in paragraph 501 of the Complaint.

502.     Denies the allegations in paragraph 502 of the Complaint.

503.     Denies the allegations in paragraph 503 of the Complaint.

504.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 504 of the Complaint.

505.     Denies the allegations in paragraph 505 of the Complaint.

506.    Denies the allegations in paragraph 506 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the reason why Hallman ceased communicating with her.

507.    Denies the allegations in paragraph 507 of the Complaint.

508.    Denies the allegations in paragraph 508 of the Complaint.

**The Venture Attempts to Cover Up Its Wrongdoing**

509.    Denies the allegations in paragraph 509 of the Complaint.

510.    Denies the allegations in paragraph 510 of the Complaint.

511.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 511 of the Complaint, except denies her participation in any "Venture," and admits that she knew that Saland represented Hallman in her criminal state case.

512.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 512 of the Complaint.

513.    Denies the allegations in paragraph 513 of the Complaint, except admits that she communicated with Hallman on August 16, 2017 and that she had plans to meet Hallman that day, and refers the court to the actual text messages which speak for themselves.

514.    As to the allegations in paragraph 514, refers the Court to the text messages which speak for themselves.

515.    As to the allegations in paragraph 515, refers the Court to the text messages which speak for themselves.

516.    Denies the allegations in paragraph 516, and refers the Court to the text messages which speak for themselves.

517.    Denies the allegations in paragraph 517 of the Complaint.

518.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 518 of the Complaint, except denies participation in any "Venture."

519.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 519 of the Complaint.

520.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 520 of the Complaint, except that she denies her participation in any "conspiracy."

521.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 521 of the Complaint, denies her participation in any "Venture."

522.    Paragraph 522 states legal conclusions to which no responses are required, but to the extent any allegations of facts are made, denies the allegations in paragraph 522, and refers the court to the text messages which speak for themselves.

### Attempted Hacking of Plaintiffs' Accounts

523.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 523 of the Complaint, except that she denies her participation in any "Venture."

524.    Denies the allegations in paragraph 524.

525.    Denies the allegations in paragraph 525.

526.    Denies the allegations in paragraph 526.

527.    Denies the allegations in paragraph 527.

528.    Denies the allegations in paragraph 528.

529.    Paragraph 529 states legal conclusions to which no responses are required, but to the extent any allegations of facts are made, denies the allegations in paragraph 529.

530.    Denies the allegations in paragraph 529.

**ACTS OF MISCONDUCT BY EACH DEFENDANT**

**Rubin Engaged in Multiple Acts of Misconduct**

531.     Paragraph 531 refers to causes of action that were dismissed from the case to which no responses are required.

532.     Paragraph 532 refers to causes of action that were dismissed from the case to which no responses are required.

**Powers Engaged in Multiple Acts of Misconduct**

533.     Paragraph 533 refers to causes of action that were dismissed from the case to which no responses are required.

534.     Paragraph 534 refers to causes of action that were dismissed from the case to which no responses are required.

**FIRST CAUSE OF ACTION:  ALL PLAINTIFFS**
**(Violation Of Human Trafficking Laws, 18 U.S.C. § 1591(a) -**
**All Plaintiffs Against Rubin; Plaintiffs Hallman, Lawson, Caldwell, Hathaway,**
**Speight, and Fuller Against Powers)**

535.     Repeats and reallege answers to the allegation made above as if fully set forth at paragraph 535.

536.     Denies the allegations in paragraph 536 of the Complaint.

537.     Denies the allegations in paragraph 537 of the Complaint.

538.     Denies the allegations in paragraph 538 of the Complaint.

539.     Denies the allegations in paragraph 539 of the Complaint.

**SECOND CAUSE OF ACTION: HATHAWAY**
**(Assault – Rubin)**

540.     Repeats and reallege answers to the allegation made above as if fully set forth at paragraph 540.

541.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 541.

542.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 542.

543.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 543.

544.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 544.

545.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 545.

## THIRD CAUSE OF ACTION: HATHAWAY
### (Battery - Rubin)

546.   Repeats and reallege answers to the allegation made above as if fully set forth at paragraph 546.

547.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 547.

548.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 548.

549.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 549.

## FOURTH CAUSE OF ACTION: HATHAWAY
### (False Imprisonment - Rubin)

550.   Repeats and reallege answers to the allegation made above as if fully set forth at paragraph 550.

551.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 551.

552.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 552.

553.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 553.

## FIFTH CAUSE OF ACTION: HATHAWAY
### (Intentional Infliction of Emotional Distress - Powers, Rubin)

554.    Repeats and reallege answers to the allegation made above as if fully set forth at paragraph 554.

555.    Denies the allegations in paragraph 555.

556.    Denies the allegations in paragraph 556.

557.    Denies the allegations in paragraph 557.

558.    Denies the allegations in paragraph 558.

559.    Denies the allegations in paragraph 559.

## SIXTH CAUSE OF ACTION: PETERSON
### (Assault - Rubin)

560.    Repeats and reallege answers to the allegation made above as if fully set forth at paragraph 560.

561.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 561.

562.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 562.

563.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 563.

564.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 564.

565.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 565.

## SEVENTH CAUSE OF ACTION: PETERSON
### (Battery - Rubin)

566.    Repeats and reallege answers to the allegation made above as if fully set forth at paragraph 566.

567.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 567.

568.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 568.

## EIGHTH CAUSE OF ACTION: PETERSON
### (False Imprisonment - Rubin)

569.    Repeats and reallege answers to the allegation made above as if fully set forth at paragraph 569.

570.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 570.

571.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 571.

572.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 572.

573.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 573.

## NINTH CAUSE OF ACTION: PETERSON
### (Intentional Infliction of Emotional Distress – Rubin)

574. Repeats and reallege answers to the allegation made above as if fully set forth at paragraph 574.

575. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 575.

576. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 576.

577. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 577.

578. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 578.

579. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 579.

## TENTH CAUSE OF ACTION: SPEIGHT
### (Assault – Rubin)

580. Repeats and reallege answers to the allegation made above as if fully set forth at paragraph 580.

581. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 581.

582. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 582.

583. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 583.

584.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 584.

585.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 585.

### ELEVENTH CAUSE OF ACTION: SPEIGHT
### (Battery – Rubin)

586.     Repeats and reallege answers to the allegation made above as if fully set forth at paragraph 586.

587.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 587.

588.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 588.

589.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 589.

### TWELFTH CAUSE OF ACTION: SPEIGHT
### (False Imprisonment –Rubin)

590.     Repeats and reallege answers to the allegation made above as if fully set forth at paragraph 590.

591.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 591.

592.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 592.

593.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 593.

## THIRTEENTH CAUSE OF ACTION: SPEIGHT
### (Intentional Infliction of Emotional Distress- Rubin)

594.    Repeats and reallege answers to the allegation made above as if fully set forth at paragraph 594.

595.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 595.

596.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 596.

597.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 597.

598.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 598.

599.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 599.

## FOURTEENTH CAUSE OF ACTION: LAWSON
### (Assault - Rubin)

600.    Repeats and reallege answers to the allegation made above as if fully set forth at paragraph 600.

601.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 601.

602.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 602.

603.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 603.

604.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 604.

605.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 605.

## FIFTEENTH CAUSE OF ACTION: LAWSON
### (Battery - Rubin)

606.     Repeats and reallege answers to the allegation made above as if fully set forth at paragraph 606.

607.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 607.

608.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 608.

609.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 609.

## SIXTEENTH CAUSE OF ACTION: LAWSON
### (False Imprisonment - Rubin)

610.     Repeats and reallege answers to the allegation made above as if fully set forth at paragraph 610.

611.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 611.

612.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 612.

613.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 613.

## SEVENTEENTH CAUSE OF ACTION: LAWSON
### (Intentional Infliction of Emotional Distress – Powers, Rubin)

614.    Repeats and reallege answers to the allegation made above as if fully set forth at paragraph 614.

615.    Denies the allegations in paragraph 615.

616.    Denies the allegations in paragraph 616.

617.    Denies the allegations in paragraph 617.

618.    Denies the allegations in paragraph 618.

619.    Denies the allegations in paragraph 619.

## JENNIFER POWERS' AFFIRMATIVE DEFENSES

### First Affirmative Defense

1.    The Amended Complaint fails to state a claim upon which relief can be granted against Ms. Powers.

### Second Affirmative Defense

2.    Plaintiffs' claims are barred, in whole or in part, because they expressly and/or impliedly consented to and/or had knowledge of all activities alleged in the Amended Complaint to have caused their harm.

### Third Affirmative Defense

3.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of acquiescence.

### Fourth Affirmative Defense

4.    Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation.

### Fifth Affirmative Defense

5.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### Sixth Affirmative Defense

6.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

### Seventh Affirmative Defense

7.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of assumption of the risk.

### Eighth Affirmative Defense

8.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of ratification.

### Ninth Affirmative Defense

9.      Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

### Tenth Affirmative Defense

10.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of settlement and release and/or accord and satisfaction.

### Eleventh Affirmative Defense

11.      Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate their damages.

### Twelfth Affirmative Defense

12.      Plaintiffs' claims are barred, in whole or in part, by the fact that they have not suffered cognizable injuries.

### Thirteenth Affirmative Defense

13.      Ms. Powers acted in good faith and within reasonable standards as to the matters alleged in the Amended Complaint.

### Fourteenth Affirmative Defense

14.      Any injury alleged by Plaintiffs was not caused by Ms. Powers.

### Fifteenth Affirmative Defense

15.     Plaintiffs' claims are barred, in whole or in part, by the fact that Plaintiffs' damages are speculative.

### Sixteenth Affirmative Defense

16.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of comparative fault.

### Seventeenth Affirmative Defense

17.     Plaintiffs' claims are barred, in whole or in part, by the fact that their injuries, if any, were proximately caused by or contributed by persons other than Ms. Powers.

### Eighteenth Affirmative Defense

18.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of equitable, statutory, and contractual set-off and/or recoupment.

### Nineteenth Affirmative Defense

19.     Plaintiffs' claims are barred, in whole or in part, by their own fraud and intentional or negligent misrepresentations and/or the doctrine of in pari delicto.

### Twentieth Affirmative Defense

20.     Plaintiffs' claims are frivolous and asserted in bad faith, and Ms. Powers is entitled to an award of costs including attorneys' fees.

### Twenty-First Affirmative Defense

21.     Plaintiffs' claims are barred, in whole or in part, by their failure to join necessary parties.

### Twenty-Second Affirmative Defense

22.     Plaintiffs' claims are barred, in whole or in part, by their selection of an improper venue.

### Twenty-Third Affirmative Defense

23.     Plaintiffs' claims are barred, in whole or in part, by their own breaches of contract.

### Twenty-Fourth Affirmative Defense

24.     Plaintiffs' claims are barred, in whole or in part, by their spoliation of evidence.

### Twenty-Fifth Affirmative Defense

25.     Plaintiffs' claims are barred, in whole or in part, by the fact that their injuries were caused by intervening or superseding acts of persons other than Ms. Powers.

### Twenty-Sixth Affirmative Defense

26.     Ms. Powers reserves her right to assert additional affirmative defenses as further facts become known and incorporates by reference any defenses asserted by Mr. Rubin


**WHEREFORE**, by reason of the foregoing, Defendant Jennifer Powers demands judgment against in her favor and against each of the remaining Plaintiffs, dismissing with prejudice each of the remaining causes of action asserted against her, the reasonable attorney's fees and costs for defending this action, and such other and further relief as the Court deems just and proper.


### COUNTERCLAIMS AND THIRD-PARTY COMPLAINTS BY DEFENDANT JENNIFER POWERS

Defendant and Counterclaim/Third-Party Complaint Plaintiff Jennifer Powers for her counterclaims against Hillary Lawson, Kristina Hallman, Stephanie Caldwell, Moira Hathaway, Macey Speight, and Lauren Fuller, and for her Third-Party Complaint against Rosemarie Peterson,[3] alleges as follows:

---

[3] Consistent with the Amended Complaint and the Court's protective orders, these names are pseudonyms.

## NATURE OF ACTION AND BACKGROUND

1.      By this action, Plaintiffs are attempting to extort millions from Howard Rubin after knowingly and consensually engaging in lawful sexual activities with him.  Unfortunately, Jennifer Powers is collateral damage in their scheme.

2.      The public shaming of Jennifer Powers was one of Plaintiffs' foundational goals in filing this lawsuit, and was part and parcel of their strategy of using massive adverse publicity to force a multi-million-dollar settlement without the need for litigation to prove their claims.

3.      With respect to Ms. Powers, the text messages between and among Counterclaim Defendants and Third-Party Defendant show that these women gleefully assured Ms. Powers about how much they enjoyed their activities with Mr. Rubin and wanted to repeat them, while also sharing their unrelated personal problems with her.   Ms. Powers tried to be a sympathetic friend, and her responses to Counterclaim Defendants and Third-Party Defendant show her genuine concern and interest in their lives and concerns.

4.      The painful irony here is that the Counterclaim Defendants and Third-Party Defendant have engaged in the very same conduct for which they seek to impose liability against Ms. Powers.

5.      The gravamen of the lawsuit against Ms. Powers is that she allegedly recruited Plaintiffs to travel to New York and participate in BDSM activities with Mr. Rubin while allegedly knowing full well that they would be severely beaten or otherwise physically abused against their will.  Yet, even if this theory were true, by the Counterclaim Defendants' and Third-Party Defendant's own account, at least two of them did the very same thing to multiple other women, including other plaintiffs.

6.      As alleged in the Second Amended Complaint (the "Amended Complaint"), Hallman and Lawson both traveled to New York in August 2016 to engage in sexual activity

with Mr. Rubin.  The Amended Complaint alleges that Hallman persuaded Lawson to come to New York with her to meet with Rubin.  *See, e.g.* Sec. Am. Compl. (ECF Dkt. 161) ¶ 303 ("Hallman contacted Plaintiff Lawson . . . and asked Lawson if she would join her"), ¶ 309 (". . . Hallman called Lawson to **persuade her** to join her on the trip") (emphasis added).

7.      The Amended Complaint further alleges that Hallman also introduced Caldwell to meet with Rubin, *id.* ¶¶ 358, 360, 363 (Hallman introduced Caldwell as another woman "that Rubin might like"), and that Hallman was paid $2,000 by Rubin for the introduction, *id.* ¶ 361.

8.      Text messages between and among Counterclaim Defendants and Third-Party Defendant also revealed that Lawson assisted Hallman in recruiting Caldwell.  Ex. 1, p. 4 (WhatsApp text messages between Lawson and Powers) (On August 25, 2016, Lawson wrote to Powers that she participated in a phone call with Hallman and Caldwell in which Caldwell was told what to expect with Rubin: "I [Lawson] told [Caldwell] on speaker phone [with Hallman] what to expect lol so she knew.").

9.      Lawson and Hallman also recruited, or attempted to recruit, multiple additional non-parties to engage in BDSM activities with Mr. Rubin.  Lawson attempted to recruit a non-party to engage in BDSM activities with Mr. Rubin just a couple of days after her first encounter with Mr. Rubin.  As to Hallman, at the very least, she recruited and attempted to recruit non-parties in October 2016, December 2016, and March 2017.  She actively sought and received compensation for some of these introductions.

10.     Contrary to the allegations in the Amended Complaint, Ms. Powers never recruited or solicited anyone.  Nor did she receive commissions – as did at least one Plaintiff – for introducing anyone to Mr. Rubin.

11.     Plaintiffs' intentional infliction of emotional distress claim is premised upon their allegation that Ms. Powers knowingly aided Rubin in inflecting emotional distress on Plaintiffs, and that knowingly facilitating these violent encounters, if proven, would be conduct "extreme and outrageous" in character and "utterly intolerable in a civilized community." *E.g.* Sec. Am. Compl. at ¶ 617.

12.     Under the theory articulated by Plaintiffs against Ms. Powers, no express agreement between Ms. Powers and Mr. Rubin is required.  Indeed, Plaintiffs have argued that all they need to prove is that Ms. Powers should have realized, after speaking to one of the Plaintiffs following an encounter with Mr. Rubin, what might happen to any future individual she "recruited."  Following this same logic, the fact that several of the Plaintiffs recruited other women – including other Plaintiffs – knowing that they could be assaulted, is sufficient to establish their participation in the alleged conspiracy.  And, of course, under Plaintiffs' legal theory, any participant in a conspiracy is liable for all the acts and harm caused by the conspiracy, even the ones that she did not directly participate in or cause.  In short, as this is Plaintiffs' theory, it is only just and appropriate that it be applied to Plaintiffs' conduct as well.

13.     On this basis, at bare minimum, Hallman and Lawson are as much co-conspirators with Mr. Rubin as is Ms. Powers.  To the extent that Ms. Powers is liable for any aspect of Plaintiffs' claims, Hallman and Lawson are joint tortfeasors, and are liable for contribution or indemnification to Ms. Powers for their proportionate share of their harm caused by the tort.

14.     Separately, all of the Plaintiffs signed a Confidentiality Agreement and Release (the "Agreements") which precluded them from, among other things, disclosing "the identities of the parties or any of Rubin's friends, relatives, associates or colleagues."  Exs. 2-8.

15.	In addition, Caldwell signed a General Release Agreement on October 4, 2016, which again precluded her from, among other things, "discuss[ing] or divulg[ing] directly or indirectly any information about Mr. Rubin" and "disparaging or [making] negative comments to any third party regarding Mr. Rubin or any of Mr. Rubin's associates."  Ex. 9.

16.	Ms. Powers is a "friend" "associate" and "colleague" of Mr. Rubin's, and she is a third-party beneficiary of the Agreements and the General Release Agreement. The filing of this lawsuit as well as the disclosures to the media and other third-parties, including Robert Aloi, have materially breached the Agreements and the General Release Agreement.

17.	Further, through the release in the Confidentiality Agreements and Releases signed by each Plaintiff, and the General Release Agreement signed by Caldwell, Plaintiffs have given up their rights to bring this action and the Queens State Court Action.

18.	Plaintiffs' breaches of the Confidentiality Agreements and Releases and the General Release Agreement have caused great harm to Ms. Powers.  Ms. Powers has standing to recover her damages caused by their breach.

19.	Ms. Powers incorporates by reference, and thus alleges by such incorporation, any of the causes of action asserted by Mr. Rubin against any of the Plaintiffs to the extent that Ms. Powers has standing to assert such claims.  Ms. Powers also incorporates by reference any of the allegations alleged by Mr. Rubin to the extent that they are applicable to her defenses and claims.

## JURISDICTION AND VENUE

20.	Venue is appropriate in the Eastern District of New York because the substantial events or omissions giving rise to the counterclaims and third-party claims are related to the acts and events alleged in the Amended Complaint, and involve the same parties as are before the Court with respect to the claims in the Amended Complaint.

64

21.     Plaintiffs concede that this Court has subject matter jurisdiction over this case. This Court has personal jurisdiction over Plaintiffs/Counterclaim Defendants and the Third-Party Defendant because they subjected themselves to such jurisdiction by participating as Plaintiffs in this lawsuit and because they committed torts within this state and outside the state causing an effect in this state.

## PARTIES

22.     Counterclaim Defendant Hallman, as alleged in the Amended Complaint, is a model for Playboy Enterprises, Inc. and resides in Ft. Lauderdale, Florida.

23.     Counterclaim Defendant Lawson, as alleged in the Amended Complaint, is a model for Playboy Enterprises, Inc. and resides in Daytona Beach, Florida.

24.     Counterclaim Defendant Caldwell, as alleged in the Amended Complaint, is a freelance model and resides in Ft. Lauderdale, Florida.

25.     Counterclaim Defendant Hathaway, as alleged in the Amended Complaint, is a model for Playboy Enterprises, Inc. and resides in Chicago, Illinois.

26.     Counterclaim Defendant Speight, as alleged in the Amended Complaint, is a freelance model and student and resides in Atlanta, Georgia.

27.     Third-party Defendant Peterson, as alleged in the Amended Complaint, was a Playboy model, and resides in Brooklyn, New York.

28.     Counterclaim Defendant Fuller, as alleged in the Amended Complaint, is a model and resides in Miami, Florida.

29.     Counterclaim and Third-Party Complaint Plaintiff Jennifer Powers resides in New York, New York.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Breach of Contract Against All Plaintiffs)**

30.     Ms. Powers repeats and realleges the allegations made above as if fully set forth

herein.

31.     As admitted in the Amended Complaint, each of the Plaintiffs signed and

executed a Confidential Agreement and Release (the "Agreement").  (Attached as Exhibits 2

through 8.)

32.     Each of these Agreements provides, in pertinent part, as follows: "I agree and

promise that:  the existence of this Agreement; the terms and provisions of this Agreement,

including, but not limited to, the amount of money exchanged; the underlying facts to this

Agreement; **the identities of the parties or any of Rubin's friends, relatives, associates or

colleagues**; any information that can lead to discovery of the identities of the parties or any of

Rubin's friends, relatives, associates or colleagues; **all events and communications related to

this Agreement**, will not be disclosed by me to anyone, at any time in the future."  (Emphasis

added).

33.      Each of the Agreements also provided that the Plaintiffs who signed them would

not disparage Mr. Rubin or his "friends, associates, colleagues . . .".

34.      Each of the Agreements also released any claims related to the activities referred

to in the agreements—to wit the BDSM activities sued upon in the Queens Action and in this

case.

35.     Mr. Rubin and Plaintiffs understood and intended that the references to "Rubin's

friends," "associates" and "colleagues" and to "all events and communications related to this

Agreement" would include and mean, among other persons and things, Ms. Powers and her

66

activities in making travel and other arrangements for Plaintiffs to engage in BDSM activities with Mr. Rubin.

36.     The signatories to the Agreements understood and intended for Ms. Powers to be a third-party beneficiary of the Agreements.

37.     Similarly, on October 4, 2016, Caldwell signed a General Release Agreement. (Attached as Exhibit 9.)

38.     The General Release Agreement precluded Caldwell from, among other things, "discuss[ing] or divulg[ing] directly or indirectly any information about Mr. Rubin" and "disparaging or [making] negative comments to any third party regarding Mr. Rubin or any of **Mr. Rubin's associates**" (emphasis added).

39.     Through the General Release Agreement, Caldwell also agreed to "irrevocably and unconditionally waive, release, and forever discharge Mr. Rubin, **as well as any of Mr. Rubin's agents**, and assigns, individually and in their representative capacities, from any and all claims and causes of action which [she] had, has, or may have against Mr. Rubin, whether or not known to [her], based upon, arising from, or relating to any and all acts, events, and omissions occurring on or prior to the date upon which [she] sign[ed] [the] General Release Agreement" (emphasis added).

40.     Caldwell understood and intended for Ms. Powers to be a third-party beneficiary of the General Release Agreement.

41.     The public disclosure of Ms. Powers' identity by Plaintiffs in the Queens State Court Action and in this lawsuit, not to mention the salacious allegations against her, and the massive derogatory publicity campaign orchestrated by Plaintiffs against Mr. Rubin and Ms.

Powers, constitute material (in fact malicious) breaches of the confidentiality, release and non-disparagement provisions of the Agreements which have severely harmed Ms. Powers.

42.     Mr. Rubin complied with any material obligations that he had under these agreements and to the extent that she had any such obligations, Ms. Powers fully performed them as well.

43.     By their disclosure of her identity and the "events and communications related to [the] agreement," and their joining in the Queens Action and/or this action, each of the Plaintiffs materially breached the agreements causing direct and consequential damages to Ms. Powers in an amount to be determined at trial but which exceeds $1 million, and each of the Plaintiffs should be liable for those damages, plus pre-judgment and post-judgment interest on a joint and several basis.

44.     Plaintiffs are also jointly and severally liable for punitive damages because their acts in breach of contract were attendant to a violation of penal law and were directed to the public at large.

45.     Upon information and belief, some, if not all of the Plaintiffs conspired to disclose Ms. Powers' and Mr. Rubin's identities and the activities associated with the Agreements and the General Release Agreement to effectuate a related extortionate scheme involving Robert A. Aloi, against whom a criminal case was brought in the State of New Jersey, Middlesex County, for attempting to extort Mr. Rubin with regard to these very same activities involving the original Plaintiffs.[4]

46.     Indeed, in threatening Mr. Rubin and Ms. Powers, Aloi claimed to be acting on behalf of the original three Plaintiffs in demanding for them millions of dollars not to disclose

---

[4] The action was dismissed for lack of jurisdiction.  The dismissal is currently being appealed.

the names and activities of Mr. Rubin and Ms. Powers.  Aloi was charged with one of more

felonies in connection with that extortionate scheme.

      47.     Aloi could only have learned the detailed information that he used to make his

extortionate threats against Mr. Rubin and Ms. Powers from one or more of the original Plaintiffs

in breach of the Agreements and General Release Agreement.

      48.     For example, during an August 17, 2017, telephone conversation between Aloi

and Yifat Schnur, an attorney for Rubin:

      a.   Aloi stated that he was aware that the alleged altercation between Hallman

and a third-party female took place at Mr. Rubin's "penthouse."  He said

that the information in the police report about that incident were lies, and

that once he would call out the lies and say that the incident actually

happened at Mr. Rubin's "penthouse," and why Hallman and the third-

party female were there, that it would become known that Mr. Rubin has a

"dungeon" that he uses with "playmates."

      b.   Aloi said that "the ladies" – meaning the original Plaintiffs – asked him to

give Mr. Rubin a "heads up" because he is married and has children.

      c.   Aloi specifically said that he was speaking for "the ladies" (the original

Plaintiffs) because they were afraid of the "NDAs" they signed.  He said:

"They're willing for me to go as forward with it as they need to."

      d.   About Ms. Powers, Aloi mentioned that Mr. Rubin's "assistant Jen, is also

a recruiter" and that she brings women to the penthouse.

49.     During this conversation, Aloi disclosed the actual names of the original Plaintiffs and said that Hallman was his ex-girlfriend, and that he had already spoken to lawyers on behalf of the original three Plaintiffs.

50.     During another telephone conversation with Yifat Schnur, an attorney for Rubin, on August 30, 2017, Aloi stated again that he was speaking on behalf of the original three Plaintiffs: "you know as of right now I'm protecting them from a non-disclosure that your client can go after them for talking to me"; "I got. . . let's say 70% of that information [about Mr. Rubin] from Ms. [Hallman]";"I will ask the ladies if they want to talk to you"; "there is a [settlement] number going [around] . . . and the girls want to do something with that money"; and "I'll ask [the girls] to come down off the ten million [requested "settlement"]."

51.     In addition, Plaintiffs were required to, and did produce documents in this court proceeding showing that all three original Plaintiffs, especially Hallman, received many payments from Aloi, and that Aloi and the three original plaintiffs exchanged text messages for years, starting in 2015.

52.     Among the messages is this one from Aloi to a group (either including or limited to the original Plaintiffs), suggesting a massive extortion plan:

> 09/16/2016.  "When we were going to meet in Orlando and there was the issue of you ladies in NYC and my thoughts of what you were doing I agreed to cash. For that one. When that did not happen we did the other arrangements."

53.     In another message apparently to the same group, Aloi states:

> 07/22/2017.  "Hey started a group chat. [Third party name redacted] [Hallman] and [Lawson] want Playboy. Any version but their choose will be Phillipines, Italy and or South Africa. Get with them and get some ideas together. **Also get with me about who we have to bribe** LOL. The ultimate is print duo on the cover." (emphasis added).

54.     Hallman also told Ms. Powers via WhatsApp text messages that she used to date Aloi and work for him.

55.     Caldwell told Ms. Powers during a phone call that Aloi paid for the apartment that she and Hallman lived in, and that both her, Caldwell and Lawson had worked for him.

56.     Upon information and belief, the disclosure of Ms. Powers' identity by, at the very least, Counterclaim Defendants Hallman, Lawson and Caldwell, and their disclosure of the "events and communications related to" the Confidential Agreements and Releases, as well as the public disparagement of Mr. Rubin and Ms. Powers and the filing of the Queens Action and this lawsuit were acts in furtherance of the extortionate scheme in which they participated with Aloi.

57.     Upon information and belief, inasmuch as these wanton and malicious breaches were in furtherance of a criminal scheme, and a violation of the penal law is by definition directed at society, these breaches were directed at the public even if the only intended victims of the scheme were Mr. Rubin and his associates, such as Ms. Powers. For one thing, the fulfillment of the extortion conspiracy required the intentional abuse of the judicial system and the media.

58.     These breaches have caused serious harm to Ms. Powers. She has suffered damages in the form of, inter alia, mental anguish for which she had to be medicated, and disapprobation in her community arising from the false allegations against her. For example, she has been rejected by landlords when she was searching for a new residence and she was rejected by multiple banks who have shut down her account or refused to do business with her.

59.     Accordingly, the intentional, malicious and wanton contractual breaches here entitle Ms. Powers to an award of direct and consequential and punitive damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Contribution Against Hallman and Lawson)

60.     Ms. Powers repeats and realleges the allegations made above as if fully set forth herein.

61.     As set forth above, Hallman recruited Caldwell to participate in BDSM activities with Mr. Rubin.  Hallman received compensation for this.

62.     Hallman also recruited Lawson to participate in BDSM activities with Mr. Rubin.

63.     Hallman had knowledge of the nature of the encounters for which she recruited Lawson and Caldwell.

64.     Hallman was directly, or at least partially, responsible for Lawson and Caldwell meeting Rubin, and therefore, any injuries or damages they purportedly suffered.

65.     Hallman was, therefore, the proximate cause of any injuries or damages purportedly suffered by Lawson and Caldwell.

66.     Lawson also assisted in recruiting Caldwell to meet with Mr. Rubin.

67.     Lawson had knowledge of the nature of the encounters for which she recruited Caldwell.

68.     Lawson was directly, or at least partially, responsible for Caldwell meeting Rubin, and therefore, any injuries or damages she purportedly suffered.

69.     Lawson was, therefore, the proximate cause of any injuries or damages purportedly suffered by Caldwell.

70.     Hallman and Lawson also recruited, and attempted to recruit, other women who are not parties to this action to participate in BDSM activities with Mr. Rubin.  At least Hallman received compensation for doing so.

71.     As such, to the extent that there is a determination that (i) there was an actionable conspiracy between Mr. Rubin and Ms. Powers and (ii) Ms. Powers is held liable to Plaintiffs other than Hallman and Lawson, the Counterclaim Defendants Hallman and Lawson were active participants in the conspiracy and, as joint tortfeasors, are liable for contribution or indemnification for their proportionate share of any damage incurred by any non-co-conspirator Plaintiffs.

72.     To the extent that Ms. Powers is held liable under state law for her alleged actions in this case, as alleged above, Hallman and Lawson engaged in substantially the same conduct, and any liability of Ms. Powers to any other Plaintiffs should be apportioned to Hallman and Lawson as well.  In other words, assuming an actionable conspiracy, Hallman and Lawson engaged in the conspiracy, even only by their conduct, and Hallman and Lawson are as liable as Ms. Powers may be to any other Plaintiff as result for the supposed conspiracy.

**WHEREFORE**, by reason of the foregoing, Defendant and Counterclaim and Third-Party Complaint Plaintiff Jennifer Powers demands judgment against each of the Plaintiffs, Peterson and Fuller in the amount of $1 million in compensatory, direct and consequential damages for breach of contract, and/or prima facie tort, plus pre- and post-judgment interest, and punitive damages on a joint and several basis, and the indemnification or contribution by Hallman and Lawson of liability imposed on Ms. Powers; a permanent injunction requiring Plaintiffs, Peterson and Fuller to comply with the Confidential Agreement and Releases and enjoining them from further violations of these Agreements; a permanent injunction requiring

Caldwell to comply with the General Release Agreement and enjoining her from further violations of the General Release Agreement; the reasonable attorney's fees and costs for defending and prosecuting this action, and such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

73.     Defendant and Counterclaim and Third-Party Complaint Plaintiff Jennifer Powers demands a trial by jury for all issues so triable in this Action.

Dated:  New York, New York
        September 7, 2016

**SCHLAM STONE & DOLAN LLP**

/s/ Douglas E. Grover
Douglas E. Grover
Jeffrey M. Eilender
Niall D. Ó Murchadha
Jolène F. LaVigne-Albert
26 Broadway, 19th Floor
New York, NY 10004
Phone: 212-344-5400
Fax: 212-344-7677

*Attorneys for Defendant Jennifer Powers*