Brian L. Grossman
**BALESTRIERE FARIELLO**
225 Broadway, 29th Floor
New York, New York 10007
Telephone:     (646) 912-8462
Facsimile:     (212) 208-2613
brian.grossman@balestrierefariello.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **HILLARY LAWSON, KRISTINA HALLMAN, STEPHANIE CALDWELL, MOIRA HATHAWAY, MACEY SPEIGHT, ROSEMARIE PETERSON,** and **LAUREN FULLER,**<br><br>                                  Plaintiffs,<br><br>– against –<br><br>**HOWARD RUBIN, JENNIFER POWERS,** and the **DOE COMPANY.**<br><br>                                  Defendants. | Case No.: 1:17-cv-06404 (BMC)<br><br>**PLAINTIFFS' COUNSEL'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR PLAINTIFF CALDWELL AND TO REQUEST A CHARGING LIEN**<br><br>**REDACTED PUBLIC VERSION** |

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ ii

TABLE OF AUTHORITIES ......................................................................................................... iii

PRELIMINARY STATEMENT .................................................................................................... 1

STATEMENT OF FACTS ............................................................................................................. 2

ARGUMENT .................................................................................................................................. 4

    I. WITHDRAWAL IS PROPER IN THIS CASE DUE TO CALDWELL'S ABANDONMENT OF THE CASE AND SINCE THE FIRM'S WITHDRAWAL WILL NOT SIGNIFICANTLY DELAY THIS PROCEEDING ................................................... 4

        A. The Court Should Grant the Motion As Plaintiff Caldwell's Abandonment Of The Case Is Adequate Grounds For The Firm's Withdrawal As Her Counsel ..................... 5

        B. Withdrawal Will Not Prejudice Any Party Nor Significantly Delay the Proceeding .... 6

        C. Caldwell's Abandonment of the Case Breached her Obligations Under the Engagement Agreement, and the Firm Gave Caldwell Notice of—And Numerous Opportunities To Cure—Her Breaches ........................................................................ 7

    II. THE FIRM IS ENTITLED TO AN ATTORNEY'S CHARGING LIEN AGAINST CALDWELL IN AN AMOUNT TO BE DETERMINED AT THE END OF THE CASE SINCE THE FIRM'S WITHDRAWAL IS NOT A WAIVER OF ITS RIGHT TO ASSERT A CHARGING LIEN .......................................................................................... 8

        A. The Firm Represented Caldwell For Over A Year and Thus Has A Basis to Assert its Charging Lien .............................................................................................................. 8

        B. The Firm's Withdrawal is Not A Waiver of its Right to Assert A Charging Lien ........ 9

        C. The Firm's Fee Should Be Determined At The End Of The Case .............................. 10

CONCLUSION ............................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Cases**

*Casper v. Lew Lieberbaum & Co.*,
   97 Civ. 3016 (JGK)(RLE), 1999 WL 335334 (S.D.N.Y. May 24, 1999) ............................... 10

*Cohen v. Grainger, Tesoriero & Bell*,
   81 N.Y.2d 655 (1993) ......................................................................................................... 10

*Dowler v. Cunard Line Ltd.*,
   94 Civ. 7480, 1996 WL 363167 (S.D.N.Y. June 28, 1996)......................................................... 9

*Figueroa v. City of New York*,
   No. 05 CIV. 9594 JGK, 2011 WL 3423390 (S.D.N.Y. Aug. 4, 2011)........................................ 9

*Freund v. Weinstein*,
   No. 08cv1469 (FB), 2009 WL 750242 (E.D.N.Y. March 19, 2009) .......................................... 6

*Furlow v. City of New York*,
   No. 90 Civ. 3956 (PKL), 1993 WL 88260 (S.D.N.Y. Mar. 22, 1993) ....................................... 5

*Itar-Tass Russian News Agency v. Russian Kurier, Inc.*,
   140 F.3d 442, 449 (2d Cir. 1998)................................................................................................ 8

*Itar-Tass Russian News Agency v. Russian Kurier, Inc.*,
   No. 95 Civ. 2144 (JGK), 1999 WL 58680 (S.D.N.Y. Feb. 4, 1999) .......................................... 7

*Karimian v. Time Equities, Inc.*,
   No. 10 CIV. 3773 (AKH)(JCF), 2011 WL 1900092 (S.D.N.Y. May 11, 2011) ................ 4, 5, 6

*Naguib v. Pub. Health Solutions*,
   No. 12 CV 2561 (ENV)(LB), 2014 WL 2002824 (E.D.N.Y. May 15, 2014) ...................... 5, 10

*Rana v. Islam*,
   No. 14-CV-1993 (SHS), 2016 WL 859859 (S.D.N.Y. Mar. 01, 2016) ...................................... 5

*Rosewood Apartments Corp. v. Perpignano*,
   No. 99 Civ. 4226 (NRB), 2005 WL 1084396 (S.D.N.Y. May 5, 2005).................................... 8

*Stair v. Calhoun*,
   722 F. Supp. 2d 258 (E.D.N.Y. 2010) .............................................................................. 5, 8, 9

*Star Funding, Inc. v. Vault Minerals, LLC*,
   No. 15-CV-03026 (GBD)(SN), 2017 WL 7790610 (S.D.N.Y. Aug. 31, 2017) .......................... 4

*United States v. Lawrence Aviation Indus.*,
   No. 06–CV–4818 (JFB)(ARL), 2011 WL 601415 (E.D.N.Y. Feb. 11, 2011) ........................... 5

**Rules**

Judiciary Law Section 475 ............................................................................................................ 8, 9

Local Civil Rule 1.4 ................................................................................................................ 4, 5, 7

Local Civil Rule 1.6 ......................................................................................................................... 9

New York Rules of Professional Conduct 1.16(c)(7) ................................................................. 5, 6

**PRELIMINARY STATEMENT**[1]

Balestriere Fariello (the "Firm") is entitled to withdraw as counsel to Plaintiff Stephanie Caldwell[2] in this action. Caldwell's abandonment of this case over the last several months has made it unreasonably difficult for the Firm to carry out its retention effectively, which is grounds for permissive withdrawal under Local Civil Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"). The Firm's withdrawal will not unduly prejudice Caldwell, nor delay the proceedings, as the Firm will still vigorously litigate all claims for which the Firm was retained on behalf of the remaining Plaintiffs, and since discovery has not yet closed. Caldwell's actions—in addition to providing grounds for withdrawal under Local Civil Rule 1.4, constitute breaches of the engagement agreement Caldwell entered into with the Firm for the provision of legal services (the "Engagement Agreement"). Caldwell's notice of, and lack of cure of, her breaches of the Engagement Agreement provide additional grounds for the Firm to withdraw.[3]

The Firm is entitled to an Attorney's Charging Lien (the "Charging Lien") in the form of either a contingent percentage fee against any interests Caldwell has in this action for the services which the Firm has provided her over the last nearly fourteen months, or as a fee award under any relevant fee shifting statute. The Firm has a statutory right to assert the Charging Lien, and its withdrawal is not a waiver of its right to assert a charging lien as it is made with good cause, namely, Caldwell's abandonment of this action. As the amount of the reasonable fees to be

---

[1] All terms are as defined in Plaintiffs' Amended Complaint (Dkt. No. 66) and in Plaintiffs' MTD Opposition (Dkt. No. 84) unless otherwise defined herein. Plaintiffs provide some definitions for the Court's convenience.

[2] Plaintiffs in this action are proceeding pseudonymously.

[3] Counsel for all Parties had a meet and confer call on Monday, October 1, 2018, at 3:30 p.m. The call lasted approximately ten minutes, with Brian Grossman on the call for Plaintiffs, Benjamin Rose, Esq., on the call for Defendant Rubin, and Jeffrey Eilender, Esq., Jolene F. LaVigne-Albert, Esq., and Douglas Grover, Esq., on the call for Defendant Powers.

1

awarded to the Firm cannot be known without a final judgment or this Court's determination of costs, including reasonable attorney's fees on motion, the Firm respectfully requests that the Court fix the fees the Firm is due at the end of the case.

## STATEMENT OF FACTS

Caldwell began speaking with Balestriere Fariello about her claims on August 17, 2017, and signed the Engagement Agreement with Balestriere Fariello on August 21, 2017. (Declaration of John G. Balestriere in Support of Plaintiffs' Counsel's Motion to Withdraw and To Request A Charging Lien, ("Balestriere Decl."), at ¶ 2.) While Caldwell was generally slow to respond to the Firm's phone calls and emails from the start, her lack of responsiveness turned into outright functional abandonment of the case on or about June 1, 2018.

Indeed, Caldwell has repeatedly failed to provide even the most basic assistance to the Firm since June 1, 2018, and has hindered the Firm's efforts in numerous ways including, without limitation, by (i) failing to attend an appointment, which Caldwell sought and scheduled, at the Firm's office on August 14, 2018, without any explanation or attempt to reschedule at any time; (ii) failing to respond to at least a dozen scheduled phone call appointments without explanation or attempting to reschedule these appointments; (iii) refusing to return phone calls from Firm staff on at least a dozen occasions, despite promising to call back, (iv) refusing to respond to dozens of emails; (v) failing to confirm information that was vital to discovery obligations; (vi) failing to confirm dates for a deposition. (*See* "Balestriere Decl." at ¶¶ 5, 8.)

*The Firm Notifies Caldwell of its Intention to Withdraw*

After sending numerous emails to Caldwell in which the Firm indicated that it would be forced to withdraw as her counsel unless she cooperated with the Firm's prosecution of the action, on September 14, 2018, Firm attorneys wrote Caldwell a letter, titled ███████

2

███████████████████████████████████████████████

██████████████████████████████ (the "Potential Termination Letter"). The Potential Termination Letter listed numerous instances of Caldwell's failure to comply with the Engagement Agreement, and indicated that the Firm would move to withdraw as her attorneys in this action if she did not respond to the letter by September 20, 2018. (Balestriere Decl. at ¶ 10.) The Potential Termination Letter also warned Caldwell that ██████████████████████

████████████████████████████████ (Balestriere Decl. at ¶ 10.)

Firm lawyers followed up via text message to ensure that Caldwell had received the Potential Termination Letter. (Balestriere Decl. at ¶ 13.) ███████████████████

███████████████████████████████████████████████

███████████████████████████████ (Balestriere Decl. at ¶ 14.) ████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

█████ (Balestriere Decl. at ¶¶ 6, 12–13, 15–16, 18, 20, 21.)

Prior to filing this Motion, ████████████████████████████

███████████████████████████████████████████████

████████████ (Balestriere Decl. at ¶ 21.) █████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

3

██████████████████████████████

██████████████████████ (Balestriere Decl. at ¶ 24.) Firm staff attempted to call Caldwell twice on September 28, once at 10:01 a.m. and once again at 10:04 a.m., but Caldwell did not answer the phone either time and her voicemailbox was full. (Balestriere Decl. at ¶ 25.) Firm staff followed up with Caldwell after the missed calls at 10:41 a.m. but she did not respond. (Balestriere Decl. at ¶ 26.)

The Firm later emailed Caldwell on Friday, September 28, informing her that it would be submitting the Motion to Withdraw on Monday, October 1, if she did not work with the Firm to cure all outstanding issues. (Balestriere Decl. at ¶ 27.)

The Firm has been unable to schedule new appointments with Caldwell or otherwise cure her breaches of the Engagement Agreement as of the date of the Motion. (Balestriere Decl. at ¶ 21.)

## ARGUMENT

### I. WITHDRAWAL IS PROPER IN THIS CASE DUE TO CALDWELL'S ABANDONMENT OF THE CASE AND SINCE THE FIRM'S WITHDRAWAL WILL NOT SIGNIFICANTLY DELAY THIS PROCEEDING

The Court should grant the Motion as the Firm has adequate grounds for withdrawal under Rule 1.4 of the Local Rules. Pursuant to Local Civil Rule 1.4 "[a]n attorney who has appeared as attorney of record for a party may be relieved . . . only by order of the Court . . . . upon a showing by affidavit . . . of satisfactory reasons for withdrawal . . . and the posture of the case, including its position, if any, on the calendar and whether or not the attorney is asserting a retaining or charging lien." "The Court thus considers two issues in determining the motion: "the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Star Funding, Inc. v. Vault Minerals, LLC*, No. 15-CV-03026 (GBD)(SN), 2017 WL 7790610, at *1 (S.D.N.Y. Aug. 31, 2017) (quoting *Karimian v. Time Equities, Inc.*, No. 10 Civ. 3773 (AKH)(JCF), 2011 WL 1900092, at *3 (S.D.N.Y. May 11, 2011).) While the decision to grant or deny a motion to withdraw as counsel is

4

within the discretion of the Court, *see Stair v. Calhoun*, 722 F. Supp. 2d 258, 264 (E.D.N.Y. 2010), "where an attorney desires to withdraw from a case, he will in most cases be allowed to do so." *Karimian*, 2011 WL 1900092, at *3. Since Caldwell's conduct has made it unreasonably difficult for the Firm to continue to represent her, and the Firm's withdrawal will not prejudice Caldwell or delay this action, the Court should grant the Motion.

### A. The Court Should Grant the Motion As Plaintiff Caldwell's Abandonment Of The Case Is Adequate Grounds For The Firm's Withdrawal As Her Counsel

The Court should grant the Motion as Caldwell's abandonment of the case is adequate grounds for the Firm's withdrawal as her counsel under Local Civil Rule 1.4. In this District, "[i]t is well-settled that a lawyer may seek to withdraw when the client renders it unreasonably difficult for the lawyer to carry out such employment effectively." *United States v. Lawrence Aviation Indus.*, No. CV06-4818 (JFB)(ARL), 2011 WL 601415, at *1 (E.D.N.Y. Feb. 11, 2011) (internal quotation marks and alterations omitted). Satisfactory reasons for withdrawal include "a client[]s lack of cooperation, including lack of communication with counsel, and the existence of irreconcilable conflict between attorney and client." *Naguib v. Pub. Health Solutions*, No. 12 CV 2561 (ENV)(LB), 2014 WL 2002824, at *1 (E.D.N.Y. May 15, 2014) (granting a withdrawal motion where the client refused to communicate and cooperate with counsel, including failing to appear for her deposition); *see also Rana v. Islam*, No. 14-CV-1993 (SHS), 2016 WL 859859, at *1–4 (S.D.N.Y. Mar. 01, 2016) (granting motion to withdraw, finding clients' failure to communicate with counsel or comply with Court discovery orders "rendered it 'unreasonably difficult' for [counsel] to carry out their duties."); *Furlow v. City of New York*, No. 90 Civ. 3956 (PKL), 1993 WL 88260, at *2 (S.D.N.Y. Mar. 22, 1993) (an attorney may properly withdraw from representation if a client fails to communicate with the attorney). Rule 1.16 of the New York State Rules of Professional Conduct (the "New York Rules") provides, in relevant part, that a lawyer

5

may withdraw from representing a client when "the client fails to cooperate in the representation, or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively." New York Rules of Professional Conduct 1.16(c)(7). Since Caldwell's conduct has made it unreasonably difficult for the Firm to continue to represent her, the Court should grant the Motion.

Caldwell's abandonment of this case over the last several months has made it nearly impossible for the Firm to carry out its retention effectively. Indeed, Caldwell has repeatedly failed to provide even the most basic assistance to the Firm since approximately June 1, 2018, and has hindered the Firm's efforts to prosecute here in the ways detailed above in the Statement of Facts. (Balestriere Decl. at ¶¶ 5–8). Simply put, Caldwell has refused to communicate with or meet with Firm attorneys or staff, including to confirm discovery responses, to prepare for her deposition or even to schedule her deposition. (Balestriere Decl. at ¶¶ 5, 8.) Caldwell's failure to communicate with the Firm has severely inhibited the Firm's ability to litigate this case, to represent Caldwell's interests, and to comply with court-ordered discovery obligations.

### B. Withdrawal Will Not Prejudice Any Party Nor Significantly Delay the Proceeding

Withdrawal is proper at this stage of litigation as it will not prejudice any party nor significantly delay the proceeding. Courts in this Circuit are unlikely to find prejudice based on counsel's withdrawal where, as here, discovery has not yet closed. *See e.g., Freund v. Weinstein*, No. 08cv1469 (FB) (MDG), 2009 WL 750242, at *1 (E.D.N.Y. March 19, 2009) ("[W]ithdrawal at this juncture will not substantially disrupt this litigation since discovery is in the early stages."); *Karimian,* 2011 WL 1900092, at *3 (where discovery in a case has not yet closed and the case is not "on the verge of trial readiness, prejudice is unlikely to be found.") (internal quotation marks

6

omitted). Moreover, the Firm will continue to vigorously litigate on behalf of the remaining Plaintiffs, all claims for which the Firm was retained. The Court should grant the Motion.

### C. Caldwell's Abandonment of the Case Breached her Obligations Under the Engagement Agreement, and the Firm Gave Caldwell Notice of—And Numerous Opportunities To Cure—Her Breaches

Caldwell's actions breached the Engagement Agreement, and her notice of—and lack of intention to cure—her breaches of the Engagement Agreement provide additional grounds for the Firm to withdraw. In determining whether an attorney has cause to withdraw under Local Civil Rule 1.4, a Court may consider the client's breaches of a retainer agreement. *See, e.g., Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, No. 95 Civ. 2144 (JGK), 1999 WL 58680 (S.D.N.Y. Feb. 4, 1999) (plaintiffs' nonpayment of fees, in breach of parties' retainer agreement, constituted "just cause" for counsel's withdrawal). Pursuant to the Engagement Agreement (attached to the Declaration of John G. Balestriere, as Exhibit ("Ex.") A[4]), Caldwell agreed to ▮▮▮▮▮ ▮▮▮▮▮ (Ex. A at 10) ▮▮▮▮▮ ▮▮▮▮▮ (Ex. A at 10), ▮▮▮▮▮ (Ex. A at 10), ▮▮▮▮▮ (Ex. A at 10), ▮▮▮▮▮ ▮▮▮▮▮ (Ex. A at 10.) The Firm reserved all rights to withdraw counsel in this case if ▮▮▮▮▮ ▮▮▮▮▮ (Ex. A at 9.) Caldwell breached all of her obligations, thereby warranting withdrawal.

The Firm gave Caldwell adequate notice and opportunity to cure her breaches of the Engagement Agreement. Indeed, after sending numerous emails to Caldwell in which Firm attorneys indicated that they would be forced to withdraw as her counsel, the Firm continued to

---

[4] All exhibits are attached to the Declaration of John G. Balestriere in Support of Plaintiffs' Counsel's Motion for Leave to Withdraw as Counsel for Plaintiff Caldwell and to Request a Charging Lien dated October 3, 2018.

7

email Caldwell after this date, repeatedly asking her if she would address the Firm's concerns and when she was available to speak. (Balestriere Decl. at ¶¶ 11–21.) Caldwell at times did not respond to these emails, and, when she did, never addressed the Firm's concerns. Caldwell's breaches of her Engagement Agreement with the Firm warrant withdrawal and the Court granting the Motion.

II. **THE FIRM IS ENTITLED TO AN ATTORNEY'S CHARGING LIEN AGAINST CALDWELL IN AN AMOUNT TO BE DETERMINED AT THE END OF THE CASE SINCE THE FIRM'S WITHDRAWAL IS NOT A WAIVER OF ITS RIGHT TO ASSERT A CHARGING LIEN**

The Firm is entitled to an Attorney's Charging lien against any interests Caldwell has in this action for the services which the Firm has provided her over the last nearly fourteen months. Under New York law, an attorney who is discharged is statutorily entitled to a charging lien on any monetary recoveries obtained by the former client in the proceedings in which the attorney had rendered legal services. Judiciary Law Section 475 governs attorneys charging liens in federal courts sitting in New York, and such liens are "enforceable in federal courts in accordance with its interpretation by New York courts." *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 449 (2d Cir. 1998). To establish entitlement to a lien under Section 475, "there must be asserted a claim which can eventuate in there being proceeds payable to, or assets recoverable by, the client as a result of the efforts of the attorney." *Stair*, 722 F. Supp. 2d at 267 (quoting *Rosewood Apartments Corp. v. Perpignano*, No. 99 Civ. 4226 (NRB), 2005 WL 1084396, at *3 (S.D.N.Y. May 5, 2005). The Firm meets this standard, and is entitled to the charging lien.

    A. **The Firm Represented Caldwell For Over A Year and Thus Has A Basis to Assert its Charging Lien**

The Firm has represented Caldwell in this action for over a year and performed significant work on her behalf pursuant to the Engagement Agreement. Caldwell began speaking with Balestriere Fariello about her claims on August 17, 2017. (Balestriere Decl. at ¶ 2,) and signed the Engagement Agreement with Balestriere Fariello on August 21, 2017. Pursuant to the Engagement

8

Agreement, the Firm has actively litigated the case for fourteen months, ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ which has included filing multiple complaints, engaging in significant motion practice, nearly completing all paper discovery, and nearing the completion of depositions and all non-expert discovery. (Balestriere Decl. at ¶ 23.) Moreover, the Engagement Agreement provided that ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ (Ex. A at 9.) The Firm has represented Caldwell in the action for over a year and performed significant work on her behalf pursuant to the Engagement Agreement, and the Firm has a basis to assert its charging lien.

### B. The Firm's Withdrawal is Not A Waiver of its Right to Assert A Charging Lien

The Firm's withdrawal is not a waiver of its right to assert a charging lien. Under New York law, which Caldwell agreed would apply to any dispute between her and the Firm, (Balestriere Decl. at ¶ 3), an attorneys' charging lien under § 475 is not waived by attorneys' withdrawal as long as withdrawal occurs for "just cause." *Dowler v. Cunard Line Ltd.*, No. 94 Civ. 7480, 1996 WL 363167, at *2 (S.D.N.Y. June 28, 1996); *Stair,* 722 F. Supp. 2d at 267 (attorneys who terminate their representation are still entitled to enforce their charging liens, as long as the attorney does not withdraw without "good cause" nor is discharged for "good cause."). Thus, a finding of "good cause" in the context of Local Civil Rule 1.6 is sufficient to support a finding of "just cause" in the context of JL § 475. *See Figueroa v. City of New York*, No. 05 CIV. 9594 JGK, 2011 WL 3423390, at *3 (S.D.N.Y. Aug. 4, 2011) (attorney's withdrawal where continued representation of client would constitute a violation of the New York Rules of Professional Conduct was "good cause" withdrawal under Judiciary Law § 475). Since the Firm's

9

Motion should be granted as a withdrawal for just cause, the Firm should be able to assert a charging lien.

### C. The Firm's Fee Should Be Determined At The End Of The Case

The Firm is entitled to a charging lien in the form of either a contingent percentage fee to be determined at the end of the case, or a fee award, if the Court were to issue one. In determining the amount of a withdrawing attorney's charging lien, "the outgoing attorney has the right to elect a contingent percentage fee based on the proportionate share of the work performed on the whole case." *Naguib,* 2014 WL 2002824 at *2 (granting charging lien where attorney requested "one third of the total settlement or award"). Where the withdrawing attorney elects to a contingent percentage fee, New York Courts often fix the contingent percentage at the end of the case. *See Cohen v. Grainger, Tesoriero & Bell*, 81 N.Y.2d 655, 659 (1993) ("the calculation of a contingent percentage fee is better left to the conclusion of the litigation 'when the amount of the recovery and the relative contributions of the lawyers to it can be ascertained'"); *Casper v. Lew Lieberbaum & Co.*, 97 Civ. 3016 (JGK)(RLE), 1999 WL 335334 at *7 (S.D.N.Y. May 26, 1999) (discussing that the percentage may be fixed at the time of withdrawal, but "is better determined at the conclusion of the case when such factors as the amount of time spent by each lawyer on the case, the work performed, and the amount of recovery can be ascertained"). The Firm is entitled to a charging lien in an amount to be determined at the end of the case.

### CONCLUSION

The Firm is entitled to permissive withdrawal as counsel to Caldwell under Local Civil Rule 1.4 due to Caldwell's near abandonment of this case. Caldwell's notice of—and lack of action to cure—the concerns which the Firm has communicated to her, as well as her breaches of the Engagement Agreement support the Court granting the Motion. Since such Motion should be

10

granted based on the good cause basis for the Firm's withdrawal, the Firm should also be able to assert a charging lien.

Dated:  New York, New York
        October 3, 2018

                                        Respectfully submitted,

                                        _____
                                        Brian L. Grossman
                                        **BALESTRIERE FARIELLO**
                                        225 Broadway, 29th Floor
                                        New York, New York 10007
                                        Telephone:     (646) 912-8462
                                        Facsimile:       (212) 208-2613
                                        brian.grossman@balestrierefariello.com
                                        *Attorneys for Plaintiffs*