John G. Balestriere
**BALESTRIERE FARIELLO**
225 Broadway, 29th Floor
New York, New York 10007
Telephone:  (212) 374-5401
Facsimile:  (212) 208-2613
john.balestriere@balestrierefariello.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **HILLARY LAWSON, KRISTINA HALLMAN, STEPHANIE CALDWELL, MOIRA HATHAWAY, MACEY SPEIGHT, ROSEMARIE PETERSON,** and **LAUREN FULLER,**<br><br>                    Plaintiffs,<br><br>– against –<br><br>**HOWARD RUBIN, JENNIFER POWERS,** and the **DOE COMPANY.**<br><br>                    Defendants. | Case No.: 1:17-cv-06404-BMC<br><br>**DECLARATION OF JOHN G. BALESTRIERE IN SUPPORT OF PLAINTIFFS' COUNSEL'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR PLAINTIFF CALDWELL AND TO REQUEST A CHARGING LIEN**<br><br>**REDACTED PUBLIC VERSION** |

I, John G. Balestriere, an attorney duly admitted to practice law in the Eastern District of New York, of legal age and under penalty of perjury, declare the following:

1.  I am an attorney with the law firm Balestriere Fariello (the "Firm"). The Firm represents Plaintiffs Hillary Lawson ("Lawson"), Kristina Hallman ("Hallman"), Stephanie Caldwell ("Caldwell"), Moira Hathaway ("Hathaway"), Macey Speight ("Speight"), Rosemarie Peterson ("Peterson"), and Lauren Fuller ("Fuller" or collectively, "Plaintiffs") in the above-referenced action, and I submit this declaration in support of Plaintiffs' Counsel's Memorandum

of Law in Support of Motion for Leave to Withdraw as Counsel for Plaintiff Caldwell and To Request A Charging Lien (the "Motion").

2. Caldwell began speaking with Balestriere Fariello about her claims on August 17, 2017, and signed an engagement letter with Balestriere Fariello on August 21, 2017.

3. The Engagement Agreement provided that New York law would apply to any dispute between her and the Firm, and that ███████████████████████████████████████████████████████████████████████████████████████████████████████████

4. While Caldwell was generally slow to respond to the Firm's phone calls or emails from the start, her lack of urgency rapidly turned to outright functional abandonment of the case on or about June 1, 2018.

5. Indeed, after approximately June 1, 2018, I, or one of my colleagues, attempted to speak with Stephanie Caldwell on the phone on over 50 occasions. Those occasions include, but are not limited to, twice on June 6, 2018; seven time on June 8, 2018; twice on June 10, 2018; twice on June 11, 2018; twice on June 12, 2018; twice on June 13, 2018; twice on June 14, 2018; five times on June 15, 2018; twice on June 29, 2018; July 2, 2018; July 10, 2018; twice on July 11, 2018; July 12, 2018; July 13, 2018; July 18, 2018; July 23, 2018; July 30, 2018; August 2, 2018; August 7, 2018; four times on August 8, 2018; August 9, 2018; twice on August 10, 2018; three times on August 13, 2018; August 14, 2018; August 24, 2018; September 4, 2018; September 5, 2018; September 6, 2018; five times on September 10, 2018; and September 14, 2018. Although the phone conversations were scheduled in advance, Caldwell only answered the phone on less than half of these occasions.

6. Indeed, by this time, calling Caldwell had proven fruitless for months—she would virtually never answer her phone, and the Firm was unable to leave voicemails as Caldwell's voice mailbox was virtually always full, so that the only time phone contact was made was when Caldwell wrote the Firm that she was available (though even then, Caldwell generally failed to respond to phone calls without explanation or an attempt to reschedule them).

7. After approximately June 1, 2018, I, or one of my colleagues, emailed Stephanie Caldwell on over 80 occasions prior to Plaintiffs filing this Motion. Caldwell only responded to less than half of the emails that Firm employees sent during this period.

8. However, Caldwell's abandonment of this case after June 1, 2018, was not limited to inattentiveness to phone calls and emails. Other instances of Caldwell's failure to assist the Firm include, without limitation, (i) failing to confirm information that was vital to discovery obligations; (ii) failing to confirm dates for a deposition, and (iii) failing to attend an appointment at the Firm's office on August 14, 2018, without any explanation or attempt to reschedule.

9. After sending numerous emails to Caldwell in which the Firm indicated ███ ████████████████████ on September 14, 2018, Firm attorneys emailed Caldwell a letter, titled ████████████████████████████████████████ (the "Potential Termination Letter"). Firm attorneys subsequently sent the Potential termination letter via FedEx to the address it had on file for Caldwell.

10. The Potential Termination Letter listed numerous instances of Caldwell's failure to comply with the Engagement Agreement, and indicated ████████████████

3

██████████████████████████████████████████████████████

██████████████████████████████████████████████ The Potential Termination Letter also ██████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████

11. On September 14, 2018, a Firm attorney called Caldwell to attempt to confirm Caldwell's receipt of the Potential Termination Letter. The attorney was unable to reach Caldwell or leave a message, as Caldwell's voice mailbox was full.

12. At 4:50 p.m. on September 14, 2018, the same Firm attorney sent Caldwell an email stating that he had tried to call her but was unable to leave a voicemail as the mailbox was full.

13. Later that day, September 14, 2018, the Firm attorney sent Caldwell a text message which informed her ████████████████████████████████████ ████████████████████ Caldwell responded stating ████████████████████████ ████████████████████████████████████

14. On September 14, 2018, at 6:02 p.m., Caldwell responded via email, ████████ ██████████████████████████████████████████████████████ ████████████████████████████████████████

15. On September 14, 2018, at 6:11 p.m., a Firm attorney emailed Caldwell and attempted to schedule a phone call with Caldwell. Caldwell did not respond.

16. On September 18, 2018, at 4:12 p.m., another Firm attorney emailed Caldwell and attempted to schedule a phone call, reminding Caldwell ████████████████████████

██████████████████████████████████████████████████

██████████████████████████

17. Caldwell finally replied on September 19, 2018, at 6:58 p.m. indicating t████

██████████████████████

18. A Firm attorney replied via email to Caldwell less than an hour later, and listed four times during which he would be available for a phone call the next day, again reminding Caldwell ████████████████████████████████████████████████

██████

19. Caldwell did not set up the phone call as promised, and instead replied at 3:14 p.m. the next day, September 20, 2018, writing ████████████████████████████

████████████████████████████████████████████████████████████

████████

20. The Firm attorney replied at 6:51 p.m. on September 20, 2018, and attempted to set up a phone call with Caldwell to discuss her concerns, as well as the Firm's.

21. Caldwell replied on at 1:01 p.m. on September 21, 2018, writing ████████

████████████████████████████████████████████████████████████

████████████████████████ Subsequent email exchanges between Firm staff and Caldwell were not fruitful, and prior to filing this Motion, on Wednesday, September 26, 2018, Firm attorneys emailed a draft of the Motion and related papers to Caldwell, again asking her to advise Firm attorneys when she could speak.

22. The Firm has been unable to schedule new appointments with the Firm or otherwise cure her breaches of the Engagement Agreement as of the date of the Motion.

5

23. Pursuant to the Engagement Agreement, the Firm has actively litigated the case for fourteen months, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ which has included filing multiple complaints, engaging in significant motion practice, nearly completing all paper discovery, and nearing the completion of depositions and all non-expert discovery.

24. An attorney at the Firm spoke with Caldwell on the phone on Wednesday, September 26, and Caldwell committed to speaking on Friday, September 28, at 10:00 a.m. to go through all of the discovery documents the Firm needed Caldwell to review, give the Firm dates for her deposition, and review the Answer to Defendants' counterclaims against her.

25. Firm staff attempted to call Caldwell twice on September 28, once at 10:01 a.m. and once again at 10:04 a.m., but Caldwell did not answer the phone either time and her voice mailbox was full.

26. Firm staff followed up with Caldwell after the missed calls at 10:41 a.m. but she did not respond.

27. The Firm later emailed Caldwell on Friday, September 28, informing Caldwell that it would be submitting the Motion to Withdraw on Monday, October 1, if she did not work with the Firm to cure all outstanding issues.

28. Attached to this declaration as Exhibit A is a true and correct copy of the Engagement Agreement signed by Caldwell on August 21, 2017.

29. Attached to this declaration as Exhibit B is a true and correct copy of the Potential Termination Letter that was sent to Caldwell.

30. Attached to this declaration as Exhibit C is a true and correct copy of an email exchange between Brian L. Grossman, Esq., and Stephanie Caldwell, dated September 14, 2018.

31. Attached to this declaration as Exhibit D is a true and correct copy of a text message exchange between Brian L. Grossman, Esq., and Stephanie Caldwell, dated September 14, 2018.

32. Attached to this declaration as Exhibit E is a true and correct copy of an email from Brian L. Grossman, Esq., to Stephanie Caldwell dated September 14, 2018, at 6:11 p.m.

33. Attached to this declaration as Exhibit F is a true and correct copy of an email from John G. Balestriere to Stephanie Caldwell, dated September 18, 2018, at 4:12 p.m.

34. Attached to this declaration as Exhibit G is a true and correct copy of an email exchange between Stephanie Caldwell and John G. Balestriere dated September 19, 2018.

35. Attached to this declaration as Exhibit H is a true and correct copy of an email from Stephanie Caldwell and John G. Balestriere dated September 20, 2018, at 3:14 p.m.

36. Attached to this declaration as Exhibit I is a true and correct copy of an email from Stephanie Caldwell and John G. Balestriere dated September 21, 2018, at 1:01 p.m.

37. Attached to this declaration as Exhibit J is a true and correct copy of an email from Stephanie Caldwell and John G. Balestriere dated September 21, 2018, at 1:20 p.m.


Dated: New York, New York
       October 3, 2018

By: _____
John G. Balestriere
**BALESTRIERE FARIELLO**
225 Broadway, 29th Floor
New York, New York 10007
Telephone: (212) 374-5401
Facsimile: (212) 208-2613
john.balestriere@balestrierefariello.com
*Attorneys for Plaintiffs*

7