

**BRIAN L. GROSSMAN**
BALESTRIERE FARIELLO
225 Broadway, 29th Floor
New York, New York 10007
T: +1-646-912-8462
F: +1-212-208-2613
brian.grossman@balestrierefariello.com
www.balestrierefariello.com

October 9, 2018

**VIA ECF**
Honorable Steven M. Gold
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: *Lawson et al. v. Rubin et al.*, No. 1:17-cv-06404-BMC
     Substitute Service of Wes Edens and Loredana Ferriolo

Dear Judge Gold:

  My Firm represents Plaintiffs in the above-referenced action. I write regarding Plaintiffs' numerous attempts to serve third-party witnesses Wes Edens and Loredana Ferriolo and to respectfully request that Plaintiffs be permitted to use substitute service to serve both Edens and Ferriolo deposition subpoenas. On Wednesday, October 3, at 4:00 p.m., counsel for all parties had a meet and confer call regarding Plaintiffs' request for substitute service. The call lasted approximately ten minutes with attorneys Brian Grossman for Plaintiffs, Niall O'Murchadha (and later Doug Grover) for Defendant Powers, and Ed McDonald and Benjamin Rose for Defendant Rubin. Defendants did not consent or take a position as to Plaintiffs' request for substitute service of Edens or Ferriolo.

  Plaintiffs respectfully request the Court permit them to serve deposition subpoenas on Wes Edens and Loredana Ferriolo pursuant to Rule 45 of the Federal Rules of Civil Procedure, by substitute service by (i) leaving a copy of the subpoena at their places of business; (ii) attaching a copy of the subpoena to the door of their residence(s); and (iii) mailing a copy of the subpoena to their residences by certified mail. Where a party attempts and fails to serve a third-party with a deposition subpoena, and the third-party is aware of such attempts, the party may serve the third-party via substitute service. *JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, No. 08 Civ. 9116(PGG), 2009 WL 1313259, at *3 (S.D.N.Y. May 11, 2009); *Jade Apparel, Inc. v. Steven Schor, Inc.*, No. 11 Civ. 2955(KNF), 2012 WL 3578593, at *2 (S.D.N.Y. Aug. 15, 2012). A third-party is aware of a party's attempt to serve them with a subpoena where a process server speaks with a receptionist at their place of work, a resident of their home, or calls and asks for the third-party to accept service. *Jade Apparel*, 2012 WL 3578593, at *2.

  Plaintiffs' process server attempted to serve Edens on 6 occasions. (Affidavits of Di Cong Jiang, Nicholas DiCanio, and Nicholai Granados, Exhibit A at 1–2.) Plaintiffs' process server went to Edens' company, Fortress Investment Group LLC, on 1 occasion in an attempt to



serve Edens. (Exhibit A at 1.) The receptionist at Fortress informed the process server that Edens was not there and that Edens had a different office location (despite Fortress being his company), but would not tell the process server the location of that office. (Exhibit A at 1.) Edens is aware that Plaintiffs are trying to serve him with a subpoena and has avoided such service.

Plaintiffs' process server also attempted to serve Ferriolo at her residence on 8 occasions. (Exhibit A at 3–5.) However, on all such occasions, Ferriolo has either not answered the door or has not been home. (Exhibit A at 3–5.) The process server spoke with Ferriolo's doorman to confirm that Ferriolo did in fact live at that address. (Exhibit A at 3–5.) Ferriolo is aware that Plaintiffs are attempting to serve her with a subpoena for a deposition and is avoiding service.

Plaintiffs respectfully request the Court permit Plaintiffs to serve both Edens and Ferriolo through substitute service by (i) leaving a copy of the subpoena at their places of business (where applicable); (ii) attaching a copy of the subpoena to the door of their residence(s); and (iii) mailing a copy of the subpoena to their residences by certified mail.

Respectfully,

Brian L. Grossman

cc:     Counsel of record (via ECF)