JOHN J.D. McFERRIN-CLANCY, Esq.
Attorney at Law
17 State Street, 40th Floor
New York, NY  10004
(646) 771-7377
jmc@mcferrin-clancy.com

October 11, 2018

**VIA ECF**
Honorable Brian M. Cogan
U.S.D.J.
United States District Court
225 Cadman Plaza East
Brooklyn, NY  11201

    Re:    *Lawson, et al. v. Rubin*, et al., 1:17-cv-06404-BMC-SMG

Dear Judge Cogan:

I represent Yifat V. Schnur, Esq.  As the Court will recall, Ms. Schnur was a defendant in the above-referenced action, until it dismissed the claims against her and imposed Rule 11 sanctions on plaintiffs' counsel for bringing those claims.  Ms. Schnur intends to bring a separate action against (among others) plaintiffs and their counsel, for the intentional and baseless destruction of Ms. Schnur's previously good name, reputation and business.  In order to properly plead her claims, Ms. Schnur seeks partial relief from certain protective orders entered by the Court.  I write to request the Court's guidance on how best to proceed, whether by letter, conference or an order to show cause, to obtain that relief.  The question is urgent, because the limitations period on some of Ms. Schnur's claims will expire at the beginning of November 2018.

**Ms. Schnur's Anticipated Lawsuit**

As Your Honor is aware, plaintiffs accused Ms. Schnur (a former prosecutor, practicing lawyer and orthodox Jewish mother of four young children) of managing and controlling  a criminal enterprise, for the purpose of engaging in sex trafficking by luring, sexually assaulting  and beating women.  Plaintiffs accused Ms. Schnur of intimidating witnesses and engaging in unethical conduct to conceal and further these crimes.  While Your Honor's rulings have provided some relief, Ms. Schnur has suffered substantial and irreparable harm to her personal and professional reputation as a result of those allegations.  For this reason, Ms. Schnur intends to sue plaintiffs and plaintiffs' counsel, along with others who worked with them, in New York State Court.  In order to pursue her claims, Ms. Schnur needs partial relief from this Court's protective orders that will in no way undermine those orders or harm the plaintiffs.

**Partial Relief From Order Sealing Plaintiffs' Names**

The Court has ordered that Ms. Schnur not reveal the true names of plaintiffs.  Ms. Schnur needs to be able to share that information with me and those staff and attorneys working for me.  Further, it is likely not possible to sue plaintiffs under their pseudonyms in State Court.  CPLR 1025 allows suits against "doe" parties, but only when their identity is unknown.  Ms. Schnur, the anticipated plaintiff in the State

Hon. Brian M. Cogan
October 11, 2018

Court case, knows the names. See, ABKCO Indus., Inc. v. Lennon, 52 A.D.2d 435, 441 (1st Dep't 1976)("Section 1024 allows use of the John Doe caption only where plaintiff is ignorant of the name or identity of a proper party defendant"). Failure to comply is a jurisdictional defect.

Ms. Schnur seeks the Court's permission to reveal the names to the State Court, on the condition that she will seek to file them under seal and will prosecute the lawsuit using the same pseudonyms as in the instant action before this Court.

**Partial Relief Regarding Discovery Material**

Under the discovery protective order, the parties may only use discovery responses and material obtained in this action for the purpose of this action. However, substantial evidence of the falsity of the allegations against Ms. Schnur, as well as evidence of the malice and utter disregard for the truth by plaintiffs' counsel and plaintiffs are set out in the discovery in this action. Ms. Schnur should be permitted to use that discovery material in her offensive action. This relief will not prejudice plaintiffs' counsel or plaintiffs. Inevitably, they will have to produce that material in Ms. Schnur's offensive action. Ms. Schnur should be permitted to reference the discovery to plead her complaint fully. Moreover, it is unfair for Ms. Schnur now to have to parse her memory between what she knew independently and what she learned in discovery in this case, for fear of unintentionally violating this Court's order. There is no unfair prejudice to the plaintiffs from this relief and they can identify none, particularly as this Court has already held that they should not have sued Ms. Schnur in the first place.

**Urgency**

One of Ms. Schnur's anticipated claims is for defamation based on the plaintiffs' use of the media against her in the fall of 2017. Plaintiffs and plaintiffs' counsel first published these scurrilous allegations to the press on November 3, 2017. The statute of limitations with regard to that first publications is about to expire. See, CPLR 215(3). Therefore, Ms. Schnur requires the relief sought as soon as possible.

I wrote to all counsel Monday, asking if there was any objection to the relief sought. Plaintiffs' counsel objected. The other parties did not respond.

For these reasons, Ms. Schnur respectfully requests that the Court either grant this relief by letter endorsement, or provide us with guidance as to what expedited procedure the Court would prefer we pursue to obtain this relief timely.

                                                                Respectfully submitted,

                                                                John J.D. McFerrin-Clancy, Esq.

cc: Counsel of record via ECF