FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ OCT 2 9 2018 ★

BROOKLYN OFFICE

# Attention:

## Honorable Judge Brian M. Cogan

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF NEW YORK

---

HILLARY LAWSON, KRISTINA HALLMAN, :

STEPHANIE CALDWELL, MOIRA :

HATHAWAY, MACEY SPEIGHT, :

ROSEMARIE PETERSON and LAUREN :     CIVIL ACTION NO.

FULLER, :     1:17-cv-06404(BMC)

           Plaintiffs, :

    v. :

HOWARD RUBIN, JENNIFER POWERS, :

YIFAT SCHNUR, STEPHANIE SHON, JOHN :

DOE, BLUE ICARUS, LLC, and the DOE :

COMPANY, :

         Defendants.

---

## MOTION TO QUASH SUBPOENA DUCES TECUM

    PLEASE TAKE NOTICE Robert Aloi moves for an order quashing the subpoena duces tecum served upon AT&T Corp with the address of One AT&T Way Bedminster, New Jersey 07921-0752 (Exhibit 1) and for a protective order blocking the taking of his deposition in this action, and further blocking the disclosure of investigative reports, notes, and materials, and granting a stay of discovery.

## ARGUMENT

I. On October 17,2018 Magistrate Judge Steven M. Gold Granted A Motion to Quash A Subpoena brought on by Robert Aloi. In that motion (Exhibit 2) it clearly states Robert Aloi was requesting a protective order blocking the taking of his deposition in this action, and further blocking the disclosure of investigative reports, notes, and materials, and granting a stay of discovery. Defendant Rubin is clearly violating that Order by attempting to request information from a Third Party that directly pertains to Robert Aloi.

II. Robert Aloi asks this Court to quash subpoena because the information Rubin is seeking is too broad and contains Private Information. The subpoena at issue directed to the non-party to the case lack any reasonable degree of specificity and otherwise seek records the relevance of which is impossible to discern by virtue of the requests' vagueness and overbreadth. There are messages that are protected under the attorney/client laws. Rubin has requested all records for Robert Aloi from AT&T which cannot differentiate from public and private. This vague and overbroad subpoena suggest nothing more than Rubin's attempt at gathering alternative-means discovery. As such, quashing this subpoena is the justified remedy.

III. Robert Aloi asks this Court to quash the subpoena because Robert Aloi would like to invoke his Fifth Amendment Right. As the subpoena states, Mr. Aloi has an ongoing criminal matter in the State of New Jersey. Complaint Number 1205-W-2017-000988, Police Case #17-01149. This matter is ongoing and any documentation revealed in a matter that Mr. Aloi is not named in would jeopardize the outcome of that case. Magistrate Judge Steven M. Gold agreed that any information that was sought from earlier Subpoena was protected by Robert Aloi's Fifth Amendment Right. Defendant Rubin is attempting to undermine Judge Gold's decision by seeking the same information from the third party AT&T that was already ruled protected.

IV. Defendant Rubin's subpoena is an attempt to circumvent around the discovery process. Robert Aloi is a non named party. Mr. Aloi need not

be held to an undue burden of time, harassment, expense and daily disruption.

Robert Aloi therefore respectfully request that the Motion to Quash Subpoena be granted. Robert Aloi requests Rubin through council immediately contact AT&T and withdraw the request. Robert Aloi requests that if any information does happen to be delivered to their office, that they notify all parties and guarantee they will destroy without viewing. If sanctions are in order, that Robert Aloi respectfully requests sanctions be ordered against Rubin and/or his attorneys.

A proposed Order is attached.

DATED: October 25, 2018

Respectfully submitted,

*Robert Aloi*

*15480 Annapolis Road #202*

*Bowie, MD 20715*

*301-938-5648*

*Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2018, I filed the foregoing with the Clerk of court by Mailing this motion to the Clerk of the Courts UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK 225 Cadman Plz E, Brooklyn, NY 11201. I further certify that I Emailed the foregoing document and the notice of filing to counsel of record Benjamin Rosenberg at Benjamin.rosenberg@dechert.com.

Robert Aloi

Pro Se

Copied on Email were the following:

edward.mcdonald@dechert.com

Nicole.Delgado@dechert.com

michael.gilbert@dechert.com

Ben.Rose@dechert.com

Nathan.McClellan@dechert.com

john.balestriere@balestrierefariello.com

A hard copy was also mailed to

AT&T

One AT&T Way

Bedminster, New Jersey 07921-0752

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HILLARY LAWSON, KRISTINA HALLMAN, STEPHANIE CALDWELL, MOIRA HATHAWAY, MACEY SPEIGHT, ROSEMARIE PETERSON and LAUREN FULLER, <br><br> Plaintiffs, <br><br> v. <br><br> HOWARD RUBIN, JENNIFER POWERS, YIFAT SCHNUR, STEPHANIE SHON, JOHN DOE, BLUE ICARUS, LLC, and the DOE COMPANY, <br><br> Defendants. | : <br> : <br> : <br> : CIVIL ACTION NO. <br> : 1:17-cv-06404 (BMC) <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

## SUBPOENA DUCES TECUM

To:     AT&T Corp.
        One AT&T Way
        Bedminster, New Jersey 07921-0752

PLEASE TAKE NOTICE THAT you are commanded, pursuant to Rule 45 of the Federal Rules of Civil Procedure, to produce for inspection and copying to the offices of Dechert LLP, Three Bryant Park, 1095 Avenue of the Americas, New York, NY 10036-6797 (attention: Benjamin E. Rosenberg), on or before November 5, 2018, all documents specified in Attachment A to this subpoena, in accordance with the Definitions and Instructions set forth in Attachment A.

This subpoena has been issued by the United States District Court for the Eastern District of New York. Your failure to comply with this subpoena may be punished as contempt of that court. Pursuant to the requirements of Rule 45(a)(1)(A)(iv) of the Rules, the text of Rule 45(d) and (e) is reproduced herein.

Dated: October 22, 2018
New York, New York

DECHERT LLP

By:     *s/ Benjamin E. Rosenberg*
Benjamin E. Rosenberg
1095 Avenue of the Americas
New York, New York 10036
(212) 698-3500
(212) 698-3599 (facsimile)
benjamin.rosenberg@dechert.com

## ATTACHMENT A

## DEFINITIONS

1.  Local Civil Rule 26.3(c)(1) (Uniform Definitions in Discovery Requests) shall apply to this Subpoena.

2.  The term **"Communication"** means the transmittal of information in the form of facts, ideas, inquiries or otherwise. Local Civil Rule 26.3(c)(1).

3.  The term **"Concerning"** means relating to, referring to, describing, evidencing or constituting. Local Civil Rule 26.3(c)(7).

4.  The term **"Document"** is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), and includes writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilation, stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. A draft or non-identical copy is a separate document within the meaning of this term. Fed. R. Civ. P. 34(a); Local Civil Rule 26.3(c)(2).

5.  The term **"Electronically Stored Information"** ("ESI") includes, without limitation, the following:

    i.   information that is generated, received, processed, and recorded by computers and other electronic devices including, without limitation, voicemail;

    ii.  internal or external websites;

    iii. output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, AOL Instant Messenger (or similar programs) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and

regardless of whether said electronic data exists in an active file, a deleted file, or file fragment; and activity listings of electronic mail receipts and/or transmittals; and

iv.    any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or on any other media for digital data storage or transmittal, such as, but not limited to, a personal digital assistant, *e.g.*, BlackBerry, iPhone, Palm Pilot, or similar devices, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all documents requested herein.

6.    The term "**Identify,**"

i.    when used with respect to a person, means to give, to the extent known: (i) the person's full name; (ii) the person's present or last known address; and (iii) when referring to a natural person, additionally, the person's present or last known place of employment. Local Civil Rule 26.3(c)(3); and

ii.    when used with respect to a document, means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, you may produce the document, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d). Local Civil Rule 26.3(c)(4).

7.    The term "**Person**" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association. Local Civil Rule 26.3(c)(6).

8.    The term "**Phone Number**" refers to telephone number **(301) 938-5648,** belonging to, or otherwise associated with, Robert A. Aloi.

9.    The term "**You**" or "**Your**" means AT&T Corp. and any of its affiliates, subsidiaries, attorneys, present or former officers, directors, employees, agents, consultants, representatives, and assigns, and all other Persons acting or purporting to act for or on behalf of AT&T Corp., whether or not authorized to do so.

## INSTRUCTIONS

1.     Documents called for by this Subpoena are to include all portions and pages of each Document, and all attachments, enclosures, appendices, and supporting documentation, including, without limitation, originals, copies, non-identical copies (that may contain handwritten notes, markings, stamps, interlineations or electronic information), drafts, working papers, routing slips, and similar materials.

2.     A Document is deemed in Your actual or constructive possession, custody, or control if it is in Your physical custody, or if it is in the physical custody of any other Person and You (a) own such Document in whole or in part; (b) have a right, by control, contract, statute, order, or otherwise, to use inspect, examine or copy such Document on any terms; (c) have an understanding, express or implied, that You may use, inspect, examine, or copy such Document upon any terms; or (d) have, as a practical matter, been able to use, inspect, examine, or copy such Document when You sought to do so. For the avoidance of doubt, a Document is deemed in Your actual or constructive possession, custody, or control if it is accessible on a network or server that You maintain.

3.     The specifications of this Subpoena are to be construed as being inclusive rather than exclusive. Thus, use of the singular form of any word includes the plural and vice versa; words importing one gender include both genders; the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this Subpoena all Documents that might otherwise be construed to be outside of its scope; the words "all," "any," and "each" shall each be construed as encompassing "any and all." Local Civil Rule 26.3(d).

4. In producing responsive Documents, You should furnish all Documents in Your possession, custody, or control, regardless of whether such Documents are possessed directly by You or by Your principals, employers, directors, officers, partners, members, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by Your attorneys or their agents, employees, representatives or investigators.

5. You are to produce any and all drafts and copies of each Document that are responsive to any specification of this Subpoena and all copies of each such Document that are not identical in any respect, including but not limited to handwritten notes, markings, stamps, interlineations, and electronic information.

6. With respect to ESI:

    i. All electronic mail and spreadsheets responsive to this Subpoena that are maintained in the usual course of business in electronic format are to be produced in their native format along with the software necessary to interpret such files if such software is not readily available.

    ii. All other Documents responsive to this Subpoena that are maintained in the usual course of business in electronic format are to be produced in properly utilized, multi-page TIFF Group IV format complete with full text extracts and all associated metadata.

    iii. All Documents responsive to this Subpoena are to be produced with the metadata normally contained within such Documents, including the necessary Concordance, Introspect or other database load files. If such metadata is not available, each Document is to be accompanied by a listing of all file properties relating to such Documents, including, but not limited to, all information relating to the date(s) the Documents was last accessed, created, modified or distributed, and the author(s) and recipient(s) of the Documents.

    iv. Under no circumstances should ESI be converted from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome to use. ESI should not be produced in a form that removes or significantly degrades the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means. Databases or

underlying data should not be produced without first discussing production format issues with Plaintiff's counsel. If You decline to search or produce ESI on the ground that such ESI is not reasonably accessible because of undue burden or cost, identify such information by category or source and provide detailed information regarding the burden of cost You claim is associated with the search or production of such ESI.

7. All Documents that are physically attached to each other when located for production are to be left so attached when produced. Documents that are segregated or separated from other Documents, whether by inclusion in binders, files, subfiles, or by use of dividers, tabs or any other method, are to be left so segregated or separated when produced. Documents are to be produced in the order in which they were maintained and in the files in which they were found.

8. If any Document, or any part of a Document, called for by this Subpoena has been destroyed, discarded, lost, or otherwise disposed of or placed beyond Your custody or control, You are to furnish a list identifying each such Documents by: (a) date; (b) author; (c) recipient(s); (d) type of Documents (e.g., letter, memorandum, chart, e-mail, etc.); (e) general subject matter; (f) the Document's present or last-known location or custodian; (g) the date of the Document's destruction or other disposition; (h) the reason for such destruction or other disposition; and (i) the Person authorizing such destruction or other disposition.

9. Each specification of this Subpoena requires production in full, without abbreviation, redaction, or expurgation, of any responsive Documents. If any responsive Document is not or cannot be produced in full, produce it to the extent possible, indicating which Document, or portion of that Document is being withheld, and the reason(s) it is being withheld.

10. Documents not otherwise responsive to specifications of this Subpoena are to be produced if such Documents mention, discuss, refer to, or explain the Documents that are

responsive to this Subpoena, or if such Documents are attached to Documents responsive to this Subpoena and constitute routing slips, transmittal memoranda, or letters, comments, evaluations or similar materials.

11. If in responding to this Subpoena, You encounter any ambiguity in construing it or any definitions and instructions relevant to it, set forth the matter or term deemed "ambiguous" and the construction used in responding to the Subpoena.

12. If a privilege is claimed as the basis for not producing any Document, You are to furnish a privilege log setting forth, for each such Document: (a) nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; (b) the type of Document (e.g., letter, memorandum, etc.); (c) the general subject matter of the Document; (d) the date of the Document; and (e) the author of the Document, the addressees and any other recipients of the Document and, where not apparent, the relationship of the author, addressees, and recipients to each other. Local Civil Rule 26.2(a).

13. The specifications of this Subpoena are submitted for the purposes of discovery and are not to be taken as waiving any objections to the introduction of evidence on subjects covered by this Subpoena, or as an admission of the relevance or materiality of any of the matters covered by this Subpoena.

14. Unless otherwise indicated, the Relevant Time Period for this Subpoena is from January 1, 2017 to through and including the date on which You produce documents in response to this Subpoena. Unless otherwise specified, the documents subject to this Subpoena are those created during the Relevant Time Period.

## DOCUMENTS TO BE PRODUCED

1.     All Documents Concerning or reflecting any phone calls made to or from the Phone Number, including, but not limited to, phone records and Documents sufficient to show the dates, times, and corresponding phone numbers for said calls.

2.     All Documents Concerning or reflecting any text messages, or any other type of messaging, sent or received by the Phone Number, including, but not limited to, Documents showing or reflecting the contents of said messages, and Documents sufficient to show the dates, times, and corresponding phone numbers for said messages.

3.     All Documents Concerning or reflecting and/or audio recordings of any voicemails received by the Phone Number, including, but not limited to, any transcripts of said voicemails, and Documents sufficient to show the dates, times, and corresponding phone numbers for said voicemails.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**

**(A) Appearance Not Required.** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B) Objections.** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**

**(A) When Required.** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B) When Permitted.** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C) Specifying Conditions as an Alternative.** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:

**(A) Documents.** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B) Form for Producing Electronically Stored Information Not Specified.** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C) Electronically Stored Information Produced in Only One Form.** The person responding need not produce the same electronically stored information in more than one form.

**(D) Inaccessible Electronically Stored Information.** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**

**(A) Information Withheld.** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B) Information Produced.** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

# EXHIBIT 2

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

---

HILLARY LAWSON, KRISTINA HALLMAN, :

STEPHANIE CALDWELL, MOIRA :

HATHAWAY, MACEY SPEIGHT, :

ROSEMARIE PETERSON and LAUREN : CIVIL ACTION NO.

FULLER, : 1:17-cv-06404(BMC)

          Plaintiffs, :

   v. :

HOWARD RUBIN, JENNIFER POWERS, :

YIFAT SCHNUR, STEPHANIE SHON, JOHN :

DOE, BLUE ICARUS, LLC, and the DOE :

COMPANY, :

         Defendants.

---

## MOTION TO QUASH SUBPOENA DUCES TECUM

    PLEASE TAKE NOTICE Robert Aloi moves for an order quashing the subpoena duces tecum served upon him, and for a protective order blocking the taking of his deposition in this action, and further blocking the disclosure of investigative reports, notes, and materials, and granting a stay of discovery.

**ARGUMENT**

Defendant Rubin's subpoena violates the Federal Rules of Civil Procedure. Under

Rule 45, a court is required to quash a subpoena that fails to allow enough time to comply.

I. Defendant Rubin's Subpoena Fails to Allow a Reasonable Time to Comply The subpoena requesting an extensive list of documents was served less than fourteen (14) days before the date required to produce, an insufficient amount of time for Robert Aloi to comply. Mr. Aloi was served after 6pm EST on a Friday evening. There were no issues with service as this was the first attempt at serving and was made without any delays on Mr. Aloi's behalf. Rule 45(c)(3)(i) provides that the Court "must quash or modify a subpoena that fails to allow a reasonable time to comply." (emphasis added). This subpoena for documents does not allow Robert Aloi enough time to collect, review, and produce these documents in the timeframe proposed by Defendant Rubin's subpoena. The subpoena requests documents from over a three year period, including bank/ payroll statements, emails, phone messages and meeting minutes—some of which may be sensitive, and could not be produced without careful review and, potentially, a protective order. Robert Aloi cannot reasonably comply with the subpoena for documents within fourteen days, and ask this Court to quash the subpoena for documents upon these grounds alone.

II. Robert Aloi asks this Court to quash the subpoena because Robert Aloi would like to invoke his Fifth Amendment Right. As the subpoena states, Mr. Aloi has an ongoing criminal matter in the State of New Jersey. Complaint Number 1205-W-2017-000988, Police Case #17-01149. This matter is ongoing and any documentation revealed in a matter that Mr. Aloi is not named in would jeopardize the outcome of that case.

III. Robert Aloi asks this Court to quash the subpoena as one or more of the named Defendants and Plaintiffs may be named in civil litigation brought on by Robert Aloi. Maryland council has been sought concerning filing several claims to one or more of the named parties. Any release of information pursuant to this case may do harm to that Discovery process. These documents include emails, text messages and voice messages that would assist in the claims to be brought by Robert Aloi to some parties named above.

IV. Defendant Rubin's subpoena is an attempt to circumvent around the discovery process. Robert Aloi is a non named party. The requested information can and should be obtained through the named parties.

Defendant is asking for information that can be obtained from those parties therefore Mr. Aloi need not be held to an undue burden of time, expense and daily disruption when any information the Defendant Rubin is seeking can be requested from both Plaintiffs and Co Defendants and their council.

Robert Aloi therefore respectfully request that the Motion to Quash Subpoena be granted.

A proposed Order is attached.

DATED: August 30, 2018

Respectfully submitted,

*Robert Aloi*

*15480 Annapolis Road #202*

*Bowie, MD 20715*

*301-938-5648*

*Pro Se*



**UNITED STATES POSTAL SERVICE.**

*Retail*

ATTN: Pro Se Office



**US POSTAGE PAID**
# $6.70

Origin: 20715
Destination: 11201
0 Lb 8.40 Oz
Oct 25, 18
2309360715-21

1006

## PRIORITY MAIL 2-Day ®

EXPECTED DELIVERY DAY: 10/27/2018    **C030**

### USPS TRACKING NUMBER

9505 5110 0982 8298 3429 31

ATTN: Pro Se Office



PS00001000014

EP14F July 2013
OD: 12.5 x 9.5

---

PRESS FIRMLY TO SEAL    PRESS FIRMLY TO SEAL

**PRIORITY MAIL
POSTAGE REQUIRED**



**F PRIORITY ★ MAIL ★**


**UNITED STATES POSTAL SERVICE ®**
VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM:
Aloi
15480 Annapolis Rd
Ste #202
Bowie, MD 20715



TO: United States District Court
Eastern District of New York
225 CADman Plaza East
Brooklyn, NY 11201

ATTN: Pro Se Office

Label 228, March 2016    FOR DOMESTIC AND INTERNATIONAL USE

ATTN: Pro Se Office

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE


**UNITED STATES POSTAL SERVICE.**



P S 0000 1000 0014

EP14F July 2013
OD: 12.5 x 9.5

# PRIORITY ★ MAIL ★

**FLAT RATE ENVELOPE**

ONE RATE ★ ANY WEIGHT★

Attention
Pro SE
Office



# UNITED STATES
# POSTAL SERVICE®



TRACKED*
INSURED*