```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
HILLARY LAWSON, KRISTINA                         :
HALLMAN, STEPHANIE CALDWELL,                     :
MOIRA HATHAWAY, MACEY SPEIGHT,                   :
ROSEMARIE PETERSON, and LAUREN                   :
FULLER,[1]                                       :   ORDER
                                                 :
                Plaintiff,                       :   17-cv-6404 (BMC)
                                                 :
        -against-                                :
                                                 :
HOWARD RUBIN, JENNIFER POWERS,                   :
and Doe Company,                                 :
                                                 :
                Defendants.                      :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiffs' counsel has moved to withdraw as to plaintiff Stephanie Caldwell on the grounds that Caldwell has abandoned the case and refused to cooperate with counsel. Plaintiffs' counsel has also requested a charging lien against Caldwell. Caldwell has not opposed the motion.[2] As explained further below, the motion is granted. Within 14 days of the date of this order, new counsel must appear on Caldwell's behalf or she must advise the Court that she intends to represent herself. If she fails to do either of those things within 14 days, the Court will conclude that that she no longer wishes to pursue this action, and her claims will be dismissed.

Under Local Civil Rule 1.4, "[a]n attorney who has appeared as attorney of record for a party may be relieved . . . only by order of the Court . . . . upon a showing by affidavit . . . of satisfactory reasons for withdrawal . . . and the posture of the case, including its position, if any,

---

[1] The names listed in the caption are pseudonyms adopted by plaintiffs pursuant to a protective order.

[2] In the order waiving the premotion conference, the Court ordered plaintiffs' counsel to serve plaintiff Caldwell with a copy of that order and their motion. Plaintiffs' counsel filed proof that they served Caldwell via email on October 12, 2018.

on the calendar and whether or not the attorney is asserting a retaining or charging lien." Satisfactory reasons for withdrawal include "a client's lack of cooperation, including lack of communication with counsel, and the existence of irreconcilable conflict between attorney and client." Farmer v. Hyde Your Eyes Optical, Inc., 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014) (quoting Naguib v. Pub. Health Solutions, No. 12-CV-2561, 2014 WL 2002824, at *1 (E.D.N.Y. May 15, 2014)).  In determining whether an attorney has cause to withdraw under Local Civil Rule 1.4, a court may consider the client's breaches of a retainer agreement.  See, e.g., Itar-Tass Russian News Agency v. Russian Kurier, Inc., No. 95 Civ. 2144, 1999 WL 58680, at *12 (S.D.N.Y. Feb. 4, 1999).

Here, one of plaintiffs' counsel has produced an affidavit detailing how Caldwell has refused to communicate with or meet with counsel, including to confirm discovery responses, to prepare for her deposition, or to schedule her deposition.  Plaintiffs' counsel has also produced Caldwell's retainer agreement, in which she agreed to "cooperate and fully participate in the conduct of any matter . . ., including providing [counsel] with information we need in order to adequately represent you."  The retainer agreement lists as examples of that cooperation: "reasonably being available for meetings in our office and for phone calls"; "promptly responding to any correspondence we send to you, including e-mails"; and "promptly providing truthful and complete responses to any requests for information."  Plaintiffs' counsel has also attached a copy of the potential termination letter that they sent Caldwell on September 14, 2018, informing her that they planned to withdraw the following week if she failed to respond and to provide the information that plaintiffs' counsel needed.  Plaintiffs' counsel included an email in which Caldwell acknowledged receiving the letter.

Plaintiffs' counsel has demonstrated satisfactory grounds for withdrawal. The documentation of Caldwell's lack of cooperation – failure to respond to requests for information and to return calls or emails – shows that it has lasted several months and is not capable of being repaired. The affidavit and exhibits filed by plaintiffs' counsel show that Caldwell received notice (in the retainer agreement itself and through the notice-of-termination letter, which Caldwell acknowledged receiving) and an opportunity to cure the problems that the notice-of-termination letter identified. This evidence of notice is not required, but it supports the Court's conclusion that Caldwell's lack of cooperation is willful, rather than an honest misunderstanding. Furthermore, permitting plaintiffs' counsel to withdraw as to Caldwell will not significantly impact the proceeding because expert discovery is still pending and counsel will continue to represent the other six plaintiffs. See, e.g., Freund v. Weinstein, No. 08cv1469, 2009 WL 750242, at *1 (E.D.N.Y. March 19, 2009).

The only remaining issue, therefore is the charging lien. Plaintiffs' counsel seeks to impose a lien as compensation for the services that plaintiffs' counsel provided, either in the form of a contingent percentage fee on Caldwell's interest in the action or as a fee award under a fee-shifting statute, as compensation for the services that plaintiffs' counsel provided over the 14 months that they represented her in this matter.

New York Judiciary Law § 475 provides that, in any court in the state, "the attorney who appears for a party has a lien upon his or her client's cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, award, settlement, judgment or final order in his or her client's favor." Judiciary Law § 475 applies in federal courts sitting in New York state. Itar-Tass, 140 F.3d at 449. "[A]ttorneys who terminate their representation are still entitled to enforce their charging liens, as long as the attorney does not withdraw without 'good

3

cause' and is not discharged for 'good cause.'" Stair v. Calhoun, 722 F. Supp. 2d 258, 267 (E.D.N.Y. 2010).

Some courts in this district have stated or assumed that the "good cause" required to maintain a charging lien after withdrawal is a higher standard than the "satisfactory reason" required to successfully withdraw as counsel under Local Civil Rule 1.4. See, e.g., Joffe v. King & Spalding LLP, No. 117CV03392, 2018 WL 4732792, at *3 (S.D.N.Y. Oct. 2, 2018); Stair, 722 F.Supp.2d at 268. But courts have found "good cause" to withdraw based on the breakdown of the attorney-client relationship. See Joffe, 2018 WL 4732792, at *4 n.8.

Here, the Court has determined that plaintiffs' counsel has shown "satisfactory reasons" for withdrawing as counsel for Caldwell because Caldwell has repeatedly failed to cooperate with her counsel by failing to maintain contact, failing to produce documents to respond to discovery obligations, and refusing to provide a date that she could sit for a deposition, in breach of the terms of her retainer agreement. The Court concludes that the same repeated failure to cooperate constitutes "good cause" to enforce a charging lien against Caldwell's portion of the recovery.

However, plaintiffs' counsel has not moved for the Court to award a fee now and instead asks the Court to determine the amount of the lien at the end of the case. The Court agrees that it would be prudent to determine the lien amount at the end of the case so that it will have the benefit knowing the total amount of time spent by counsel on the case, the work performed, and the amount of recovery. The Court therefore defers determination of the lien amount until the end of the case.

In light of her counsel's withdrawal, within 14 days of the date of this order, new counsel must appear on Caldwell's behalf or she must advise the Court that she intends to represent herself. If she fails to do either of those things within 14 days, her claims will be dismissed.

Plaintiffs' counsel is directed to serve Caldwell with a copy of this order and to file proof of service on the docket.

**SO ORDERED.**

                                                                           _____
                                                                                            U.S.D.J.

Dated: Brooklyn, New York
       November 8, 2018

Case 1:17-cv-06404-BMC-SMG   Document 204   Filed 11/09/18   Page 5 of 5 PageID #: 4125