UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| HILLARY LAWSON, KRISTINA HALLMAN, STEPHANIE CALDWELL, MOIRA HATHAWAY, MACEY SPEIGHT, ROSEMARIE PETERSON and LAUREN FULLER,<br><br>                               *Plaintiffs*,<br><br>             -*against*-<br><br>HOWARD RUBIN, JENNIFER POWERS, and the DOE COMPANY,<br><br>                               *Defendants*. | Case No.: 1:17-CV-06404 (BMC)(SMG) |

# DEFENDANT HOWARD RUBIN'S MEMORANDUM OF LAW IN OPPOSITION TO ROBERT ALOI'S MOTION TO QUASH SUBPOENA DUCES TECUM

Edward A. McDonald
Benjamin E. Rosenberg
Michael J. Gilbert
Benjamin M. Rose
DECHERT LLP
1095 Avenue of the Americas
New York, New York 10036
(212) 698-3500

*Attorneys for Defendant Howard Rubin*

Defendant Howard Rubin respectfully submits this memorandum of law in opposition to Robert Aloi's Motion to Quash Subpoena Duces Tecum (the "Motion"), dated October 25, 2018, and requests that the Motion be denied in its entirety.

## PRELIMINARY STATEMENT

Despite having each sent multiple text messages, and having signed agreements, in which they consented to engage in rough sex with Howard Rubin in exchange for money, Plaintiffs allege violations of the human trafficking statute, SAC ¶¶ 535-39, and state law tort claims related to their sexual encounters with Rubin, *id.* ¶¶ 540-619. Rubin contends that these encounters were consensual and that Plaintiffs, who engaged in repeated encounters with him, were fully informed that rough sex would be involved. Accordingly, evidence of Plaintiffs' communications about Rubin are of critical importance.

Robert Aloi ("Aloi"), who is not a party to this action, is an individual who communicated with certain Plaintiffs about their encounters with Rubin, including via telephone, text messages, and other messaging applications. On September 18, 2017, the State of New Jersey filed a criminal complaint against Aloi, alleging that his conduct and communications with Rubin concerning Rubin's sexual encounters with certain of the Plaintiffs constituted criminal extortion. *State of New Jersey v. Robert A. Aloi*, Complaint Number 1205-W-2017-000988, Police Case #17-01149. The criminal case against Aloi was subsequently dismissed, and the State of New Jersey is currently appealing the dismissal.

In August 2017, Rubin served a subpoena on Aloi (the "Aloi Subpoena"), seeking the production of certain documents containing information concerning Defendants, Plaintiffs, and his New Jersey criminal case. *See* August 17, 2018 Subpoena Duces Tecum to Aloi, attached as

1

Exhibit 1.[1]  Aloi filed a motion to quash the Aloi Subpoena on the grounds that producing documents responsive to the Subpoena would violate his fifth amendment privilege against self-incrimination.  *See* August 30, 2018 Motion to Quash Subpoena Duces Tecum, attached as Exhibit 2.  On October 17, 2018, the Court granted the motion, holding that Aloi could not be compelled to produce the documents sought because his production of documents would be testimonial and incriminating, thereby violating the fifth amendment privilege.  [NYSCEF No. 169.]

On October 23, 2018, Rubin served a third-party subpoena on AT&T Corp. (the "AT&T Subpoena"), requesting the production of documents concerning or reflecting any (i) phone records, (ii) text and other phone messages, and (iii) voicemails, associated with a number registered under Aloi's name for the limited time period of January 1, 2017 to the present.  *See* October 22, 2018 Subpoena Duces Tecum to AT&T Corp., attached as Exhibit 3.  On the same day, counsel for Rubin served a copy of the AT&T Subpoena on Aloi.  *See* October 23, 2018 email chain between Nicole C. Delgado to Robert Aloi, attached as Exhibit 4.  Aloi responded by informing Rubin's counsel that he intended to file a motion to quash the AT&T Subpoena later that week.  *Id.*

Although AT&T has not yet responded to the Subpoena, Aloi has moved to quash.  Rose Decl. ¶ 6.  The Motion should be denied because Aloi lacks standing to challenge the AT&T Subpoena, and his vague and conclusory arguments fail to establish any applicable privacy right or privilege with respect to the documents sought.  Aloi fails to offer any valid basis for quashing the Subpoena, and the Motion should be denied.

## ARGUMENT

---

[1] All citations to exhibits in this Opposition are to exhibits to the November 8, 2018 Declaration of Benjamin Rose ("Rose Decl."), filed concurrently herewith.

## I. THE MOTION IS PROCEDURALLY IMPROPER

As a threshold matter, the Motion is improper because, despite having been previously informed of his meet and confer obligations in connection with the Aloi Subpoena, Aloi has violated this Court's rules for a second time by failing to meet and confer with counsel for Rubin before filing the Motion. *See* Local Rule 37.3; Individual Practices of Judge Brian M. Cogan § III(A); Rose Decl. at ¶ 7. Some of the issues raised in this Motion might have been resolved if the parties had first met and conferred. For example, Aloi claims that the documents sought supposedly contain information protected by attorney-client privilege. While Aloi fails to meet his burden of establishing the existence of any attorney-client privilege, Rubin is amenable to excluding from AT&T's production any privileged communications to or from Aloi's lawyers.

Additionally, Rubin does not have an interest in obtaining *all* of the text messages and voicemails sent and received by Aloi; however, it could not be expected that nonparty AT&T would run the searches necessary to produce only those texts and voicemails related to Rubin. Although counsel for Rubin used best efforts to limit the scope of the Subpoena by restricting the applicable time period to the greatest extent possible, counsel for Rubin would have nonetheless considered a request by Aloi to limit the production to texts and voicemails related to Rubin.

## II. THE MOTION PROVIDES NO VALID BASIS TO QUASH THE AT&T SUBPOENA

Aloi makes four arguments as to why the AT&T Subpoena ought to be quashed, arguing that: (1) the requests for production in the AT&T Subpoena are vague, overbroad, unduly burdensome, and harassing; (2) the AT&T Subpoena seeks "Private Information;" (3) the AT&T Subpoena seeks communications protected by the attorney-client privilege; and (4) the AT&T Subpoena violates Aloi's fifth amendment privilege against self-incrimination and the Court's

3

prior order quashing the Aloi Subpoena. Motion at 2-3. For the reasons set forth below, each of these arguments fail.

### A. Aloi Lacks Standing to Challenge the AT&T Subpoena

First, Aloi asks the Court to quash the AT&T Subpoena on the grounds that the requests for production are allegedly vague, overbroad, unduly burdensome, and harassing. Motion at 2-3. This argument fails because Aloi lacks standing to challenge the AT&T Subpoena on such grounds.

Aloi is not the subpoenaed party and is not being compelled to do anything with respect to the Subpoena. Therefore, Aloi lacks standing to challenge the Subpoena based on his objections to vagueness, overbreadth, burden, and harassment. *United States v.* Cre, 853 F. Supp. 72, 73 (E.D.N.Y. 1994) ("The subpoenaed records, while pertaining to [movant], are not considered his and therefore he is not being compelled to do anything and lacks standing to challenge the subpoena [on the grounds that the subpoena was served to harass the movant]"); *Toussie v. Allstate Ins. Co.*, No. 14 CV 2705 (FB) (CLP); 15 CV 5235 (ARR) (PK), 2017 U.S. Dist. LEXIS 174251, at *4-5 (E.D.N.Y. Oct. 20, 2017) (holding that plaintiffs lacked standing to quash a subpoena based on their objections to burden because "[t]hose are issues that do not implicate plaintiffs at all"); *Malibu Media, LLC v. Doe*, No. 15-CV-3504 (JFB)(SIL), 2016 U.S. Dist. LEXIS 112187, at *18-19 (E.D.N.Y. Aug. 23, 2016) ("[B]ecause the burden of literal compliance with this subpoena falls to a third-party, [movant] lacks standing to oppose the Verizon Subpoena on undue burden grounds.").

### B. Aloi Fails to Establish Any Applicable Privacy Right

Aloi also argues that the AT&T Subpoena should be quashed because "the information Rubin is seeking . . . contains Private Information." Motion at 2. Aloi fails to satisfy the heavy burden on parties asserting such a claim.

4

Although personal privacy right or privilege as to the documents sought may support a challenge to a third party subpoena, "'[t]he party invoking a privilege bears the burden of establishing its applicability,' and the 'burden is a heavy one.'" *Toussie*, 2017 U.S. Dist. LEXIS 174251, at *4-5 (quoting *In re Grand Jury Subpoenas Dated March 19, 2002 and August 2, 2002*, 318 F.3d 379, 384 (2d Cir. 2003)).

Here, Aloi's conclusory and vague statement that the information sought by the Subpoena "contains Private Information" is insufficient to satisfy his "heavy burden" of establishing some valid and applicable right to privacy. The Motion not only fails to provide any information about the nature of the supposedly "private information," but also fails to identify what privilege or privacy right, if any, he claims is at issue. And to the extent that Aloi claims that the AT&T Subpoena violates his right to privacy as to his phone records, phone messages, or voicemails, this argument fails as a matter of law because no such privacy rights are recognized – especially with respect to calls, texts, or communications received by Aloi from a third party. *See Beckwith v. Erie County Water Auth.*, 413 F. Supp. 2d 214, 223-24 (W.D.N.Y. 2005) (no right to privacy over phone records); *Rehberg v. Paulk*, 611 F.3d 828, 843 (11th Cir. 2010) (citing *Smith v. Md.*, 442 U.S. 735, 743-44 (1979) ("[E]ven if petitioner did harbor some subjective expectation that the phone numbers he dialed would remain private, this expectation is not one that society is prepared to recognize as reasonable")); *United States v. Lustig*, 555 F.2d 737, 747 n.10 (9th Cir. 1977) ("It is well established that the 'expectation of privacy' only extends to the content of telephone conversations, not to records that conversations took place.") (citing *United States v. Miller*, 425 U.S. 435 (1976)); *United States v. Jones*, 149 Fed. Appx. 954, 959-60 (11th Cir. 2005) (no reasonable expectation of privacy over text messages that are sent to or received by a third party); *State of Washington v. Roden*, 169 Wash. App. 59 (Wash.

5

Ct. App. 2012) (same); *United States v. Bereznak*, No. 3:18-CR-39, 2018 U.S. Dist. LEXIS 70961, at *7-9 (M.D. Pa. Apr. 27, 2018) (same); *Ruggles v. Wellpoint, Inc.*, No. 1:08-CV-201 (LEK/RFT), 2010 U.S. Dist. LEXIS 153118, at *21 n.8 (N.D.N.Y. Dec. 28, 2010) ("[T]here is no expectation of privacy in either voice-mail or emails."); *Wyatt v. Cty. of Barre*, 885 F. Supp. 2d 682, 691 (D. Vt. 2012) (citing *Smith*, 442 U.S. at 743-44 ("[A] person has no legitimate expectation of privacy in information he voluntarily turns over to third parties.")).

### C. Aloi Fails to Establish the Existence of an Attorney-Client Privilege

Aloi's next argument is that the AT&T Subpoena should be quashed because it seeks "messages that are protected under the attorney-client laws." Motion at 2. However, Aloi again fails to meet his "heavy burden" of establishing the existence of an attorney-client privilege. He has "the burden of identifying the documents as to which [he] claims privilege and, with respect to each, demonstrating 'that [it] was: (1) a communication between client and counsel, which (2) was intended to be and was in fact kept confidential, and (3) made for the purpose of obtaining or providing legal advice.'" *United States v. Stein*, 488 F. Supp. 2d 350, 367-68 (S.D.N.Y. 2007).

However, Aloi offers no explanation or evidence that would support or establish any of the elements required to assert attorney-client privilege. Instead, Aloi's argument rests entirely on his vague and conclusory statement that the Subpoena seeks "messages that are protected under the attorney-client laws." Motion at 2. Accordingly, Aloi has failed to satisfy his burden.

Notwithstanding Aloi's failure to establish an attorney-client privilege with respect to the documents requested by the AT&T Subpoena, Rubin would agree to exclude from AT&T's production any privileged communications to or from Aloi's lawyers.

### D. The Fifth Amendment Privilege Is Inapplicable

6

Finally, Aloi claims that the AT&T Subpoena should be quashed on fifth amendment privilege grounds. In particular, Aloi claims that the Court's decision quashing the Aloi Subpoena on fifth amendment grounds precludes Rubin from seeking the same information sought in the Aloi Subpoena from any other source. Motion at 2. Indeed, Aloi claims that, by issuing the AT&T Subpoena, "Rubin is attempting to undermine Judge Gold's decision by seeking the same information from the third party AT&T that was already ruled protected." *Id.*

Simply put, the law is clear that a party cannot challenge a subpoena based on the fifth amendment self-incrimination privilege where the subpoena is issued to a third party. *See United States v. Re*, 313 F. Supp. 442, 450-51 (S.D.N.Y. 1970); *see, e.g., In re Grand Jury Subpoena Dues Tecum*, 741 F. Supp. 1059, 1060 n.1 (S.D.N.Y. 1990) (holding that movant had standing to challenge a subpoena issued to him on Fifth Amendment grounds, but did not have standing to challenge subpoenas issued to third party vendors on the same grounds). This is because when the subpoena is issued to a third party, the movant *himself* "need not choose among self-accusation, contempt, or perjury. The privilege prevents self-incrimination, not incrimination itself." *Re*, 313 F. Supp. at 451.

The Court's prior order quashing the Aloi Subpoena did not preclude Rubin from seeking the same information and documents from other sources. The Court held that Aloi *himself* could not be compelled to produce the documents requested because his production of documents could be testimonial and incriminating, thus implicating his fifth amendment privilege against self-incrimination. But, the AT&T Subpoena does not impose any obligations on Aloi, and he "need not choose among self-accusation, contempt, or perjury." *See Re*, 313 F. Supp. at 451. Thus, the fifth amendment is not implicated under the circumstances and the Motion should be denied.

7

**CONCLUSION**

Aloi lacks standing to challenge the AT&T Subpoena, and he fails to establish any applicable right or privilege that would justify quashing the Subpoena. Moreover, because the AT&T Subpoena is directed to a third party, the fifth amendment privilege against self-incrimination is inapplicable. As a result, there is no valid basis to quash the AT&T Subpoena, and the Motion should be denied.

Date: November 9, 2018  
New York, NY

Respectfully submitted,

/s/ Benjamin M. Rose
Edward A. McDonald
Benjamin E. Rosenberg
Michael J. Gilbert
Benjamin M. Rose
Dechert LLP
1095 Avenue of the Americas
New York, NY 10036
Phone: (212) 698-3672
Fax: (212) 698-3599

*Attorneys for Howard Rubin*