UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x
HILLARY LAWSON, KRISTINA HALLMAN,    :
STEPHANIE CALDWELL, MOIRA HATHAWAY,    :
MACEY SPEIGHT, ROSEMARIE PETERSON, and    :     MEMORANDUM
LAUREN FULLER,    :     AND ORDER
    :     17-CV-6404 (BMC) (SMG)
               Plaintiffs,    :
    :
       -against-    :
    :
    :
HOWARD RUBIN, JENNIFER POWERS, and the    :
DOE COMPANY,    :
    :
               Defendants.    :
----------------------------------------------------------------------x

GOLD, STEVEN M., U.S.M.J.:

On October 29, 2018, non-party Robert Aloi moved to quash a subpoena served by

defendant Howard Rubin on AT&T (the "AT&T subpoena"). Dkt. 200. Rubin has submitted

opposition to the motion. Dkt. 206. United States District Judge Brian M. Cogan has referred

the motion to me for decision. Order dated October 31, 2018.

A brief discussion of some underlying facts may help to place the pending motion in

context. Plaintiffs in this action accuse Rubin and his co-defendants of "luring them across the

country to assault them as part of a pattern of criminal sexual misconduct including beatings to

the point of unconsciousness and acts of rape." Am. Compl. ¶ 2, Dkt. 66. Defendant Rubin

represents, and Aloi does not dispute, that Aloi communicated with certain plaintiffs about their

interactions with Rubin, and that some of these communications took place by telephone and text

message. Def. Howard Rubin's Mem. of Law in Opp'n to Robert Aloi's Mot. to Quash

Subpoena Duces Tecum ("Rubin Mem.") at 1, Dkt. 206. Aloi was charged in a criminal

complaint in New Jersey with extortion based, in part, upon communications he had with Rubin

concerning Rubin's sexual encounters with plaintiffs. *Id.* Although the criminal case was dismissed, New Jersey state prosecutors are appealing the dismissal. *Id.*

The AT&T subpoena seeks production of documents relating to a telephone number associated with Aloi. AT&T Subpoena at 4, Dkt. 206-4. The documents sought include those reflecting the dates, times, and telephone numbers of calls made to or from the Aloi telephone number; the content of text messages sent or received by the Aloi telephone number; and the content of voicemails received by the Aloi telephone number. AT&T Subpoena at 9. The subpoena's scope is limited in time from January 1, 2017 through the date of responsive production. AT&T Subpoena at 8.

AT&T has not filed a motion to quash and, according to Rubin, has not raised any objection to the subpoena. Decl. of Benjamin M. Rose in Opp'n to Robert Aloi's Mot. to Quash Subpoena Duces Tecum ("Rose Decl.") ¶ 6, Dkt. 206-1.

Aloi's motion raises what may be understood as three grounds to quash the AT&T subpoena. First, Aloi contends that AT&T's compliance with the subpoena would violate Aloi's privilege against self-incrimination. The AT&T subpoena does not, however, call upon Aloi to testify, produce documents, or do anything at all. Under these circumstances, AT&T's compliance with the subpoena simply cannot, as a logical matter, violate Aloi's Fifth Amendment right not to incriminate himself.

Second, Aloi argues that the information sought by the AT&T subpoena is extremely private. A subpoena must be quashed if it subjects an individual to "undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). Aloi is undoubtedly correct that the materials sought by the subpoena may reveal sensitive, private information. But the allegations in this case are extremely serious,

and it is at least plausible that the information sought from AT&T will be highly relevant to those allegations. Accordingly, while the burden on Aloi may be substantial, it is not "undue."

Finally, Aloi claims that AT&T's production will reveal attorney-client privileged communications. During a prior proceeding, Aloi informed the Court that he is represented by counsel with respect to the New Jersey criminal proceedings. Tr. of Telephone Conference held Oct. 17, 2018 at 4:19–5:11, Dkt. 198. It is certainly reasonable to think that Aloi and his counsel may have exchanged text messages or that Aloi's counsel may have left voicemail messages for Aloi during the time period covered by the subpoena. Apparently recognizing the validity of Aloi's concern in this regard, Rubin proposes that any communications between Aloi and his attorneys be excluded from AT&T's production in response to the subpoena. Rubin Mem. at 6. Whether AT&T will be able or willing to sift such communications from its production, though, is unknown.

Having considered the parties' arguments, and for the reasons stated above, Aloi's motion to quash is denied, with the following exception. Aloi shall, by December 3, 2018, provide the names and telephone numbers of anyone he claims was representing him as an attorney during the time covered by the AT&T subpoena. Rubin shall request of AT&T that it exclude from its production any text messages between Aloi and his attorneys or messages left on Aloi's voicemail from his attorneys. If AT&T is unable or unwilling to remove those communications from its production, counsel for Rubin shall use their best efforts to isolate any attorney-client communications from the documents produced by AT&T in response to the subpoena without examining their contents and shall not review those documents further without explicit leave of the Court. If Aloi requests the opportunity to review, or have his counsel review, the production made by AT&T *before* Rubin's counsel does, that request will be granted.

In that event, Aloi and his counsel may segregate any documents that they contend reveal privileged communications and submit those documents to the Court for *in camera* review.

Defendant Rubin shall promptly serve Aloi with this Memorandum and Order and file proof of service with the Court.

SO ORDERED.

/s/_____
Steven M. Gold
United States Magistrate Judge

Brooklyn, New York
November 19, 2018

U:\Aloi mn to quash.docx