FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ NOV 16 2018 ★

BROOKLYN OFFICE

Attention:

Judge Stephen M. Gold

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

---

HILLARY LAWSON, KRISTINA HALLMAN, :
STEPHANIE CALDWELL, MOIRA :
HATHAWAY, MACEY SPEIGHT, :
ROSEMARIE PETERSON and LAUREN : CIVIL ACTION NO.
FULLER, : 1:17-cv-06404(BMC)(SMG)
    Plaintiffs, :
  v. :
HOWARD RUBIN, JENNIFER POWERS, :
YIFAT SCHNUR, STEPHANIE SHON, JOHN :
DOE, BLUE ICARUS, LLC, and the DOE :
COMPANY, :
    Defendants.

---

## ROBERT ALOI'S ANSWERS TO DEFENDANT HOWARD RUBIN'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO QUASH SUBOENA DUCES TECUM

  PLEASE TAKE NOTICE Robert Aloi respectfully submits these answers to Defendant Howard Rubin's Memorandum in opposition to Robert's motion to quash AT&T Subpoena Duces Tecum and request the motion be granted in its entirety.

**ARGUMENT**

I. On October 17, 2018, the court granted a motion to quash a Subpoena Served on Robert Aloi. But in doing so the court also granted a stay from discovery. This is a line by line from the Subpoena that Defendant shared in his opposition. **"PLEASE TAKE NOTICE Robert Aloi moves for an order quashing the subpoena duces tecum served upon him, and for a protective order blocking the taking of his deposition in this action, and further blocking the disclosure of investigative reports, notes, and materials, and granting a stay of discovery".** This statement that was granted clearly states the court has granted the further blocking of investigative reports, note and materials. Also granting a stay of discovery. The request from any party of the materials requested in the AT&T Subpoena fall clearly within the scope of notes, materials, investigative reports.

II. Defendant argues that Robert has failed a second time by not meeting with counsel. By defendants own Exhibit, Robert reached out and conferred with counsel that a motion was going to be filed. There were six (6) attorneys for Defendant Rubin copied on that email for which Defendant enters as an exhibit. That is the conferring and if defendants wanted to discuss, they had every chance to do within the 5 days between the email and the filing of the motion. The Defendant Argues in Section 1 that they do not want all of the text messages, but also admit that they know that they will get messages from AT&T that can be covered under the previously granted motion. The Defendant also states they attempted to limit the scope by narrowing the time table, but what they fail to mention is that time table is still within the time table of all the legal action taken upon Robert from Defendants attorney and the State of New Jersey. So they are simply asking for the same information that this court has already ruled against defendant having.

III. In Section II of their opposition, the Defendant states Robert Aloi lacks standing to challenge the AT&T Subpoena. Robert Aloi has standing to challenge the Defendant from doing an improper procedure of issuing the Subpoena in the first place. The AT&T Subpoena clearly goes against

       the Courts previous ruling with regards to protecting Robert Aloi's rights. These records are not conversations to AT&T from Robert, so AT&T has no right release reports, notes or materials for which phone records fall within those parameters when the Court has already ruled those did not have to be released to Defendant.

IV. In Section II (B) Robert Aloi argues that the Privacy Right was established in the granting of the previous motion. Thus that motion that was based on Roberts Fifth Amendment rights absolutely are Private. The court has ruled that Robert can insert his Fifth Amendment right and that there is a certain expectation of keeping the information sought Private. The defendants have admitted they have no way of limiting the information or do not expect AT&T to filter that information. Thus all information should be considered private. Which the court has already ruled this. In Section II (D) the Defendant sites case law, but that case clearly does not relate to the motion at hand for the simple fact, there was already a motion granted that blocked any further action with regards to obtaining that information.

V. Defendant Rubin's subpoena is another attempt to circumvent around the discovery process. The court gave the Defendants the opportunity to re-present information to argue why the October 17 ruling should be reconsidered. The Defendant chose not to go that route. They chose to attempt to circumvent around your Honors ruling and try to get Robert's information from another non-named third party. Robert Aloi is a non named party. Mr. Aloi need not be held to an undue burden of time, harassment, expense and daily disruption.

Robert Aloi therefore respectfully request that the Motion to Quash Subpoena be granted. Robert Aloi requests Rubin through council immediately contact AT&T and withdraw the request. Robert Aloi requests that if any information does happen to be delivered to their office, that they notify all parties and guarantee they will destroy without viewing. Robert Aloi respectfully requests that the court make clear that Robert Aloi's information that Defendants are seeking from non named third parties especially phone service providers, emails, social media and communicating apps that are in Robert Aloi's name be blocked from Defendants

in this matter. If sanctions are in order, that Robert Aloi respectfully requests sanctions be ordered against Rubin and/or his attorneys.

DATED: November 14, 2018

Respectfully submitted,

_____

Robert Aloi

15480 Annapolis Road #202

Bowie, MD 20715

301-938-5648

Pro Se

**CERTIFICATE OF SERVICE**

I hereby certify that on November 14, 2018, I filed the foregoing with the Clerk of court by Mailing this motion to the Clerk of the Courts UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK 225 Cadman Plz E, Brooklyn, NY 11201. I further certify that I Emailed the foregoing document and the notice of filing to counsel of record Benjamin Rosenberg at Benjamin.rosenberg@dechert.com.

Robert Aloi

Pro Se

Copied on Email were the following:

edward.mcdonald@dechert.com

Nicole.Delgado@dechert.com

michael.gilbert@dechert.com

Ben.Rose@dechert.com

Nathan.McClellan@dechert.com

john.balestriere@balestrierefariello.com