**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

HILLARY LAWSON, KRISTINA HALLMAN,
STEPHANIE CALDWELL, MOIRA
HATHAWAY, MACEY SPEIGHT, ROSEMARIE
PETERSON and LAUREN FULLER,

*Plaintiffs*,

-*against*-

HOWARD RUBIN, JENNIFER POWERS, and
the DOE COMPANY,

*Defendants*.

Case No.: 1:17-CV-06404
(BMC)(SMG)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT HOWARD RUBIN'S
OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT
AS TO DEFENDANTS' AFFIRMATIIVE DEFENSES AND COUNTERCLAIMS**

Edward A. McDonald
Benjamin E. Rosenberg
Michael J. Gilbert
Benjamin M. Rose
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3500

*Attorneys for Defendant Howard Rubin*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1

FACTUAL BACKGROUND ................................................................................................... 3

LEGAL STANDARD ............................................................................................................... 6

ARGUMENT ............................................................................................................................. 7

      I.     RUBIN'S STATUTE OF LIMITATIONS AFFIRMATIVE DEFENSE ............. 7

      II.    RUBIN'S LACHES AFFIRMATIVE DEFENSE ............................................... 10

      III.   RUBIN'S IMPROPER VENUE AFFIRMATIVE DEFENSE ........................... 11

      IV.   RUBIN'S FAILURE TO STATE A CLAIM AND FRIVOLOUS CLAIMS AFFIRMATIVE DEFENSES ................................................................ 14

      V.    RUBIN'S CONTRIBUTION AFFIRMATIVE DEFENSE ................................ 16

      VI.   RUBIN'S SETTLEMENT AND RELEASE AFFIRMATIVE DEFENSE ........ 16

CONCLUSION ........................................................................................................................ 17

## TABLE OF AUTHORITIES

CASES

*33 Seminary LLC v. City of Binghamton*,
   120 F. Supp. 3d 223 (N.D.N.Y. 2015), *aff'd*, 670 F. App'x 727 (2d Cir. 2016),
   *cert. denied*, 138 S. Ct. 222 (2017) ...................................................................8

*Armstrong v. Virgin Records, Ltd.*,
   91 F. Supp. 2d 628 (S.D.N.Y. 2000)................................................................11

*Bakalar v. Vavra*,
   No. 05 Civ. 3037, 2006 U.S. Dist. LEXIS 55438 (S.D.N.Y. Aug. 10, 2006) ........10

*Brody v. Vill. of Port Chester*,
   No. 00 Civ. 7481, 2007 U.S. Dist. LEXIS 16993 (S.D.N.Y. Mar. 12, 2007)..........6

*Burns v. Egan*,
   117 A.D.2d 38 (3d Dep't 1986) .......................................................................11

*Charlot v. Ecolab, Inc.*,
   97 F. Supp. 3d 40 (E.D.N.Y. 2015) ...................................................................8

*Dangler v. Yorktown Cent. Sch.*,
   777 F. Supp. 1175 (S.D.N.Y. 1991)..................................................................15

*DiLaura v. Power Authority of N.Y.*,
   786 F. Supp. 241 (W.D.N.Y. 1991), *aff'd*, 982 F.2d 73 (2d Cir. 1992) ................13

*Doe v. New York*,
   No. 10 CV 1792, 2012 U.S. Dist. LEXIS 140802 (E.D.N.Y. Sep. 27, 2012) .......12, 14

*FDIC v. Giammettei*,
   34 F.3d 51 (2d Cir. 1994)......................................................................6, 10, 14

*Kierulff Assocs. v. Luria Bros. & Co.*,
   240 F. Supp. 640 (S.D.N.Y. 1965) ...................................................................14

*Kulkarni v. Arredondo & Co.*,
   151 A.D.3d 705 (2d Dep't 2017) .....................................................................17

*Levy v. United States GAO*,
   175 F.3d 254 (2d Cir. 1999) (*per curiam*) ..........................................................8

*Maraschiello v. Buffalo City Police Dep't*,
   709 F.3d 87 (2d Cir. 2013)................................................................................8

*McAnaney v. Astoria Fin. Corp.*,
   665 F. Supp. 2d 132 (E.D.N.Y. 2009) ...............................................................5

*Merryman v. J.P. Morgan Chase Bank, N.A.*,
   319 F.R.D. 468 (S.D.N.Y. 2017) ......................................................................8

*Mitchell v. County of Nassau*,
   786 F. Supp. 2d 545 (E.D.N.Y. 2011) ..............................................................13

*Perry v. S.Z. Rest. Corp.*,
    45 F. Supp. 2d 272 (S.D.N.Y. 1999)......................................................................................15

*Sears, Roebuck & Co. v. Sears Realty Co.*,
    No. 89-CV-1350, 1993 U.S. Dist. LEXIS 9513 (N.D.N.Y. July 8, 1993) ............................15

*Steinberg v. St. Regis/Sheraton Hotel*,
    583 F. Supp. 421 (S.D.N.Y. 1984) ......................................................................................16

*Storck v. Suffolk Cnty. Dep't of Soc. Servs.*,
    122 F. Supp. 2d 392 (E.D.N.Y. 2000) ...................................................................................5

STATUTES

18 U.S.C. § 1591(a) ...........................................................................................................................2

**PRELIMINARY STATEMENT**

In connection with a motion that seeks summary judgment on eight of the twenty-six affirmative defenses set forth in Rubin's Answer, Plaintiffs submit a lengthy recitation of what they claim are "undisputed" facts.  Plaintiffs, however, repeatedly misstate and distort deposition testimony and ignore *entirely* the electronic communications cited in Rubin's motion for summary judgment that establish conclusively that each Plaintiff consented to the activity at issue, and none was forced or coerced to engage in commercial sex.  Some of Plaintiffs' purported factual assertions improperly rely solely on the allegations in the Second Amended Complaint ("SAC") that have not been borne out by discovery or have been shown to be false. *See* Dkt. 234-1 ("Pls' MSJ") at 6-7.  Rubin's accompanying Responsive Statement to Plaintiffs' Rule 56.1 Statement of Undisputed Facts demonstrates the fundamental flaws in Plaintiffs' account of the evidentiary record.[1]  In any event, the "facts" Plaintiffs claim in their Motion to be undisputed are almost entirely irrelevant to the limited relief Plaintiffs seek.

One of the affirmative defenses referenced in Plaintiffs' Motion – breach of contract[2] – is not, in fact, an affirmative defense – it is a counterclaim Rubin asserted against a former Plaintiff, Stephanie Caldwell.  *See* Dkt. 130 at 56-66.  Plaintiffs have no standing to move for summary judgment on this counterclaim as Caldwell is no longer represented by the lawyers who filed this Motion.

---

[1]     Rubin incorporates by reference Def. Howard Rubin's Mot. for Summ. J., Dkt. 231; Def. Jennifer Powers' Mot. for Summ. J., Dkt. 233; the uncontested facts set forth in the Statement of Uncontested Facts Pursuant to Rule 56.1 by Def. Howard Rubin, Dkt. 231-2; Jennifer Powers' Rule 56.1 Statement of Undisputed Material Facts, Dkt. 233-2; and Powers' Opposition to Pls' MSJ.

[2]     *See* Pls' MSJ at 18.

As to four of the affirmative defenses that are the subject of the Motion: statute of limitations (as to Plaintiffs' state-law claims), laches, failure to state a claim, and frivolous claims, Plaintiffs' primary argument is that they are entitled to summary judgment based on this Court's Order deciding Defendants' motions to dismiss Plaintiffs' Amended Complaint (the "Motion to Dismiss Order"). The Motion to Dismiss Order, however, did not address affirmative defenses. *See generally* Dkt. 105. Nor could it have addressed affirmative defenses: Rubin's Answer and Counterclaims pleading the affirmative defenses had not yet been filed at the time the Court decided the motions to dismiss, nor had the SAC. *See* Dkt. 105 (Defendants' motions to dismiss were decided on April 29, 2018); Dkt. 130 (Rubin's Answer and Counterclaims was filed on June 13, 2018); Dkt. 161 (SAC was filed on August 17, 2018). Thus, Plaintiffs' assertion that that Rubin "re-pleaded" certain affirmative defenses after the Motion to Dismiss Order, *see* Pls' MSJ at 12, mischaracterizes the procedural history.

As to Rubin's affirmative defenses of improper venue, settlement and release, and contribution, Plaintiffs fail to satisfy their burden under Rule 56. If this Court grants Rubin's motion for summary judgment on Plaintiffs' cause of action for violation of human trafficking laws under 18 U.S.C. § 1591(a) (the "TVPA"), the affirmative defense of improper venue is certainly valid as to state-law counts premised on conduct that the evidence has confirmed occurred only in the Southern District of New York. Plaintiffs' only argument for dismissing Rubin's settlement and release affirmative defense is based on their false assertion that "Defendants have failed to produce any evidence that the remaining Plaintiffs purposely signed any settlement *or release*." Pls' MSJ at 15. The overwhelming evidence, including Plaintiffs' own admissions, demonstrates that Plaintiffs each signed Confidentiality and Release Agreements. Finally, Plaintiffs seek dismissal of Rubin's contribution affirmative defense on the

2

grounds that the defense does not apply to Plaintiffs' TVPA claim. *Id.* at 19. Because Plaintiffs do not dispute that Rubin maintains a valid contribution defense against Plaintiffs' remaining state-law claims, Plaintiffs' Motion for Summary Judgment on this defense in its entirety must fail. The Motion must be denied.

## FACTUAL BACKGROUND

The facts that were revealed in discovery are set forth in Rubin's Motion for Summary Judgment, Dkt. 231-1 at 2-35, and the Statement of Uncontested Facts Pursuant to Rule 56.1 by Defendant Howard Rubin, Dkt. 231-2 ("Rubin's 56.1"), filed on February 13, 2019. Rubin's detailed response to Plaintiffs' 56.1 Statement of Undisputed Facts ("Pls' 56.1") is set forth in the accompanying Local Civil Rule 56.1 Responsive Statement to Plaintiffs' 56.1 Statement of Undisputed Facts. However, the more egregious examples of Plaintiffs' mischaracterizations of deposition testimony and evidence, as well as their improper reliance on the allegations in SAC, are set forth below.

The most egregious example of Plaintiffs' mischaracterization of deposition testimony is in Paragraph 24 of Plaintiffs' 56.1 Statement, which asserts: "For at least three years, Rubin continued to provide Peterson oxycodone and would use the meeting as an excuse to beat and rape her, creating a cycle whereby Peterson would come to Rubin for oxycodone and Rubin would beat and rape Peterson causing her to want more oxycodone to deal with the pain." Pls' 56.1 at 5. Plaintiffs cite Peterson's deposition at 283:9-284:25, 286:5-289:7. *Id.* Peterson's testimony, however, establishes that Rubin NEVER gave Peterson drugs and that Peterson was already addicted to oxycodone before the time she claims Rubin caused her addiction. *See* Dkt. 234-3 Ex. G, Peterson Dep. at 283:9-284:25, 286:5-289:7; Rubin's 56.1 ¶ 229 (*citing* Dkt. 231-3 Ex. 90, Peterson Dep. at 306:7-307:13).

By way of another example, Paragraph 1 in Pls' 56.1 cites Hathaway's deposition at 36:17-21 to support the following statement:  "Starting in approximately 2009 or 2010, Defendants Rubin and Powers began their human trafficking venture by inviting women from across the United States to travel to New York to meet Defendant Rubin."  Pls' 56.1 at 2. However, in the testimony Plaintiffs cite, Hathaway states only that she met Rubin in 2010 – and says nothing about any other "women," "human trafficking," a "venture," or being invited by anyone.  *See* Dkt. 234-3 Ex. A, Hathaway Dep. at 36:17-21.

In Pls' 56.1, Paragraph 45, Plaintiffs cite to Lawson's deposition at 134:16-136:19 for their assertion, "Rubin assuaged Lawson's fears when Rubin asked to meet Lawson in the middle of the day for lunch, and treated Lawson very nicely."  But Lawson's testimony was that she did not recall if Rubin asked to meet her, what time of the day they met, or if and how Rubin "assuaged Lawson's fears."  *See* Dkt. 234-3 Ex. F, Lawson Dep. at 134:16-136:19; *see also* Ex. 1,[3] Lawson Dep. at 166:12-16.

Moreover, instead of citing to admissible evidence to support certain factual assertions in their Motion, Plaintiffs rely solely on the allegations in the SAC concerning Hathaway's encounters from 2015 and 2016 and Peterson's encounters from 2015 to 2017 because "Defendants deposed Hathaway for less than three hours, as opposed to the full seven-hour depositions that Defendants conducted of the other Plaintiffs, and declined to ask Hathaway any substantive questions about her encounters," Pls' MSJ at 6, and "Defendants declined to ask Peterson about certain allegations and claims she made in the [SAC]," *id.* at 7.  In fact, both

---

[3]     References to "Ex." or "Exs." are to exhibits attached to the Declaration of Benjamin Rose in Support of Defendant Howard Rubin's Opposition to Plaintiffs' Motion for Partial Summary Judgment as to Defendants' Affirmative Defenses and Counterclaims, dated March 6, 2019, and filed concurrently herewith.

Hathaway and Peterson were asked about the referenced encounters with Rubin, and both testified that they were unable to remember virtually any details about the encounters. *See* Dkt. 231-3 Exs. 39, Hathaway Dep. at 132:14-17, 138:21-139:9; 90, Peterson Dep. at 190:25-193:4, 211:18-212:18, 224:2-226:10. Hathaway *did*, however, remember that her sexual relationship with Rubin had been consensual from 2015 to 2016. Rubin's 56.1 ¶ 116 (*citing* Dkt. 231-3 Ex. 39, Hathaway Dep. at 81:9-19, 85:8-87:18, 89:20-90:20). Peterson's testimony and the record confirms the last time she had a sexual encounter with Rubin was in October 2014. *See* Rubin's 56.1 ¶¶ 212, 214, 218-224, 226-27 (*citing* Dkt. 231-3 Exs. 22, Rubin Dep. at 206:7-207:7, 207:12-209:4, 209:5-25; 90, Peterson Dep. at 252:16-253:5, 255:7-9, 255:23-25, 269:21-270:2, 281:25-282:13; 96 at 79994, 79996, 80036; 100; 101 at 521-32). Thus, the allegations in the SAC cited by Plaintiffs Motion are inaccurate. Accurate or not, Plaintiffs may not, at this stage, rely on the allegations in the SAC to contradict or fill in the holes of Plaintiffs' claims. *See Storck v. Suffolk County Dep't of Soc. Servs.*, 122 F. Supp. 2d 392, 397 (E.D.N.Y. 2000) ("At this summary judgment stage of the proceedings, Plaintiff may not rely only on the allegations of her complaint. Instead, she must come forward with evidence supporting her claim."); *McAnaney v. Astoria Fin. Corp.*, 665 F. Supp. 2d 132, 145 n.14 (E.D.N.Y. 2009) ("The instant case, now at the summary judgment stage, is in a different procedural posture, and does not assume facts alleged in the complaint as true, but rather must look to the evidence on the record to see if factual support exists to support plaintiffs' allegations.").

Notwithstanding Plaintiffs' inaccurate and improper recitations of the facts and the evidence in the record, Plaintiffs' Motion must be denied for the reasons set forth below.

## LEGAL STANDARD

Plaintiffs are subject to the same evidentiary requirements applicable to all Rule 56 motions:

> Where a plaintiff uses a summary judgment motion, in part, to challenge the legal sufficiency of an affirmative defense -- on which the defendant bears the burden of proof at trial -- a plaintiff may satisfy its Rule 56 burden by showing 'that there is an absence of evidence to support [an essential element of] the [non-moving party's] case. . . . [W]hatever evidence *there is* to support an essential element of an affirmative defense will be construed in a light most favorable to the non-moving defendant.

*See FDIC v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (emphasis in original) (internal citations omitted).  When a plaintiff moving for summary judgment on a defendant's affirmative defense chooses to rely on an "absence of evidence" to support its motion, the plaintiff must demonstrate "a complete failure of proof concerning an essential element of the [defendant's affirmative defense]."  *See id.* at 54-55 ("[I]n cases where there is an absence of evidence to support an essential element of a defense, with respect to that defense 'there can be no 'genuine issue as to any material fact' since *a complete failure of proof* concerning an essential element of the [defendant's affirmative defense] necessarily renders all other facts immaterial.'") (emphasis added) (*quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)); *Brody v. Vill. of Port Chester*, No. 00 Civ. 7481, 2007 U.S. Dist. LEXIS 16993, at *18 n.12 (S.D.N.Y. Mar. 12, 2007) ("[T]he *FDIC* Court, in defining 'absence of evidence,' referred to situations in which there was 'a complete failure of proof concerning an essential element of the [defendant's affirmative defense].'")).

Plaintiffs cannot meet their burden.  The Motion should be denied.

**ARGUMENT**

Plaintiffs move for summary judgment on Rubin's affirmative defenses of:  statute of limitations, laches, improper venue, failure to state a claim, frivolous claims, contribution, settlement and release, and breach of contract.  As a threshold matter, Plaintiffs' Motion with respect to Rubin's "breach of contract affirmative defense," Pls' MSJ at 18, fails on its face because Rubin does not assert that purported defense.[4]  As to the other affirmative defenses, Plaintiffs fail to satisfy their burden on summary judgment.

**I.      Rubin's Statute of Limitations Affirmative Defense**

Plaintiffs move for summary judgment on Rubin's statute of limitations affirmative defense.  *See* Pls' MSJ at 13-15.  With respect to the state-law claims brought by Lawson, Hathaway, Peterson, and Speight, Plaintiffs seek summary judgment on Rubin's statute of limitations defense because there is no evidence "that would alter" the Court's ruling in the Motion to Dismiss Order that the allegations in the Amended Complaint described encounters involving Lawson, Hathaway, and Peterson within the applicable one-year statute of limitations. *Id.* at 14.  Plaintiffs' argument fails for a number of reasons.

First, the Motion to Dismiss Order – which concerned the sufficiency of allegations in a complaint that is no longer the operative pleading in the case – does not preclude the Court from

---

[4]      In his Answer, Rubin asserts a breach of contract counterclaim against Caldwell, not a breach of contract affirmative defense.  Dkt. 130 at 56-66.  To the extent Plaintiffs intended in this Motion to seek summary judgment as to this counterclaim, such a motion may not be raised by the counsel who filed the Motion.  Caldwell is no longer represented by counsel and has apparently abandoned all of her claims against Defendants.  On October 3, 2018, Plaintiffs' counsel filed a motion to withdraw as counsel for Caldwell as a result of her "abandonment of this case."  *See* Dkt. 187-1 at 5-6.  On November 25, 2018, the Court granted Plaintiffs' counsel's motion, *see* Order Nov. 15, 2018, and Caldwell, along with all of her claims against Rubin, was dismissed from the case on December 4, 2018, *see* Order, Dec. 4, 2018.  Rubin's counterclaim against Caldwell for breach of contract remains outstanding and Rubin reserves the right to move for a default judgment on that counterclaim.

deciding whether the statute of limitations bars any claims asserted based on the evidence adduced in discovery.  *See Maraschiello v. Buffalo City Police Dep't*, 709 F.3d 87, 97 (2d Cir. 2013) ("[T]he [law of the case] doctrine would not preclude a district court from granting summary judgment based on evidence after denying a motion to dismiss based only on the plaintiff's allegations. . . . It was not error for the court to revisit a conclusion based on factual allegations taken as true at the motion to dismiss stage, and determine, based on undisputed evidence at the summary judgment stage, that no reasonable jury could find that the type of action [alleged] occurred."); *33 Seminary LLC v. City of Binghamton*, 120 F. Supp. 3d 223, 252 (N.D.N.Y. 2015), *aff'd*, 670 F. App'x 727 (2d Cir. 2016), *cert. denied*, 138 S. Ct. 222 (2017) (same).  Accordingly, Plaintiffs may not rely on the Court's rulings on Defendants' motions to dismiss to satisfy Plaintiffs' evidentiary burden on summary judgment.

Second, as set forth in Rubin's Motion for Summary Judgment, *see* Dkt. 231-1 at 48, discovery has shown that none of Peterson's sexual encounters occurred within one year of the filing of her claims against Rubin.  Peterson was not a Plaintiff when the original Complaint was filed.  *See* Dkt. 1.  She first sued Rubin on February 20, 2018 in the Amended Complaint.[5]  *See* Dkt. 66.  Peterson seeks damages in her state-law claims for assault, battery, false imprisonment, and intentional infliction of emotional distress for an alleged sexual encounter with Rubin that took place "in July 2017."  Dkt. 161 ("SAC") ¶¶ 561, 567, 570, 575.  However, the evidence demonstrates that Peterson's last sexual encounter with Rubin was in October 2014.  *See* Rubin's

---

[5]     *See Merryman v. J.P. Morgan Chase Bank, N.A.*, 319 F.R.D. 468, 472-73 (S.D.N.Y. 2017) ("The Second Circuit has precluded relation back of a plaintiff's claim pursuant to Rule 15(c) when the plaintiff's omission from the original complaint was not due to mistake. Most district courts in this Circuit have followed the Second Circuit and have required a mistake in order to relate back the claims of a newly added plaintiff, including in class actions.") (collecting cases); *Levy v. United States GAO*, 175 F.3d 254, 255 (2d Cir. 1999) (*per curiam*); *Charlot v. Ecolab, Inc.*, 97 F. Supp. 3d 40, 83 (E.D.N.Y. 2015) (collecting cases).

56.1 ¶¶ 212, 214, 218-224, 226-27 (*citing* Dkt. 231-3 Exs. 22, Rubin Dep. at 206:7-207:7,

207:12-209:4, 209:5-25; 90, Peterson Dep. at 209:5-15, 252:16-253:5, 255:7-9, 255:23-25,

269:21-270:2, 281:25-282:13; 96 at 79994, 79996, 80036; 100; 101 at 521-32).  The evidence

shows that Peterson did see Rubin in June 2017, but she did not have sexual relations with him

and was not injured.  *See* Rubin's 56.1 ¶¶ 226-27 (*citing* Dkt. 231-3 Exs. 22, Rubin Dep. at

206:7-207:7; 90, Peterson Dep. at 281:25-282:13).  Given that Rubin seeks summary judgment

on Peterson's state-law claims on statute of limitation grounds, *see* Dkt. 231-1 at 48, there is

certainly a genuine issue of material fact regarding Rubin's statute of limitations affirmative

defense.  Plaintiffs' Motion to dismiss the affirmative defense should be denied.

Additionally, Plaintiffs offer no basis for dismissing the defense with respect to

Speight's state-law claims.  At various times between October 2015 and July 2017, Speight

engaged in BDSM sex with Rubin in exchange for money.  *See* Rubin's 56.1 ¶¶ 133 (*citing* Dkt.

231-3 Ex. 43, Speight Dep. at 49:3-16); 140-41 (*citing* Dkt. 231-3 Exs. 22, Rubin Dep. at

220:12-17; 43, Speight Dep. at 73:2-22; 45); 142-49 (*citing* Dkt. 231-3 Exs. 26 at 2-3; 43,

Speight Dep. at 81:9-82:17, 85:11-15, 86:4-22, 88:15-22, 89:25-90:10, 91:4-16; 45-79).  Like

Peterson, Speight first filed her claims against Rubin in the Amended Complaint filed on

February 20, 2018.  *See* Dkt. 66.  Speight originally alleged that the encounters relevant to her

state-law claims took place "from March to September 2016."  *Id.* ¶¶ 652, 658, 662.  After the

Court dismissed Speight's state-law claims on statute of limitations grounds, Dkt. 105 at 25-26,

Plaintiffs filed the SAC alleging that the relevant encounters for Speight's state-law claims took

place on November 24, 2016, January 31, 2017, and May 26, 2017, *see* SAC ¶¶ 581, 587, 591,

595.  Two of the three dates cited by Speight in the SAC are more than one year before she filed

her claims on February 20, 2018.  Thus, the first two encounters on which Speight's state-law

claims are based, fall outside the one-year statute of limitations period.

Because Plaintiffs fail to demonstrate either "the absence of a genuine issue of material

fact" or "a complete failure of proof concerning an essential element" with respect to Rubin's

statute of limitations affirmative defense, Plaintiffs' Motion for Summary Judgment must be

denied.  *See FDIC*, 34 F.3d at 54.

## II.      Rubin's Laches Affirmative Defense

"Because laches warrants a fact-intensive inquiry, it is 'often not amenable to resolution

on a motion for summary judgment.'"  *Bakalar v. Vavra*, No. 05 Civ. 3037, 2006 U.S. Dist.

LEXIS 55438, at *7-8 (S.D.N.Y. Aug. 10, 2006) (*quoting United States v. Portrait of Wally*, No.

99 Civ. 9940, 2002 U.S. Dist. LEXIS 6445, at *70 (S.D.N.Y. Apr. 11, 2002)).  Nonetheless,

Plaintiffs seek summary judgment as to Rubin's affirmative defense of laches based on the

incorrect assertion that the Court already determined the issue of laches when ruling on Rubin's

motion to dismiss.  Pls' MSJ at 13-14.  Plaintiffs also argue that Rubin's laches defense should

be precluded because the claims are within the applicable statutes of limitations.  *Id.* at 14.

Plaintiffs are wrong.

The issue of laches was never raised by Rubin in his motion to dismiss or addressed in

the Motion to Dismiss Order.  *See generally* Dkt. Nos. 61-1; 105.  While the Court did address

statute of limitations, "[e]ven where the applicable statute of limitations does not bar a cause of

action, the equitable defense of laches may be available to a defendant."  *Armstrong v. Virgin

Records, Ltd.*, 91 F. Supp. 2d 628, 642 (S.D.N.Y. 2000) (*citing Stone v. Williams*, 873 F.2d 620,

623 (2d Cir. 1989), *rev'd on other grounds*, 970 F.2d 1043 (2d Cir. 1992)).

A party may prevail on an affirmative defense of laches if it can assert "[n]eglect in

asserting a right for an unreasonable length of time. . . . [B]ut delay is not the sole, nor

10

necessarily the determinative, element of the laches equation. . . . The essential element of laches is delay prejudicial to the opposing party." *Burns v. Egan*, 117 A.D.2d 38, 41 (3d Dep't 1986) (internal quotations and citations omitted).  Here, all Plaintiffs (with the exception of Fuller) met with Rubin to engage in BDSM sex in exchange for money on numerous occasions – some over a period of several years.  *See* Rubin's 56.1 ¶¶ 15-19 (*citing* Dkt. 231-3 Exs. 1, Hallman Dep. at 124:22-125:14, 128:14-18, 134:3-137:16, 140:17-143:11; 2, Lawson Dep. at 76:6-8, 79:4-81:3, 85:21-89:5, 89:9-90:10); 37 (*citing* Dkt. 231-3 Ex. 14 at 203417-18); 47-50 (*citing* Dkt. 231-3 Exs. 2, Lawson Dep. at 137:6-23, 166:17-169:23, 339:6-12; 14 at 203391; 15; 26 at 3); 116 (*citing* Dkt. 231-3 Ex. 39, Hathaway Dep. at 81:9-19, 85:8-87:18, 89:20-90:20); 149 (*citing* Dkt. 231-3 Exs. 26 at 2-3; 48-79); 180-81 (*citing* Dkt. 231-3 Exs. 90, Peterson Dep. at 102:8-103:11, 111:12-112:9; 22, Rubin Dep. at 211:24-212:2); 198 (*citing* Dkt. 231-3 Ex. 90, Peterson Dep. at 192:13-193:15); 208-09 (*citing* Dkt. 231-3 Exs. 90, Peterson Dep. at 224:2-15, 225:8-226:10; 95 at 429-34); 212-14 (*citing* Dkt. 231-3 Exs. 22, Rubin Dep. at 209:5-15; 90, Peterson Dep. at 252:16-253:5, 255:7-9, 23-25).  Plaintiffs' continued efforts to see him to engage in these encounters even after the encounters they now claim resulted in injury, and their delay in bringing the present action, prejudiced Rubin as he is now forced to litigate a case involving multiple encounters for each Plaintiff – many of which took place years ago.  Plaintiffs' Motion for Summary Judgment on Rubin's affirmative defense of laches should be denied.

## III.    Rubin's Improper Venue Affirmative Defense

Plaintiffs move to dismiss Rubin's improper venue affirmative defense, arguing that:  (1) the Court previously ruled that it could exercise "pendent venue" over Plaintiffs' state-law claims; (2) "most (if not all) Plaintiffs flew into or out of Airports located in the Eastern District"; and (3) "because the Eastern District is the proper venue for at least four of the six

Plaintiffs, this Court has pendant venue here over claims asserted by Fuller and Peterson." Pls'
MSJ at 16-17. None of these arguments justify summary judgment.

For the reasons set forth above, Plaintiffs' reliance on the Motion to Dismiss Order is
improper and insufficient to support Plaintiffs' Motion. The evidence adduced in discovery has
confirmed that all of the relevant events took place in Manhattan. *See, e.g.*, Rubin's 56.1 ¶¶ 11
(*citing* Dkt. 231-3 Exs. 14 at 203531-32; 1, Hallman Dep. at 99:3-101:5, 105:4-12; 2, Lawson
Dep. at 71:6-8); 16-18 (*citing* Dkt. 231-3 Exs. 1, Hallman Dep. at 128:14-18, 134:3-137:16,
140:17-143:11; 2, Lawson Dep. at 79:4-81:385:21-89:5); 37 (*citing* Dkt. 231-3 Ex. 14 at 203417-
18); 135 (*citing* Dkt. 231-3 Exs. 19, Powers Dep. at 116:22-117:4, 119:20-24; 44); 198-200
(*citing* Dkt. 231-3 Exs. 90, Peterson Dep. at  190:25-193:15, 211:18-212:18; 95 at 429); 243
(*citing* Dkt. 231-3 Ex. 104, Fuller Dep. at 106:8-14); *see also* Dkt. 231-3 Exs. 2 Lawson Dep. at
139:20-144:17; 39, Hathaway Dep. at 66:13-22, 91:21-3; 43, Speight Dep. at 54:15-19. Contrary
to the allegations in the SAC, *see, e.g.*, SAC ¶ 5, the evidence does not show that all Plaintiffs
flew into the Eastern District, and some Plaintiffs' flights were booked by unrelated third parties
or voluntarily by Plaintiffs themselves. *See* Exs. 1, Lawson Dep. at 327:13-328:3 (Powers did
not arrange Lawson's travel for her second encounter); 2, Peterson Dep. at 60:10-16; Dkt. 231-3
Ex. 95 at 423 (Peterson was living in Brooklyn at the time of her second encounter); Rubin's
56.1 ¶ 243 (*citing* Dkt. 231-3 Ex. 104, Fuller Dep. at 94:8-21 (Fuller made her own arrangements
to travel to New York)). There is, therefore, a genuine issue of material fact as to whether a
"substantial part" of Plaintiffs' TVPA claim arose in the Eastern District. *See Doe v. New York*,
No. 10 CV 1792, 2012 U.S. Dist. LEXIS 140802, at *9 (E.D.N.Y. Sep. 27, 2012) ("First, a court
should identify the nature of the claims and the acts or omissions that the plaintiff alleges give
rise to those claims. Second, the court should determine whether a *substantial part of those acts*

*or omissions* occurred in the district where suit was filed, that is, whether significant events or omissions material to those claims have occurred in the district in question.") (emphasis added).

If the Court grants Rubin's motion for summary judgment on Plaintiffs' TVPA claim because there is no evidence establishing that force, fraud, or coercion caused Plaintiffs to engage in commercial sex, or determines venue does not lie in this District for the TVPA claim, then Rubin will certainly have a viable venue defense as to Plaintiffs' state-law claims. *See DiLaura v. Power Authority of N.Y.*, 786 F. Supp. 241, 254 (W.D.N.Y. 1991), *aff'd*, 982 F.2d 73 (2d Cir. 1992) ("[I]f the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.") (*quoting Castellano v. Bd. of Trustees*, 937 F.2d 752, 758 (2d Cir. 1991) (*quoting United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966))); *see also Mitchell v. County of Nassau*, 786 F. Supp. 2d 545, 565 (E.D.N.Y. 2011) ("Federal courts, absent exceptional circumstances, should abstain from exercising pendent jurisdiction when federal claims in a case can be disposed of by summary judgment.") (*quoting Walker v. Time Life Films, Inc.*, 784 F.2d 44, 53 (2d Cir. 1986)).

Moreover, Plaintiffs' assertion that "most (if not all) Plaintiffs flew into or out of Airports located in the Eastern District," Pls' MSJ at 16, is not supported by the evidence Plaintiffs cite. Plaintiffs cite to flight itineraries for four of the six Plaintiffs. *See id.* However, although Powers booked the flights for Hathaway referenced in the "Hathaway Itinerary," *id.* (*referring to* Dkt. 234-3 Ex. P), Hathaway did not travel to meet Rubin in New York on that occasion. *See* Dkt. 233-2 (Jennifer Powers' Rule 56.1 Statement of Undisputed Material Facts) ¶ 329 (*citing* Dkt. 233-3 Ex. 59 at 1).  Thus, at best, the evidence cited by Plaintiffs suggests that only three of the Plaintiffs (Hallman, Lawson, and Speight) flew into airports in the Eastern District.

13

Plaintiffs cite *Doe v. New York*, 2012 U.S. Dist. LEXIS 140802, for their assertion that, "because the Eastern District is the proper venue for at least four of the six Plaintiffs, this Court has pendant venue here over claims asserted by Fuller and Peterson, and should dismiss Defendants' venue affirmative defense." Pls' MSJ at 17. But, the court in *Doe v. New York* held it had pendent jurisdiction over both plaintiffs' claims because – although one plaintiff's allegations primarily arose out of the Northern District – both plaintiffs alleged to have been injured in the Eastern District. *Doe v. New York*, 2012 U.S. Dist. LEXIS 140802, at *14. That is not the case here, given that Peterson and Fuller have no allegations arising out of the Eastern District.

Plaintiffs' Motion for Summary Judgment as to Rubin's improper venue defense not only fails to show the absence of a genuine issue of material fact with respect to the defense, but it highlights the issues of fact that must be determined at trial in order to establish venue. Under these circumstances, the Motion must be denied. *See FDIC*, 34 F.3d at 54; *Kierulff Assocs. v. Luria Bros. & Co.*, 240 F. Supp. 640, 642 (S.D.N.Y. 1965) (when venue and merits of action are intertwined, it is preferable to wait until trial when full presentation of issue can be made rather than rule preliminarily on a motion to dismiss).

## IV. Rubin's Failure to State a Claim and Frivolous Claims Affirmative Defenses

Plaintiffs seek summary judgment on Rubin's affirmative defenses for failure to state a claim and for frivolous claims, arguing that "[t]he Court has already determined that Plaintiffs properly stated a claim and that Plaintiffs' claims were not frivolous." Pls' MSJ at 17.

As a threshold matter, the Court ruled on the sufficiency of Plaintiffs' Amended Complaint, not the SAC. Indeed, the SAC contains a number of material differences from the

14

Amended Complaint.[6]  Additionally, not only does the documentary evidence, including

Plaintiffs' own electronic communications, belie the allegations in the SAC, but Plaintiffs' own

testimony fails to support the allegations in the SAC.  *See, e.g.*, Dkt. 231-3 Exs. 1, Hallman Dep.

at 214:10-215:16; 39, Hathaway Dep. at 134:21-24, 139:5-9, 148:6-23; 90, Peterson Dep. at

191:23-195:9; 43, Speight Dep. at 93:4-94:20, 102:19-105:14 (Plaintiffs testified that they

recalled virtually nothing about the encounters at issue, despite the specific allegations in the

SAC).  Consequently, denial of Plaintiffs' Motion for Summary Judgment on Rubin's

affirmative defense for failure to state a claim is appropriate because "genuine issues of material

fact exist regarding the validity of the claims contained in plaintiff[s'] complaint."  *See Sears,*

*Roebuck & Co. v. Sears Realty Co.*, No. 89-CV-1350, 1993 U.S. Dist. LEXIS 9513, at *13-14

(N.D.N.Y. July 8, 1993).

For the same reasons, Plaintiffs' Motion for Summary Judgment as to Rubin's frivolous

claims affirmative defense should be denied.  Indeed, neither Rubin's motion to dismiss nor the

Motion to Dismiss Order addressed the issue of whether Plaintiffs' claims were frivolous.  *See*

*generally* Dkt. Nos. 61-1; 105.  More importantly, however, Plaintiffs' surviving, in part, a

motion to dismiss, or even a motion for summary judgment, is not dispositive of the Court's

determination of the frivolousness of Plaintiffs' claims.  The Court may determine that Plaintiffs'

claims are frivolous at any stage of this litigation.  *See Perry v. S.Z. Rest. Corp.*, 45 F. Supp. 2d

272, 274 (S.D.N.Y. 1999) (holding that plaintiff's claims, which survived two motions for

summary judgment, were frivolous in light of evidence revealed at trial); *Dangler v. Yorktown*

---

[6]     For example, in the Amended Complaint, Speight originally alleged that the encounters
relevant to her state-law claims took place "from March to September 2016."  Dkt. 66 ¶¶ 652,
658, 662.  In the SAC, Speight claims the relevant encounters took place on November 24, 2016,
January 31, 2017, and May 26, 2017.  SAC ¶¶ 581, 587, 591, 595.

*Cent. Sch.*, 777 F. Supp. 1175, 1178 (S.D.N.Y. 1991); *Steinberg v. St. Regis/Sheraton Hotel*, 583

F. Supp. 421, 424 (S.D.N.Y. 1984).  Accordingly, Plaintiffs' Motion for Summary Judgment as

to the frivolous claims affirmative defense must be denied.

## V.       Rubin's Contribution Affirmative Defense

Plaintiffs' Motion seeks summary judgment as to Rubin's affirmative defense of

contribution on the grounds that the defense is not proper with respect to Plaintiffs' TVPA

claim.[7]  But Plaintiffs do not move to dismiss the defense as to any state-law claims, and their

Motion for Summary Judgment dismissing the defense in its entirety must, therefore, be denied.

## VI.      Rubin's Settlement and Release Affirmative Defense

Plaintiffs' Motion seeks dismissal of Rubin's settlement and release affirmative defense

because Plaintiffs claim that "Defendants have failed to produce any evidence that the remaining

Plaintiffs purposely signed any settlement *or release*," and "the only purported release provided

was for former-Plaintiff Caldwell."  Pls' MSJ at 15 (emphasis added).  Plaintiffs' assertion is

baseless as each Plaintiff admitted in written discovery, at her deposition, or both, that she signed

and initialed the document specifically titled "Confidentiality *and Release* Agreement," in which

the first provision entitled "Mutual Release" states:  "My participation in the Activities is done

knowingly.  I freely assume all associated risks.  I acknowledge and agree that participation in

these Activities carries with it certain inherent risks that cannot be eliminated completely."  *See*

Rubin's 56.1 ¶¶ 14 (*citing* Dkt. 231-3 Exs. 16-17; 18 at 3; 1, Hallman Dep. at 108:14-109:21; 19,

Powers Dep. at 120:21-122:7); 117 (*citing* Dkt. 231-3 Exs. 39, Hathaway Dep. at 101:5-12; 40);

135 (citing Exs. 19, Powers Dep. at 116:22-117:4; 44); 211 (*citing* Dkt. 231-3 Exs. 90, Peterson

---

[7]       Notably, Plaintiffs do not seek to dismiss Rubin's contribution counterclaim against
Hallman and Lawson, which seeks recovery with regard to both the TVPA and state-law tort
claims.

Dep. at 234:20-236:17; 98); 245 (*citing* Dkt. 231-3 Exs. 104, Fuller Dep. at 113:12-22; 107).

Plaintiffs also state that "Defendants cannot utilize the [Confidentiality and Release Agreements] as a *settlement and release* of Plaintiffs' claims as the NDAs were signed prior to 'any physical sexual interaction.'"  Pls' MSJ at 15 (emphasis added).  Whether the release was signed before or after the sexual encounter makes no difference, and Plaintiffs' cite no support for their contention.  *See Kulkarni v. Arredondo & Co.*, 151 A.D.3d 705, 706-07 (2d Dep't 2017) (release barred plaintiff's claims regarding conduct that occurred *after* the execution of the release because release covered "all manner of action and actions, cause and causes of action, suits, [and] sums of money . . . whatsoever in law or in equity, known and unknown that the plaintiff ever had, now has or . . . may have") (internal quotations omitted).  Plaintiffs' Motion must be denied.

**CONCLUSION**

For the foregoing reasons, Plaintiffs are not entitled to summary judgment on Rubin's affirmative defenses of:  statute of limitations, laches, improper venue, failure to state a claim, frivolous claims, contribution, or settlement and release.

Date:   March 6, 2019                    Respectfully submitted,

        New York, NY

*/s/ Edward A. McDonald*____
Edward A. McDonald
Benjamin E. Rosenberg
Michael J. Gilbert
Benjamin M. Rose
Dechert LLP
1095 Avenue of the Americas
New York, NY 10036
Phone: (212) 698-3672
Fax: (212) 698-3599

*Attorneys for Howard Rubin*
