

Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036-6797
+1 212 698 3500 Main
+1 212 698 3599 Fax
www.dechert.com

**BENJAMIN E. ROSENBERG**

benjamin.rosenberg@dechert.com
+1 212 698 3622 Direct
+1 212 698 0495 Fax

March 15, 2019

**VIA ECF**

Magistrate Judge Steven M. Gold
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:     <u>Lawson et al. v. Rubin et al., 1:17-CV-06404 (BMC) (SMG)</u>

Dear Judge Gold:

This letter is respectfully submitted on behalf of Defendants Howard Rubin and Jennifer Powers relating to the production of text messages from Plaintiffs' phones that Plaintiffs produced in the evening of March 13, 2019, bates-stamped LAWSON-0204921 through LAWSON-020515. This production was the subject of the conference call with the Court yesterday.

The production consists of 664 text messages from Plaintiff Hallman's cellphone that Plaintiffs had previously withheld in their entirety on grounds of privilege and listed on a privilege log. After Defendants questioned certain of the entries on the log, Plaintiffs reiterated that they did not believe there were any improper assertions of privilege. Defendants then raised their concerns in a letter to the Court dated January 24, 2019, and at the conference held on February 28, 2019. It appears that, upon their Court-ordered review, Plaintiffs now claim privilege over only 35 out of the 664 text messages, in part or in their entirety. That is, Plaintiffs have determined that 95% of the texts that they had previously withheld and logged as privileged were in fact not privileged.

That Plaintiffs' privilege determinations were so overstated gives us reasonable grounds for concern that Plaintiffs' privilege determinations with respect to previous productions are similarly overstated. In addition to the log of messages from the Plaintiffs' phones that has been the focus of discussion before Your Honor, Plaintiffs previously provided a privilege log listing 89 documents that were withheld, and a letter clawing back ten additional documents, on grounds of privilege. The Court did not direct Plaintiffs to review these documents. We respectfully request that the Court instruct Plaintiffs to review these withheld materials, to turn over those that are not privileged, and to provide to the Court *in camera* the documents as to which they continue to assert a privilege. *See, e.g., Winfield v. City of New York*, 15-cv-05236 (LTS) (KHP), 2018 WL 2148435 (S.D.N.Y.) (May 10, 2018) (where defendant over-designated documents as privileged court ordered re-review of all documents withheld by defendant, and ordered a special master to review the withheld documents); *N.M. Oncology & Hematology Consultants v. Presbyterian Healthcare*



Magistrate Judge Steven M. Gold
March 15, 2019
Page 2

*Servs.*, 2017 U.S. Dist. LEXIS 130959 (D.N.M. 2017) at *30 - *32 (court imposes special master to review party's materials withheld on grounds of privilege after it was demonstrated that party had designated as privileged a large number of documents that were not, in fact, privileged).

Respectfully submitted,

Benjamin E. Rosenberg

BER

cc:     All counsel of record