UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
HILLARY LAWSON, KRISTINA HALLMAN,                           :
MOIRA HATHAWAY, MACEY SPEIGHT,                              :
ROSEMARIE PETERSON, and LAUREN                              :   **MEMORANDUM DECISION**
FULLER,[1]                                                  :   **AND ORDER**
                                                            :
                    Plaintiffs,                             :   17-cv-6404 (BMC) (SMG)
                                                            :
            - against -                                     :
                                                            :
HOWARD RUBIN, JENNIFER POWERS, and                          :
DOE COMPANY,                                                :
                                                            :
                    Defendants.                             :
----------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiffs bring this suit alleging that defendants, Howard Rubin and Jennifer Powers, lured them to New York so Rubin could sexually assault them. The Court previously entered a protective order that allowed plaintiffs to proceed under pseudonyms. Defendants have moved to vacate that protective order. For the reasons below, defendants' motion to vacate is granted.

## DISCUSSION

Five days after plaintiffs filed their complaint, they moved for a protective order permitting them to proceed under pseudonyms. The Court granted plaintiffs' motion, but noted that because defendants did not have an opportunity to respond to that motion, it would reconsider the order *de novo* if defendants or an interested party objected within 14 days. Defendants filed such an opposition in the form of a motion to vacate sealing, and plaintiffs opposed that motion.

---

[1] The names listed in the caption are pseudonyms adopted by plaintiffs pursuant to a protective order.

The Court denied defendants' motion to vacate sealing. But in that order, the Court stated its ruling was subject to review at future stages in the litigation. Now that the parties have concluded discovery and are proceeding to trial, defendants again ask the Court to vacate the protective order.

In general, "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). Likewise, the public has a right of access to judicial proceedings. See Huminski v. Corsones, 396 F.3d 53, 80 (2d Cir. 2005). Despite the presumption that parties are to proceed under their respective names, "[i]t is within a court's discretion to allow plaintiff to proceed anonymously." Doe v. Delta Airlines, Inc., 310 F.R.D. 222, 224 (S.D.N.Y. 2015) (citation omitted). Thus, courts have "carved out a limited number of exceptions to the general requirements of disclosure ... which permit plaintiffs to proceed anonymously" when the plaintiff's interest in anonymity outweighs the general public interest in disclosure and prejudice to the defendants. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 189 (2d Cir. 2008); see also EW v. New York Blood Center, 213 F.R.D. 108, 112 (E.D.N.Y. 2003) ("[C]ourts look at the damage to a defendant's reputation caused by the anonymous proceeding ... and the fundamental fairness of proceeding in this manner."). When considering a motion to proceed anonymously, a court should apply the ten non-exclusive factors promulgated in Sealed Plaintiff.[2]

---

[2] The factors include: "(1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the ... party seeking to proceed anonymously ...; (3) whether identification presents other harms and the likely severity of those harms ...; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure ... particularly in light of [her] age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press [her] claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identify has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose [her] identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identifies; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff ..." Sealed Plaintiff, 537 F.3d at 189-90 (internal quotations and citations omitted).

In this case, plaintiffs contend the highly sensitive and personal nature of the allegations weigh in favor of allowing them to continue to proceed to trial under pseudonyms.  They allege that Rubin raped and beat them, leading to injuries that required cosmetic and dental reconstructive surgery.  These allegations are highly sensitive and of an extremely personal nature, and the public has an interest in permitting victims of sexual assault to proceed pseudonymously, both to protect victims' privacy and to avoid deterring other victims from coming forward.  See Doe No. 2 v. Kolko, 242 F.R.D. 193, 195 (E.D.N.Y. 2006).  But this factor alone is not dispositive.

In fact, "allegations of sexual assault, by themselves, are not sufficient to entitle a plaintiff to proceed under a pseudonym." Doe v. Skyline Automobiles Inc., 375 F. Supp. 3d 401, 405 (S.D.N.Y. 2019) (citation omitted).  The fundamental problem with plaintiffs' position is that they have not provided concrete justification for sealing here, besides the fact that they are the alleged victims of a sexual assault and that some of them have children.  Plaintiffs primarily argue that they will become subject to future criticism, social stigma, and ridicule, along with their children.  The Court finds that argument unpersuasive, especially because "a plaintiff seeking anonymity must base their allegations [of harm] on more than just mere speculation." Id. at 405 (internal quotation marks omitted).

Here, plaintiffs have not identified any risk of retaliation or threat to plaintiffs or to third parties.  See Sealed Plaintiff, 537 F.3d at 190.  Instead, plaintiffs editorialize defendants' legitimate efforts to obtain crucial discovery (e.g., "threatening" to re-depose two plaintiffs) and mount a zealous defense (e.g., calling plaintiffs' allegations "a web of lies intended to extort Mr. Rubin"); however, none of the conduct identified by plaintiffs, either individually or in the aggregate, constitute the kind of threats or severe harm that would warrant allowing plaintiffs to

3

proceed to trial under pseudonyms. And to the extent plaintiffs are concerned about public disclosure of their medical records and other confidential information, the Court may find that sealing or redacting such documents is appropriate regardless of whether plaintiffs proceed under pseudonyms. See Doe v. United States of America, 16-cv-7256, 2017 WL 2389701, at *2 (S.D.N.Y. June 1, 2017). Therefore, due to the existence of alternate means to protecting confidentiality, this factor also weighs against allowing plaintiffs to proceed anonymously.

The Court recognizes plaintiffs' concern for their privacy and does not grant defendants' motion lightly. As the parties are well aware, the Court initially granted plaintiffs' request to proceed under pseudonyms throughout pre-trial proceedings. But a "different balance of interests … comes into play at the trial phase because a jury will now be called upon to resolve critical issues of credibility." Delta Airlines, Inc., 310 F.R.D. at 225. Since this matter approaches trial, the Court must weigh plaintiffs' interest in their privacy and the public's interest in permitting victims of sexual assault to proceed pseudonymously against defendants' interests and also the public's interest in knowing the name of the parties involved. See Doe v. Shakur, 164 F.R.D. 359, 361 (S.D.N.Y. 1996) ("Indeed, lawsuits are public events and the public has a legitimate interest in knowing the facts involved in them. Among those facts is the identity of the parties.") (internal quotation marks omitted).

The Court has an obligation to reassess any prejudice to defendants, which may not have been implicated during the discovery stage of litigation, now that the case is proceeding to trial. See Delta Airlines, Inc., 310 F.R.D. at 224. ("[W]ith the case now headed to trial, the key factors here favor disclosure of Doe's name, not permitting her to proceed pseudonymously."). After carefully considering the prejudice defendants will likely suffer at trial, the Court finds that plaintiffs should be required to proceed under their real names at this stage in the litigation.

The Court draws this conclusion for three reasons. First, the Court finds that a "witness who proceeds under her real name and is subject to a potential rigorous cross-examination may feel more inhibited than a pseudonymous witness from fabricating or embellishing an account." Delta Airlines Inc., 310 F.R.D. at 225. In this case, if I permit plaintiffs to testify under pseudonyms, there would be a "risk of giving [their] claim greater stature or dignity" or otherwise confusing or distracting the jury. Id. This would prejudice defendants' rights to an impartial fact-finder:

> [I]f trial is ultimately needed to resolve this dispute, then defendant's ability to receive a fair trial will likely be compromised if the Court allows plaintiff to continue using a pseudonym, as the jurors will likely construe the Court's permission for the plaintiff to conceal her true identity as a subliminal comment on the harm the alleged encounter with the defendant has caused the plaintiff.

Doe v. Cabrera, 307 F.R.D. 1, 10 (D.D.C. 2014).

Secondly, I find that requiring the witnesses, including defendants, to use the six plaintiffs' pseudonyms would materially impact their demeanor while testifying at trial. Defendants would have to memorize and recall the pseudonyms of six plaintiffs, while attempting to remember their past experiences with those separate plaintiffs whom defendants knew by another name – in a matter of milliseconds during cross-examination. Although testifying may be stressful in and of itself, attempting to testify while using pseudonyms may lead to frequent unnatural pauses, unintentional mistakes, or confusion. Despite a defendant's best efforts to be honest, a juror may be inclined to disbelieve a defendant who appears to be evasive, fabricating testimony, or minimizing behavior while under oath, when in reality, the witness may simply be trying to abide by the Court's order that to use pseudonyms. In short, a witness's credibility in front of the jury may be undermined by unnatural demeanor. See Lin v. Gonzales, 446 F.3d 395, 401 (2d Cir. 2006) ("A fact-finder who assesses testimony together with

witness demeanor is in the best position to discern … whether a witness who hesitated in a response was … attempting to truthfully recount what he recalled of key events or struggling to remember the lines of a carefully crafted 'script'").

Thirdly, if a witness hesitated for a brief second before every answer, that hesitation would not appear in the transcript of his trial testimony, thereby undermining any appellate review of the issue. That is because a transcript "cannot give the look or manner of a witness: his hesitation, his doubts, his variations of language, his confidence or precipitancy, his calmness or consideration[.]" Arnstein v. Porter, 154 F.2d 464, 470 (2d Cir. 1946). This is another reason to grant defendants' motion to vacate.

In fact, evidence submitted to the Court highlights the problems pseudonyms may pose at trial and the confusion it will undoubtably produce, despite counsel's best efforts to adequately prepare their respective clients. This was apparent from the parties' depositions: "Moira Hathaway" could not recall her pseudonym's first name, and "Hillary Lawson" could not recall her close friend and co-plaintiff's pseudonym. As one court in this circuit has already recognized, "conduct[ing] a trial in such an atmosphere, all the while using pseudonyms, promises trouble and confusion." Guerrilla Girls Inc. v. Kaz, 224 F.R.D. 571, 575 (S.D.N.Y. 2004). In the event a witness inadvertently testified to a plaintiff's real name, the Court would have to immediately excuse the jury in the middle of critical testimony, admonish the witness, and provide a limiting instruction, which may signal to the jury that either the attorney or the witness acted improperly. Accordingly, I find that the prejudice to defendants at trial outweigh the interests of plaintiffs in their anonymity.

Finally, the Court rejects plaintiffs' procedural challenge to defendants' motion. Plaintiffs contend that defendants' motion does not strictly comply with the requirements for

motions for reconsideration or for relief from an order under Federal Rule of Civil Procedure. But the Court's November 30, 2017 order explicitly permitted defendants to seek reconsideration of the Court's order at a later stage in the litigation precisely because the circumstances that warrant anonymity at the outset of litigation do not necessarily apply in the same manner right before trial. Thus, and for the reasons stated in this order, the Court finds that this motion satisfies the requirements of a motion for relief from an order under Federal Rule of Civil Procedure 60(b)(6).

## CONCLUSION

Defendants' [298] motion for reconsideration to vacate sealing is GRANTED. Within one week of the entry of this order, plaintiffs shall file an amended complaint to include their actual names. The Clerk shall then update the docket to reflect plaintiffs' real names.

**SO ORDERED.**

Dated: Brooklyn, New York
October 17, 2019

                                                          U.S.D.J.