UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMY MOORE, MIA LYTELL, NATASHA TAGAI, EMMA HOPPER, BRITTANY HASSEN and BRITTANY REYES,<br><br>                  *Plaintiffs,*<br><br>-against-<br><br>HOWARD RUBIN and JENNIFER POWERS,<br><br>                  *Defendants.* | Case No.: 1:17-CV-06404 (BMC) |

### PLAINTIFFS' PROPOSED VOIR DIRE[1]

Plaintiffs Amy Moore, Mia Lytell, Natasha Tagai, Emma Hopper, Brittany Hassen, and Brittany Reyes respectfully submit the following voir dire questions for the Court's consideration:

### DESCRIPTION OF THE CASE AND PRELIMINARY QUESTIONS ABOUT ITS SUBJECT MATTER

This is a case in which six women—Plaintiffs Amy Moore, Brittany Hassen, Mia Lytell, Natasha Tagai, Emma Hopper, and Brittany Reyes—allege that Defendants Howard Rubin and Jennifer Powers enticed them to travel to New York City so that Howard Rubin could sexually assault them. Defendants Rubin and Powers deny these allegations and assert that the Plaintiffs consented to all aspects of their encounters with Defendant Rubin.

This case will involve explicit and possibly graphic evidence of a sexual nature. If you serve on the jury for this case, it is important that you can be fair and impartial despite such evidence.

---

[1] The Court requested the parties attempt to agree on a joint description of the case to be read to prospective jurors, but the parties were unable to agree on such a description. However, the parties have shared their prospective voir dire questions and it appears the parties agree on the majority of them.

Plaintiffs received payment for their meetings with Defendant Rubin, who at times has asserted that those encounters constituted consensual "BDSM" activity—which is short for "bondage, discipline, and sado-masochism." If you serve on the jury for this case, it is also important that you can be fair and impartial despite any views that you may have concerning any of these topics.

1. Do you have any feelings about BDSM that would make you uncomfortable and unable to participate in fair and impartial deliberations?

2. Do you have any feelings about sex-for-pay that would make you unable to participate in fair and impartial deliberations?

3. This is a civil case, not a criminal case. Will you be able to put aside the question of whether any activity in this case might be criminal, and focus instead on the questions that the Court will ask you to decide at the conclusion of the case?

## **KNOWLEDGE OF PARTIES OR COUNSEL**

1. Have you seen or read any recent news reports concerning any of the parties related to this action?

2. Have you heard of, are you related to, or do you know of Howard Rubin or Jennifer Powers, the Defendants in this action? *If yes,* please describe.

3. I will read you the names of the Plaintiffs. Are you related to, or do you know, or have heard of, any of the Plaintiffs in this case? *If yes*, please describe.

   1. Amy Moore
   2. Brittany Hassen
   3. Mia Lytell
   4. Natasha Tagai

       5.      Emma Hopper

       6.      Brittany Reyes

4. I will read you a list of law firms, attorneys, and paralegals representing the Defendants involved in this litigation. Are you related to, or do you know, any of these attorneys, or have you been represented by any of these attorneys or other lawyers at the listed law firms?

       1.      Dechert LLP

       2.      Schlam Stone & Dolan LLP

       3.      Yifat V. Schnur Esq. LLC

       4.      Edward A. McDonald

       5.      Benjamin E. Rosenberg

       6.      Michael J. Gilbert

       7.      Benjamin M. Rose

       8.      Nicole Delgado

       9.      Christine Isaacs

       10.     Katarina McClellan

       11.     Douglas E. Grover

       12.     Jonathan Mazer

       13.     Niall D. O'Murchadha

       14.     Jolene F. LaVigne-Albert

       15.     Jeffrey M. Eilender

       16.     Violet G. Nieves

       17.     Andrew J. Klawiter

       18.     Erica G. Choi

   19. Makenzie E. Nohr

   20. Angela Li

*If so,* which ones and how do you know them?

 5. I will read you a list of law firms, attorneys, and paralegals representing the Plaintiffs involved in this litigation. Are you related to, or do you know, any of these attorneys, or have you been represented by any of these attorneys or other lawyers at the listed law firm?

   1. Balestriere Fariello

   2. John G. Balestriere

   3. Karen M. Bubelnik

   4. Megan E. McKenzie

   5. Matthew W. Schmidt

   6. Emily D. Shlafmitz

*If so,* which ones and how do you know them?

 6. I will read a list of potential witnesses besides the parties who may give testimony in this case and of people who may be mentioned during the trial.

   1. Taren Cassidy

   2. Khalid Dweik

   3. Stephanie Shon

Are you related to, or do you know, any of these people? *If so,* which ones?

## **PARTICULAR QUESTIONS RELATED TO JURORS' BACKGROUND**

 7. Do you have any strong feeling about alcohol or drug use that would make it difficult for you to view the case presented to you in an impartial manner?

8. You may have heard about recent high-profile cases of people who have engaged in sexual relations and as a result, have been tried in criminal court. Those cases have nothing to do with this one. Have you read or heard anything about other cases that might make it difficult for you to decide this case impartially, and based only on this Court's instructions to you?

9. You may be familiar with the #MeToo Movement. Do you have any feelings about the #MeToo movement that would make it difficult for you to decide this case impartially, and focus on the Court's instructions to you?

10. Do you have any strong feeling or bias against men who are wealthy such that it would affect your ability to render a fair and impartial verdict in this case?

11. Do you have any strong feeling or bias against married men who engage in sexual relations with other women?

12. Do you have any strong feeling or bias against younger women who engage in sexual relations with older men?

13. You may learn that one or more of the plaintiffs, at one time or another, received money in return for sexual or sexually related conduct. Would that prevent you from finding in favor of the plaintiffs if they met their burden of proof regarding the claims presented at trial?

14. Have you or has anyone close to you been the victim of a sexual assault?

15. Have you or has anyone close to you been accused of perpetrating sexual assault?

16. Have you or has anyone close to you had any experiences that would make it difficult for you to sit as a juror in this case? Please describe.

17. Is there anything that we have not asked you about that would make you uncomfortable about sitting on this case, or that makes you feel like you cannot be a fair and impartial juror in this case?

Date:   New York, New York
        March 9, 2020

By: _____
John G. Balestriere
Matthew W. Schmidt
**BALESTRIERE FARIELLO**
225 Broadway, 29th Floor
New York, New York 10007
Telephone:   (212) 374-5401
Facsimile:   (212) 208-2613
john.balestriere@balestrierefariello.com
matthew.schmidt@balestrierefariello.com
*Attorneys for Plaintiffs*