UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

AMY MOORE, et al.

                  *Plaintiffs*,

– *against* –

HOWARD RUBIN, et al.,

                  *Defendants*.

Case No.: 1:17-cv-06404 (BMC) (CLP)

# DECLARATION OF MAY CHIANG

I, May Chiang, declare as follows:

    1.    I am an attorney-at-law, admitted to practice before this Court, and am a partner at Dechert LLP, counsel for Defendant Howard Rubin in the above-captioned action.

    2.    I submit this Declaration in support of Defendant's Opposition to Plaintiff's Motion for Attorney's Fees and Costs to provide support for Defendant's calculations. I am personally familiar with the facts set forth below, and the attached documents were assembled either by me or by persons working at my direction.

    3.    In support of their Motion, Plaintiffs submitted their counsel's annual billing and expense invoices showing fees and expenses recorded from August 16, 2017 through April 30, 2024. See Dkt. 428-2, Exhibit 1 to the Balestriere Declaration.

    4.    At my direction, the time entries and expenses listed in Exhibit 1 were transferred to a searchable Excel spreadsheet.

1

5.  My colleagues and I then analyzed that spreadsheet's entries.

6.  To determine the lodestar, we isolated the four attorneys on the primary case team and proposed an hourly rate for each attorney according to the prevailing rates in this District and the Southern District for Trafficking Victims Protection Act ("TVPA") cases. We then multiplied that rate to the hours identified in Plaintiffs' memorandum of law, Dkt. 429-1 at ECF 20–21, to determine the lodestar amount.

| Name | Position and Experience | Years on Case | Proposed Rate | Hours | Amount |
|---|---|---|---|---|---|
| John G. Balestriere | Partner, 26 years' experience | 2017 to present | $450 | 1699.7 | $764,865 |
| Matthew Schmidt | Junior Partner, 13 years' experience (Class of 2009) | 2017 to 2024 | $350 | 1537.1 | $537,985 |
| Jillian McNeil | Associate, 6–8 years' experience (Class of 2011) | 2017 to 2019 | $225 | 940.1 | $211,522.50 |
| Brian Grossman | Junior Associate, 1–2 years' experience | 2017 to 2019 | $150 | 1651.1 | $247,665 |

7.  With respect to expenses, we analyzed the spreadsheet's expense entries and identified those entries that are not recoverable as expenses under 28 U.S.C. § 1920 or Local Rule 54.1.

8.  Attached as **Exhibit A** are the entries pertaining to Plaintiffs' meals, travel, and incidentals expenses, which total $40,293.97.

9.  Attached as **Exhibit B** are the entries pertaining to Plaintiffs' counsel's meals, travel, and incidental expenses, which total $56,143.59.

10. Attached as **Exhibit C** are the entries pertaining to non-attorney overtime, which total $29,768.57.

2

11. Attached as **Exhibit D** are the entries pertaining to expert witness fees, which total $33,413.01.

12. Attached as **Exhibit E** are the entries pertaining to research costs, which total $30,936.72.

13. Attached as **Exhibit F** are the entries pertaining to transcript fees, which total $32,105.99.

14. Attached as **Exhibit G** are the entries pertaining to overhead expenses, which total $1,673.16.

15. Attached as **Exhibit H** are the entries pertaining to generic mailing & process costs, which total $9,311.47.

16. Attached as **Exhibit I** are the entries pertaining to copying and printing costs, which total $3,962.25.

17. Attached as **Exhibit J** are the entries pertaining to discovery vendor costs, which total $203,472.32.

18. Attached as **Exhibit K** are the entries pertaining to interest charges, which total $6,114.81.

19. Attached as **Exhibit L** are the entries pertaining to other charges with no supporting invoices to determine their connection to the case, which total $24,241.67.

20. The permitted costs and expenses total $15,114.90 and are depicted in **Exhibit M**.

I declare under penalty of perjury that the foregoing is true and correct.

_____
May Chiang