2230

```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X
                                :
AMY MOORE, MIA LYTELL,           : 17-CV-06404 (BMC)
NATASHA TAGAI, EMMA HOPPER,      :
BRITTANY HASSEN AND BRITTANY     :
REYES,                           :
                                 : United States Courthouse
          Plaintiffs,            : Brooklyn, New York
                                 :
                                 :
     -against-                   : Thursday, April 7, 2022
                                 : 9:30 a.m.
                                 :
                                 :
HOWARD RUBIN AND JENNIFER        :
POWERS,                          :
                                 :
          Defendants.

- - - - - - - - - - - - - - - - X

         TRANSCRIPT OF CIVIL CAUSE FOR JURY TRIAL
           BEFORE THE HONORABLE BRIAN M. COGAN
           UNITED STATES SENIOR DISTRICT JUDGE


              A P P E A R A N C E S:

For the Plaintiffs:    BALESTRIERE FARIELLO
                       225 Broadway
                       29th Floor
                       New York, New York 10007
                    BY: JOHN G. BALESTRIERE, ESQ.
                        MANDEEP S. MINHAS, ESQ.


For the Defendants:    DECHERT, LLP
                       Three Bryant Park
                       1095 Avenue of the Americas
                       New York, New York 10036-6796
                    BY: EDWARD A. McDONALD, ESQ.
                        BENJAMIN E. ROSENBERG, ESQ.
                        CHRISTINE ISAACS, ESQ.
                        MAY K. CHIANG, ESQ.


              SAM    OCR    RMR    CRR    RPR
```

2231

```
                    A P P E A R A N C E S:   (Continued)


 For the Defendants:   SHEPPARD MULLIN RICHTER & HAMPTON, LLP
                          30 Rockefeller Plaza
                          New York, New York 10112
                       BY:  MICHAEL J. GILBERT, ESQ.
                            KATHERINE ANNE BOY SKIPSEY. ESQ.


 For the Defendant:    SCHLAM STONE & DOLAN, LLP
                          26 Broadway
                          19th Floor
                          New York, New York  10004
                       BY:  DOUGLAS E. GROVER, ESQ.
                            JOLENE F. LAVIGNE-ALBERT, ESQ.
                            ANGELA LI, ESQ.
```

Court Reporter:   Stacy A. Mace, RMR, CRR
                  Official Court Reporter
                  E-mail:  SMaceRPR@gmail.com

Proceedings recorded by computerized stenography.  Transcript produced by Computer-aided Transcription.

Proceedings                                                          2232

1     (In open court - jury not present.)
2     THE COURTROOM DEPUTY: All rise.
3     (Judge BRIAN M. COGAN entered the courtroom.)
4     THE COURT: Good morning. Have a seat.
5     We've given you a copy of note, Court Exhibit Number 9, from the jury, which says:
7     For the act to be malicious, does intent need to be there? Is it possible to have an example?
9     (Court's Exhibit 9 was received in evidence.)
10    THE COURT: How would the plaintiff like me to respond to that?
12    MR. BALESTRIERE: Good morning, Your Honor.
13    With regards to the first, I understand, I think, the question. I don't think intent needs to be there.
15    Just looking, again, at your charge, there does need to be this utter disregard. And in fact, you say, and this is in the standard charge on this, malicious and reckless.
18    So, I think the key is that it's not unreasonable, not simply a mistake, but the utter disregard, I think, covers it. So, it doesn't need to be the intent to cause the harm, but an utter disregard for the harm which will be caused.
22    With regards to an example, I don't know if the Court wants to go there because it could be troublesome.
24    THE COURT: I'd rather not.
25    MR. BALESTRIERE: That's what I thought.

Proceedings                                                2233

1     THE COURT:  Let's hear from the defense.
2     MR. ROSENBERG:  I think that we -- forgive me.
3     I think the definition, it's hard to improve upon or
4  really elaborate on the statement in the charge.
5     THE COURT:  I agree.
6     MR. ROSENBERG:  And the sentence, we propose just
7  directing them to that sentence and not providing an example.
8     THE COURT:  Well, the charge is so short, I don't
9  think I need to reread it or to direct them to any part of it,
10 except tell them to go there, to reread the charge.
11    I will reread it if the parties want me to.
12    MR. BALESTRIERE:  Do they have a copy?  Don't they
13 have a copy?
14    THE COURT:  They do.
15    MR. BALESTRIERE:  Yes, that's what I thought.  Then
16 no need to reread.
17    MR. ROSENBERG:  We would agree, there's no need to
18 reread the charge.
19    THE COURT:  And as far as an example, I am going to
20 tell them we're just a little bit concerned that giving one
21 example will exclude other things that might be within or
22 without the definition, so we prefer not to give them an
23 example.
24    All right, let's have the jury, please.
25    (Pause.)

SAM        OCR        RMR        CRR        RPR

Proceedings 2234

1 (Jury enters the courtroom at 11:24 a.m.)
2 THE COURT: Good morning, ladies and gentlemen.
3 Everyone be seated, please.
4 We have your note that asks:
5 For the act to be malicious, does intent need to be
6 there? And: Is it possible to have an example?
7 As to the first question, I really can't be any more
8 specific about that than the language of the instruction we
9 gave you yesterday on that particular point. So, I am going
10 to refer you back to that instruction. Please read that over
11 and see if that answers your question.
12 As far as an example, I really don't want to give
13 you that because the problem with examples is if you give one
14 example, no one knows whether one thing can be outside the
15 example or within the example, and you'd be guessing at that.
16 So, I may not be giving you the kind of response you
17 wanted to this question, but I'm afraid that's the best I can do.
18 So, I'll ask you to continue your deliberations,
19 please.
20 (The jury exits to resume deliberations at
21 11:26 a.m.)
22 THE COURT: Okay, stand by.
23 MR. BALESTRIERE: Thank you.
24 (Judge BRIAN M. COGAN exited the courtroom.)
25 (Recess taken.)

SAM OCR RMR CRR RPR

**AFTERNOON SESSION**

(In open court - jury not present.)

THE COURTROOM DEPUTY: All rise.

(Judge BRIAN M. COGAN entered the courtroom.)

THE COURT: Have a seat, please.

All right, we have received a note from the jury, which we've marked as Court Exhibit 10, and it says:

We have reached a unanimous decision.

Is there any reason I should not have the jury in and review their verdict on punitive damages?

(Court's Exhibit 10 was received in evidence.)

MR. McDONALD: No, Your Honor.

MR. BALESTRIERE: No, Your Honor.

THE COURT: All right, let's have them, please.

(Jury enters the courtroom at 2:15 p.m..)

THE COURT: All right, everyone be seated.

Mr. Resnick, we have your note that says you have reached a unanimous decision.

Is it correct that you have reached a unanimous decision?

THE FOREPERSON: Yes, it is Your Honor.

THE COURT: All right, would you please hand the verdict form to the courtroom deputy?

All right, again, ladies and gentlemen, I am going to read it out loud and remember to listen carefully so that

Proceedings                                                  2236

if the parties want me to ask each one of you, you will be able to answer whether you think it's accurate.

All right, as to plaintiff Natasha Tagai, total punitive damages, $120,000.

For plaintiff Brittany Reyes, $120,000.

For plaintiff Brittany Hassen, $120,000.

For plaintiff Emma Hopper, $120,000.

For plaintiff Mia Lytell, $120,000.

And for plaintiff Amy Moore, $250,000.

Would either side like me to poll the jury?

MR. BALESTRIERE: No, Your Honor.

MR. McDONALD: Yes, Your Honor.

THE COURT: All right.

Mr. Resnick, does this verdict, as I have read it, represent your true and accurate verdict?

THE FOREPERSON: Yes, it does, Your Honor.

THE COURT: Ms. Dash, how about you?

JUROR NUMBER TWO: Yes, Your Honor.

THE COURT: Ms. Alvarez?

JUROR NUMBER THREE: Yes, it does.

THE COURT: Ms. Perkins?

JUROR NUMBER FOUR: Yes, Your Honor.

THE COURT: Mr. Ohanian?

JUROR NUMBER FIVE: Yes, Your Honor.

THE COURT: Mr. Kamal?

Proceedings                                                    2237

JUROR NUMBER SIX:  Yes, Your Honor.

THE COURT:  Mr. Rios?

JUROR NUMBER SEVEN:  Yes, Your Honor.

THE COURT:  All right, and Mr. Krolack?

JUROR NUMBER EIGHT:  Yes, Your Honor.

THE COURT:  All right, any of the lawyers have any reason I should not discharge the jury?

MR. McDONALD:  No, Your Honor.

THE COURT:  Okay.  I want to say two things to you, ladies and gentlemen.

First, I want to apologize for springing this second trial on you.  I know you thought you were done and you wouldn't have to deliberate anymore, and you know how hard it is to do this work.  The reason it's done that way is because we were afraid if we told you there was a possibility of punitive damages, it could influence your verdict on compensatory damages.

So, we always separate it this way and that's how we know the jury is thinking solely about liability and compensatory damages and not being influenced by the possibility of punitive damages.

But I know it was a surprise.  I didn't like doing it, but we found it's the only way it can be done and keep the jury untainted.

The second thing I want to tell you is that while,

Proceedings                                                2238

1    as I told you during the instructions, I have no view as to
2    whether your decision was correct or right or wrong, too high,
3    too low, I will tell you I am in awe of the way you handled
4    yourselves during this trial.  As you've seen, this is a very
5    hard undertaking and it's a very important thing about our
6    system that we have people who are willing to work this hard.
7    You know, we're probably one of maybe three countries in the
8    world, not even the UK would allow jurors, fellow citizens, to
9    sit in judgment of their other fellow citizens.  People don't
10   trust that in other countries, they get professional judges to
11   make decisions like this.  But we, in the United States, we
12   trust our citizens to do this work and make the hard decisions
13   about their fellow citizens.
14           And I will tell you if you think about it, in a way,
15   this is as close as you're going to get to participating in
16   our democratic system because the fact of the matter is, that
17   even when you vote, you don't have as direct an impact as you
18   had here, having put in the work that you put in over the last
19   four weeks.
20           So, I want to thank you so much for your time.  I
21   know the parties join me in that.  We appreciate how hard this
22   was.  I will tell you based on my experience with other
23   juries, while you might be real anxious to get out of here
24   now, in a week or two you'll start thinking about this and
25   say, you know, that was truly an amazing experience in my

Proceedings                                                              2239

1   life.  I'm glad I did it.  You may not feel like that today,
2   but it will set in after a while.
3               So, again, thank you so much for everything you've
4   done.  You are dismissed.
5               (Jury dismissed and exits the courtroom.)
6               THE COURT:  All right, have a seat just for a
7   second.
8               Motions need longer than thirty days?  Do you think
9   that's okay?
10              MR. McDONALD:  I think we're okay, Your Honor.  Four
11  weeks.
12              THE COURT:  And for plaintiffs, just check me, there
13  is an attorney's fee recovery provision in this statute,
14  right?
15              MR. BALESTRIERE:  Yes, Your Honor.  So, just maybe
16  to make it easier, I was thinking we could -- they move, I
17  presume, pursuant to 5059.  We could oppose, and then at that
18  time move for attorneys' fees, unless the Court wants it to be
19  a separate schedule.
20              THE COURT:  The only thing is whether you want to
21  hold your fee motion in abeyance.  If that's okay with you,
22  what I'd suggest you do is just within the 14 days that's
23  allowed for you to make your motion under Rule 54, just file a
24  notice of motion --
25              MR. BALESTRIERE:  Understood.

1           THE COURT:  -- to be briefed later, and that will be
2    fine with me.  And we'll have both motions timely pending and
3    then we'll see where the case goes.
4           MR. BALESTRIERE:  Thank you, Your Honor, that's
5    totally fine, of course.
6           THE COURT:  All right, anything further we need to
7    cover?
8           MR. McDONALD:  No, Your Honor.
9           THE COURT:  Thank you all again for your hard work,
10   it was a fascinating trial from a judicial perspective.
11          MR. BALESTRIERE:  Thank you, Your Honor.
12          MR. McDONALD:  Thank you.
13          MR. GROVER:  Your Honor.
14          THE COURT:  Yes.
15          MR. GROVER:  If I may, I'm sure you don't need to
16   hear this from me, but I just wanted to say the comments that
17   you made to the jury I thought were among the nicest I've ever
18   heard in 45 years of practicing law.
19          THE COURT:  I appreciate that.
20          MR. GROVER:  They were not only appropriate, but I
21   actually was listening very closely and personally I was very
22   impressed.
23          THE COURT:  Well, I appreciate that.  I will tell
24   you, not to undermine what you said, but the desire to talk to
25   a jury like that, I was inspired by a judge you probably know

Proceedings                                                                 2241

1  named Irving Ben Cooper, who, despite his other peculiarities,
2  could speak to juries in a way like no one I've ever heard and
3  make the jurors feel good about themselves, which I think is
4  important to our system.
5           MR. GROVER:  Thank you.
6           THE COURT:  Okay, thank you all.
7           MR. BALESTRIERE:  Thank you.
8           (Judge BRIAN M. COGAN exited the courtroom.)
9           (Matter concluded adjourned.)

15                    *     *     *     *     *

17  I certify that the foregoing is a correct transcript from the
    record of proceedings in the above-entitled matter.

19      /s/ Stacy A. Mace                    April 7, 2022
20        STACY A. MACE                          DATE

SAM        OCR        RMR        CRR        RPR

2242

# E X H I B I T S

| EXHIBIT | PAGE |
|---|---|
| Court's Exhibit 9 | 2232 |
| Court's Exhibit 10 | 2235 |