# Exhibit 1



BALESTRIERE FARIELLO
225 Broadway, 29th Floor
New York, NY 10007
T: +1.212.374.5400
F: +1.212.208.2613
info@balestrierefariello.com
www.balestrierefariello.com

August 21, 2017

**VIA E-MAIL (Mialytell@hotmail.com)**
Mia Raquel Lytell
Fort Lauderdale, Florida

**VIA E-MAIL (Amy2mo@gmail.com)**
Amy Moore
Daytona Beach, Florida

**VIA E-MAIL (Katrinavanessarico@gmail.com)**
Katrina Rico
Fort Lauderdale, Florida

> Re:   Engagement of services of Balestriere Fariello (the "Firm") for
> your matter regarding any civil claims you may have against
> Howard Rubin and his associates. (the "matter").

Dear Mia, Amy and Katrina:

This letter ("Agreement") confirms the discussions we have had regarding the Firm's representation of you ("you," "your," "yours," "his," "her," "its," or similar pronoun means the party or parties who seeks representation) in your matter, pending further investigation, and your obligations to the Firm once you engage the Firm. We thank you for your trust in choosing us as your counselor and to fight for you.

You agree that, consistent with any applicable ethical rules, the Firm has the exclusive right to represent you in connection with this matter to pursue any claims asserted or to be asserted by you in or related to this matter. The Firm's services in this matter will end, unless otherwise agreed upon in a written document signed by us, when there is a final agreement, settlement, decision, or a judgment.

Please take care in reviewing this letter and ask us any questions of any kind you have. By signing this letter, you agree to be bound by its terms.

As we can discuss at any time, <u>we cannot and do not guarantee or represent that we can obtain any particular result, or that the amount of fees or costs or the length of the matter shall be a certain amount</u>.



## FEES, EXPENSES, BILLING, AND PAYMENT

The representation of you by this Firm or any other lawyer with which we choose to coordinate our efforts in this matter is on the basis described below, including the payment of a contingency fee (the "Success Fee"). While you may pay us on an exclusively hourly rate basis, we both agree that you wish to proceed on a largely Success Fee basis.

### Success Fee

Success or Share of the Recovery Fee. The Firm will receive a Success Fee based on the gross value we obtain for you (the "Recovery"), as defined below. The Success Fee shall not be limited by any taxes, liens, assessments, charges, or fees due by you, or any fees or expenses you owe to anyone else. The Success Fee is based on the entire Recovery.

The Recovery is defined as inclusively as possible to encompass anything of value whatsoever you obtain from the engagement of the Firm whether from actual litigation, negotiation, arbitration, advocacy, consultation, or otherwise, including, but not limited to, by way of court order, judgment, award, or any agreement. It specifically includes a cash recovery as well as any other service or thing of value of any kind, from any source, including, but not limited to, the following:

a) any transfer, purchase, or purchase rights of any assets, licensing agreements, any intellectual property, or any business transactions or goodwill of any kind;

b) restitution from any source, including a government source, if our Firm has, prior to the payment of restitution, had any contact of any kind with the source or government body including, but not limited to, any communications or negotiations with the source; and

c) reduction of any amount of any debt, taxes, liens, or any financing obligations of any kind.

You agree that the Firm is choosing to share the risk with you in this litigation based not merely on our due diligence, but on your representations regarding the merits of your claims and the ability to obtain a Recovery if we are successful in prosecution of any claims you have. Such representations are a condition precedent to the Firm sharing the risk with you in this engagement.

You may have a tax liability as a result of the Recovery and should immediately discuss how to address such liability, if any, with your accountant or other tax adviser. We do not have the requisite qualifications to provide you with advice regarding any tax liability which may arise as a result of the Recovery, but shall assist you however you reasonably request in finding such a tax adviser. IRS Circular 230 Disclosure: As required by federal law and to ensure compliance with requirements imposed by the Internal Revenue Service, please be advised that any U.S. federal tax advice is not intended to be used or relied upon, and cannot be used or relied upon, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

2

**BALESTRIERE FARIELLO**

<u>Obligations by You Do Not Reduce Success Fee</u>.  If, in any action, you are ordered or agree to pay any money, or provide any other service or thing of value of any kind, from any source, as a party, this shall not reduce the Success Fee.  As a simple example, if we obtain a recovery for you of $1,000.00, but you also, as part of the matter, either agree to or are ordered as part of a judgment, award or any other order, to pay $250.00 to another party, our Success Fee shall still be based on the recovery of $1,000.00, which we obtain for you, and not reduced by the amount ($250.00) you are ordered to pay.

The Firm shall, at the Firm's sole discretion, receive <u>either</u> the Success Fee of the following amount <u>or</u> attorney's fees awarded by the Court, or provided by agreement, if there is an order or agreement regarding attorney's fees.  You agree to provide any necessary assistance to the Firm to seek attorney's fees from the Court, if relevant.

The Success Fee shall be determined on the following schedule:

- 35% of the entire Recovery (however and whenever recovered) if the case is resolved before the filing of any documents of any kind with a court or other dispute resolution body

- 37.5% of the entire Recovery (however and whenever recovered) if the case is resolved after the filing of any documents of any kind with a court or other dispute resolution body, but before the trial stage

- 40% of the entire Recovery (however and whenever recovered) if the case is resolved before the trial stage. The "trial stage" is defined as the time after we have taken any steps of any kind actually preparing for trial or arbitration and either (1) upon the completion of discovery, including, but not limited to, once a settlement conference has been scheduled at or near the end of discovery, or (2) after litigation and resolution of motions for summary judgment, if any.

## Expenses

<u>Additional Charges for Expenses</u>.  You are completely and solely responsible for any out-of-pocket costs of any kind and any expenses actually incurred on your matter, however small.

These include, by way of non-exhaustive example, expenses for travel (including reasonable client-related flights, trains, cars, lodging, reasonable meals, Internet access, and other expenses), off-site photocopying or document production, discovery or other litigation or investigations support services (which may require engagement of outside vendors, for which the Firm will provide you invoices including an up to 35% mark up for Firm administration and relationship management of the vendor), courier and messenger services, private investigators, shipping and postage, online legal research (billed proportionally to the amount of research done on your matter), proportional allocation of document-review and production programs allocated for your matter, expert witnesses and/or professional vendor services of any kind, transcription services, meals for staff who must spend time during the meal working on the case, non-exempt employee overtime for work on your matter, late night car or cab service (when staff work on your matter past 8:30pm or on weekends or holidays), electronic funds transfer or bank

**BALESTRIERE FARIELLO**

transaction charges, and other items and services related to your matter. The Firm charges a minimum of $25 for any conference call, regardless of length or number of participants. It is the Firm's standard policy to travel via business class for any flights exceeding four hours.

Please note that there may be instances where you will incur travel or other case-related expenses for scheduled court appearances or other scheduled appearances which may be cancelled or postponed, either by the Firm or any other party to the matter.  The Firm is not responsible for issuing a credit or refund for any expenses actually incurred in connection with any cancelled or postponed events when the cancellation or postponement was unavoidable. During intensely litigated times in the case, such as during a stretch of depositions, an evidentiary hearing, or at trial, please note that we may be more likely to bill meals or take car service.  During evidentiary hearings or trials firm staff generally will stay in hotel rooms close to the court or hearing forum and will employ the hotel's provision of room service and other concierge services in order to save the time of staff assigned to the matter. Also, you may continue to incur expenses even after the litigation or arbitration has concluded since the Firm will continue to do work on the matter until all issues have been completely resolved by all parties and the matter closed by the Firm.   Any expenses incurred on the matter will be distinguished in the invoice you receive.

Payment.  The Firm shall receive the actual payment for any Recovery or portion of the Recovery into the Firm's trust account.  The Success Fee based on the entire eventual Recovery, regardless of whether the entire amount of the Recovery is received at initial payment time, shall then be paid to the Firm in full.  Then, expenses advanced by the Firm, if any, will be deducted from the remainder of the Recovery and paid to the Firm.  Then, any expenses owed to any vendors which the Firm engaged on your behalf or which you directly engaged shall be paid to satisfy any of your debts to such vendors.  Finally, the amount of Recovery that remains will remain in the Firm's trust account until the undersigned has agreed to the distribution of the balance of the Recovery.  If multiple clients are engaged, and unless otherwise directed, we shall distribute the remaining Recovery in equal portions to each client. All payments which constitute the Recovery, whenever made, shall be received first by the Firm and then distributed consistent with this paragraph.

Award of Costs and Fees.  The prevailing party in this litigation may be entitled to recover all attorneys' fees (including, in the event you are the prevailing party, the reasonable value of the time of all professionals in our Firm who perform legal services in any such arbitration or litigation, as determined by the arbitrator or judge), all experts' fees and expenses and all costs (whether or not such costs are recoverable that may be incurred in connection with either obtaining or collecting any judgment and/or arbitration award, in addition to any other relief to which that party may be entitled.)

If a court or any other body should award fees or costs against you and in favor of an opposing party, you will be solely responsible for payment of that amount separately from any amounts due to us, and without regard to the outcome of the litigation or arbitration.

Fees and Expenses: Distinction.  The different terms "fees" and "expenses" have the ordinary meaning as those terms are used regarding legal services.

**BALESTRIERE FARIELLO**

- Fees are payments to a lawyer for services and value provided by the lawyer.
- Expenses are moneys actually spent out of pocket on goods or services separate and apart from the actual services or value provided by the lawyer.

Obligation to Pay the Firm.  Should you seek the assistance of any other attorney, law firm, or other party to aid in the litigation of this matter, you shall remain solely responsible for any fees owed to the Firm, as well as to any other outside party, whether or not affiliated with the Firm.  Any fees or expenses owed to any outside party will not diminish the amount of fees owed to the Firm.  You agree to fulfill your outstanding fee obligations to the Firm prior to the fulfilling of any obligations to any new attorney, affiliated or not, with our Firm.  You agree that the Firm reserves all rights we have to fees, whether in quantum meruit, contract, or any other form.  You also agree to notify us in writing if you engage or obtain the services of any other lawyer at any time to represent you in the matter.

Estimates.  All dispute resolution is by definition inherently risky and unpredictable. Consequently, although we may offer an opinion about the possible or probable course or results of our engagement, including fees and costs needed to complete the matter, **we cannot and do not guarantee or represent that we can obtain any particular result, or that the amount of fees or expenses shall be a certain amount or less**.  Any projections we make regarding costs shall be made in good faith, but are not guaranteed regarding what the actual cost will be.  The cost of dispute resolution may change dramatically based on factors we do not control, including, for example, actions taken by our adversary, rulings by the court or other dispute resolution body, changes in the law, or other developments in the dispute resolution.  The actual fees and costs for which you will be liable will be based on this Agreement.  Past results do not guarantee future outcomes.

Lien.  You agree that the Firm will have a lien for its fees and costs (including expenses) advanced on all claims and causes of action subject to its representation of you under this Agreement and on all proceeds of any Recovery obtained (whether by settlement, arbitration award, court judgment, or any other means, regardless of whether the Firm is counsel of record, and regardless of whether the relationship between you and the Firm is terminated).

LEAD REPRESENTATION, MAJOR DECISION MAKING, AND AUTHORITY

As long as the Firm represents you in any way in this matter, the Firm shall remain lead counsel.  This means that the Firm shall have primary authority in the matter compared to any other lawyers or advisors, and any other attorney, law firm, or other party that may aid in the litigation of this matter shall not make any tactical, strategic, and litigation decisions without the Firm's prior written consent.

The Firm shall make all tactical, strategic, and litigation decisions in the matter we are ethically permitted to, **including any public relations decisions (including dealing with any media and issuance of any public statements of any kind, including press releases).**  However, we shall discuss all major decisions in the case with you.  You acknowledge that we have that right to publicize or otherwise distribute public information regarding the matter.

**BALESTRIERE FARIELLO**

Coordination. In addition, Crotty Saland, LLP (Crotty Saland"), shall work with the Firm on your matter pursuant to the following terms. You hereby consent to the terms of the following fee-sharing arrangement between the Firm and the Crotty Saland Firm prior to the time of the proposed association between attorneys. These terms shall not increase any fees due by you under this Agreement.

- The Firm and Crotty Saland shall split the Success Fee recovered by the matter. Crotty Saland shall receive 50% of the Success Fee, if the matter is resolved prior to filing any complaint with any court or dispute resolution body, and 30% if the matter is resolved after the filing of any complaint with any court or dispute resolution body.

- The Firm and Crotty Saland assume joint responsibility for the representation for as long as this fee-sharing agreement is in effect, and the division of the Success Fee is based upon this joint responsibility. In accepting joint responsibility, Crotty Saland will make reasonable efforts to assure adequacy of representation, provide adequate client communication, respond to client questions, and assist the Firm when necessary.

- You acknowledge and understand that Crotty Saland and the Firm are not in or a part of the same firm. You further acknowledge that the total fee to be charged is reasonable, not excessive and not unconscionable considering, among other things, the nature of the fee agreement (contingency fee), the legal expertise involved in the representation, the legal issues involved in the representation, and the amount of work and investment of resources necessary to prosecute your case.

Settlement. The Firm will notify you promptly of the terms of any settlement offer received by the Firm. If, however, you instruct the Firm to settle contrary to the advice of the Firm, reject a settlement offer the Firm recommends, or do not settle at all when the Firm recommends to do so, the Firm will be entitled, at its sole option, to the greater of (i) a fee calculated in accordance with the percentages set forth in the Success or Share of the Recovery Fee paragraph above, applied to the amount of the proposed settlement we recommend, or (ii) its attorneys' fees, (including its fees for the services of any employees or affiliates of the Firm calculated at the Firm's non-discounted hourly rates, as well as reimbursement for all costs (including expenses) advanced before the settlement offer).

The Firm will not settle your claim without your approval, but we ask you to understand at the beginning of this engagement that we should be compensated for time we continue to devote to a matter if we have obtained a settlement amount which we recommend and which you reject. Subject to the foregoing, you shall have the absolute right to accept or reject any settlement.

You, in turn, agree that you shall not settle or make any offers of compromise without the Firm's participation and that, if you do, you shall immediately owe the Firm, at our sole discretion, either the Success Fee as define by this agreement or our attorney's fees charged at our standard, undiscounted hourly rates for all time we devote to the matter.

6

**BALESTRIERE FARIELLO**

<u>Compensation for Other Matters</u>.   The engagement of the Firm pursuant to this Agreement encompasses only our representation in the matter.  As noted above, until we come to another agreement, **if we perform legal services for you on any other matter, you agree to pay the Firm based on our standard hourly rates** and to reimburse us for our costs as set forth in a separate invoice or invoices to you, which are payable on receipt.

<u>Direct Engagement of Third Party Professional Services</u>.  You agree that you may execute any necessary contracts, agreements, or statements of work with any third-party vendors or experts.

<u>Borrowed Firm Funds</u>.  In accordance with the New York State Bar Association's Ethics Opinion 754-2/25/02, as well as the applicable ethics opinions of other states, it is ethical for an attorney to borrow funds from a third-party lender to cover litigation expenses, or to fund his law practice, and the interest charged by the lender to a lawyer on the funds borrowed by the lawyer to fund litigation expenses may be passed on to you as a legitimate litigation expense if certain conditions are met:

- You must remain ultimately liable for expenses paid under Rule 1.8(e) of the New York Rules of Professional Conduct,
- the lawyer cannot have any interest in the lender,
- client confidentiality cannot be compromised,
- the terms of the borrowing are disclosed with adequate advance notice to you,
- the time after which interest is charged to you, and the loan interest rate, are both reasonable,
- you have consented to the loan in advance of the closing thereof,
- you are permitted to avoid paying the interest charges by paying the funded disbursements before the loan is taken, and
- the disbursements themselves must be fair and appropriate to the case.

See also, Association of the Bar of the City of New York, Formal Op. 1997-1.  Please note that if all conditions are met, and the Firm uses a portion of said loan to fund the matter, an interest expense will be passed on to you.

<u>LIMITATION OF SCOPE OF SERVICES</u>

The litigation or arbitration of any related claims or defenses, or any claims against any other parties shall be subject to separate engagement.  We welcome the opportunity to serve you further, so please do not hesitate to ask us about this.

Not included within the scope of our representation is any work of any kind involving any party other than those names above, as well as any appeals, addressing counter-claims or claims of any kind against you in this or any other matter, or enforcement of judgments.  Such other services are subject to separate discussions and negotiation between our Firm and you.  Any such services the Firm provides shall be billed to you at an hourly rate basis unless and until we do come to a separate engagement regarding such services.



Also, not included in the scope of this engagement are services you may request in connection with any other matter, action, or proceeding, including any general counselling to you or your company.

WAIVER

Waiver of Future Conflicts with Any Adverse Party.  We may currently or in the future represent one or more other clients in matters that may in some way relate to your current matter.  We are undertaking this engagement on condition that we may represent other clients in matters in which we do not represent you, even if the interests of the other clients are adverse to yours, including the appearance on behalf of another client adverse to you in litigation or arbitration, provided that the other matter is not substantially related to our representation of you, and that in the course of representing you we do not obtain confidential information from you material to the representation of the other clients. If our Firm does not continue an engagement or is required to withdraw from a matter due to a conflict of interest, you may incur delay, prejudice, or additional cost associated with acquainting new counsel with the matter.

Your express consent to this arrangement is required, however, because of the arrangement's possible adverse effects on the performance of our duties as attorneys to remain loyal to each client, to maintain client confidences, and to render legal services with vigor and competence.

By your signature below, you hereby waive any right you may have now or in the future to object to, or to disqualify the Firm from, representation of any third party in any future litigation.  You further acknowledge that you make this express waiver voluntarily, knowingly, and intentionally, in consideration of the Firm's Agreement to represent you in this matter.

Nothing in this letter permits us to represent in any fashion in this matter a party which is actually adverse to you in this matter.  Such action is unethical and something the Firm would never do.  Upon engagement by you in this matter, we cannot represent any party whose interests are adverse to yours in this matter.

POTENTIAL TERMINATION OF RELATIONSHIP

Initial Termination of Services.  If, after our initial investigation and before we file any complaint or notice of any kind, we decide not to continue to represent you in this matter, we shall notify you of that decision and our services will be terminated.  After that point there will no longer be an attorney-client relationship between us, and we will not represent you further in this matter.

Moreover, at any time after the execution of this Agreement or any future engagement Agreement or amendment, you agree that we have the right to stop representing you in this matter, consistent with our ethical obligations, and you have the right to terminate our services without cause.  If we decide to stop representing you, we shall notify you of that decision, and all of our services in this matter will be terminated.

Withdrawal.  The Firm may withdraw from engagement at any time permitted by law. The circumstances under which it may be permissible to withdraw include, but are not limited to, the following: (a) upon your consent, or (b) if we determine that you have made a material



misrepresentation to the Firm or omitted to disclose a material fact to the Firm, or (c) if, in the Firm's opinion, your conduct renders it unreasonably difficult for the Firm to carry out its retention effectively.

In the unlikely event that circumstances make it necessary to do so, we may withdraw with good cause from this engagement for nonpayment of fees or expenses or for any other reason authorized or required by the applicable rules of professional conduct. Notwithstanding the Firm's withdrawal, you will be obligated to pay the Firm its fees set forth in this Agreement, including, at our sole discretion, either the Success Fee (as defined above in percentages according to stage when the Recovery was achieved or what the end Recovery was, regardless of whether we were providing you services at the time of any Recovery or other successful result of any kind), or our attorneys' fees, (including its fees for the services of any employees or affiliates of the Firm calculated at the Firm's non-discounted hourly rates, as well as reimbursement for all costs (including expenses) advanced before the settlement.)

We hope that this relationship continues for the life of this matter, and we would only terminate our services consistent with our ethical obligations.

Client's Termination of Services. You are entitled to terminate this engagement for any reason, subject to the Firm's right to be paid for services already rendered and expenses already incurred on your matter or any other service the Firm has provided for you.

If you decide to terminate the Firm without good cause shown, and without such specific cause or causes made explicit to us in writing, we shall still be due, regardless of whether we were providing you services at the time of any successful result of any kind (settlement or otherwise), our attorneys' fees. Our attorneys' fees shall be, at the Firm's sole discretion, either the fees as provided for in this engagement letter, or our fees on an hourly rate basis for the services of any employees or affiliates of the Firm calculated at the Firm's non-discounted hourly rates. The Firm shall also be due full reimbursement for all costs expended in any way on your behalf.

The Firm reserves all rights, including the right to litigate to seek any unpaid fees, should we so choose.

We hope that neither you nor we will seek to terminate the relationship prior to the resolution of the matter. While the fee arrangement described in this Agreement otherwise controls, if either of us does decide to terminate the relationship, we agree to discuss the best way to resolve any fee arrangement.

ARBITRATION REGARDING A FEE DISPUTE

In the event that a dispute arises between us relating to our fees, you may have the right to arbitration of the dispute pursuant to Part 137 of the Rules of the Chief Administrator of the Courts, a copy of which is attached to this Agreement.



## COOPERATION AND TRUST

You agree to cooperate and fully participate in the conduct of any matter in which we provide services to you, including providing us with information we need in order to adequately represent you and provide the services you wish.

Such cooperation also includes, but is not limited to:

- reasonably being available for meetings in our office and for phone calls;
- promptly responding to any correspondence we send to you, including e-mails;
- timely paying invoices, and raising any concerns you have with any invoices with us immediately;
- raising issues of concern with us, of any kind, promptly, respectfully, and without delay;
- devoting your own time necessary to work with us to achieve as successful a resolution as possible in your matter;
- being available to review drafts of documents, should we request, **which you acknowledge are sent to you in draft form.**
- promptly providing truthful and complete responses to any requests for information, and not failing to disclose information or omitting information of any kind whatsoever which is material to the matter or to our attorney-client relationship; **you promise to provide this information even if you believe you have previously disclosed the requested information** (please understand that such repeated requests are commonplace and necessary, particularly at the beginning of a matter, so that we fully understand the facts and can be the best advocates we can be for your position);
- trusting that we will always endeavor to have our Firm take whatever steps we believe necessary, and spend whatever time is warranted, in order to provide you with superior legal representation and counseling (we are organized to be efficient, and shall always strive to be, but will not be so at the expense of quality work product or our ethical obligations);
- being prepared to push this case to trial or arbitration if necessary (unless we agree in writing that the engagement is for a limited purpose, you should NOT engage us unless you are prepared to go the distance in this matter and push the case to arbitration or trial);
- committing to engage only in legal and ethical conduct, and conduct which comports with any applicable laws, rules, and regulations.

## INDEMNIFICATION

You agree to indemnify and hold harmless the Firm from any and all actions, suits, proceedings, and investigations brought by third parties for damages, obligations, penalties, judgments, awards, liabilities, costs, expenses and/or disbursements directly or indirectly caused by, relating to, based upon, arising out of, and/or in connection with your engagement of services by the Firm. Your obligations to indemnify the firm shall not apply under those circumstances where there has been a finding of ethical or legal misconduct by the Firm.



This provision shall in no way limit your right to bring a legal malpractice claim against the Firm to the extent permitted by law.

DISPOSITION OF FILES

After the conclusion of your matter, you have the option to take possession of your file, at your expense. It will be your obligation to maintain current contact information with the Firm.

ENTIRE AGREEMENT AND SEVERABILITY

This Agreement contains the entire understanding of you and the Firm with regard to our provision of services to you. If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect.

JOINT REPRESENTATION AND INSURANCE

Joint Representation. As you know, the Firm has been engaged to represent Mia Lytell, Amy Moore, and Katrina Rico in the above-referenced litigation. Please see Appendix A, incorporated here by reference, to understand the benefits and consequences of joint representation.

INDEPENDENT COUNSEL

You acknowledge that you had sufficient time to review this Agreement and consult with other attorneys or advisors concerning this Agreement if you so desire, and that you have freely determined to execute this Agreement without duress.

COMMUNICATION

It is important to us that our clients be aware of the progress of their matters, and that they have the full opportunity to ask us any questions that may arise. Accordingly, we hope you will feel free to contact us—either in our office, on our mobile phones, or via e-mails—with any questions, whether relating to the case, your invoices, the fees, or anything else regarding our relationship.

SCOPE AND ENFORCEMENT OF THIS AGREEMENT

This Agreement may not be amended, waived, or modified without the mutual written consent of all of the parties hereto. This Agreement shall be governed and construed in accordance with the laws of the State of New York without regard to any applicable principles of conflicts of law.

In the event that Part 137 of the Rules of the Chief Administrator of the Courts (a copy of which is attached hereto) does not apply, or if you otherwise elect not to proceed under Part 137 of the Rules of the Chief Administrator of the Courts, any dispute, claim or controversy arising out of or relating to this Agreement, including without limitation the Firm's representation of you, or the breach, termination, enforcement, interpretation or validity thereof, including the determination of the scope or applicability of this agreement to arbitrate, shall be determined by arbitration in New York, New York before one arbitrator.



The arbitration shall be administered by JAMS pursuant to the expedited procedures set forth in JAMS's Comprehensive Arbitration Rules and Procedures as those Rules exist on the effective date of this Agreement, including Rules 16.1 and 16.2 of those Rules, unless the parties otherwise agree in writing to other rules which shall apply.  Judgment on the Award may be entered in any court having jurisdiction.  This clause shall not preclude parties from seeking provisional remedies in aid of arbitration from a court of appropriate jurisdiction.

In any arbitration arising out of or related to this Agreement, the arbitrator shall award to the prevailing party, if any, costs and attorneys' fees of any kind reasonably incurred by the prevailing party in connection with the arbitration, including any costs reasonably incurred prior to initiation of the arbitration but related in any way to a breach of this Agreement.  If the arbitrator determines a party to be the prevailing party under circumstances where the prevailing party won on some but not all of the claims and counterclaims, the arbitrator may award the prevailing party an appropriate percentage of the costs and attorneys' fees reasonably incurred by the prevailing party in connection with the arbitration.

You agree that this Agreement may be executed in identical counterparts and may be transmitted by facsimile or e-mail, each of which shall be deemed an original for all purposes.

Besides signing below, please write your initials and the date on every page of this agreement.

If you have any questions about anything at all, please do not hesitate to contact us.

We look forward to fighting for you and being your advisor.

Sincerely,

/s/ John G. Balestriere                               August 21, 2017
John G. Balestriere                                    Date
Balestriere Fariello

The above is understood and agreed to:

Mia Raquel Lytell                                      08/21/17
Mia Raquel Lytell                                      Date

Amy Moore                                              8/21/17
Amy Moore                                              Date

Katrina Rico                                           8/21/17
Katrina Rico                                           Date

cc:   Jeremy Saland, Esq. (via email: jsaland@crottysaland.com)



## APPENDIX A: Joint Representation

An undertaking by a lawyer or law firm to represent multiple clients in the same matter is called a "joint representation." Such an arrangement permits certain savings of costs that otherwise would be incurred if each client retained separate counsel. In this particular case, you have agreed to share costs with the other parties represented by this Firm, including Mia Lytell, Amy Moore, and Katrina Rico.

Joint representation is not mandatory in this matter, however, and you hereby acknowledge that you have the right to retain your own independent counsel. You should also feel free to consult with separate counsel about the substance of this Agreement, and you remain free to seek the advice of separate counsel at any time even if you agree to this joint representation.

The applicable rules of professional responsibility permit the representation of clients in the same matter provided that the lawyer or Firm can adequately represent each client's interests and each client knowingly consents to the joint representation. Because you share with the other parties represented by the Firm a common interest in this matter, there does not appear to be an actual conflict between you in the pursuit of that common interest.

There exists, however, the potential for conflict. Also, as in any case involving multiple defendants/plaintiffs, the interests of the co-defendants/plaintiffs may diverge during the course of the litigation, even though they do not actually conflict. For example, one defendant/plaintiff may prefer a quick settlement of the matter while another desires a vigorous defense/prosecution. Although we are not currently aware of any actual or reasonably foreseeable adverse effects of joint representation, it is possible that issues may arise in which our representation of one of you may be materially limited by our representation of another. If such circumstances arise, we must together evaluate whether continued joint representation is appropriate, as discussed below.

It is our understanding that you do not seek to assert claims against any of the other parties we are representing in the action. We could not assert any such claims on your behalf as we would have a conflict of interest. We thus are not advising you, and have not advised you, whether you would or would not have claims against any other parties we are representing in the action. If you believe that you might have such claims, you should engage other counsel to advise you with respect to such claims, and if you want to assert such claims in this action, you should advise us immediately, as we would not be the proper counsel to represent you in this action.

We understand that you do not object in any way to the Firm representing you in this matter and that, **to the extent that any potential conflict may exist or appear to exist, you waive any such conflict.** Based on the information provided to us, and your expressed desire for joint representation, we have concluded that we may appropriately represent you in this matter.

If at any time you have any concerns about the appropriateness of continued joint representation, you should let us know immediately so that we can reevaluate our continuing representation of each of the parties in this action. If we become aware of any such circumstances, we will do the same.

**BALESTRIERE FARIELLO**

In the event that joint representation is no longer appropriate, by virtue of any adversity, dispute, or conflict that may arise between any of the clients we represent, we will determine which of you we will continue to represent and will offer to assist the others to find appropriate substitute counsel.  You agree that, in such circumstances, you will consent to our continued and future representation of those whom we elect to continue to represent and will not seek to disqualify the Firm from such representation, and will assent to the Firm's withdrawal as attorney of record for you.  In the event that the Firm withdraws from representing you, we will take reasonable steps to avoid any reasonably foreseeable prejudice.

In addition, if you proceed to accept the benefit of our services in this matter, that will indicate and confirm your Agreement: (i) that the Firm's representation of you hereunder is not a conflict or to the extent a conflict exists, you waive such conflict; (ii) such representation shall not disqualify the Firm from representing any other member of the group in an _unrelated_ matter when that member may have interests that are or may be adverse to you or your company; and (iii) that you will not seek to disqualify the Firm from any such representation.

In the ordinary one lawyer/one client relationship, confidential communications between the lawyer and the client are privileged from disclosure to any third party without the client's consent.  This privilege also exists in a joint representation with an important qualification: a confidential communication between the lawyer and client may not be disclosed to third parties, but may be shared with other jointly-represented clients.  In other words, any communication between you and the Firm relating to this action may be disclosed to the other clients who agree to this joint representation.

We will continue to keep you informed about any material developments in the case.  We will also notify you and consult as appropriate regarding any settlement proposals.  In the event a joint settlement proposal is made, we will seek written consent from each represented party before entering into a settlement relating to the claims in this matter (unless you are only a defendant with no claims against any party and the settlement results is a dismissal of all claims against you without committing you to do or pay anything).  As there are a number of different claims or potential claims here, it is possible that a settlement may be proposed involving only certain claims.  Before entering into such a proposed settlement, we will only seek written approval from those of you who have or are named as a defendant in the specific claims being settled.



### Attorney-Client Fee Dispute Resolution Program

The New York State court system has established a Statewide Fee Dispute Resolution Program (FDRP) to resolve attorney-client disputes over legal fees through arbitration (and in some cases mediation). See the full program description here http://www.nycourts.gov/admin/feedispute/pdfs/FD_brochure.pdf).

The FDRP is made up of a network of State-approved and monitored local programs that resolve attorney-client fee disputes outside of court through arbitration. Arbitration is a hearing conducted by one or more neutral persons who have special training and experience. One arbitrator or a panel of three arbitrators (at least one of whom must be a non-lawyer) listen to the arguments on both sides and decide the outcome of the dispute. Fee arbitration is fair, inexpensive and usually faster than going to court.

In addition to arbitration, some local programs may offer mediation. This is a process by which both sides meet with the assistance of a trained mediator to clarify issues and explore options for a mutually acceptable resolution. Mediation provides the opportunity for you and your attorney to discuss your concerns and reach a satisfactory result without going to court. Unlike an arbitrator, the mediator does not issue a decision. Participation in mediation is voluntary for your attorney and you, and it does not waive your right to arbitration. If you are interested in resolving your dispute through mediation, you may indicate this on the Request for Arbitration form. However, not every local program offers mediation.

The FDRP's Board of Governors has approved a number of local programs which administer the FDRP on a region by region basis. These local programs are run by bar associations or by the court system's regional Administrative Judges. All local programs have been carefully reviewed to ensure that they will resolve fee disputes in a fair, impartial and efficient manner.

In general, your lawyer may not sue you in court over a fee dispute unless he or she first provided you with notice of your right to utilize the FDRP. Once you have received this notice you have 30 days to decide whether to use the FDRP. If you don't choose to participate in the FDRP within 30 days, your lawyer is free to pursue the matter in court.

Fee dispute resolution services are provided by local programs throughout New York. The local program is determined by where the majority of legal services were performed. Find your local program (http://www.courts.state.ny.us/admin/feedispute/local_programs.shtml) and download the local program's rules and forms.

Please note that the FDRP's jurisdiction is limited to resolving attorney-client disputes over legal fees.

- The FDRP cannot address claims of lawyer misconduct.
- The FDRP cannot address claims of lawyer malpractice.
- The FDRP applies when:
    o Your attorney practices in New York and your case involved a civil matter.

**BALESTRIERE FARIELLO**

- o The amount in dispute is between $1,000 and $50,000 (fee disputes can involve fees that you have already paid your attorney and for which you seek a refund, or fees that your attorney claims are owed by you).
- o The legal representation began on or after January 1, 2002.
- o Your attorney has rendered services to you within two years prior to the filing of the request for fee arbitration.

If you believe that your attorney committed malpractice in your case, you should not utilize the FDRP because it is possible that an arbitration decision against you with regard to the fee dispute could adversely affect your ability to pursue malpractice in court at a later date.

If you believe attorney misconduct or malpractice is present in your case, please find contact information for the appropriate Grievance Committee (http://www.courts.state.ny.us/ip/attorneygrievance/complaints.shtml).