John G. Balestriere
**BALESTRIERE FARIELLO**
225 Broadway, 29th Floor
New York, New York 10007
Telephone:     (212) 374-5421
Facsimile:      (212) 208-2613
john.balestriere@balestrierefariello.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **AMY MOORE, MIA LYTELL, NATASHA TAGAI, EMMA HOPPER, BRITTANY HASSEN and BRITTANY REYES,**<br><br>                             Plaintiffs,<br><br>– against –<br><br>**HOWARD RUBIN,**<br><br>                             Defendant. | Case No.: 1:17-cv-06404-BMC<br><br>**AFFIDAVIT OF JOHN G. BALESTRIERE IN SUPPORT OF JOHN G. BALESTRIERE'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFFS BRITTANY REYES, EMMA HOPPER, AND BRITTANY HASSEN** |

I, John G. Balestriere, an attorney duly admitted to practice law in the Eastern District of New York, of legal age and under penalty of perjury, pursuant to 28 U.S.C. § 1746, declare the following:

1.      I represent Plaintiffs Amy Moore ("Moore"), Mia Lytell ("Lytell"), Natasha Tagai ("Tagai"), Emma Hopper ("Hopper"), Brittany Hassen ("Hassen"), and Brittany Reyes ("Reyes") (collectively, "Plaintiffs") in the above-referenced action against

Defendant Howard Rubin ("Rubin").

2. I am fully familiar with the facts stated herein and make this affidavit in support of my motion to withdraw as counsel to the Plaintiffs Brittany Reyes, Emma Hopper, and Brittany Hassen.

3. Pursuant to Local Civil Rule 1.4, an attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien.

4. Plaintiffs Brittany Reyes and Brittany Hassen have terminated the attorney-client relationship they each had with me and Balestriere Fariello, thus withdrawal from this matter is required. Pursuant to the New York Rules of Professional Conduct, when a client discharges the attorney and terminates the attorney-client relationship, withdrawal is mandatory. *See* 22 N.Y.C.R.R § 1200 (Rule 1.16(b)(3); *see also City Merch. Inc. v. Tian Tian Trading, Inc.*, 2021 U.S. Dist. LEXIS 6724, (S.D.N.Y. 2021) *6 (granting withdrawal where the defendant terminated the attorney client relationship).

5. There has been an irreparable breakdown in the attorney-client relationship between me and Plaintiff Emma Hopper. A lawyer may seek to withdraw when the client renders it unreasonably difficult for the lawyer to carry out such employment effectively. *See Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014) (finding good cause for withdrawal where plaintiff and counsel agreed

2

on virtually nothing with respect to the past, present, and future course of the litigation). Courts have found, for example, that serious disagreements over litigation strategy, a breakdown in communication, and disrespectful or caustic communications between attorney and client are grounds sufficient for withdrawal. *See, e.g., Krick v. Raytheon Co.*, 2024 U.S. Dist. LEXIS 183860, (E.D.N.Y. 2024) *11 (insurmountable differences existed between counsel and client where the individual plaintiffs disagreed with their counsel as to whether certain documents executed during prior litigation barred Plaintiffs' claims in the current litigation); *see also Munoz v. City of New York*, 2008 U.S. Dist. LEXIS 55297, (S.D.N.Y. 2008) *2 (finding good cause for withdrawal based on the lack of communication with the plaintiff and the acrimonious relationship that has developed between the law firm and the plaintiff).

6. As can be shared with the Court in camera if required, communications with Ms. Hopper show that there has been a complete breakdown in the attorney-client relationship.

7. This case is technically closed, with judgment entered on April 13, 2022 (Dkt. No 407), and post-verdict motions denied on March 20, 2024 (Dkt. No. 425), and the Court is considering Plaintiffs' Motion for Attorney's Fees and Reimbursement of Costs (Dkt No. 428; Reply brief, Dkt. No. 458 filed on August 23, 2024). On August 23, 2024, this Court denied my first motion to withdraw, noting that remaining work is "negligible". However, since that time my colleagues and I have nonetheless devoted a significant amount of time attempting to maintain our attorney-client relationships with the Plaintiffs. During that time, we exchanged hundreds of emails and devoted over 50

3

hours to interactions with the Plaintiffs.

8. Balestriere Fariello maintains a charging lien.

Dated: New York, New York
October 29, 2024

By: _____
John G. Balestriere
**BALESTRIERE FARIELLO**
225 Broadway, 29th Floor
New York, New York 10007
Telephone: (212) 374-5421
Facsimile: (212) 208-2613
john.balestriere@balestrierefariello.com
*Attorneys for Plaintiffs*

Sworn to before me this
29th day of October, 2024

_____
Notary Public

ELKE HOFMANN
Notary Public, State of New York
No. 02HO6176638
Qualified in Kings County
Commission Expires April 27, 2024

4