

Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036-6797
+1 212 698 3500 Main
+1 212 698 3599 Fax
www.dechert.com

**MAY CHIANG**

may.chiang@dechert.com
+1 212 649 8734 Direct
+1 212 698 0441 Fax

March 13, 2025

**VIA ECF**

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

    Re:    <u>*Moore, et al. v. Rubin, et al.*, **1:17-cv-06404 (BMC)**</u>

Dear Judge Cogan,

Pursuant to Rule 62(a) of the Federal Rules of Civil Procedure, Mr. Rubin writes to request a temporary extension of the 30-day automatic stay that applies to the Amended Judgment with respect to attorneys' fees and costs (Dkt. 467).

On February 14, 2025, the Court granted Plaintiffs' Motion for Attorney's Fees and Costs and directed the Clerk of the Court to enter an amended judgment. That judgment issued on February 18, 2025 and included an award of $4,815,033.25 in attorneys' fees and $15,114.90 in costs and expenses (the "fees and costs award"). Under Rule 62(a), the Amended Judgment is automatically stayed for 30 days. The Amended Judgment with respect to the compensatory and punitive damages awarded to Plaintiffs has already been bonded pending appeal. *See* Dkt. 414 (Supersedeas bond). Absent court action, the fees and costs award is subject to enforcement proceedings after March 20, 2025.

This Court has discretion under Rule 62(a) to extend the automatic stay. *See Trejos Hermanos Sucesores S.A. v. Verizon Commc'ns Inc.,* No. 1:21-CV-08928 (JLR), 2024 WL 1175012, at *2 (S.D.N.Y. Mar. 19, 2024) (extending automatic stay for several months); *Brooks v. Dash*, No. 19-CV-1944(JSR), 2020 WL 2521311, at *1 (S.D.N.Y. May 16, 2020) (extending automatic stay for two weeks). Here, Mr. Rubin requests to extend the automatic stay of the fees and costs award until the earlier of (i) Mr. Rubin reaching a settlement on the fees and costs award with the relevant parties; or (ii) 30 days after the Second Circuit decides Rubin's appeal with respect to the Judgment (Dkt. 407) and the Court's post-trial order (Dkt. 425).

Mr. Rubin is not asking for waiver of the requirement of a bond pending appeal, per Rule 62(b). Instead, he is seeking a temporary extension of the automatic stay because a bond to secure the fees and costs award may prove to be unnecessary. If Mr. Rubin reaches a settlement of the fees and costs award in the near future, funds will be immediately available to satisfy the settlement and will not be tied up by a bond. Also, the Second



Page 2

Circuit is due to hear argument on Mr. Rubin's pending appeal on April 8, 2025 and a decision is expected soon thereafter. Mr. Rubin's request thus will not result in a significant extension of time.

Should the Court deny Mr. Rubin's request, the Court could order Mr. Rubin to place the funds with the clerk of the Court, pending settlement or decision by the Second Circuit on the pending appeal. *See Boateng v. BMW AG,* No. 17-CV-209 (KAM)(SIL), 2024 WL 3624232, at *1 (E.D.N.Y. Aug. 1, 2024) (ordering defendants to deposit amount equal to the judgment with the clerk of the Court). In the alternative, Mr. Rubin will obtain a supersedeas bond.

Consistent with the Court's Individual Rules, Mr. Rubin, through counsel, has sought Plaintiffs' position on his request:

- Plaintiff Lytell and her counsel, Balestriere Fariello, do not consent to the request, and reserved all rights. Their position is provided below:

  "If Mr. Rubin wants to avoid filing with the court a second or amended post-judgment (so called supersedeas) bond — which would require Rubin to pay or otherwise set aside an additional $4.5 million in assets — he has a solution: he can settle his fee and costs obligations under the amended judgment with Balestriere Fariello by way of a settlement with Balestriere Fariello. As you know, if he settles his fee and costs obligations with Balestriere Fariello, then there would be no need for an additional bond and Balestriere Fariello would then have no lien on any recoveries by any of the Plaintiffs."

  Plaintiff Lytell and Balestriere Fariello further stated that if there is no settlement, they will begin judgment enforcement proceedings once the automatic stay lifts on March 21.

- Plaintiff Brittany Hassen does not object to a further stay pending settlement.

- Plaintiff Natasha Tagai stated that she did not feel it was appropriate for her as a pro se plaintiff to make any decisions with respect to fees owed to Balestriere Fariello and she found the request for her input to be legally inappropriate.

- Plaintiffs Amy Moore and Brittany Reyes each objected to the request that pro se plaintiffs provide a position with respect to a delay of enforcement and declined to provide any input, stating that any determination should be made by the Court.

- Plaintiff Emma Hopper has not responded.



Respectfully submitted,

*/s/ May K. Chiang*

May K. Chiang

*Counsel to Defendant Howard Rubin*

cc: Plaintiff Lytell, through ECF and by e-mail to her counsel
     Plaintiff Hassen, via e-mail
     Plaintiff Tagai, via e-mail
     Plaintiff Moore, via e-mail
     Plaintiff Reyes, via e-mail
     Plaintiff Hopper, via e-mail

LITIGATION.18640712.2