

**John G. Balestriere**
BALESTRIERE FARIELLO
225 Broadway, 29th Floor
New York, New York 10007
T: +1-212-374-5401
F: +1-212-208-2613
john.balestriere@balestrierefariello.com
www.balestrierefariello.com

March 13, 2025

**VIA ECF**
Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Moore, et al. v. Rubin*
              1:17-cv-06404-BMC

Judge Cogan:

    I write on behalf of Balestriere Fariello, which at one time represented all Plaintiffs in this action and presently remains counsel of record for Plaintiff Mia Lytell.

    I write in response to the letter filed by counsel for Defendant Howard Rubin seeking an extension of the 30-day automatic stay that applies to the Amended Judgment with respect to attorney's fees and costs (the "Rubin Letter", Dkt. No. 475, dated March 13, 2025). Balestriere Fariello and Mia Lytell object to the request for an extension of the automatic stay.

    The Rubin Letter notes that Rubin "is not asking for waiver of the requirement of a bond pending appeal"—but this is exactly what he seeks from this Court. If Rubin is not able to secure a settlement which would dispose of the $4.8M increase in the amount of the judgment determined by the Fees and Costs order (Dkt. No. 466, dated February 14, 2025), then he should post a bond. During the punitive damages stage of the trial in this action, which took place in April 2022, the jury heard evidence that Rubin's financial net worth exceeded $50 million.

    Rubin fails to provide good cause for the sought for extension. The Rubin Letter notes that the Court of Appeals is set to hear argument on Rubin's pending appeal on April 8, 2025. Rubin's lack of good cause is evidenced by the lack of authority he provides to substantiate his argument that the extension, if granted, would not result in a significant extension of time, to say nothing of the fact that Rubin has no basis to assert



that "a decision is expected soon thereafter" from the Court of Appeals, since that court does not in the ordinary case (which this appeal is) set deadlines for itself on when it shall render a decision.

In May 2022, when Rubin sought an extension of the automatic stay of judgment enforcement while the post-verdict motions were pending (Dkt. No. 410, dated May 2, 2022), this Court found "[t]he reason offered to avoid the requirement of a bond is insufficient. If defendant has sufficient assets to pay the judgment, as he asserts, then he also has sufficient assets to post a bond. Plaintiffs are entitled to protection for their judgment beyond a judgment debtor's representations." (Dkt. No. 412, dated May 3, 2022). As he did then, Rubin makes the same assertions to support his position today, and they do not amount to good cause.

Respectfully submitted,

John G. Balestriere

cc: Counsel of Record (via ECF)