Peter B. Foster (Bar No. PF0851)
Bryan E. Wolkind (Bar No. BW9747)
Foster & Wolkind, P.C.
80 Fifth Avenue, Suite 1401
New York, New York 10011
Phone (212) 691-2313
Email: pfoster@foster-wolkind.com; bwolkind@foster-wolkind.com
Attorneys for Pravati Investment Fund IV, LP

Benjamin Pierce (Bar No. 035096)
1787 Legal Group
4400 North Scottsdale Road, Suite 9277
Scottsdale, Arizona 85251
Email: ben@1787legalgroup.com
Phone: (602) 284-3130
*Attorney for Pravati Investment Fund IV, LP*

**IN THE U.S. DISTRICT COURT EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **AMY MOORE, MIA LYTELL, NATASHA TAGAI, EMMA HOPPER, BRITTANY HASSEN, and BRITTANY REYES,**<br><br>    Plaintiff,<br><br>**PRAVATI INVESTMENT FUND IV, LP**<br><br>    Intervening Plaintiff,<br><br>vs.<br><br>**HOWARD RUBIN, and JENNIFER POWERS,**<br><br>    Defendants. | Case No.:1:17-cv-06404-BMC-CLP<br><br>**PRAVATI INVESTMENT FUND IV, LP MOTION TO INTERVENE** |

Intervenor Pravati Investment Fund IV, LP ("Intervenor") hereby moves this Court to intervene in this matter as a matter of right pursuant to Federal Rule of Civil Procedure 24(a) ("Rule 24(a)") or, alternatively, permissively pursuant to Rule 24(b). Intervenor has a lien- and judgment-secured property interest in the attorney's fees owed to the plaintiffs' former counsel Balestriere Fariello. That firm has dissolved and has withdrawn from representation of the plaintiffs in this matter. Accordingly, no party remains to adequately represent Intervenor's interests, so it therefore makes this motion to intervene. Importantly, Intervenor does not seek to participate in the underlying litigation other than what is absolutely necessary to secure its property interests in Balestriere Fariello's share of any recoveries.

## **RELEVANT BACKGROUND**

This is not the first time Intervenor has appeared before this Court. As discussed in Intervenor's Third-Party Motion to Quash Subpoena (ECF 434), and in Plaintiffs' Reply thereto (ECF 436-1), Intervenor has a long-standing involvement with Balestriere Fariello starting in March of 2018.

To briefly summarize, Intervenor provided money to Balestriere Fariello over the course of several years to fund litigations. The collateral for the provided funding was, in part, Balestriere Fariello's contingency recoveries, including the recovery in this matter.[1] To that end, and pursuant to various funding agreements permitting it to do so, Intervenor has recorded liens, and amended liens, on Balestriere Fariello's recovery in this matter beginning on October 23, 2018. Exh. 1.

Since Intervenor was last before this Court, Mr. John Balestriere declared personal bankruptcy and has dissolved the Balestriere Fariello firm. Exh. 2. The Balestriere Fariello law firm has also withdrawn from representing the Plaintiffs. Finally, final judgment

---

[1] Per Balestriere Fariello's Engagement letter, ECF458-2, Balestriere Fariello is owed 40% of any recovery in this matter. Intervenor's interest attaches to this interest.

against the Balestriere Fariello firm was issued in the amount of $17,022,454.38, with interest accruing at a rate of $2,404.45 per day. Exh. 3.

## LEGAL ARGUMENT

**I.  Intervenor must be allowed to intervene under Rule 24(a).**

To intervene as a matter of right under Rule 24(a), intervenors must:
> (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action.

*Nat'l Acad. of TV Arts v. Goodman*, No. 22-592, 2023 U.S. App. LEXIS 14764, at *4 (2d Cir. June 14, 2023).

   a. *Timeliness*

Timeliness under Rule 24 is "essentially … a reasonableness standard[.]." *Nissei Sangyo Am., Ltd. v. United States*, 31 F.3d 435, 438 (7th Cir. 1994) (alterations added). When considering whether a motion to intervene is timely, courts consider "(1) how long the applicant had notice of its interest in the action before making its motion; (2) the prejudice to the existing parties resulting from this delay; (3) the prejudice to the applicant resulting from a denial of the motion; and (4) any unusual circumstance militating in favor of or against intervention." *Weisshaus v. Swiss Bankers Ass'n (In re Holocaust Victim Assets Litig.)*, 225 F.3d 191, 198 (2d Cir. 2000). The second and third factors are the primary focus of the analysis. *Id*. Here, Intervenor's interests attach to Balestriere Fariello's attorney's fees, not the underlying claim. Accordingly, Intervenor's length of notice should be measured against its claim against Balestriere Fariello and how long it has been on notice that its interests were unprotected rather than against the length of time since the filing or disposition of the underlying suit. *See Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 280 (2022) (stating timeliness is determined from "all circumstances" and finding intervention in the matter was timely after it became clear the intervenor's interests had only recently been abandoned).

Concerning the first *Weisshaus* factor, until Balestriere Fariello withdrew from representing the last plaintiffs on March 12, 2025, the firm was present to look after Intervenor's interests. That is no longer true, especially given that it has now dissolved. Moreover, judgment against Balestriere Fariello was not finalized until March 27, 2025 such that it could intervene as an interested judgment creditor.

Concerning the second and third *Weisshaus* factors, there is no prejudice to the current litigants. Intervenor's interests attach to Balestriere Fariello's interests and do not expand any fact, finding, or procedure in the underlying suit. Moreover, the matter is on appeal, so no procedure will be interrupted nor will intervention delay Plaintiffs' recovery. The potential prejudice to Intervenor, in contrast, is severe. Conversations between the existing litigants are well underway concerning the disposition of this case and it is in their interest to ensure Intervenor does not recover. Intervenor cannot secure its property interest without the opportunity to appear and petition this Court for the disposition of any funds.

Concerning the fourth *Weisshaus* factor, there are no unique circumstances in this matter militating against intervention. Intervenor simply seeks to step into the shoes of Balestriere Fariello for the limited purpose of securing the attorney's fees owed to it.

b. *Intervenor's interest in this case*

Cognizable interests under Rule 24(a) must "be 'direct, substantial, and legally protectable.'" *Payne v. City of N.Y. (In re N.Y.C. Policing During Summer 2020 Demonstrations)*, 27 F.4th 792, 799 (2d Cir. 2022) (citations omitted).

Intervenor has a property interest in this matter first as a judgment creditor as discussed above, and second by virtue of its relationship with the Balestriere Fariello firm. Intervenor loaned Balestriere Fariello millions of dollars. Those loans were made pursuant to various contractual funding agreements. The funding agreements created a property interest in Balestriere Fariello's hourly and contingency recoveries. *See ABKCO Indus., Inc. v. Apple Films, Inc.,* 39 N.Y.2d 670, 674 (1976) (a contract created a property interest

in future revenue). This property interest was recorded when Intervenor filed its UCC-1 and UCC-3 amended liens. *See, e.g.*, Exh. 1; *see also* Exh. 4. Finally, Plaintiffs were awarded statutory attorney's fees pursuant to 18 U.S.C. § 1591 *et seq.* Courts in this circuit have held that contractual interests in either statutory attorney's fees or contingency fees are sufficient to grant intervention under either 24(a)(1) or (2). *See United States ex rel. Dhaliwal v. Salix Pharms., Ltd.*, No. 15cv706 (DLC), 2016 U.S. Dist. LEXIS 110434, at *8 (S.D.N.Y. Aug. 18, 2016).

   c. *Intervenor's interests will be impaired if it is not allowed to intervene and there is no party adequately protecting its rights.*

Intervention is warranted "when there is sufficient doubt about the adequacy of representation'" *Payne*, 27 F.4th at 803 (quoting *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 (1972)). The standard for intervention merely requires an intervenor to show their interests "may" not be adequately represented. *Id.*

As discussed above, Intervenor's interest in Balestriere Fariello's attorney's fees remain unrepresented in this matter. Without intervention, there is a very high likelihood that Intervenor's interest in the attorney's fees recovery will be thwarted by the existing litigants. Intervenor will then be obliged to file complaints in various jurisdictions to claw back the sums disbursed without its involvement. Indeed, other judgment creditors of Balestriere Fariello have already laid claim to the recovery in this matter. *See Reply All v. Gimlet Media, Inc.*, 1:15-cv-04950-WFK-PK (E.D.N.Y. 2015); ECF 260 attached hereto as Exh. 5 (Gimlet Media, judgment creditor of Balestriere Fariello, motioning Judge Kuntz II to extend its judgment levy to this matter). Disallowing intervention here would be prejudicial to Intervenor's rights and be highly inefficient.

**II.**  **Intervenor should alternatively be allowed to permissively intervene under Rule 24(b)(1)(B).**

Courts analyze whether to allow permissive intervention under Rule 24(b)(1)(B) by the same rubric they do mandatory intervention under Rule 24(a)—i.e., timeliness of

motion, the intervenor's interest in the case, possible impairment of that interest, and whether the intervenor's interests are being protected by an existing party. *Kaliski v. Bacot (In re Bank of N.Y. Derivative Litig.)*, 320 F.3d 291, 300 n.5 (2d Cir. 2003). Intervenor will not repeat the points made above other than to say it has met all the conditions of permissive intervention for the same reasons it has met the requirements for nonpermissive intervention.

Additionally, an intervenor must show they have a "claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

Here, Intervenor has a common question of law and fact with Plaintiffs in this case: the disposition of any recoveries. As noted above, courts in this circuit have found this interest sufficient grounds for granting intervention in factually similar cases. *See United States ex rel. Dhaliwal v. Salix Pharms., Ltd.*, No. 15cv706 (DLC), 2016 U.S. Dist. LEXIS 110434, at *8 (S.D.N.Y. Aug. 18, 2016).

## **CONCLUSION**

Intervenor requests the Court permit its intervention in this matter for all the reasons stated above.

DATED May 19, 2025.

By: /s/ *Peter Foster*

Peter Foster
*Attorney for Pravati Investment Fund IV, LP*


By: /s/ *Benjamin Pierce*

Benjamin Pierce
*Attorney for Pravati Investment Fund IV, LP*

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2025, a copy of the foregoing document was filed electronically with the Clerk of the Court and served on all counsel of record using the CM/ECF system. Copies have also been sent to Defendant's counsel at benjamin.rosenberg@dechert.com; edward.mcdonald@dechert.com; MGilbert@sheppardmullin.com; cisaacs@fordobrien.com; kboyskipsey@sheppardmullin.com; may.chiang@dechert.com; dgrover@schlamstone.com; jme@schlamstone.com; ali@schlamstone.com; jlavignealbert@schlamstone.com; jmazer@mazerpllc.com; rhd@schlamstone.com.

By: /s/ *Peter Foster*

Peter Foster

By: /s/ *Benjamin Pierce*

Benjamin Pierce