FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 02 2025 ★

BROOKLYN OFFICE

RECEIVED
JUN 03 2025
PRO SE OFFICE

*Rec in pdrive 6/4/25

Amy Moore

280 Tuscany Chase Dr

Daytona Beach, FL 32117

amynicolem82@gmail.com

May 25, 2025

Hon. Brian M. Cogan

United States District Court

Eastern District of New York

225 Cadman Plaza East

Brooklyn, NY 11201

RE: Lawson et al. v. Rubin et al., Case No. 1:17-cv-06404-BMC

Dear Judge Cogan,

Please find enclosed my Motion to Protect Judgment Proceeds and Bar Unauthorized Disbursement in the above-referenced matter. As a pro se Plaintiff without electronic filing privileges, I am submitting this motion by mail. The motion respectfully requests that the Court enter an order preventing disbursement of my individual share of the judgment or supersedeas bond to any third party—such as former counsel or litigation funders—without my express written consent or further order of the Court.

Thank you for your time and attention to this matter.

Respectfully,

*Amy Moore*

Amy Moore

Pro Se Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

AMY MOORE, Plaintiff,
v.
HOWARD RUBIN, et al., Defendants.
Case No. 1:17-cv-06404-BMC

## MOTION TO PROTECT JUDGMENT PROCEEDS AND BAR UNAUTHORIZED DISBURSEMENT

Plaintiff Amy Moore, proceeding pro se, respectfully moves this Court for an order protecting her share of the judgment proceeds in this matter and barring disbursement of any portion of the judgment or supersedeas bond to any third party, including but not limited to former counsel John Balestriere or any litigation funding entity such as Pravati Capital, without her explicit, written consent or further order of the Court.

## GROUNDS FOR RELIEF

1. Plaintiff is a certified victim of human trafficking under 18 U.S.C. § 3771 and was awarded a judgment following a federal jury trial in this matter in April 2022.

2. Plaintiff never signed, authorized, or consented to the litigation funding agreement between Balestriere Fariello PLLC and Pravati Capital. She did not receive or benefit from any litigation funding arrangement in any capacity.

3. The Court's prior order on attorneys' fees (Dkt. 452) held that litigation funding—including interest and reserves associated with outside lenders—is considered part of law firm overhead and is not recoverable. The Court emphasized that how counsel finances his practice is not a cost that should be borne by others. Accordingly, Plaintiff should not be subject to third-party financial claims arising from such arrangements, particularly where she had no knowledge, signature, or consent.

4. Plaintiff has submitted two written objections (dated May 20 and May 21, 2025) opposing Pravati Capital's motion to intervene (Dkt. 482). These filings documented the existence of unauthorized UCC filings made in Plaintiff's name, factual inaccuracies in the motion, and continuing harm to Plaintiff as a result of third-party interference.

5. At present, there is no existing court order affirmatively restricting or protecting disbursement of Plaintiff's judgment share from the supersedeas bond. Without such an order, there is a material risk that funds could be distributed to third parties with no valid legal claim to Plaintiff's recovery.

## REQUESTED RELIEF

Plaintiff respectfully requests that the Court enter an order stating:

- No portion of Plaintiff Amy Moore's individual judgment or any funds held in the related supersedeas bond shall be disbursed to any third party—including but not limited to John Balestriere, Balestriere Fariello PLLC, Pravati Capital, or any agent thereof—without Plaintiff's express, written consent or further order of the Court.

This request pertains solely to Plaintiff Amy Moore's portion of the judgment and does not seek to affect any other party's recovery.

## CONCLUSION

Plaintiff seeks only to protect the integrity of her recovery and ensure that no disbursement occurs in conflict with this Court's prior rulings or her legal rights. No third party should profit from unauthorized, harmful, or undisclosed arrangements at the expense of a certified trafficking victim who proceeded through trial and is currently represented by counsel in defending her judgment on appeal.

Dated: May 25, 2025

Respectfully submitted,

*Amy Moore*
Amy Moore

Pro Se Plaintiff

280 Tuscany Chase Dr

Daytona Beach, FL 32117

amynicolem82@gmail.com