Peter B. Foster (Bar No. PF0851)
Bryan E. Wolkind (Bar No. BW9747)
Foster & Wolkind, P.C.
80 Fifth Avenue, Suite 1401
New York, New York 10011
Phone: (212) 691-2313
pfoster@foster-wolkind.com
bwolkind@foster-wolkind.com
*Attorneys for Pravati Investment Fund IV LP*

Benjamin Pierce (admitted *pro hac vice*) (AZ Bar No. 035096)
1787 Legal Group
7154 E. Stetson Dr., STE 210
Scottsdale, Arizona 85251
Phone: (480) 718-3137
ben@1787legalgroup.com
*Attorney for Pravati Investment Fund IV LP*

**IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MOORE et al.<br><br>Plaintiff,<br><br>**PRAVATI INVESTMENT FUND IV LP**<br><br>Intervening Plaintiff,<br><br>vs.<br><br>**RUBIN et al.**<br><br>Defendants. | Case No.: 1:17-cv-06404-BMC-CLP<br><br>**PRAVATI INVESTMENT FUND IV'S REPLY TO BALESTRIERE FARIELLO'S MEMORANDUM OF LAW IN OPPOSITION TO PRAVATI INVESTMENT FUNDS IV, LP'S MOTION TO INTERVENE** |

Pravati Investment Fund IV, LP ("Pravati") hereby replies to Balestriere Fariello's ("BF") Memorandum in Opposition to Pravati's Motion to Intervene (ECF 491) ("Opposition").

## ARGUMENT

**I.    BF's Recitation of its History with Pravati is Inaccurate and Irrelevant**

The majority of the first ten pages of BF's Opposition is irrelevant or factually inaccurate. *First*, BF's general allegations that Pravati somehow wronged it were presented to the arbitrator

1

in Arizona and were vigorously litigated. BF lost all of the arguments it now re-litigates in its "Statement of Facts" and Pravati prevailed on its breach of contract claims. The arbitration award was confirmed by the superior court in Arizona after a year's worth of subsequent litigation. It is *res judicata* that BF, not Pravati, was the wrongdoer. This level of victim-blaming is particularly notable given the nature of the matter at bar.

*Second*, BF's revisionist history is mostly irrelevant to whether Pravati has the right to intervene. How and why the relationship between Pravati and BF deteriorated and the ongoing bankruptcy proceedings are irrelevant. Indeed, but for a single paragraph about supposed injuries to *all* the plaintiffs, the entire Opposition is framed as tirade against alleged wrongs and injuries done by Pravati upon BF rather than upon BF's client, Plaintiff Lytell. The only salient factual points to remember for this intervention as it relates to BF is that Pravati has a judgment against BF, BF dissolved, and Pravati has a lien on any recovery owed to BF in this matter. BF does not dispute these points.

## II.  Pravati's Interests Are Not Protected

BF asserts Pravati's interest are protected by that fact that it still represents Plaintiff Lytell (and therefore Pravati's interests) and because the bankruptcy court issued an order on March 5, 2025, requiring all funds received by BF be held in escrow. Opp. Mot. at 11-12.

BF's argument concerning its representation of Plaintiff Lytell misses the mark. As explained in Pravati's Motion to Intervene, and as outlined in BF's 20-page Opposition, it is painfully obvious at this point that BF and Pravati are adverse parties, and Pravati is BF's judgment creditor. The interests of the two parties are not aligned. Indeed, BF's joining of forces with Defendant Rubin to challenge its own attorney's fee application (which would be paid to Plaintiff Lytell and Pravati as judgment creditor) (ECF 432), and the fact that BF is not representing Plaintiff Lytell in either of the appeals in this matter, show that it is unclear if BF is even representing Plaintiff Lytell's best interests at all let alone those of Pravati. Indeed, BF's Motion styled as "*Balestriere Fariello's* Memorandum[.]" This is enough to allow Pravati's intervention. *See Payne v. City of N.Y. (In re N.Y.C. Policing During Summer 2020*

*Demonstrations)*, 27 F.4th 792, 803 (2d Cir. 2022) (intervention permissible if the intervenor merely shows their interests "may" not be adequately represented). Emphasizing this point is the fact that all but a single paragraph in the Opposition speaks in terms of alleged injuries done to BF in unrelated litigation and not to Plaintiff Lytell, whom it supposedly represents.

BF's argument that the bankruptcy court's March 5, 2025, order is sufficient to protect Pravati's interests is similarly unavailing. While it is true the bankruptcy court has required BF to deposit any funds it receives into escrow, that order does not require BF to diligently pursue attorney's fees like those at issue in this matter. Again, Pravati's and BF's interests are not aligned.

### III. Pravati Has a Substantial and Direct Interest in this Case

BF argues Pravati's intervention should be denied because its interests are too remote. BF cites to *Washington Electric Coop., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 922 F.2d 92 (2d Cir. 1990) for support for this proposition. BF further argues, this time without legal support, that "[a] lien on attorney's fees is generally a derivative or contingent interest, rather than one directly tied to the underlying claims or judgment." Opp. Mot. at p. 13.

BF's argument is unpersuasive, and the *Washington* case is easily distinguishable. There, the would-be intervenor's interest was based "upon a double contingency" of 1) an unaffiliated litigant securing a judgment and 2) successfully prosecuting a case based upon that judgment before an entirely unrelated administrative body for an unknown amount of money. *See id.* at 95, 97. Separately, permitting intervention would greatly expand the scope of the underlying case. *Id.* at 97-98. Under these circumstances, the intervenor's interest was too remote, and the impact of such intervention was too great for the court to permit.

Here, by contrast, Pravati has a contractual, judgment, and lien-based interest in the attorney's fees in this case. *See* Mot. to Intervene at 4-5. BF does not dispute this interest, or the law Pravati cited in support. Moreover, unlike in *Washington*, and as undisputed by BF, Pravati's intervention will not expand these proceedings in any way. Finally, BF's assertion that contingency fee interests are "generally derivative" is unsupported and belied by its own filings

in other courts. *See* Exh. A (BF moving to intervene to secure its charging lien in the Western District of Texas under Rule 24(a)(2)). As discussed, Pravati has a property right in the outcome of this case.

### IV. Pravati Meets the Standard for Permissive Intervention

BF argues Pravati may not permissively intervene in the alternative because it does not assert a cognizable defense, claim, or a common question of law with this matter. Opp. at 13-14. BF argues Pravati admitted as much by stating its interests attach to BF's "attorney's fees, not the underlying claim." *Id.* at 14 (citing Mot. to Intervene at 3). BF separately makes an argument that the bankruptcy court is the proper forum.

Again, BF's argument is misguided. First, the Trustee abandoned the interest in BF. Ex. B at 13:22-14:7. So, Pravati cannot pursue its claims against BF absent a finding of alter ego liability, which has not been made. Second, BF overlooks Pravati's argument that it has an interest in the disposition of the recoveries in this case, and that interest is sufficient to satisfy this prong of the permissive intervention rubric. Mot. to Intervene at 6.

### V. Pravati's Intervention is Not Against Public Policy

BF makes what can only be described as a public policy argument against allowing Pravati to intervene in this matter. BF's argument is twofold. First, BF cites the nearly 100-year-old case of *Harrington Bros. v. New York*, 35 F.2d 1009 (S.D.N.Y. 1929). BF warns that allowing Pravati to intervene, when its only interest is the underlying debt owed by BF, would open the door for any judgment creditor to intervene, which the *Harrington* court found to be ill-advised. Second, BF argues Pravati's intervention should be denied because it would prejudice the plaintiffs by threatening the finality of the judgment and by expanding these proceedings. *See* Opp. Mot. at 14-16.

BF's *Harrington*-based argument is easily disposed of. Here, unlike in *Harrington*, Pravati's interest is not based upon some unrelated, underlying debt. Instead, it is based upon Pravati's judgment, lien, and contractual interest in this case. Pravati's money was used, in part, to secure the judgment in this case and, and as explained in the law in the Motion to Intervene

(which remains unchallenged by BF), that is enough. *See* Mot. to Intervene at 5-6. Courts still maintain the "broad discretion" to permit intervention or deny it.

As for prejudice to the plaintiffs by delaying or expanding these proceedings, Pravati's intervention will do no such thing. Pravati has a vested interest in ensuring this matter is expeditiously disposed of. It only seeks to secure its property interest and be present for any questions or issues the Court may have in the distribution of the at-issue attorney's fees at the appropriate time.

## **CONCLUSION**

Pravati requests the Court deny ECF 491 for all the reasons outlined above.

DATED: July 10, 2025.

By:/s/  Peter B. Foster

Peter B. Foster

Attorney for Pravati Investment Fund IV, LP

By:/s/  Benjamin Pierce

Benjamin Pierce

Attorney for Pravati Investment Fund IV, LP

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2025, a copy of the foregoing document was filed electronically with the Clerk of the Court and served on all counsel of record using the CM/ECF system. Copies have also been sent to Defendant's counsel at benjamin.rosenberg@dechert.com; edward.mcdonald@dechert.com; MGilbert@sheppardmullin.com; cisaacs@fordobrien.com; kboyskipsey@sheppardmullin.com; may.chiang@dechert.com; dgrover@schlamstone.com; jme@schlamstone.com; ali@schlamstone.com; jlavignealbert@schlamstone.com; jmazer@mazerpllc.com; rhd@schlamstone.com; amynicolem82@gmail.com.

I hereby further certify that on July 10, 2025, a copy of the foregoing document was served on the following by depositing a true copy thereof on July 10, 2025 enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to the following persons at the last known address set forth after each name:

Amy Moore
280 Tuscany Chase Drive
Daytona Beach, FL 32117

Natasha Tagai
1080 NE 215 Street, Apt. 213
Miami, FL 33179

Brittany Hassen
7 Gouverneur Slip E
New York, NY 10002

By:/s/ Peter B. Foster

Peter B. Foster

By:/s/ Benjamin Pierce

Benjamin Pierce