C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
AMY MOORE, MIA LYTELL, NATASHA
TAGAI, EMMA HOPPER, BRITTANY
HASSEN and BRITTANY REYES,

              Plaintiffs,

  -against-

HOWARD RUBIN,

              Defendant.
----------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

17-cv-6404 (BMC)

**COGAN**, District Judge.

Presently before the Court is Pravati Investment Fund IV, LP's motion to intervene to secure its property interests in Balestriere Fariello's attorneys' fees. Pravati provided litigation funding to Balestriere Fariello, the law firm that represented plaintiffs in this case. Balestriere Fariello has since been dissolved, and John G. Balestriere, the sole owner of Balestriere Fariello, has filed for Chapter 7 relief under the Bankruptcy Code. Balestriere Fariello has withdrawn from representing all plaintiffs in this case except one, Mia Lytell, who continues to be represented by John Balestriere. For the reasons set forth below, the motion to intervene is denied.

**BACKGROUND**

This Court issued a decision awarding attorneys' fees to Balestriere Fariello on February 14, 2025. See Moore v. Rubin, 766 F. Supp. 3d 423 (E.D.N.Y. 2025), app. pending sub nom., Lawson v. Rubin, No. 25-613 (2d Cir. March 14, 2025) (notice of appeal). The rest of the facts surrounding this action are discussed at length in the Court's decision denying defendant's

motion for judgment as a matter of law or for a new trial, see Moore v. Rubin, 724 F. Supp. 3d 93 (E.D.N.Y. 2024), app. pending sub nom., Lawson v. Rubin, No. 24-2018 (2d Cir. July 26, 2024) (notice of appeal), and thus will not be repeated here.

On August 16, 2024, John Balestriere filed for bankruptcy in the Southern District of New York. See In re Balestriere, No. 24-bk-11422 (Bankr. S.D.N.Y.). Pravati is a creditor in the bankruptcy case and has filed a related adversary proceeding seeking a judgment against John Balestriere as well as Balestriere Fariello. See Pravati Capital, LLC v. Balestriere, No. 25-ap-1110 (Bankr. S.D.N.Y.). Pravati is one of Balesteriere's creditors by virtue of his having guaranteed the litigation funding to Balestriere Fariello.

Pravati contends that, because Balestriere Fariello has been dissolved and Balestriere is in bankruptcy (so will not receive the attorneys' fees awarded in this action), neither the firm nor Balestriere will protect Pravati's interests in the attorneys' fees awarded in this case by diligently pursuing them. However, Pravati specifies that it is not moving to intervene to contest the amount of attorneys' fees awarded, rather, it "seeks to intervene to protect its interest in any attorney's fee recovery – regardless of the amount."

## DISCUSSION

### I. Jurisdiction

When a party appeals a district court decision, the appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) (citations omitted). The decisions in this case on appeal before the Second Circuit do not implicate how the attorneys' fees (however they may be altered by the Second Circuit) will be distributed. Thus, Pravati's motion to intervene is "collateral to the order[s] appealed from,"

2

such that this Court retains jurisdiction over the motion despite the pending appeals. See United States v. Goolsby, No. 15-cr-6095, 2017 WL 11504209, at *1 (W.D.N.Y. Nov. 9, 2017), aff'd, 820 F. App'x 47 (2d Cir. 2020); see also Tancredi v. Metro. Life Ins. Co., 378 F.3d 220, 225 (2d Cir. 2004) ("[N]otwithstanding a pending appeal, a district court retains residual jurisdiction over collateral matters." (citations omitted)).

## II.  Intervention

Turning to the merits of Pravati's motion, I deny Pravati's motion to intervene as a matter of right pursuant to Federal Rule of Civil Procedure 24(a).  To intervene as of right, "an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action."  In re Bank of New York Derivative Litig., 320 F.3d 291, 300 (2d Cir. 2003) (quoting New York News, Inc. v. Kheel, 972 F.2d 482, 485 (2d Cir. 1992)) (footnote omitted).  "Failure to satisfy *any one* of these requirements is a sufficient ground to deny the application."  Id. (quoting Catanzano by Catanzano v. Wing, 103 F.3d 223, 232 (2d Cir.1996)) (emphasis in original).

Here, Pravati has not demonstrated that its interest will be impaired by the disposition of the action.  As Pravati itself states, it is only moving to intervene "to protect its interest in any attorney's fee recovery – regardless of the amount."  Pravati's interests in the attorneys' fees that may ultimately be awarded in this case are more than adequately protected by the Bankruptcy Court of the Southern District of New York.  In John Balestriere's Chapter 7 bankruptcy case, the bankruptcy court entered an order stating, in part, that "the Debtor [Balestriere] and/or BF [Balestriere Fariello] shall turn over to Debtor's counsel any funds paid in connection with any cases or Legal Matters in which Pravati holds a lien, which funds shall be held in Debtor's

3

counsel's escrow account pending a determination from the [Bankruptcy] Court as to the rights of any interested parties in such funds."  Order at 3, In re Balestriere, No. 24-bk-11422 (Bankr. S.D.N.Y. March 5, 2025), Dkt. No. 85.  Thus, any attorneys' fees awarded in this case will be held in escrow for the bankruptcy court to determine their distribution, subject to Pravati's lien.[1]  There is no need for Pravati to intervene in this case to assert its interests in any attorneys' fee recovery.

Pravati asserts that the bankruptcy court's order will not adequately protect its interests because "the order does not require [Balestriere Fariello] to diligently pursue attorney's fees like those at issue in this matter."  But there are no more attorneys' fees for Balestriere Fariello to pursue.  This Court has already entered its order granting attorneys' fees.  That order is on appeal.  To the extent Pravati is asking to intervene so that *it* can "diligently pursue attorney's fees," the Court lacks jurisdiction to grant such a request, given that the question of the appropriate attorneys' fees award is an "aspect[ ] of the case involved in the appeal."  Griggs, 459 U.S. at 58.

Because any attorneys' fees awarded in this case will be held in escrow and subject to Pravati's lien, if any, Pravati has not identified any interest that would be impaired by the disposition of this action.

### III.   Permissive Intervention

"An application for permissive intervention requires the court to consider 'substantially the same factors' as for an application for intervention of right."  Mitchell-Cabreja v. Tantillo, No. 23-cv-3365, 2024 WL 5718801, at *1 (E.D.N.Y. Aug. 28, 2024) (quoting In re Bank of New York Derivative Litig., 320 F.3d at 300 n.5).  On a motion for permissive intervention,

---

[1] That is, assuming the lien is valid, a determination that this Court does not make.  But even if the lien is not valid, Pravati may be eligible to receive a distribution as a general unsecured creditor.

4

specifically, "the court should consider whether intervention will unduly delay or prejudice the adjudication of the rights of the original parties and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." Id. (quoting NYTDA, Inc. v. City of New York, No. 11-cv-1836, 2014 WL 4274219, at *2 (E.D.N.Y. Aug. 28, 2014)) (citations omitted).

Considering the same factors as with Pravati's application for intervention as of right, the Court again concludes that Pravati's motion fails because the bankruptcy court will adequately protect Pravati's interests. Furthermore, Pravati's intervention will not "significantly contribute to full development of the underlying factual issues in this suit" or "to the just and equitable adjudication of the legal questions presented." Id. There are no more factual issues or legal questions for this Court to consider, nor does Pravati raise any in its motion to intervene. Additionally, Pravati's intervention would likely cause undue delay and prejudice the adjudication of the rights of the original parties. The bankruptcy court will protect Pravati's asserted interests, and there is no reason to hold up the resolution of this case for the original parties to the action so that Pravati can assert those same interests here.

### IV.    *Pro se* Plaintiffs' Requests

In opposing Pravati's motion to intervene, *pro se* plaintiffs Amy Moore, Natasha Tagai, Brittany Hassen, and Brittany Reyes have requested relief beyond the denial of Pravati's motion to intervene. Specifically, Moore requests that the Court strike any filings referencing her name, pseudonym, or judgment; clarify that Pravati holds no enforceable interest in her portion of the recovery; and order that no portion of her judgment or "any funds held in the related supersedeas bond shall be disbursed to any third party . . . without [her] express, written consent or further

order of the Court." Tagai, Hassen, and Reyes similarly request that no funds be distributed to Pravati or Balestriere without their consent or a Court order, that the Court acknowledge that they never consented to or benefited from any agreement with Pravati, and that the Court issue an order declaring that any UCC-1 financing statements or related liens filed against plaintiffs in connection with this litigation are unauthorized, invalid, and without legal effect.

These requests are improper. "[I]t is well-established that a party may not request this sort of relief in an opposition paper filed in response to an adversary's motion." Lopes v. City of New York, No. 22-cv-8271, 2024 WL 3952596, at *6 (S.D.N.Y. Aug. 27, 2024) (quotation omitted); see also Huseby, LLC v. Bailey, No. 20-cv-167, 2021 WL 723319, at *4 n.2 (D. Conn. Feb. 24, 2021). However, the Court will briefly note that this decision appears to address most of plaintiffs' concerns. Moreover, it appears that Pravati has withdrawn all UCC-1 liens against these plaintiffs. Finally, any attorneys' fees that will ultimately be awarded and distributed are separate and apart from the individual plaintiffs' recoveries. Accordingly, plaintiffs will not need to (or be allowed to) consent to such distributions.

## CONCLUSION

Pravati's motion to intervene is denied.[2]

**SO ORDERED.**

*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
       July 15, 2025

---

[2] This decision also resolves plaintiff Amy Moore's motion to protect judgment proceeds and bar unauthorized disbursement.

6