Michael J. Weiner
**BALESTRIERE**
225 Broadway, 29th Floor
New York, NY 10007
Telephone: (212) 540-7361
michael.weiner@balestrierefirm.com
*Former Plaintiffs' Counsel and*
*Attorney for the BF Parties Subset*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMY MOORE, MIA LYTELL, NATASHA TAGAI, EMMA HOPPER, BRITTANY HASSEN, and BRITTANY REYES<br><br>                    Plaintiffs,<br><br>– against –<br><br>HOWARD RUBIN and JENNIFER POWERS<br><br>                    Defendants. | Case No. 1:17-CV-06404-BMC<br><br>**THE BF PARTIES SUBSET'S MEMORANDUM OF LAW IN OPPOSITION TO MOORE'S MOTION FOR SANCTIONS** |

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT……………………………………………………………..... 1

STATEMENT OF FACTS……………………………………………………………………….. 2

ARGUMENT…………………………………………………………………………………..5

    I.     ANY MATERIALS USED BY THE BF PARTIES SUBSET IN THE STATE ACTION WERE SEEN BY THOSE PARTIES IN THIS FEDERAL ACTION AND ARE OVERWHELMINGLY PUBLIC DOCUMENTS.

        A.  No Confidential Materials Produced by Moore Were Used in Any Filing………5

        B.  All Parties Have Had Access to All Materials; Therefore, There Were No Unauthorized Disclosures………………………………………………………..5

    II.    THROUGH EITHER CLERICAL ERROR OR A DECISION BY THE SUPREME COURT NOT TO SEAL DOCUMENTS, THE MATERIALS BF PARTIES SUBSET REFERENCED HAVE BEEN PUBLIC FOR WEEKS WITH NO PARTY SEEKING RELIEF IN THAT COURT.

CONCLUSION……………………………………………………………………………….. 7

# **PRELIMINARY STATEMENT**

There has been no violation of any protective order, and in particular no disclosure of any confidential materials of Plaintiff, Amy Moore ("Moore"), such that the Pro Se Notice and Request for Enforcement of Protective Order and Sanctions (Dkt. No. 500, dated July 14, 2025) respectfully must be denied in its entirety. Moore mistakenly alleges that Former Plaintiffs' Counsel, who presently represents a set of defendants in a separate action called BF Parties Subset, violated this Court's Protective Order, dated March 6, 2018, Dkt. No. 75 ("the Protective Order"). But no violations have occurred and consequently no sanctions should be ordered.[1]

The Protective Order was "so-ordered" during pre-trial proceedings to protect the Plaintiffs from unwarranted outside disclosure. A careful review of the record, both in this Action and in *Schnur et al v. Balestriere et al* (Index No 16009/2018; "the State Action"), confirms that there was no violation of such Protective Order in the BF Parties Motion for Summary Judgment filed in the State Action. The BF Parties Subset and their Counsel overwhelmingly utilized materials drawn from public sources and at no point did they incorporate confidential materials provided by Moore. "Exhibit F" about which Moore expresses particular concern was previously used as a demonstrative exhibit during closing arguments in open Court before Your Honor. It was never and respectfully never could have been properly designated as confidential.

Additionally, all Parties in the State Action were parties or counsel here and have had access to the same material for years. There has been no unauthorized dissemination or disclosure and thus, there has been no breach – either of the Protective Order or any other confidentiality obligation owed to Ms. Moore.

---

[1] All terms are as defined in Plaintiffs' Second Amended Complaint (Dkt. No. 161, dated August 17, 2018) and in Plaintiffs' MSJ Brief unless otherwise defined herein. Plaintiffs provide some definitions for the Court's convenience.

**BF'S OPPOSITION TO MOORE'S MOTION FOR SANCTIONS**     **1**

## STATEMENT OF FACTS

On November 2, 2017, the EDNY Sex Trafficking Victims and simultaneously moved the Court to have the Victims proceed under pseudonyms, the Plaintiffs here, represented by Balestriere Fariello commenced this action (*See* Mot. for Protective Order, Dkt. No 2). Such motion was granted with this Court, additionally ordering that all subsequent filings use the pseudonyms and not reveal the Victims' true names. (*See* Protective Order dated Nov. 8, 2017, Dkt. No. 7). After the Court denied Defendants' request to vacate the Protective Order dated November 22, 2017, Dkt. Nos. 28, 35, the Defendants blatantly ignored the Protective Order by filing documents without seal. (*See* Mot. for Reconsideration re Motion to Vacate Sealing, dated Dec. 4, 2017, Dkt. No. 37). These documents allowed a public viewer to determine the true names of the EDNY Sex Trafficking Victims. The Defendants and their counsel were ordered to show cause as to why they should not be held in contempt. (*See* Text Order dated Dec. 4, 2017).

On March 5, 2018, Rubin requested a broader Protective Order for additional protections during discovery, citing concern for reputational harm. (*See* Letter Motion for Protective Order, Dkt. No. 73). On March 6, 2018, the Court issued the operative Protective Order, Dkt. No. 75, barring dissemination of all confidential discovery and dictating that such documents must be filed under seal.

In preparation for the State Action against Rubin's victims and their former lawyers in the State Action, she requested that the Protective Order be partially lifted. Schnur argued that the existing Protective Order prevented her from pleading her case in the state court. (Motion for Partial Relief from Protective Order dated Oct. 11, 2018, Dkt. No. 191). On October 19, 2018, this Court ordered that Schnur file all confidential discovery under seal, allowed her to disclose such discovery with the relevant parties in the state action case. (*See* Text Order dated October 19, 2018).

BF'S OPPOSITION TO MOORE'S MOTION FOR SANCTIONS                                                2

When this action was preparing to go to trial, this Court granted Schnur and her counsels' renewed request that the Protective Order be vacated. (*See* Mot. for Reconsideration of Mot. to Vacate Protective Order dated September 10, 2019, Dkt. No. 298). The Court ordered that the Protective Order be vacated based in the interest of public access to judicial proceedings. (*See* Decision and Order dated Oct. 18, 2019, Dkt. No. 307). The matter eventually went to trial with all Victims testifying in their own names and their entire stories publicly told and ultimately -- with Rubin's failing defense publicly shared as well.

In order to keep the pressure on the EDNY Sex Trafficking Victims and their counsel (as none of the Plaintiffs here have recovered anything after nearly eight years of litigation), Rubin continued to pay for Schnur's counsel to relentlessly prosecute Schnur's claims in the State Action. Balestriere Fariello went into dissolution and its owner, John Balestriere, in August 2024, filed a bankruptcy petition (such that claims against him are stayed, thus the continued litigation there of the BF Parties Subset and not the BF Parties in their entirety). Schnur announced last fall that she was ready for trial though multiple parties still seek discovery from her. On June 9, 2025, the BF Parties Subset filed their motion for summary judgment seeking dismissal of the State Action. Documents were filed under seal as necessary in accordance with the procedures of the State Court. (*See* Exhibit A, NYSCEF Documents Received Confirmation Notice).

On July 14, 2025, Plaintiff Amy Moore, proceeding pro se, filed the instant motion seeking sanctions against the BF Parties Subset and the undersigned counsel and "enforcement" of the Protective Order. (*See* Mot. for Enforcement of Protective Order and Sanctions, Dkt. No. 500). She argued that materials filed in the State Action violated the Protective Order in this Court. Her primary complaint regards a demonstrative timeline used in trial, *see* Exhibit B, BF Parties Motion for Summary Judgment, Exhibit F, "Rubin Timeline," dated June 9, 2025; however, none of the information in this document is confidential.

BF'S OPPOSITION TO MOORE'S MOTION FOR SANCTIONS                                            3

By stark contrast, in the State Action, Schnur has repeatedly violated the Protective Order entered in this Court as well as another Confidentiality Order in the State Action. Recently, in response to Tagai and Lytell's motions for summary judgment, Schnur filed thirty-four (34) exhibits – none of which were sealed. (*See* Exhibit C, NYSCEF Dkt. 664, "Confidentiality Order" dated March 4, 2025). The NYSCEF electronic filing confirmation shows that these filings were never filed under seal and are not currently under seal. (*See* Exhibit D, NYSCEF Documents Received Confirmation of Schnur Opposition to Motions #24 (Tagai motion for summary judgment) and #25 (Lytell motion for summary judgment), dated May 8, 2025) . These filings include but are not limited to:

1. Tagai's Retainer Agreement: designated as confidential discovery by the BF Parties Subset (*See* Exhibit E, NYSCEF Dkt. No. 812, dated May 8, 2025).

2. 2018 Deposition of Rubin, designated as confidential discovery by Rubin (*See* Exhibit F, NYSCEF Dkt. No. 814, dated May 8, 2025)( *See* Exhibit G, "Excerpt of 2018 Rubin Deposition Designating Confidentiality", dated October 25, 2018).

3. March 12, 2024 Deposition of Schnur, designated as confidential discovery by Schnur (*See* Exhibit H, NYSCEF Dkt. No. 816, dated May 8, 2025).

4. March 12, 2024 Deposition of Schnur, designated as confidential discovery by Schnur (*See* Exhibit I, NYSCEF Dkt. No. 822, dated May 8, 2025).

5. 2018 Deposition of Powers, designated as confidential discovery by Powers (*See* Exhibit J, NYSCEF Dkt. No. 824, dated May 8, 2025)(*See* Exhibit K, "Excerpt of 2018 Powers Deposition Designating Confidentiality", dated October 16, 2018).

6. Lytell Retainer Agreement, designated as confidential discovery by BF Parties Subset (*See* Exhibit L, NYSCEF Dkt. No. 832, dated May 8, 2025).

## **ARGUMENT**

I. **Any Materials Used by the BF Parties Subset in the State Action Were Seen By Those Parties in this Federal Action and Are Overwhelmingly Public Documents.**

A. **No Confidential Materials Produced by Moore Were Used in Any Filing.**

The BF Parties Subset and their Counsel did not violate any Protective Order entered by this or the State Court. No unauthorized disclosure occurred and therefore, no basis for sanctions exists. A Party seeking sanctions must demonstrate that the offending Party violated a specific aspect of a court order and that this violation caused harm or prejudice. The Protective Order governs confidential discovery and designates that it be filed under seal. When the BF Parties Subset filed their motion for summary judgment in the State Action, documents were filed under seal when necessary (See Exhibit A). The particular exhibit that Moore cites in her complaint as confidential was a demonstrative timeline used in public trial proceedings. (See Exhibit B)

No confidential discovery produced by Moore was used in any of the summary judgment filings. The BF Parties Subset relied primarily on records already made public during trial, public docket files, and transcripts – none of which covered by the Protective Order's provisions. To the extent that documents were confidential during discovery, they were subsequently made overwhelmingly public at trial or through the vacatur of the initial pseudonym order, Decision and Order (Dkt. No. 307), dated October 18, 2019). Moore is respectfully mistaken that any confidential discovery was filed improperly or disseminated. No sanctions should be enforced.

B. **All Parties Have Had Access to All Materials; Therefore, There Were No Unauthorized Disclosures.**

Furthermore, all Parties in the State Action are Parties or counsel from this action and had access to the same materials. No documents were shared by the BF Parties Subset to any third party outside the litigation. It is understandable as a pro se Party to mistake specific provisions of confidentiality designated by the Court as a general order to file any personal or identifying

**BF'S OPPOSITION TO MOORE'S MOTION FOR SANCTIONS**                          **5**

information under seal. This is why Balestriere Fariello fought so hard in this action to maintain the pseudonymity of Ms. Moore and the other EDNY Sex Trafficking Victims. While acknowledging her status as without counsel, it is, nevertheless, imperative to clarify the facts and provide an accurate account of the actions of the BF Parties Subset.

II. **Through Either Clerical Error or a Decision by the Supreme Court Not to Seal Documents, the Materials BF Parties Subset Referenced Have Been Public for Weeks With No Party Seeking Relief in That Court.**

Although the BF Parties Subset filed documents under seal when necessary, the documents are no longer sealed in the Supreme Court's filing system, either through a clerical error or a decision by the Supreme Court to not seal these documents (Exhibit A). Nevertheless, the material that the BF Parties Subset reference have been public for weeks with no Party in that action seeking relief in that Court.

Despite the Protective Order, there have been numerous violations both in this Court and in the State Action of the Confidentiality Order. For example, early on in this action, Schnur and her sex-trafficker patron, Rubin, who admits to funding the litigation against his Victims and their former counsel, violated the pseudonym protection order (Dkt. No. 37, dated December 4, 2017), narrowly avoiding being held in contempt. In the State Action, Schnur flouted the Confidentiality Order (See Exhibit C) where she filed sensitive documents without a request to seal as ordered by the Text Order dated October 18, 2018, requiring that she do so.

Schnur herself is an attorney with full awareness of the boundaries of the Protective Order and intentionally chose to violate it. Meanwhile, most if not all the EDNY Sex Trafficking Victims are now proceeding pro se, after being forced to do so by Schnur and Rubin's prosecution. Therefore, if sanctions are to be imposed, it should not be on the BF Parties Subset, but rather on Schnur herself or her patron, Defendant Rubin, which has and which continues to pay for Schnur to prosecute her

BF'S OPPOSITION TO MOORE'S MOTION FOR SANCTIONS                                      6

claims against not merely Balestriere Fariello and former staff, but against the EDNY Sex Trafficking Victims themselves.

## CONCLUSION

For all the foregoing reasons, Moore's request for enforcement of the Protective Order and sanctions should be denied in its entirety.

Dated: New York, New York
July 28, 2025

      *s/ Michael J. Weiner*
Michael J. Weiner
**BALESTRIERE**
225 Broadway, 29th Floor
New York, New York 10007
Telephone: (212) 540-7361
michael.weiner@balestrierefirm.com
*Former Plaintiffs' Counsel and*
*Attorney for the BF Parties Subset*