

Dechert LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY  10036-6797
+1 212 698 3500  Main
+1 212 698 3599  Fax

**May Chiang**
*Partner*

may.chiang@dechert.com
+1 212 649 8734  Direct
+1 212 698 0441  Fax

March 10, 2026

**VIA ECF**
The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

> **Re:**   *Moore, et al. v. Rubin, et al.*, **1:17-cv-06404 (BMC)**

Dear Judge Cogan,

On behalf of Mr. Rubin, we write regarding the April 13, 2022 judgment to Plaintiffs (the "damages judgment"), the bond securing that judgment (the "bond"), and Plaintiff Moore's motion for release of her portion of the bond.  *See* Dkt. 407 (Judgment), Dkt. 414 (Bond), Dkt. 516 (Moore Motion).  Following the Second Circuit's recent issuance of the mandate, the damages judgment is now final.  Mr. Rubin is prepared to direct the surety to distribute the funds secured by the bond, but respectfully requests that the Court confirm the proper recipients of the funds pursuant to an expedited briefing schedule.

As entered, the damages judgment directs payment to each of the Plaintiffs.  Dkt. 407.  The Plaintiffs are also the named obligees under the bond.  Dkt. 414.  The bond covers the underlying total damages amount of $3,850,000 and post-judgment interest accrued thus far.  Per Mr. Rubin's calculation, post-judgment interest has been accruing at a rate of 1.77% or $186.70 per day.  *See* 28 U.S.C. § 1961(a).

Since entry of the damages judgment and the bond, however, other claimants have come forward to assert an interest in the funds.  The Court's determination is therefore necessary to ensure that funds are directed to the correct recipients.

Plaintiffs' former counsel, Balestriere Fariello, asserts that it maintains a lien on the damages judgment and that "no funds should be released to any party without addressing



March 10, 2026
Page 2

Balestriere Fariello's lien." **Ex. A** (November 21, 2025 Letter from Balestriere Firm to Surety). Balestriere Fariello has requested that the bond proceeds be transferred to an escrow account maintained by its counsel Barclay Damon. **Ex. B** (December 31, 2025 Letter from Balestriere Firm to Surety), **Ex. C** (January 16, 2026 Letter from Balestriere Firm to Surety).

Briefing will be provide clarity as to the validity of Balestriere Fariello's asserted lien on the damages judgment.[1] As this Court is aware, there is a separate award of attorneys' fees to Balestriere Fariello that is secured by its own bond pending appeal. Dkt. 479. This Court has previously stated that "any attorneys' fees that will ultimately be awarded and distributed are separate and apart from the individual plaintiffs' recoveries." Dkt. 502 at ECF 6. Therefore, Balestriere Fariello's interests may already be adequately protected.

Mr. Rubin therefore requests that the Court order an expedited briefing schedule, whereby all parties with an interest in the judgment can set forth their interest and their requested recipient of funds by March 17, 2026, with any objections/responses due on March 31, 2026 (two weeks thereafter).

Respectfully submitted,

*/s/ May K. Chiang*

May K. Chiang

*Counsel to Defendant Howard Rubin*

Enclosures

cc:    All counsel of record via ECF
       Plaintiff Lytell, through ECF and by e-mail to counsel

---

[1] As this Court will recall, Pravati Capital attempted to intervene in this case last year. Dkt. 482 (Pravati Motion to Intervene). During the briefing of that motion, Pravati apparently withdrew any liens it placed on Plaintiffs' interest in the damages judgment. Dkt. 502 at ECF 6 (Order denying Motion to Intervene). Thus, Mr. Rubin is not aware of any liens that Pravati has as to the damages judgment.



March 10, 2026
Page 3

Plaintiff Hassen, through e-mail to counsel
Plaintiff Tagai, via e-mail
Plaintiff Moore, via e-mail to counsel
Plaintiff Reyes, via e-mail
Plaintiff Hopper, via e-mail to counsel
Balestriere Fariello, via email to counsel