# Foster & Wolkind, P.C.
## Attorneys at Law
## 80 Fifth Avenue, Suite 1401
## New York, New York 10011

Peter B. Foster
Bryan E. Wolkind

Tel 212 691-2313
Fax 212 691-2459

WRITER'S DIRECT E-MAIL
bwolkind@foster-wolkind.com

March 17, 2026

Hon. Brian M. Cogan
U.S. District Court
Eastern District of New York

**Re:     Lawson v. Rubin**
**17-cv-06404**

Dear Judge Cogan:

I write to the Court on behalf of my client, Pravati Investment Fund IV, LP ("Pravati"), a judgment and lien creditor of Balestriere PLLC ("Balestriere Fariello"), former counsel to plaintiffs in the above referenced matter.

As the Court is aware, on April 13, 2022, the Court entered judgment in favor of plaintiffs and against defendant Rubin (the "Judgment"), and on February 18, 2025, the Court entered an amended judgment in favor of plaintiffs and against defendant Rubin (the "Amended Judgment"), which Amended Judgment consisted of an attorney fee award.

Defendant Rubin appealed from both the Judgment and related Memorandum Decision, as well as the Amended Judgment and related Memorandum Decision.

Recently, the Court of Appeals affirmed the Judgment and related Memorandum Decision. The appeal with respect to the Amended Judgment and related Memorandum Decision is *sub judice*.

For the reasons outlined below, Pravati respectfully requests that the Court order that any funds allocated to pay the Judgment and/or Amended Judgment be held in escrow until such time as the Amended Judgment is decided on appeal. Pravati submits that only then can all parties' rights to the funds be fully determined and the monies released.

As outlined in Pravati's motion to intervene in this matter, *Dkt.* 482, and as stated above, Balestriere Fariello was previously counsel to the plaintiffs in this matter and is indebted to Pravati for over $17 million. As such, Pravati has an interest in Balestriere Fariello recovering its attorney's fees in this matter. John Balestriere, former principal of Balestriere Fariello, has petitioned for personal bankruptcy, while Balestriere Fariello has

not and is purportedly dissolved. *See generally, Pravati Capital, LLC v. Balestriere*, No. 25-ap-1110 (Bankr. S.D.N.Y.) (Beckerman, J.).

While this Court previously denied Pravati's motion to intervene, *Dkt.* 502, it did so because in Mr. Balestriere's bankruptcy case Judge Beckerman ordered all funds owed to Balestriere Fariello to be deposited into the trust account of Mr. Balestriere's personal bankruptcy attorneys for safekeeping until each interested party's rights can be determined. *Id.* at p.3.

In denying Pravati's motion to intervene, this Court noted there were no more fees for Balestriere Fariello to pursue and that Pravati's interests in the attorneys' fees are more than adequately protected by the bankruptcy court which entered an order requiring all such funds to be deposited into bankruptcy counsel's escrow account.

As specifically determined by this Court in its order (*Dkt. 502*) "… any attorneys' fees awarded in this case will be held in escrow for the bankruptcy court to determine their distribution, subject to Pravati's lien." *Id.* at pp. 3-4.

In addition to the above Pravati submits that the issue before the Court now is how much of the recovery should be remitted to bankruptcy counsel's escrow account, and when.

The award of attorney's fees under 18 U.S.C. § 1595(a) does not fully address the issue at hand. Rather, the representation agreement between plaintiffs and Balestriere Fariello *(Dkt.* 453-2) controls how much money is required to be remitted to Balestriere Fariello and, by extension, the bankruptcy court. *Blanchard v. Bergeron*, 489 U.S. 87, 93 (1989) (a contingency fee agreement does not impose a ceiling on a plaintiff's recovery and what is owed); *see also Venegas v. Mitchell*, 495 U.S. 82, 87-88 (1990) (the availability of statutory attorney's fees does not negate a private contingency fee agreement); *Gamble v. Kaiser Found. Health Plan, Inc.*, 2019 U.S. Dist. LEXIS 121001, at *9 (N.D. Cal July 19, 2019, No. 17-cv-06621-YGR) (availability of statutory attorney's fees does not abrogate "contractual contingent fee agreements.").

The representation agreement in this matter permits Balestriere Fariello to receive 40% of any recovery, plus costs, **or** the award of the statutory attorney's fees under 18 U.S.C. §1595(a), at its sole discretion. *See Dkt.* 453-2 at p. 3. If Balestriere Fariello opts for the former option, the "recovery" in this matter will consist of both the damages award and the statutory fee award. *See* the definition of "Recovery" at *Dkt.* 453-2 at p. 2. If Balestriere Fariello opts to take its fees from the entire recovery, the $3,850,000 damages award and the $4,830,148.15 attorney's fees award will be combined and Balestriere Fariello will take its fees from that pot of money. It could also opt to take the award under §1595(a). It cannot make a choice, however, until the issue of the attorney's fees award as set forth in the Amended Judgment is finally decided by the Court of Appeals.

Put simply, this Court cannot know how much money should be remitted to the bankruptcy court until the Court of Appeals remands the issue and the parties can brief their positions.

Releasing the money to the plaintiffs before that date will result in releasing money to which Balestriere Fariello and, by extension Pravati, has a claim. If the monies are released now and the Amended Judgment is then overturned, for example, Pravati would

be forced to attempt to claw back funds from plaintiffs which would result in nothing more than wasted resources on the part of all parties involved.

Accordingly, Pravati requests:

i) any funds allocated to pay the Judgment and/or Amended Judgment be held in escrow with instructions that they cannot be released or transferred without the Court's permission;
ii) a determination of all parties' interests be made, and
iii) any money determined to be owed to Balestriere Fariello be remitted in accordance with the bankruptcy court's prior order.

Finally, and notwithstanding this Court's prior denial of Pravati's motion to intervene, Pravati respectfully requests that the Court consider Pravati's within submission as it clearly will be impacted by this Court's determinations concerning payment of the Judgment and Amended Judgment. Pravati further respectfully requests that if the Court finds it necessary at this juncture for Pravati to be a party to the within matter in order to be heard, that Pravati be permitted to renew its motion to intervene.

Thank you for your attention to this matter.

Respectfully submitted,

Foster & Wolkind, P.C.

By: _____
Bryan E. Wolkind, Esq.