Natasha Tagai
11900 SW 9th Manor,
Davie, FL 33325

Hon. Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: Moore, et al. v. Rubin, No. 1:17-cv-06404-BMC-CLP**

Opposition to Requests to Withhold Distribution of Proceeds

Honorable Judge Cogan:

Plaintiff Natasha Tagai respectfully submits this response to the March 18, 2026 letter filed by non-party Yifat V. Schnur (Dkt. 521).

Schnur's submission does not assert a legally cognizable interest in the supersedeas bond and fails to satisfy the requirements set forth in this Court's March 11, 2026 Order (Dkt. 518). It should be disregarded.

First, Schnur does not claim any present right to the bond proceeds. She does not allege that she is a beneficiary of the bond (Dkt. 414), a judgment creditor of Plaintiff, or the holder of any lien or assignment against the funds. Instead, she identifies only speculative, unadjudicated claims in separate state court and bankruptcy proceedings and expressly concedes that she "does not seek … any immediate relief." (Dkt. 521 at 2). That is dispositive. A hypothetical future claim is not an "interest in the funds" within the meaning of Dkt. 518.

Second, Schnur lacks standing. Article III requires a concrete, present injury and a legally protected interest in the property at issue. See Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992). Schnur has neither. Her alleged interest depends entirely on the possibility that she may obtain a future judgment in unrelated proceedings. Such contingent interests are insufficient as a matter of law.

Third, this Court lacks jurisdiction to entertain Schnur's request. Schnur seeks, in effect, to restrain distribution of a federal judgment based on pending state tort claims and separate bankruptcy litigation. This Court's jurisdiction is limited to enforcement of its judgment between the parties. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). It does not extend to adjudicating or securing recovery for speculative claims in other forums.

Fourth, the relief implicitly sought would violate due process. Schnur's position would require this Court to withhold Plaintiff's recovery based on unproven allegations and without any judgment, lien, or statutory basis. Courts do not impose prejudgment restraints on a prevailing party's assets in the absence of a legally recognized interest. To do so here would constitute an improper deprivation of property.

Finally, Schnur's submission is procedurally improper. This Court has already rejected attempts by non-parties to inject collateral disputes into this action and has directed that issues concerning third-party claims, if any, be resolved in the appropriate forum. See Dkt. 502. Schnur's letter is an attempt to circumvent that limitation by "reserving" a future claim that this Court has no authority to recognize or enforce.

In sum, Schnur has identified no present, legally cognizable interest in the supersedeas bond. Her submission does not comply with Dkt. 518 and provides no basis to delay distribution of the bond proceeds.

Plaintiff respectfully requests that the Court disregard Schnur's submission (Dkt. 521) and proceed with release of the supersedeas bond in accordance with the Court's prior orders.

Respectfully submitted,

_____

Natasha Tagai
Pro Se

Dated: March 19, 2026

cc: All Counsel of record