

Dechert LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY  10036-6797
+1 212 698 3500  Main
+1 212 698 3599  Fax

**May Chiang**
*Partner*

may.chiang@dechert.com
+1 212 649 8734  Direct
+1 212 698 0441  Fax

April 10, 2026

**VIA ECF**
The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

> **Re:** *Moore, et al. v. Rubin, et al.*, **1:17-cv-06404 (BMC)**

Dear Judge Cogan,

Pursuant to Local Civil Rule 6.3, Defendant Howard Rubin respectfully submits this letter motion for partial reconsideration of the Court's April 8, 2026 Memorandum Decision and Order (Dkt. 534).  The Court should not have awarded $144,581.22 in damages for delay.  *See* Dkt. 534 at ECF 8.  Mr. Rubin does not otherwise challenge the Court's calculation of post-judgment interest or the Court's rulings with respect to the nonparties' asserted interests in the damages award.

First, there was no delay on Mr. Rubin's part.  The damages judgment was rendered on April 13, 2022, and Mr. Rubin timely filed his post-trial motion on May 11, 2022.  *See* Dkt. 407, 413.  The Court decided that motion on March 20, 2024, Dkt. 425, and Mr. Rubin commenced a timely appeal on July 26, 2024.  Following the conclusion of the appeals process, the mandate issued to this Court on February 24, 2026.  The award of delay damages appears to penalize Mr. Rubin for pursuing his rights to judicial review, which raised non-frivolous issues with respect to the jury instructions, the statutory interpretation of the TVPA, and the sufficiency of the factual findings underlying the jury's verdict, among others.

Second, the issue of delay damages was not briefed prior to this Court's ruling, and there is no record supporting the award of delay damages.  No party requested an award of damages for delay.  *See* Dkt. 516 (Plaintiff Moore's request for release of her portion of the bond corresponding to her judgment, together with applicable post-judgment interest); Dkt. 524 (Plaintiff Tagai's request that the Court order immediate distribution of the full amount of the damages award); Dkt. 531 (Plaintiff Hopper's request that the "jury award—together with post-judgment interest" be released); Dkt. 532 (Plaintiff Lytell and Hassen's request that "the jury award—together with post-judgment interest" be released).



Third, damages for delay is meant to compensate for "deterioration [of property] by waste, or want of repair, or the accumulation of taxes or other burdens." *In re AOL Time Warner, Inc., Sec. & Erisa Litig.*, No. 02 CV. 5575 (SWK), 2007 WL 2741033, at \*4 (S.D.N.Y. Sept. 20, 2007) (quoting *Omaha Hotel Co. v. Kountze,* 107 U.S. 378, 392 (1883)).  Here, there was no such deterioration of real property because the judgment at issue concerned a money judgment.

Fourth, Plaintiffs are already being compensated for the time from judgment to distribution of funds because they are being awarded post-judgment interest under 28 U.S.C. § 1961(a).  The purpose of post-judgment interest is "'to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by the defendant.'" *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 101 (2d Cir. 2004) (quoting *Kaiser Aluminum & Chemical Corp. v. Bonjorno*, 494 U.S. 827, 835-36 (1990)); *see also Andrulonis v. United States,* 26 F.3d 1224, 1230 (2d Cir. 1994) ("Postjudgment interest is designed to compensate the plaintiff for the delay it suffers from the time damages are reduced to an enforceable judgment to the time the defendant pays the judgment.")  The Court's award of damages for delay is therefore duplicative of post-judgment interest.

Mr. Rubin therefore requests that the Court revise its April 8, 2026 Order by removing the *pro rata* award of $144,581.22 in damages for delay and revising the amounts due to Plaintiffs accordingly.[1]

Respectfully submitted,

*/s/ May K. Chiang*

May K. Chiang

*Counsel to Defendant Howard Rubin*

cc:    All counsel of record and registered pro se parties via ECF
       Plaintiff Reyes, via e-mail

---

[1]    Each award would thus be reduced by $24,096.87.  The revised amounts due to each Plaintiff would be $808.403.13 to Plaintiff Moore and $664,103.13 to Plaintiffs Lytell, Tagai, Hopper, Hassen, and Reyes.