

CHIESA SHAHINIAN & GIANTOMASI PC

105 Eisenhower Parkway, Roseland, NJ 07068
csglaw.com


ANDREW KENT
Member

akent@csglaw.com

O  973.530.2104        F  973.325.1501

April 13, 2026


***Via ECF***
Hon. Brian M. Cogan, USDJ
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201


Re:     Moore *et al.* v. Rubin
        E.D.N.Y. Case No. 1:17-cv-06404
        2d Cir. Case No. 24-2018-cv
        Bond No. UCSX2X4121

Dear Judge Cogan:

Our office represents United Casualty & Surety Insurance Company and General Reinsurance Corporation (collectively, "the Sureties") in connection with the above-referenced supersedeas bond (Doc. No. 414; the "Bond").  Please accept this letter in response to the Court's order, dated April 8, 2026 (Doc. No. 534; the "Order") and defendant Howard Rubin's ("Rubin's") letter motion for partial reconsideration (Doc. No. 535; the "Motion") regarding the $144,581.22 delay damages awarded in the Order (the "Delay Damages").

As a preliminary matter, the Sureties have promptly complied with the payment provisions of the Order to the (96.6%) extent they are not covered by the Motion, and have overnighted checks to each of the Plaintiffs in the amounts directed, temporarily holding back only the Delay Damages (approximately 3.4% of each award), pending further instructions from the Court.

The Sureties are prepared to expeditiously follow the Court's direction regarding payment *vel non* of the Delay Damages.  However, the Sureties respectfully submit that the various third-party objections to direct payment of the subject judgment arose from matters connected to Plaintiffs' former counsel, and not any culpable post-judgment conduct by Rubin or the Sureties.  The Sureties therefore respectfully note their general agreement with the concerns raised in the Motion. Specifically:

(i)     The issue of Delay Damages (in excess of post-judgment interest) was apparently not briefed of argued by the parties prior to the entry of the Order;

(ii)    After a review of the procedural history, the Sureties are unaware of any culpable post-judgment conduct by Rubin (or the Sureties) that would give rise to liability for the Delay Damages (in excess of post-judgment interest); and

       (iii)     The Sureties are unaware of evidence in the record quantifying delay-related damages (in excess of post-judgment interest) that were incurred by the Plaintiffs as a proximate result of culpable post-judgment conduct by Rubin (or the Sureties).

I shall make myself available to participate in any conference, or provide any further information from the Sureties that the Court may direct.

Respectfully submitted,

*Andrew S. Kent*

Andrew Kent
Member

cc:  All counsel and pro se parties via ECF and email