April 13, 2026

*** Filed ***
12:59 AM, 14 Apr, 2026
U.S.D.C., Eastern District of New York

Honorable Brian M. Cogan

United States District Judge

United States District Court

Eastern District of New York

225 Cadman Plaza East

Brooklyn, New York 11201


Re:   Moore et al. v. Rubin

   E.D.N.Y. Case No**. 1:17-cv-06404 (BMC)**

   Second Circuit Case No. 24-2018-cv

   Bond No. UCSX2X4121


Dear Judge Cogan:


I write pro se to respond to the surety's recent submission and to place on the record what occurred following the Court's April 8, 2026 Memorandum Decision and Order (Dkt. 534).


After the Court issued its Order directing payment, I was not contacted by the surety. I determined how to reach them and initiated contact myself.


On Thursday, after I made contact, I was instructed to provide my address so that my check could be overnighted. I did so immediately by email. During that same communication, I was told the check would be sent the following day and received by Saturday.

I followed up and received no response.

When I contacted the surety again by phone on Friday, the communication changed. I was told that Mr. Rubin had filed something, that Paul could no longer speak with me, and that I would have to contact their attorney. This was the first time any issue was raised, and it occurred after payment had already been represented as imminent.

I then contacted the attorney directly. During that communication, I stated that the Court had issued an Order directing payment and that there was no stay.

As of this filing, no payment has been received.

The surety's submission suggests that payment was promptly issued. That does not reflect what occurred. Payment was represented as immediate and then changed after Mr. Rubin's filing.

This did not occur in isolation. Brittany Reyes also attempted to contact the surety multiple times and experienced the same lack of response and change in position.

The Court's April 8, 2026 Order directs that payment be made, and there is no stay of that Order. Despite that, the sequence of events reflects that payment did not proceed as directed and was altered after Mr. Rubin's involvement.

This conduct has imposed an unnecessary burden. As a pro se litigant and a federally recognized victim in this matter, I have already navigated years of litigation arising from conduct established at trial and affirmed on appeal. Being required to track down payment, only to have communication cut off and the terms change after a Court order, should not occur.

I submit this letter so the record reflects what occurred.

Respectfully submitted,


/s/ Amy Moore

Amy Moore

Pro Se

280 Tuscany Chase Drive

Daytona Beach, FL 32117